UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| CHIQUITA JOYNER, HELEN DIXON, and TAJAHNE HOBLEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FRONTIER AIRLINES, INC., a Colorado corporation; SIMPLICITY GROUND SERVICES LLC, D/B/A MENZIES AVIATION, a Delaware limited liability company; and AIRCRAFT SERVICE INTERNATIONAL, INC., D/B/A MENZIES AVIATION, a Delaware corporation,<br><br>Defendants. | Case No. 1:24-cv-1672 |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Simplicity Ground Services LLC, d/b/a Menzies Aviation ("SGS") and Aircraft Service International, Inc., d/b/a Menzies Aviation ("ASI") (collectively, "Menzies" or "Defendants"), by and through their undersigned counsel, hereby respectfully remove the instant case from the District Court, City and County of Denver, State of Colorado, where it is captioned *Chiquita Joyner, et al. v. Frontier Airlines, Inc., et al.*, Case No. 2023CV31460, to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

Defendants remove this case to this Court pursuant to the Class Action Fairness Act ("CAFA") because minimal diversity exists and the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1441, 1446, 1332(d), and 1453(b). In support of this notice of removal, and in accordance with 28 U.S.C. §§ 1446 and 1453, Menzies states as follows:

## I. Introduction

1. Plaintiffs Chiquita Joyner ("Joyner"), Helen Dixon ("Dixon"), and Tajahne Hobley ("Hobley") (collectively, "Plaintiffs") filed a class action complaint ("Complaint" or "Compl.") against Menzies and Frontier Airlines, Inc. ("Frontier") in the District Court, City and County of Denver, State of Colorado, Case No. 2024CV31460, on May 14, 2024. Menzies was served on May 17, 2024. **Exhibit A**, Ward Declaration ("Ward Decl.") at ¶ 2. Thus, removal to this Court is timely, as this Notice of Removal is filed within thirty (30) days after service of the initial pleading on which this action is based. *See* 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354, 119 S.Ct. 1322, 1328–29 (1999).

2. A true and correct copy of all process, pleadings, and orders sent to Defendants are, in accordance with 28 U.S.C. § 1446(a), attached hereto as **Exhibit B**. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the District Court, City and County of Denver, State of Colorado today and is being served on Plaintiffs. Below is a recitation of the pleadings and other papers filed in the State Court Action:

- Ex. B-1: Complaint with Jury Demand
- Ex. B-2: Civil Case Cover Sheet
- Ex. B-3: Summons to Frontier
- Ex. B-4: Summons to SGS
- Ex. B-5: Summons to ASI
- Ex. B-6: Delay Reduction Order
- Ex. B-7: Pre-Trial Order
- Ex. B-8: Order Regarding Discovery Protocol
- Ex. B-9: Return of Service for Defendant Frontier
- Ex. B-10: Return of Service for Defendant SGS
- Ex. B-11: Return of Service for Defendant ASI
- Ex. B-12: Entry of Appearance of Jennifer Harpole
- Ex. B-13: Entry of Appearance of Carolyn Theis
- Ex. B-14: Motion for Extension of Time to File Answer by Frontier (and Proposed Order)
- Ex. B-15: Answer by SGS and ASI

- Ex. B-16: Order Granting Unopposed Motion for Extension of Time for Defendant Frontier Airlines, Inc.
- Ex. B-17: Notice of Removal (state court)

3. This action is pending in the District Court, City and County of Denver, State of Colorado, which is within this judicial district. *See* 28 U.S.C. § 85. This Court is thus the proper venue for removal under 28 U.S.C. § 1441(a).

4. In their Complaint, Plaintiffs identify two classes and two sub-classes as follows:

- **CWA Class**: All individuals who worked for Defendants as a Customer Service Agent in Colorado from May 14, 2021 to the present.

- **CMWA Class**: All individuals who worked for Defendants as a Customer Service Agent in Colorado from May 14, 2018 to May 13, 2021.

- **CWA Second Meal Period Sub-Class**: All of Defendants' Customer Service Agents who worked a shift of 10.5 hours or more in Colorado from May 14, 2021 to the present.

- **CMWA Second Meal Period**: All of Defendants' Customer Service Agents who worked a shift of 10.5 hours or more in Colorado from May 14, 2018 to May 13, 2021.

(Compl. ¶ 83.)

5. Plaintiffs seek: (1) a declaratory judgment condemning the Defendants' actions as violations of Colorado Wage and Hour Law; (2) injunctive relief prohibiting Defendants from allegedly continuing to violate Colorado Wage and Hour Law; (3) compensatory damages, including penalties, for alleged unpaid wages, commission, and overtime pay to Plaintiffs and the classes; and (4) reasonable attorneys' fees and costs and expenses. (Compl. p. 20.)

## II. This Case Is Properly Removed Because This Court Has Jurisdiction Pursuant to CAFA

6. This Court has original jurisdiction over the Parties' dispute pursuant to 28 U.S.C. § 1332, and it therefore may be removed to this Court pursuant to 28 U.S.C. § 1446 and § 1453.

