**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 1:24-cv-01672-KAS

CHIQUITA JOYNER, HELEN DIXON, and TAJAHNE HOBLEY,
*on behalf of themselves and all others similarly situated*,

        Plaintiffs,

v.

FRONTIER AIRLINES, INC., *a Colorado corporation*,
SIMPLICITY GROUND SERVICES LLC,
D/B/A MENZIES AVIATION, *a Delaware limited liability company*, and
AIRCRAFT SERVICE INTERNATIONAL, INC.,
D/B/A MENZIES AVIATION, *a Delaware corporation*,

        Defendants.

---

**DEFENDANT FRONTIER AIRLINES, INC.'S MOTION TO PARTIALLY DISMISS
PLAINTIFFS' INDIVIDUAL AND CLASS ACTION COMPLAINT AND JURY DEMAND
[ECF #6]**

---

Defendant Frontier Airlines, Inc. ("Frontier") moves the Court to dismiss Plaintiffs' claims

for alleged failure to provide a second meal period for shifts exceeding 10.5 consecutive hours.

Colorado law does not require employers to provide a second meal period, and, therefore, Plaintiffs

Chiquita Joyner, Helen Dixon, and Tajahne Hobley's (collectively, "Plaintiffs")  Individual and

Class Action Complaint and Jury Demand [ECF #6] ("Complaint") against Frontier, Simplicity

Ground Services LLC, d/b/a Menzies Aviation ("SGS"), and Aircraft Service International, Inc.

("ASI") (collectively, "Defendants") fails to state a claim for relief that can be granted under

Fed.R.Civ.P. 12(b)(6) and should be partially dismissed. In addition, Frontier moves to dismiss

Plaintiffs' claims under the Colorado Minimum Wage Act ("CMWA") , C.R.S. § 8-6-101 *et. seq.*,

and the corresponding Minimum Wage Orders, 7 C.C.R. 1103-1, prior to March 16, 2020, as airlines were not a covered industry prior to that date.

Specifically, Frontier respectfully requests the Court dismiss with prejudice the Third and Fifth Claims for Relief against Frontier in Plaintiffs' Complaint to the extent they concern second meal breaks, and Plaintiffs' Fourth through Sixth Claims for Relief against Frontier prior to March 16, 2020.

## I.   CERTIFICATION

Counsel for Frontier conferred with counsel for Plaintiffs regarding Frontier's argument that a second meal period is not required under Colorado law. Plaintiffs oppose the Motion and the relief requested herein as it concerns second meal periods. Counsel for Frontier attempted to confer with counsel for Plaintiffs regarding Frontier's argument that Colorado's overtime, regular rate, and meal and rest break requirements did not apply to Frontier prior to March 16, 2020. Counsel for Frontier did not receive a response.

## II.   PLAINTIFFS' ALLEGATIONS[1] AND PROCEDURAL HISTORY

Plaintiffs are current and former ticket and gate Customer Service Agents ("CSAs") who are or were jointly employed by Defendants, and worked at Denver International Airport. *See* ECF #6 at ¶¶ 1, 32, 35, 38.

While employed by Defendants, Plaintiffs were originally scheduled for shifts ranging from six to eight hours but Defendants "routinely required them to stay hours past their scheduled shift end times, sometimes by as long as six additional hours," which result in them "working at

---

[1] This Motion assumes the factual allegations as pled in the Complaint are true pursuant to Rule 12(b)(6). Frontier reserves the ability to dispute any of the factual allegations in Plaintiffs' Complaint should the Court deny this Motion.

least 10.5 hours for an entire shift on one or more occasions." ECF #6 at ¶¶ 42, 47. Defendants

denied Plaintiffs and those similarly situated who worked shifts spanning more than 10.5 hours a

second meal break. ECF #6 at ¶ 52. Defendants also "automatically deducted 30 minutes from all

their CSAs' work time each day, irrespective of whether their employees were able to take an

uninterrupted and duty-free 30-minute meal break." ECF #6 at ¶ 44.  These automatic deductions

deprived Plaintiffs of overtime compensation at the rate of time and one-half for hours worked

over 40 in each workweek, 12 hours per workday, or 12 consecutive hours without regard to the

starting and ending time of the workday.  ECF #6 at ¶ 46.  Defendants also failed to provide 10-

minute rest breaks for each four hours worked or major fractions of four hours.  ECF #6 at ¶ 65.

Moreover, Defendants failed to pay Plaintiffs earned commissions.  ECF #6 at ¶ 81.