7. The Plaintiffs are natural persons and residents of the State of Colorado. (Compl. ¶ 6.) Accordingly, Plaintiffs are alleging Colorado citizenship for purposes of 28 U.S.C. §1332(d)(2)(A).

8. Defendant SGS is a Delaware limited liability company with its principal place of business in Grapevine, Texas. (Compl. ¶ 9.)

9. Since limited liability companies are also citizens of every state of which any member is a citizen, the citizenship of SGS's sole member is as follows:

- Menzies Aviation Inc. is, and was at the commencement of this action, a Delaware corporation with its principal place of business in Dallas, Texas, and is and was a citizen of the states of Delaware and Texas and of no other states. (Ward Decl. ¶ 5.)

10. Accordingly, SGS is a citizen of the states of Delaware and Texas for the purposes of 28 U.S.C. § 1332(d)(2)(A).

11. Defendant ASI is a Delaware corporation with its principal place of business in Grapevine, Texas. (Compl. ¶ 10.)

12. Accordingly, ASI is a citizen of the states of Delaware and Texas for the purposes of 28 U.S.C. § 1332(d)(2)(A).

13. Defendant Frontier is a Colorado corporation with its principal place of business in Denver, Colorado. (Compl. ¶ 8.)

14. Accordingly, Frontier is a citizen of the state of Colorado for the purposes of 28 U.S.C. § 1332(d)(2)(A).

15. Frontier does not join Menzies in filing this Notice of Removal. However, Menzies is entitled to remove the action without the consent of other defendants under 28 U.S.C. § 1453(b).

16. Pursuant to CAFA, a federal court has subject-matter jurisdiction over class actions where the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2), (5); *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84–85, 135 S. Ct. 547, 551–52 (2014).

17. This Court has jurisdiction under CAFA because this is a purported "class action" in which (1) minimal diversity exists; (2) the class has more than 100 members; and (3) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(1)(B) (defining "class action" to include state law class actions); 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"); and 1446 (permitting removal).

18. Minimal diversity exists because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Plaintiffs are natural persons and citizens of the state of Colorado. (Compl. ¶ 6.) As previously noted, Defendants are both citizens of Delaware and Texas.

19. The class has more than 100 members. 28 U.S.C. § 1332(d)(5)(B). Plaintiffs allege that "dozens and dozens" of Customer Service Agents are included in the classes. (Compl. ¶¶ 1, 27, 84.) Indeed, during the time period relevant to this Action, Menzies employed approximately 1,477 Customer Sales Agents in Colorado. (Ward Decl. ¶ 6.) Currently, Menzies employs 207 active Customer Service Agents in Colorado. (*Id.*)

20. The amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §1332(d)(2). While Menzies denies Plaintiffs' allegations and denies that they are entitled to any relief from Defendants, in determining the amount in controversy, the

Court must assume the allegations in the Complaint are true. *Dart Cherokee*, 574 U.S. at 88–89. Further, Defendants' Notice of Removal need only include a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. Here, CAFA's amount in controversy is satisfied under these pleading standards as explained further below.

21.     Plaintiffs do not quantify any estimation of their damages or the amount sought from Defendants in this matter. Therefore, for the purposes of evaluating the amount in controversy only, Defendants make the following assumptions based off the allegations put forth in the Complaint:

- Class members: There are approximately 1,477 class members aggregate between the CWA Class and CMWA Class. (Ward Decl. ¶ 6.) For purposes of these calculations, to approximate the number of Customer Service Agents working in Colorado at any given time, Menzies will assume there are 207 employees seeking monetary damages, which reflects the current number of active Customer Service Agents in Colorado. (*Id.*)

- Overtime hours: Plaintiffs allege that they were typically scheduled for shifts ranging from six to eight hours, but that Defendants "routinely required them to stay hours past their scheduled shift end times, sometimes by as long as six additional hours." (Compl. ¶ 42.) Based on these allegations, Menzies' amount-in-controversy calculations assume that Customer Service Agents worked 6 overtime hours per week (reflecting at least one day a week in which employees had to work six additional hours past their shift end time) for 50 weeks a year.

- Pay rate: Plaintiffs allege that putative class members earned a wage between $17.00 per hour and $18.50 per hour. (Compl. ¶¶ 33, 36, 39.) Menzies has thus

used a base rate of $17 per hour as a conservative estimate of class members' pay rate. The applicable overtime rate, reflecting one-and-a-half times these employees' regular rate of pay, would be $25.50 per hour.

- Commissions: Plaintiffs allege that they were entitled to earn commissions at $10.00 per bag they required a customer to check, $3.00 for each boarding pass they printed, and $5.00 for each in-person passenger check-in with which they assisted. (Compl. ¶ 73.) Assuming that each class member earned one of each type of commission per week ($18 per week), for 4 weeks each month, and they received complaints causing them to not receive the commission pay each month, (*see* Compl. ¶¶ 75—77), the amount of unpaid commissions would total $864 per class member per year.