Plaintiffs filed their Complaint in the District Court for the City and County of Denver,

Colorado, on May 14, 2024, alleging in relevant part that Defendants denied Plaintiffs earned

wages by "[f]ailing to provide meal periods to CSAs every five hours, or major fractions of five

hours, that CSAs worked or, in the alternative, to pay the CSAs wages owed for the meal periods

that were not provided to them." *See* ECF #6 at ¶ 2(c). Plaintiffs allege Defendants violated the

applicable Colorado Minimum Wage Orders ("MWO"), 7 C.C.R. 1103-1 (2018-2020) not only by

failing to provide second meal breaks, but also by failing to properly pay at the regular rate and

overtime rates, failure to provide rest period for every four hours, or major factions of four hours,

that CSAs worked, making improper deductions from wages for meal breaks and failing to pay all

earned commissions.  ECF #6 at ¶. 2(a),(b), (d)-(e).  Defendants SGS and ASI removed the case

to this Court on  June 14, 2024. *See* ECF #1.

3

This Motion concerns Plaintiffs' Third and Fifth Claims for Relief, which allege Frontier violated the Colorado Wage Act, C.R.S. § 8-4-101 *et seq.* ("CWA") and 7 CCR 1103-1 (Third Claim for Relief) and Colorado Minimum Wages of Workers Act, C.R.S. § 8-6-101 *et seq.*, ("CMWA") 7 CCR 1103-1 (Fifth Claim for Relief) by failing to provide them with a second meal period when they worked shifts in excess of 10.5 hours in length. ECF #6 at ¶¶ 117, 131. Relatedly, this Motion also concerns the two putative sub-classes identified in the Complaint: (1) the **CWA Second Meal Period Sub-Class**, which the Complaint defines as "All of Defendants' Customer Service Agents who worked a shift of 10.5 hours or more in Colorado from May 14, 2021 to the present," and (2) the **CMWA Second Meal Period Sub-Class**, which the Complaint defines as "All of Defendants' Customer Service Agents who worked a shift of 10.5 hours or more in Colorado from May 14, 2018 to May 13, 2021. *See* ECF #6 at ¶ 83 (emphasis in original).

This Motion also concerns Plaintiffs' Fourth through Sixth Claims for Relief against Frontier prior to March 16, 2020.  Plaintiffs contend that their claims under the CMWA and implementing Colorado Minimum Wage Orders go back to May 14, 2018 (six years prior to the filing of the Complaint).  *See* ECF #6 at ¶ 83 (defining CMWA Class and CMWA Second Meal Period Sub-Class to include workers from May 14, 2018 to May 13, 2021).

## III.    STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a complaint because it fails to state a claim upon which relief can be granted. The Court should dismiss claims in a complaint "when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." *Mowry v. United Parcel Serv.*, 415 F.3d 1149, 1151-52 (10th Cir. 2005) (internal quotations omitted). "Rule 12(b)(6) authorizes

a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams,* 490 U.S. 319, 326 (1989).

> This procedure, operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and factfinding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.

*Id.* at 326-27, quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the claims presented by a plaintiff. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a rule 12(b)(6) challenge, a claim must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," nor does a complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Pollack v. Boulder Cnty.*, No. 17-cv-02444-CMA-NRN, 2019 WL 588196, at *3 (D. Colo. Feb. 13, 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), *accord Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). In reviewing a Motion to Dismiss, courts engage in a two-step process: "First, the court identifies the conclusory allegations in the complaint that are not entitled to the assumption of truth. Then it considers the factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief." *Hall v. Witteman,* 584 F.3d 859, 863 (10th Cir. 2009) (internal quotation marks and brackets omitted).

IV.   **ARGUMENT**

    A.   **Plaintiffs' Claims For A Second Meal Period Are Futile.**

The CWA "does not itself create any substantive right to compensation for labor and services performed." *Barnes v. Van Schaak Mortg. a Div. of Van Schaack and Co.*, 787 P.2d 207, 210 (Colo. App. 1990). Therefore, in order to recover under the CWA, "a plaintiff must first show that he or she is legally entitled to unpaid compensation under an employment agreement or some other, independent statutory scheme." *Bachanov v. Fedex Ground Package System, Inc.,* No. 20-cv-0601-WJM-SKC, 2020 WL 7074794 at *8 (D. Colo. Dec. 3, 2020). No Colorado statute contains the requirement to provide meal breaks; that requirement arises from regulations promulgated by the Colorado Department of Labor and Employment Division of Labor Standards and Statistics ("Division") found at 7 CCR 1103-1.