- Meal breaks: Plaintiffs allege that they were denied half-hour meal breaks and not paid for the time they worked during said half-hour daily meal breaks. (Compl. ¶¶ 47–54.) For purposes of this calculation only, Menzies will assume that each class member is entitled to at least one-half hour meal break per day, for five days per workweek, for 50 workweeks per year. This totals to 250 30-minute meal breaks per year per class member.

- Rest periods: Plaintiffs allege that class members were denied ten-minute rest periods every four hours and were not paid for the time they worked during these rest breaks. (Compl. ¶¶ 64–68.) Plaintiffs allege that class members were deprived of 8 rest periods per week. (Compl. ¶ 68.) Menzies will assume that each class member worked 8 rest periods per week for 50 weeks per year, totaling 400 ten-minute rest periods that allegedly went unpaid per class

member per year. Assuming each rest period was ten minutes long, this constitutes $2.83 of pay (10/60 x $17/hour).

22. The Complaint alleges that each CWA Class member is entitled to unpaid regular rate and overtime compensation for time spent working over 40 hours a week, 12 hours a day, or 12 hours per shift; unpaid commissions; unpaid rest and meal period compensation; reimbursement for unlawful deductions for meal periods; and statutory penalties equal to quadruple the amount of back wages because Defendants' violations were allegedly willful. (Compl. ¶¶ 2–3, 88–103, 113–120.) Using the above-stated assumptions, and assuming Plaintiffs' allegations are true, Defendants put forth the following estimates of the damages[1] sought by Plaintiffs in the Complaint:

- Unpaid overtime damages: Menzies estimates that Plaintiffs allege $4,750,650 is compensatory damages for unpaid overtime hours (207 employees x $25.50/hour x 6 hour of overtime/week x 50 weeks/year x 3 years). Plaintiffs allege quadruple damages, bringing this total to **$19,002,600**.[2]

- Unpaid commissions: Menzies estimates that Plaintiffs allege $536,544 in compensatory damages for unpaid commissions (207 employees x $864 commissions/year x 3 years). Plaintiffs allege quadruple damages, bringing this total to **$2,146,176**.

- Unpaid meal periods: Menzies estimates that Plaintiffs allege $1,319,625 in compensatory damages for unpaid meal periods (207 employees x $8.50/meal

---

[1] The following estimate is based off of the allegations in the First and Third Claims for Relief for the CWA Class only. (Compl. ¶¶ 88–103, 113–20.) Plaintiffs allege that the statute of limitations applicable to these claims under the Colorado Wage Act is three years, which is reflected in these calculations. (Compl. p. 12, n.1.)

[2] This estimate does not account for unpaid commission in the estimated overtime rate of pay. Because Plaintiffs allege unpaid commission pay, (Compl. ¶¶ 73–77), this estimate is actually lower than Plaintiffs' alleged damages.

      period x 250 meal periods/year x 3 years). Plaintiffs allege quadruple damages, bringing this total to **$5,278,500**.

- <u>Unpaid rest breaks</u>: Menzies estimates that Plaintiffs allege $702,972 in compensatory damages for unpaid commissions (207 employees x $2.83/ hour x 400 rest breaks/year x 3 years). Plaintiffs allege quadruple damages, bringing this total to **$2,811,888**.

- The total of these sums is $**29,239,164**.

23. The above calculation – totaling over $29 million – includes only two of Plaintiffs' five causes of action alleged in the Complaint, each of which seeks monetary damages. Plaintiffs' allegations for monetary damages far exceed CAFA's $5 million amount in controversy requirement.

### III.   Conclusion

24. Nothing in this Notice of Removal is intended to or should be construed as any type of express or implied admission by Menzies of any fact alleged by Plaintiffs, of the validity of the merits of any of Plaintiffs' allegations, or of any liability for the same, each of which are hereby expressly denied, or as any type of express or implied waiver or limitation of Menzies' rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.  Further, by filing this Notice of Removal, Menzies does not intend to waive, and hereby reserves, any objection as to service, personal jurisdiction, and all other procedural and substantive defenses which are available to it.

      WHEREFORE, Defendants Simplicity Ground Services LLC, d/b/a Menzies Aviation and Aircraft Service International, Inc., d/b/a Menzies Aviation remove this case to the United States District Court for the District of Colorado, respectfully requests that no further proceedings be had

in the District Court, City and County of Denver, State of Colorado, and requests that this Court grant such other and further relief as it deems just and proper.

Dated:  June 14, 2024

Respectfully submitted,

/s/ *Michael F. Ryan*
Michael F. Ryan
Foley & Lardner LLP
1400 16th Street, Suite 200
Denver, CO 80202
Tel: (720) 437-2000
Fax: (720) 437-2200
mryan@foley.com

*Attorneys for Simplicity Ground Services LLC, d/b/a Menzies Aviation and Aircraft Service International, Inc., d/b/a Menzies Aviation*

## CERTIFICATE OF SERVICE

I, Michael F. Ryan, an-attorney, hereby certify that on June 14, 2024, I caused the foregoing **NOTICE OF REMOVAL** to be served on all parties of record, by the Court's ECF filing service.

/s/ *Michael F. Ryan*
Michael F. Ryan