The Complaint alleges Defendants failed to provide Plaintiffs with two meal periods for shifts worked in excess of 10.5 hours, alleging "Colorado law requires the Employers to ensure their CSAs get two 30-minute, duty-free, uninterrupted meal periods when they work more than 10.5 hours in a shift. *See* 7 CCR 1103-1, Rule 5.1." *See* ECF #6 at ¶50, ¶ 58; ¶ 83 (identifying subclasses under C.R.C.P. 23 as CSAs who worked shifts of 10.5 hours or more). Plaintiffs cite the source of this requirement as 7 CCR 1103-1, which, as of January 1, 2024, is Colorado Overtime and Minimum Pay Standards ("COMPS") Order #39. *See* Adopted COMPS Order #39 7 CCR 1103-1 (colorado.gov).[2]

---

[2] COMPS Order #38, effective for 2022 and 2023, is available here: 7 CCR 1103-1 COMPS Order #38 (colorado.gov); COMPS Order #37, effective for 2021, is available here: 7 CCR 1103-1 COMPS Order #37 Rules (colorado.gov); COMPS Order #36, as amended, effective from July 15, 2020 through December 31, 2020, is available here: 7 CCR 1103-1 COMPS Order #36 Rules (colorado.gov); COMPS Order #36, effective March 16, 2020 through July 14, 2020, is available here: Code of Colorado Regulations; Amended

However, no iteration of 7 CCR 1103-1 requires two meal breaks. The regulation requires employers provide **one** meal period for covered employees working **a shift exceeding five (5) consecutive hours** (or to allow the employee to consume an on-duty meal). There is no obligation to provide a second meal period in Colorado. Rule 5.1 of the Colorado Overtime and Minimum Pay Standards Order #39 ("COMPS Order") states:

> Employees shall be entitled to an uninterrupted and duty-free meal period of at least a 30-minute duration **when the shift exceeds 5 consecutive hours**. Such meal periods, to the extent practical, shall be at least one hour after the start, and one hour before the end of the shift.  Employees must be completely relieved of all duties and permitted to pursue personal activities for a period to qualify as non-work, uncompensated time. When the nature of the business activity or other circumstances make an uninterrupted meal period impractical, the employee shall be permitted to consume an on-duty meal while performing duties. Employees shall be permitted to fully consume a meal of choice on the job and be fully compensated for the on-duty meal period without any loss of time or compensation.

7 CCR 1103-1 (Adopted COMPS Order #39) at pp. 12-13 (emphasis added); *see also* Interpretive Notice & Formal Opinion ("INFO") #4: Meal and Rest Periods, Colorado Department of Labor and Employment ("CDLE") (March 23, 2022), available at here: INFO #4 ("For shifts over 5 consecutive hours, all employees are entitled to uninterrupted, duty-free meal periods of at least 30 minutes"); Interpretive Notice & Formal Opinion ("INFO") #1: Key Wage and Hour Rights and Responsibilities in Colorado: the COMPS and PAY CALC Orders, Colorado Department of Labor and Employment (Dec. 8, 2023), available here: INFO #1 ("For **shifts over 5 hours**,

---

Minimum Wage Order #35, Effective January 1, 2020 through March 16, 2020, is available here: COMPS Order #35 effective January 1, 2020 (colorado.gov); Minimum Wage Order #35, effective for 2019, is available here: Colorado Minimum Wage Order #35 effective January 1, 2019; and Minimum Wage Order #34, effective for 2018, is available here: Colorado Minimum Wage Order Number 34 effective January 1, 2018.

employees are entitled to uninterrupted, duty-free **30-minute** meal periods") (emphasis in original).

Plaintiffs have identified no law, regulation, guidance from the CDLE, legislative history or case law interpreting Colorado law to require two meal periods, and Frontier is aware of none. Rather, Plaintiffs have created this supposed requirement from whole cloth, with no explanation whatsoever as to its legal basis or how they arbitrarily decided that 10.5 hours is the threshold at which a second meal period is allegedly required. The plain meaning of Rule 5.1 is clear: Employers are required to provide a **single** meal period of at least 30 minutes when a shift exceeds five consecutive hours. This meaning is affirmed when considering the meal period language in contrast to the rest break requirement in Rule 5.2 of COMPS Order #39, which does go up as the length of the shift increases. Rule 5.2 states, "Every employer shall authorize and permit a compensated 10-minute rest period **for each 4 hours of work**, or major fractions thereof, for all employees…" and sets forth the specific number of rest periods required per certain hours worked (*e.g.*, requiring employers provide three rest periods to employees who work over 10 hours, and up to 14 hours). *See* COMPS Order at Rule 5.2 (emphasis added).

If the CDLE  intended to require employers to provide multiple meal periods for shifts exceeding a certain length, it would have done so as it did in Rule 5.2 regarding rest breaks. *See Sobolewski v. Boselli & Sons, LLC,* 342 F. Supp. 3d 1178, 1182 (D. Colo. 2018) ("Interpretation and application of Colorado's Wage Order is governed by Colorado law" and courts "look to the plain meaning of the language used, considered within the context of the statute as a whole") (internal citations and quotations omitted); *id*. at 1186 (refusing to read into 7 CCR 1103-1 a requirement that employees be provided additional time to walk, drive, or travel to and from the

location an employee chooses for his or her meal break and to clock in and out for lunch); *see also, Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1160 (10th Cir. 2016) (looking to the plain meaning of the language used in the Colorado Minimum Wage Order "considered within the context of the statute as a whole.")

The plain meaning is also affirmed when compared to another state's law requiring a second meal break.  California law states:

> An employer may not employ an employee for a work period of more than ten hours per day without providing the employee with a **second meal period** of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

Cal. Labor Code § 512(a) (emphasis added). In contrast, there is absolutely no mention of a second meal period in Colorado's COMPS Order.

Further, even if there is an obligation to provide a second meal period in Colorado (which there is not), Plaintiffs do not allege that they were not compensated for a missed second meal period. Instead, they only allege Defendants automatically deducted a single 30-minute meal period (not two 30-minute meal periods) from their shifts. *See* ECF #6 at ¶ 44 ("Employers automatically deducted 30 minutes from all their CSAs' work time each day…"); ¶¶ 55, 58, 62 (all referring to an automatic 30-minute paycheck deduction).

**B.      Airlines Were Not Covered By the Colorado MWOs In Effect Prior to March 16, 2020.**

Prior to March 16, 2020, airlines were not an industry regulated by the CDLE, and they were not covered by the applicable Colorado Minimum Wage Orders. *See* MWOs #34, #35, and #35 as Amended (2018 – March 15, 2020) at 1-2 (Coverage and Definitions, explaining MWOs

only apply to workers in the retail and service, commercial support service, food and beverage, and health and medical industries).   The CDLE's Advisory Bulletins and Resource Guide, promulgated to assist employers in interpreting the MWOs, specifically states that, "The Division of Labor does not have any authority over wage claims involving air carriers."  *See* **Exhibit A**, Advisory Bulletins and Resource Guide, Colorado Division of Labor (March 31, 2012) at p. 70; *see also* p. 75: "Colorado wage law and Colorado Minimum Wage Order[s] do not apply to the airline and railroad industries."; *see also, Banner Adver., Inc. v. People of Boulder,* 868 P.2d 1077, 1083 (Colo. 1994) (considering administrative agency opinion letter as persuasive authority because it "was written as part of the official duties of the chief counsel, and is based on a level of more specialized expertise than most judges possess"); *Baldozier v. American Family Mutual Ins. Co.,* 375 F. Supp. 2d 1089 (Colo. 2005) (based on plain language, opinion letters, and Advisory Bulletin, Wage Order 22 did not apply to insurance industry)*.*  As Colorado overtime, regular rate, and meal and rest break requirements were found only in the MWOs, and not in the statute itself, these requirements only applied to covered industries, which did not include airlines such as Frontier. *See also* Statement of Basis, Purpose, Specific Statutory Authority, and Findings for COMPS Order #36, at pp. 1-3 available here: [COMPS Order #36 Statement of Basis and Purpose 03.16.2020 (colorado.gov)](colorado.gov) (explaining history of MWOs limited to four industries and that effective March 16, 2020, coverage expanded to all private sector employers).  Because Colorado overtime, regular rate, and meal and rest break requirements did not apply to Frontier prior to March 15, 2020, the Court should dismiss the Plaintiffs' Fourth through Sixth Claims for Relief against Frontier prior to March 16, 2020.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Frontier respectfully requests the Court dismiss with prejudice the Third and Fifth Claims for Relief alleged in Plaintiffs' Complaint against Frontier to the extent they concern second meal periods and the Fourth, Fifth, and Sixth Claims for Relief against Frontier prior to March 16, 2020.

Respectfully submitted this 18th day of June, 2024.

*s/ Carolyn B. Theis*
Jennifer S. Harpole
Carolyn B. Theis
Littler Mendelson, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Telephone: 303.629.6200
Facsimile: 303.629.0200
Email: jharpole@littler.com
          catheis@littler.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of June, 2024, I filed the foregoing **DEFENDANT FRONTIER AIRLINES, INC.'S MOTION TO PARTIALLY DISMISS PLAINTIFFS' INDIVIDUAL AND CLASS ACTION COMPLAINT AND JURY DEMAND [ECF #6]** using the Court's CM/ECF filing system which will serve the following parties:

Shelby Woods, #48606
Abby Zinman, #57792
HKM Employment Attorneys LLP
518 17th Street, Suite 1100
Denver, CO 80202
Phone No.: 720.235.0105
Email: swoods@hkm.com
        azinman@hkm.com

*Attorneys for Plaintiffs*

Michael F. Ryan
Foley & Lardner LLP
1000 Louisiana Street, Suite 2000
Houston, TX 77002
Phone: (713) 276-5500
Facsimile: (713) 276-5555
Email: mryan@foley.com

*Attorney for Defendants SGS and ASI*

*s/ Joanna Fox*
Joanna Fox, Legal Assistant

4871-3928-8009.5 / 057446-1095