# EXHIBIT A TO DEFENDANT FRONTIER AIRLINES, INC.'S MOTION TO PARTIALLY DISMISS PLAINTIFFS' INDIVIDUAL AND CLASS ACTION COMPLAINT AND JURY DEMAND [ECF #6]

## *Chiquita Joyner, et al. v. Frontier Airlines, Inc., et al.*



# ADVISORY BULLETINS AND RESOURCE GUIDE

## Colorado Division of Labor

## March 31, 2012

---

**John Hickenlooper**, Governor, State of Colorado

**Ellen Golombek**, Executive Director

**Michael J. McArdle**, Director, Colorado Division of Labor

**Peter H. Wingate,** Ph.D., Colorado Division of Labor

# FOREWORD

The Colorado Division of Labor has assembled this publication to aid in discharging its statutory duty of educating and assisting Colorado employees, employers, and the general public on Colorado labor and employment laws and related workplace topics. Readers must take note of the following important information:

Effective January 28, 2008, content pages of this publication will contain a date stamp on the bottom right of each page. The date will represent the most recent date of revision and publication for the substantive content on each page.

The Advisory Bulletins and materials contained herein are provided for general advisory, clarification, and explanatory purposes only. The Bulletins and associated materials are not intended to expand, narrow, or contradict current law. The current version of this publication is available at: www.colorado.gov/cdle/labor

The Colorado Division of Labor does not provide legal advice. Persons inquiring must contact an attorney for legal advice.

Every attempt has been made to ensure the accuracy and utility of the information contained in this publication. The Colorado Division of Labor is not responsible for errors or omissions; please contact the Division if you have any questions, comments, or feedback.

This publication references and contains links to a variety of organizations, businesses, external agencies, websites, laws, and regulations. Such links do not represent formal endorsement or approval by the Colorado Division of Labor.

All documents contained in this publication are for informational purposes only, and should not be relied upon as an official record of action or law. For official, complete, or annotated versions of Colorado Revised Statutes, contact the Colorado Committee on Legal Services of the Colorado General Assembly.

# ACKNOWLEDGEMENTS

This publication was created and written by Peter Wingate, Ph.D., Colorado Division of Labor.

Contributors to this publication include Amanda Neal, Kruz Watkins and additional Colorado Division of Labor staff who assisted in researching, editing, and writing the Bulletins and Resource Guide.

The Division of Labor appreciates the extensive input and feedback we have received from Colorado employees, employers, attorneys, law firms, and organizations regarding the content of this publication.

# KEYWORD INDEX

A B C D E F G H I J K L M N O P Q R S T U V W X Y Z

## A

Access to Division of Labor Records

Access to Employee Personnel File

Access to Premises and Payroll Records

Accounting Unit Operation

Actors / Minors

Administrative Employees

Age Certificates

Agents of a Corporation

Agricultural Industry

Airline Industry

Alcoholic Beverages, Sale and Serving / Youth Employment

All-Union Agreement

American Health Insurance Portability and Accountability Act (HIPAA)

Amusement Establishments and Workers

ATM Card (paycard)

Attorney General's Office

At-Will Employment

Audit Period / Ten-Day

## B

Babysitting

Background Checks

Bad Checks

Bakeries

Bankruptcy

Banks

Bereavement (Funeral) Leave or Pay

Bonuses

Bounced Checks and Fees

Breaks (Meal & Rest)

Breastfeeding in the Workplace

## C

Camps

Cash Wage Payments

CFDCPA

Charitable Organizations

Child Support

Chores and Minors

Civil Liability for Wages

Civil Rights Division

Claim Filing / Two-Year Limitation

COBRA

Collection Law and Practices

Colorado Fair Debt Collection Practices Act (CFDCPA)

Colorado Law vs. Federal Law

Colorado Youth Employment Opportunity Act (CYEOA)

Commercial Support Service Industry

Commission Sales Exemption from Overtime

Commissions

Companion Services

Compensatory Time

Computer Occupations / Salary Basis

Consolidated Omnibus Budget Reconciliation Act (COBRA)

Construction Industry

Corporate Officer Liability

Cost of Medical Examinations and Background Checks

County Courts

Credit Card Processing Fees

Credit Unions

Creditors / Employer Insolvency

CYEOA

# D

Davis-Bacon Act / Wages

Death of an Employee

Debit Card (paycard)

Debt Collection

Deductions for Meals

Deductions from Wages

Department of Revenue

Deposit for Uniforms

Developmental Disabilities

Direct Deposit

Disability Leave

Disabled Minimum Wage Offset

Disciplinary Policies

Disclosure of Wages

Discrimination

Dishonored Instrument

Division of Labor Authority

Division of Labor Records

Doctors / Salary Basis

Domestic Abuse Leave Law

Domestic Employees

Draws

Drivers / Interstate and Intrastate

Driving / Youth Employment

Drug Tests

Duties Directly Related to Supervision

# E

Education Cost

Elected Officials

Electronic Debit Cards

Electronic Payroll Card Systems

Employee Polygraph Protection Act (EPPA)

Employee Retirement Income Security Act (ERISA)

Employer Bankruptcy

Employment-at-Will

Engaged to Wait

# F

Fair Labor Standards Act (FLSA)

False Statements

Federal Law Coverage

Fingerprinting Cost

Firefighters

Flextime

FLSA

Fluctuating Workweek

Food and Beverage Industry

Foreign Labor Certification

Fourteen-Year-Olds / Youth Employment

Fraternity Employees

Full-Time Designation

# G

Garnishment

General Educational Development Examination / Minor Status

Genetic Discrimination

Genetic Information

Genetic Information Nondiscrimination Act (GINA)

GINA

Gratuities

# H

Hazardous Occupations for Minors

Health Benefit Plans

Health Care / Continuing Coverage

EPPA

ERISA

Eviction Notice

Executive Employees

Exempt Employees under Colorado Minimum Wage Order 28

Exemptions from Overtime

Exemptions to Colorado Wage Law and Wage Order

Exemptions / Special Exemptions to CYEOA

Health Insurance

Health and Medical Industry

High School Diploma / Minor Status

HIPPA

Holiday Pay

Hospitals

Hours of Work Permitted for Minors

## I

Identification / Employee

Identity Theft

Income Assignments

Independent Contractors

Industrial Relations Act (C.R.S. 8-1-101 et seq.)

Inmates

Insurance Industry

Interstate Drivers

Intrastate Drivers

## J

Jurisdiction / State vs. Federal

Jury Duty

## L

Labor Market Information

Labor Peace Act (C.R.S. 8-3-101 et seq.)

Lactation Programs in the Workplace

Lawyers / Salary Basis

Leonard v. McMorris

Lie Detector Tests

Liquor Sales and Service / Youth Employment

Lodging

## M

Manufacturing Industry

Mass Layoffs

Maternity Leave

Meal Deduction from Wages

Meal Periods

Mechanics Exemption

Mechanics' Liens

Medical Examinations

Medical Industry

Medical Leave

Medical Transportation Exemption

Methods of Payment and Electronic Debit Cards

Military Employment Rights

Military Leave

Minimum Wage

Minimum Wage Act (C.R.S. 8-6-101 et seq.)

Minimum Wage Order Number 28

Minors (See Youth Employment)

Mistreatment of Employees

Models / Youth Employment

Motor Vehicle Operation / Youth Employment

## N

National Mediation Board (NMB)

Newspaper Carriers / Youth Employment

Nine-Year-Olds / Youth Employment

NMB

Non-Compete Agreements

Non-Discretionary Bonuses

Non-Profit Organizations

Nonsolicitation Agreements

Notice of Dishonored Instrument

Notice of Layoffs

Notice of Payday

Notice of Termination

Nursing Mothers

## O

Occupational Safety and Health (OSHA)

Off Duty Activities

Oil and Public Safety

On Call Time

OSHA

Outside Salespersons

Overtime Calculation Examples

Overtime Exemptions

Overtime Hours

Overtime Pay

## P

Parent / Minor Performs Work for

Parental Involvement in K-12 Education Act

Parental Leave Law

Parolees

Part-Time Designation

Patient Protection and Affordable Care Act

Pay Periods and Payday Notice

Pay Statements

Paycard

Paydays

Payment of Wages upon Termination of Employment

Payroll Debit Card

Penalties

Pension Plans

Performers / Youth Employment

Permissible Deductions from Wages

Permissible Occupations for Minors

Personnel File Access

Phoenix Capital, Inc. v. Dowell

Piece Rate Definition

Piece Rate Overtime Calculation

Piece Rate Pay

Plant Closing

Polygraph Tests

Pooling Tips

Postmark and Mailing of Wages

PPACA

Preferred Claims

Pregnancy Leave

Prevailing Wages

Prisoners

Probationers

Professional Employees

Proof of Age / Minor

Property Damage / Deductions

Property Managers

Public Accommodations

Public Company Accounting Reform and Corporate Responsibility Act of 2002 [Sarbanes-Oxley Act (SOX)]

## Q

Quit / Definition of

Quit / Wages Due

## R

Railroad Industry

Railway Labor Act

Recreational Establishments and Workers

Reference Immunity Law

Reference Checks for State Employees

References / Provided by Employer

Regular Rate of Pay

Religious Organizations

Reporting Time Pay

Residential Camps

Resignation / Wages Due

Respite Care

Rest Periods

Retail Industry

Retaliation

Retirement Plans

Right to Work

Rounding of Hours

## S

Salaried Overtime Calculation

Sarbanes-Oxley Act (SOX)

Savings and Loans

School Day Work Hours

School Release Permits

Schoolwork and Minors

Seasonal Establishments and Workers

Second Job

Secretary of State

Service Industry

Severance Pay

Sharing of Wage Information

Sharing Tips

Show-Up Time

Sick Leave

Sick Pay

Sixteen-Year-Olds / Youth Employment

Ski Industry Exemption

Skidmore v. Swift & Co.

Sleep Time

Small Claims Court

Smokers' Rights Law

Social Security Numbers

Sorority Employees

SOX

State and Federal Minimum Wage

Statute of Limitations

Supervisor Exemption

# T

Taxi Cab Drivers

Telecommuting

Ten-Day Audit Period

Termination / Employer Reason

Termination / Notice

Termination / Wages Due

Theft / Deduction from Wages

Time Clocks

Time Worked / Definition

Timekeeping

Tip Credit Card Processing Fees

Tip Credits

Tip Overtime Pay Calculation

Tip Pooling

Tipped Employees

Tips

Training Costs

Travel Time

Twelve-Year-Olds / Youth Employment

Two Jobs for the Same Employer

# U

Uncashed Checks

Unclaimed Property

Unemployment Insurance

Uniformed Services Employment and
Reemployment Rights Act (USERRA)

Uniforms

Union Dues / Wage Deduction

Union Shop

USERRA

# V

Vacation Pay

Veterans' Rights

Veterinary Medicine

Violation of Public Policy

Volunteer Firefighters

Volunteers

Voting

# W

Wage Act (C.R.S. 8-4-101 et seq.)

Wage Order Number 28

Wage Transparency

Waiting Time

Waiting to be Engaged

WARN

Western Stock Show Association

Withholding from Wages

Work Hours Permitted for Minors

Work Permits

Worker Adjustment and Retraining Act
(WARN)

Workers' Compensation

Workweek Definition

Wrongful Deductions from Wages

# Y

Youth Employment:

Age Certificates and School Release Permits

Comparison of Colorado and Federal Laws

Definition of a Minor and CYEOA Exemptions

Hazardous Occupations for Minors

Motor Vehicle Operation

Permissible Occupations:

Age 9 or Older

Age 12 or Older

Age 14 or Older

Age 16 or Older

Sale and Serving of Alcoholic Beverages

Work Hours

Youth Employment Opportunity Act (C.R.S. 8-12-101 et seq.)

## Table of Contents

FOREWORD .................................................................................................................................... 2

ACKNOWLEDGEMENTS .............................................................................................................. 2

KEYWORD INDEX .......................................................................................................................... 3

SECTION I: COLORADO WAGE LAW AND COLORADO MINIMUM WAGE ORDER NUMBER 28 .................. 17

METHODS OF PAYMENT, 1(I) ..................................................................................................... 18

    Direct Deposit ..........................................................................................................................18
    Paycards ...................................................................................................................................18

PAY PERIODS AND PAYDAY NOTICE, 2(I) ............................................................................... 19

    Pay Periods ...............................................................................................................................19
    Payday Notice ...........................................................................................................................19
    Pay Statements ..........................................................................................................................19

PAYMENT OF WAGES UPON TERMINATION OF EMPLOYMENT, 3(I) .................................... 21

    Termination of Employment by the Employer ...........................................................................21
    Permissible Deductions Upon Termination ..............................................................................21
    Termination of Employment by the Employee ..........................................................................22

DEDUCTIONS FROM WAGES, 4(I) ............................................................................................. 23

    Permissible Deductions ............................................................................................................23
    Examples of Impermissible Deductions: ...................................................................................24
    Property Damage ......................................................................................................................24
    Fines for Employee Behavior or Actions ..................................................................................24

VACATION PAY, 5(I) .................................................................................................................... 25

    Vacation not Required ..............................................................................................................25
    Vacation Policy .........................................................................................................................25
    Vacation as Wages or Compensation ......................................................................................25
    Granting of Vacation Leave ......................................................................................................25

INDEPENDENT CONTRACTORS, 6(I) ......................................................................................... 26

    Behavioral Control ...................................................................................................................26
    Financial Control ......................................................................................................................27
    Type of Relationship .................................................................................................................27
    Summary ...................................................................................................................................27

HOLIDAY PAY, SEVERANCE PAY, SICK PAY, SICK LEAVE, AND COMPENSATORY TIME, 7(I) .................. 29

    Holiday Pay ...............................................................................................................................29
    Severance Pay ..........................................................................................................................29
    Sick Pay and Sick Leave ..........................................................................................................29
    Compensatory Time ..................................................................................................................29

TIME CLOCKS, TIMEKEEPING, AND PAY STATEMENTS, 8(I) ................................................ 31

    Time Clocks ..............................................................................................................................31
    Rounding of Hours Worked .......................................................................................................31
    Pay Statements ..........................................................................................................................31

EXEMPT EMPLOYEES UNDER COLORADO MINIMUM WAGE ORDER NUMBER 28, 9(I) ............................ 33

    Exemptions from the Wage Order .............................................................................................33
    Administrative Employee ..........................................................................................................33
    Executive or Supervisor: ...........................................................................................................34
    Professional ..............................................................................................................................34

Outside Salesperson ...................................................................................................34
Exemptions from Overtime ........................................................................................34

**OVERTIME PAY, 10(I) .............................................................................................. 36**

Overtime Hours .........................................................................................................36
Workweek Definition and Overtime ..........................................................................36
Regular Rate of Pay ...................................................................................................36
Salaried Employee Overtime Calculation Examples ...................................................37
Piece Rate Overtime Calculation Example .................................................................37
Tipped Employee Overtime Calculation Examples .....................................................38
Non-Exempt Employee Working Two Jobs .................................................................39

**ON CALL AND WAITING TIME, 11(I) .................................................................... 41**

Colorado Minimum Wage Order Number 28 Definition of Time Worked....................41
"Engaged to Wait" or "Waiting to be Engaged" ........................................................41

**TRAVEL TIME, 12(I) ................................................................................................ 43**

**UNIFORMS, 13(I) ...................................................................................................... 44**

**TIPS, 14(I) .................................................................................................................. 45**

Tipped Employee Definition ......................................................................................45
Tip Credits and Minimum Wage .................................................................................45
Tip Pooling Among Employees ..................................................................................45
Tip Credit Card Processing Fees ................................................................................45
Employer Ownership of Tips ......................................................................................45
Credit Card Tip Payout ..............................................................................................46

**MEAL PERIODS AND REST PERIODS, 15(I) ........................................................ 47**

Meal Periods .............................................................................................................47
Deductions for Meals .................................................................................................47
Rest Periods ..............................................................................................................47

**TRAINING AND EDUCATION COSTS, 16(I) ......................................................... 48**

Time Worked .............................................................................................................48

**FULL-TIME AND PART-TIME CLASSIFICATION, 17(I) ...................................... 49**

Full-Time vs. Part Time Status ...................................................................................49

**PIECE RATE OR PIECE WORK PAY, 18(I) ........................................................... 50**

Piece Rate Definition .................................................................................................50

**LODGING, 19(I) ........................................................................................................ 52**

Lodging Credit Towards Minimum Wage ...................................................................52
Lodging Deductions From Paycheck ..........................................................................52
Termination of Occupancy Pursuant to a Contract of Employment ............................52

**SLEEP TIME, 20(I) .................................................................................................... 53**

**COMMISSIONS, 21(I) ............................................................................................... 54**

Commissions as Wages ..............................................................................................54
Payment of Commissions Upon Separation from Employment....................................54
General Guidance From Case Law ..............................................................................54
Draws .......................................................................................................................55

**INTERSTATE AND INTRASTATE DRIVERS, 22(I) ............................................. 56**

Interstate Drivers .......................................................................................................56
Intrastate Drivers .......................................................................................................56
Drivers and Colorado Wage Law ...............................................................................56

**DISABLED MINIMUM WAGE OFFSET, 23(I)** ........................................................................ **57**

**HOSPITALS AND HEALTH AND MEDICAL CARE, 24(I)** .................................................... **58**

    Definition of an Employer ..................................................................................................58
    Excluded from the Definition of an Employer .....................................................................58
    Determination of Hospital Coverage under Colorado Wage Law. ........................................58
    Health and Medical Industry: Coverage under Minimum Wage Order Number 28 ...............58

**EMPLOYEE WORKING TWO JOBS FOR THE SAME EMPLOYER, 26(I)** ......................... **60**

    Exempt Employees Working Multiple Jobs ........................................................................60
    Non-Exempt Employees Working Multiple Jobs .................................................................60

**EMPLOYER RETALIATION, 26(I)** ..................................................................................... **62**

    Colorado Wage Law Protections .......................................................................................62
    Colorado Minimum Wage Order Number 28 ......................................................................62

**DIVISION OF LABOR ENFORCEMENT AUTHORITY AND ASSESSMENT OF PENALTIES, 27(I)** ................ **63**

    Colorado Industrial Relations Act .....................................................................................63
    Jurisdiction ......................................................................................................................63
    Employers and Employees to Furnish Information ..............................................................63
    Access to Premises ..........................................................................................................63
    Access to Books and Payroll Records ................................................................................63
    Violations of Industrial Relations Act ................................................................................64
    Refusal to Perform Duty Lawfully Enjoined ......................................................................64
    False Statements ..............................................................................................................64
    Wage Claim Act ..............................................................................................................64
    Enforcement by the Director .............................................................................................64
    Failure to Pay Wages .......................................................................................................64
    Penalties Regarding Ownership or Control Over Tips .........................................................65
    Penalties for Violating the Wage Claim Act ......................................................................65
    Penalties for Retaliation and Discrimination .....................................................................65
    Minimum Wage Act .........................................................................................................65
    Penalties for Violating the Minimum Wage. ......................................................................65
    Penalties for Retaliation and Discrimination .....................................................................66

**EMPLOYEE DEATH, 28(I)** ................................................................................................. **67**

**FEDERAL LAW VS. COLORADO LAW, 29(I)** .................................................................... **68**

    Federal Wage Law Coverage ...........................................................................................68
    Colorado Wage Law Coverage .........................................................................................68

**EXEMPTIONS AND JURISDICTIONAL ISSUES, 30(I)** ...................................................... **70**

    Agricultural Industry ........................................................................................................70
    Airline Industry ...............................................................................................................70
    Bakeries ..........................................................................................................................70
    Casual Babysitters ...........................................................................................................70
    Commission Sales ............................................................................................................70
    Companion Services .........................................................................................................70
    Construction Industry .......................................................................................................71
    Developmental Disability Community Centered Boards and Service Agencies ......................71
    Inmates in Correctional Institutions ..................................................................................71
    Insurance Industry ...........................................................................................................71
    Manufacturing Industry ....................................................................................................71
    Medical Transportation Industry .......................................................................................71
    Non-Profit Organizations ..................................................................................................71
    Religious and Charitable Organizations .............................................................................71
    Residential Camps ...........................................................................................................72

Respite Care Workers ...................................................................................................................72
Ski Industry ...................................................................................................................................72
Veterinary Medicine ......................................................................................................................72
Western Stock Show Association ...................................................................................................73
The Following Are Exempt From All Provisions of Wage Order 28: ...........................................73

**FLEXTIME SCHEDULING AND TELECOMUTING, 31(I)** .............................................................. **74**

Flextime Scheduling ......................................................................................................................74
Telecommuting ...............................................................................................................................74

**AIRLINE AND RAILROAD INDUSTRIES, 32(I)** ........................................................................... **75**

**STATUTE OF LIMITATIONS, 33(I)** ............................................................................................ **76**

Colorado Wage Law .......................................................................................................................76
Colorado Minimum Wage Order Number 28 ................................................................................76

**INMATES, PAROLEES, PRISONERS, AND PROBATIONERS, 34(I)** ............................................... **77**

**CORPORATE OFFICER LIABILITY, 35(I)** .................................................................................... **78**

**SHOW-UP TIME, 36(I)** ........................................................................................................... **79**

**AMUSEMENT, SEASONAL, RECREATIONAL, AND CAMP ESTABLISHMENTS AND WORKERS, 37(I)** ......... **80**

Amusement Establishments and Amusement Workers ..................................................................80
Camps .............................................................................................................................................80
Recreational Establishments and Recreational Workers ...............................................................80
Seasonal Establishments and Seasonal Workers ...........................................................................81

**VOLUNTEER FIREFIGHTERS, 38(I)** ........................................................................................... **82**

Termination of Employment - Employee Fails to Report To Work ...............................................82
Termination of Employment - Employee Leaves Work .................................................................82
Deductions from Wages ..................................................................................................................82

**FLUCTUATING WORKWEEK METHOD OF SALARY PAYMENT, 39(I)** ............................................ **84**

Background .....................................................................................................................................84
Fluctuating Workweek Overview ...................................................................................................84
Fluctuating Workweek Method Requirements ...............................................................................84
Fluctuating Workweek Calculation Examples ...............................................................................85
FLSA Regulation 29 C.F.R. §778.114: Fixed Salary for Fluctuating Hours ................................86

**DUTIES DIRECTLY RELATED TO SUPERVISION, 40(I)** ................................................................ **88**

Background .....................................................................................................................................88
Definition Of "Duties Directly Related To Supervision" ..............................................................88
Case By Case Analysis ...................................................................................................................89

**COLORADO STATE AND FEDERAL MINIMUM WAGE, 41(I)** ........................................................ **90**

State Minimum Wage ......................................................................................................................90
State Minimum Wage Versus Federal Minimum Wage ..................................................................91
Colorado State Tipped Minimum Wage versus Federal Tipped Minimum Wage ..........................92
Federal Minimum Wage ..................................................................................................................92

**WAGE TRANSPARENCY ACT, 42(I)** .......................................................................................... **93**

Wage Transparency Act ...................................................................................................................93
Potential Exceptions to the Wage Transparency Act .....................................................................93

**SECTION II: MISCELLANEOUS EMPLOYMENT TOPICS** ................................................................ **95**

**DIVISION OF LABOR RESPONSIBILITIES AND TOPICS NOT COVERED, 1(II)** ................................. **96**

Division of Labor Responsibilities .................................................................................................96
Topics Covered by the Division of Labor ......................................................................................96

Topics Beyond the Authority and Scope of the Division of Labor: ..................................................................97

**COST OF MEDICAL EXAMINATIONS AND BACKGROUND CHECKS, 2(II)** ................................................ **99**

**EMPLOYER BANKRUPTCY, 3(II)** ......................................................................................................................... **100**

**NOTICE OF TERMINATION AND EMPLOYMENT-AT-WILL, 4(II)** ............................................................ **101**

Definition of Employment-At-Will.............................................................................................................101
Basis of Employment-At-Will .....................................................................................................................101
Potential Exceptions to Employment-At-Will .......................................................................................101
Discrimination ..................................................................................................................................................101
Violation Of Public Policy ............................................................................................................................101
Contract Law .....................................................................................................................................................102

**RIGHT TO WORK, 5(II)** ........................................................................................................................................ **103**

Definition of Right To Work.........................................................................................................................103
Colorado has a Modified Right to Work Law .........................................................................................103

**JURY DUTY, 6(II)** ................................................................................................................................................... **105**

Compensation and Jury Duty .....................................................................................................................105
Job Protection and Jury Duty .....................................................................................................................105
Employee Participation in other Legal Actions ....................................................................................105

**VOTING, 7(II)** ......................................................................................................................................................... **107**

Employee Entitlement to Vote During Work Hours ...........................................................................107
Exception to Employee Entitlement to Vote During Work Hours .................................................107

**NON-COMPETE AND NONSOLICITATION AGREEMENTS, 8(II)** ........................................................... **108**

Non-Compete Agreements...........................................................................................................................108
Nonsolicitation Agreements .......................................................................................................................108

**GARNISHMENTS AND INCOME ASSIGNMENTS, 9(II)** ............................................................................ **110**

Garnishments ....................................................................................................................................................110
Income Assignments ......................................................................................................................................110
Deductions for the Cost of Withholding Earnings ..............................................................................110

**ACCESS TO PERSONNEL FILES, DIVISION OF LABOR RECORDS, AND CLAIM INFORMATION, 10(II)**...**112**

Personnel Files ..................................................................................................................................................112
Access to Division of Labor Records.........................................................................................................112
Retention of Division of Labor Records ..................................................................................................112
Access to Claim Information ........................................................................................................................113

**PREFERRED CLAIMS AND EMPLOYER INSOLVENCY, 11(II)** ................................................................ **114**

Wages as a Preferred Claim .........................................................................................................................114
Statement of Preferred Claim .....................................................................................................................114

**BOUNCED CHECKS AND NOTICE OF DISHONORED INSTRUMENT, 12(II)** ................................... **115**

**MEDICAL LEAVE, PREGNANCY LEAVE, AND DISABILITY, 13(II)** ....................................................... **116**

Medical Leave and Pregnancy Leave.......................................................................................................116
Disability..............................................................................................................................................................116
Domestic Abuse Leave Law ........................................................................................................................116

**EMPLOYEE MISTREATMENT AND DISCRIMINATION, 14(II)** ............................................................... **117**

**SMALL CLAIMS COURT, 15(II)** ........................................................................................................................ **118**

**MECHANICS' LIENS, 16(II)** ............................................................................................................................... **120**

**UNCLAIMED PROPERTY AND UNCASHED CHECKS, 17(II)** .................................................................. **121**

**DISCIPLINARY POLICIES, 18(II)** ..................................................................................................................... **122**

**OCCUPATIONAL SAFETY AND HEALTH, 19(II)** ............................................................................ **123**

**EMPLOYEE DOMESTIC ABUSE LEAVE LAW, 20(II)** .................................................................... **124**

**OFF DUTY LEGAL ACTIVITIES, 21(II)** ...................................................................................... **125**

**EMPLOYMENT REFERENCES, 22(II)** ........................................................................................ **126**

    Colorado Reference Immunity Law ............................................................................................126
    Colorado State Agency Employment Reference Checks ..............................................................126

**POLYGRAPH AND LIE DETECTOR TESTS, 23(II)** ...................................................................... **127**

**EMPLOYEE IDENTIFICATION AND SOCIAL SECURITY NUMBERS, 24(II)** ................................. **128**

**COLORADO COLLECTION LAWS AND PRACTICES, 25(II)** .......................................................... **129**

**IDENTITY THEFT, 26(II)** ........................................................................................................ **130**

**DAVIS-BACON WAGES, 27(II)** ............................................................................................... **132**

**MILITARY AND UNIFORMED SERVICES EMPLOYMENT RIGHTS (USERRA), 28(II)** ................... **133**

**CONSOLIDATED OMNIBUS BUDGET RECONCILIATION ACT (COBRA) AND COLORADO HEALTH INSURANCE, 29(II)** ................................................................................................................. **134**

    COBRA .....................................................................................................................................134
    Colorado Health Insurance ........................................................................................................134

**AMERICAN HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT "HIPAA", 30(II)** ............. **135**

    American Health Insurance Portability and Accountability Act ...................................................135

**PUBLIC COMPANY ACCOUNTING REFORM AND CORPORATE RESPONSIBILITY ACT OF 2002 [SARBANES-OXLEY ACT OF 2002 (SOX)], 31(II)** ..................................................................................... **136**

**WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT (WARN), 32(II)** ................... **137**

    Worker Adjustment and Retraining Notification Act (WARN).....................................................137

**WORKPLACE ACCOMMODATIONS FOR NURSING MOTHERS ACT, 33(II)** ............................... **139**

    Workplace Accommodations for Nursing Mothers ....................................................................139
    Accommodations .....................................................................................................................139
    Coverage and Enforcement .......................................................................................................140

**GENETIC INFORMATION NONDISCRIMINATION ACT OF 2008 (GINA), 34(II)** ...................... **141**

**EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA), 35(II)** .......................... **142**

**PARENTAL INVOLVEMENT IN K-12 EDUCATION ACT, 36(II)** ................................................. **143**

    Parental Involvement in K-12 Education Act Overview ...............................................................143
    Employer Coverage...................................................................................................................143
    Employee Coverage ..................................................................................................................143
    Permissible Academic Leave .....................................................................................................143
    Leave Time ...............................................................................................................................143
    Requesting Leave ......................................................................................................................144
    Limitations on Leave .................................................................................................................144
    Disputes on the Law ..................................................................................................................144
    Repeal of the Law .....................................................................................................................144

**SECTION III: COLORADO YOUTH EMPLOYMENT** ...................................................................... **145**

**YOUTH EMPLOYMENT** ............................................................................................................ **146**

**DEFINITION OF A MINOR AND COLORADO YOUTH EMPLOYMENT OPPORTUNITY ACT EXEMPTIONS, 1(III)** ..................................................................................................................................... **146**

    Definition of A Minor Under The Colorado Youth Employment Opportunity Act (CYEOA) ....................146
    Exemptions From The CYEOA ...................................................................................................146

**YOUTH EMPLOYMENT** ............................................................................................................ **148**

**PERMISSIBLE OCCUPATIONS, 2(III)** ..................................................................................... **148**

    Permissible Employment by Age ........................................................................................ 148
    No minor under the age of nine years may be employed ..................................................... 148
    Permissible occupations at age nine or older ...................................................................... 148
    Permissible occupations at age twelve or older ................................................................... 148
    Permissible occupations at age fourteen or older ................................................................ 149
    Permissible occupations at age sixteen or older: ................................................................. 150
    Youth Exemptions .............................................................................................................. 150

**YOUTH EMPLOYMENT** .......................................................................................................... **151**

**AGE CERTIFICATES AND SCHOOL RELEASE PERMITS, 3(III)** .............................................. **151**

    Age Certificates ................................................................................................................. 151
    School Release Permits ...................................................................................................... 151
    Youth Exemptions .............................................................................................................. 151

**YOUTH EMPLOYMENT** .......................................................................................................... **153**

**HAZARDOUS OCCUPATIONS FOR MINORS, 4(III)** ............................................................... **153**

    Hazardous Occupations Prohibited For Minors ................................................................... 153

**YOUTH EMPLOYMENT** .......................................................................................................... **155**

**COMPARISON OF COLORADO AND FEDERAL LAWS, 5(III)** .................................................. **155**

    Coverage of the Law .......................................................................................................... 155
    Exemptions ........................................................................................................................ 156
    Minimum Age Requirements & Permissible Occupations .................................................... 156
    Work Hours ....................................................................................................................... 160
    Proof of Age ...................................................................................................................... 161

**YOUTH EMPLOYMENT** .......................................................................................................... **162**

**SALE AND SERVING OF ALCOHOLIC BEVERAGES, 6(III)** .................................................... **162**

    3.2% Beer Licenses ........................................................................................................... 162
    On-premises Liquor Licenses ............................................................................................. 162
    Off-premises Liquor Licenses ............................................................................................. 162

**YOUTH EMPLOYMENT** .......................................................................................................... **163**

**WORK HOURS, 7(III)** ............................................................................................................. **163**

    School Day Work Hours ..................................................................................................... 163
    Nighttime Work Hour Restrictions ...................................................................................... 163
    Seasonal Employment Exception ........................................................................................ 164

**YOUTH EMPLOYMENT** .......................................................................................................... **165**

**MOTOR VEHICLE OPERATION, 8(III)** .................................................................................... **165**

**SECTION IV: STATE OF COLORADO AGENCY AND DEPARTMENT REFERRAL INFORMATION** ............... **167**

**COLORADO ATTORNEY GENERAL** ......................................................................................... **168**

    Office Of The Attorney General .......................................................................................... 168
    Consumer Protection Section ............................................................................................. 168
    Natural Resources And Environment Section ...................................................................... 169
    Appellate Section .............................................................................................................. 169
    Criminal Justice Section ..................................................................................................... 169
    Civil Litigation & Employment Law Section ........................................................................ 169
    State Services Section ........................................................................................................ 170
    Business And Licensing Section ......................................................................................... 170

**COLORADO ATTORNEY GENERAL CONTACT INFORMATION** ............................................... **171**

**COLORADO CIVIL RIGHTS DIVISION** ................................................................................ **172**

**COLORADO CIVIL RIGHTS DIVISION CONTACT INFORMATION** ...................................... **173**

**COLORADO LABOR MARKET INFORMATION** .................................................................. **174**

**COLORADO LABOR MARKET INFORMATION CONTACT INFORMATION** .............................. **175**

**COLORADO DIVISION OF OIL AND PUBLIC SAFETY** ...................................................... **176**

**COLORADO DIVISION OF OIL AND PUBLIC SAFETY CONTACT INFORMATION** ...................... **177**

**COLORADO DIVISION OF WORKERS' COMPENSATION** ...................................................... **178**

    Mission Statement ............................................................................................................ 178

    Overview ......................................................................................................................... 178

**COLORADO DIVISION OF WORKERS' COMPENSATION CONTACT INFORMATION** ............... **179**

**COLORADO UNEMPLOYMENT INSURANCE** .................................................................... **180**

**COLORADO UNEMPLOYMENT INSURANCE CONTACT INFORMATION** ................................. **181**

**COLORADO DEPARTMENT OF REVENUE** ....................................................................... **182**

**COLORADO DEPARTMENT OF REVENUE CONTACT INFORMATION** ................................... **183**

**COLORADO SECRETARY OF STATE FACT SHEET** ........................................................... **188**

**COLORADO SECRETARY OF STATE CONTACT INFORMATION** ........................................... **189**

**SECTION V: PHONE AND WEBSITE CONTACT LISTS** ...................................................... **191**

    Colorado State Agencies, Divisions, and Resources ........................................................... 192

    Colorado State Government Departmental Listings ............................................................. 194

    Labor and Employment Contacts ...................................................................................... 195

    U.S. Government Listings and Federal Topics .................................................................... 196

    U.S. Government Listings and Federal Topics (Continued) ................................................... 197

**SECTION VI: LAWS AND REGULATIONS** ....................................................................... **198**

**COLORADO MINIMUM WAGE ORDER NUMBER 28** ......................................................... **199**

# SECTION I: COLORADO WAGE LAW AND COLORADO MINIMUM WAGE ORDER NUMBER 28

# METHODS OF PAYMENT, 1(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

Colorado employers may pay their employees with checks (or other instruments payable upon demand), cash, paycards, or by direct deposit into the employee's account at a financial institution.

## DIRECT DEPOSIT

Direct deposits can only be made if the employee has voluntarily authorized the deposit and has chosen the financial institution into which the deposit is made.

## PAYCARDS

A paycard is defined as an access device that an employee uses to receive his or her payroll funds from his or her employer.

Effective August 5, 2008, an employer may deposit an employee's wages on a paycard, so long as the employee:

> Is provided free means of access to the entire amount of net pay at least once per pay period;

OR

> May choose to use other means for payment of wages as authorized in subsections 1 and 2 of 8-4-102, C.R.S., such as checks, cash, other instruments payable upon demand, or direct deposit.

## REFERENCES

Colorado Revised Statutes 8-4-102 (Proper Payment)
Colorado Revised Statutes 8-4-103 (Payment of Wages)
Colorado Revised Statutes 8-4-109 (Termination of Employment)

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

9/19/08

# PAY PERIODS AND PAYDAY NOTICE, 2(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## PAY PERIODS

The employer and employee may, by mutual agreement, determine the period of wage and salary payments. In the absence of such agreement, Colorado wage law provides: All wages or compensation shall be due and payable for regular pay periods of no greater duration than one calendar month or thirty days, whichever is longer. Regular paydays must be no later than ten days following the close of each pay period. The pay periods described above do not apply to compensation payments due an employee under a profit-sharing plan, a pension plan, or other similar deferred compensation programs.

It is the policy of the Division of Labor that any changes to either the pay period schedule or to the date of the payday must adhere to the time frames specified above (or such changes must be mutually agreed-upon by both employer and employee). Employers may not make changes that violate the calendar month or thirty-day pay period requirement for regular pay periods, nor may they make changes that violate the ten-day payday requirement, unless the employer and the employee mutually agree on any other alternative period of wage or salary payments.

## PAYDAY NOTICE

Every employer must post a notice specifying regular paydays and the time and place of payment. The employer must also include any changes in paydays or time and place of payment as they may occur from time to time.

## PAY STATEMENTS

Colorado law requires employers to furnish to the employee an itemized pay statement. The pay statement must be made available to the employee once a month or at the time of payment of wages or compensation. The pay statement must contain the following:

- Gross wages earned (It is the policy of the Division of Labor that gross wages refers to the gross wages for the specific pay statement, not gross wages for the year-to-date)
- All withholdings and deductions
- Net wages earned
- The inclusive dates of the pay period
- The name of the employee or the employee's social security number
- The name and address of the employer

**REFERENCES**

Colorado Revised Statutes 8-4-103 (Payment of Wages)
Colorado Revised Statutes 8-4-103(4) (Itemized Pay Statement)
Colorado Revised Statutes 8-4-107 (Post Notice of Paydays)

**WEBSITE LINKS**

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

# PAYMENT OF WAGES UPON TERMINATION OF EMPLOYMENT, 3(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## TERMINATION OF EMPLOYMENT BY THE EMPLOYER

When an interruption in the employer-employee relationship by volition of the employer occurs, the wages or compensation for labor or service earned, vested, determinable, and unpaid at the time of such discharge are due and payable immediately, EXCEPT:

- When the employer's accounting unit, responsible for the drawing of payroll checks, is not regularly scheduled to be operational, then the wages due the separated employee shall be made available to the employee no later than six hours after the start of such employer's accounting unit's next regular workday.

- If the accounting unit is located off the work site, the employer shall deliver the check for wages due the separated employee no later than twenty-four hours after the start of such employer's accounting unit's next regular workday to one of the following locations **selected by the employer**: a) the work site, b) the employer's local office, c) the employee's last-known mailing address.

Note: It is the policy of the Division of Labor that mailing of wages due to a separated employee is acceptable when the postmark is dated within the specified time periods as described above. For example, an employer with an off-site accounting unit may mail wages due to the separated employee via regular mail as long as the mailing is postmarked no later than twenty-four hours after the start of the accounting unit's next regular workday.

## PERMISSIBLE DEDUCTIONS UPON TERMINATION

Deduction for the amount of money or the value of property that the employee failed to properly pay or return to the employer in the case where a terminated employee was entrusted during his or her employment with the collection, disbursement, or handling of such money or property. In this instance the employer shall have 10 calendar days after the termination of employment to audit and adjust the accounts and property value of any items entrusted to the employee before the employee's wages or compensation shall be paid in accordance with C.R.S. 8-4-109.

## TERMINATION OF EMPLOYMENT BY THE EMPLOYEE

When an employee voluntarily quits or resigns, they are to receive their wages and compensation, due and payable, upon the next regular payday. They may be paid by check, cash, or by direct deposit as on any other payday.

For the purpose of timely payment of wages, it is the policy of the Division of Labor that an employee has quit or resigned in the instance where he or she has not shown up for work as scheduled. Note: this policy solely applies to the Division of Labor and this section of the law; other agencies may differ in their assessment of employment separation.

### REFERENCES

Colorado Revised Statutes 8-4-109 (Termination of Employment)
Colorado Revised Statutes 8-4-105 (Deductions Permitted)

### WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

# DEDUCTIONS FROM WAGES, 4(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

Colorado wage law permits employers to make specific wage deductions in the following areas.

## PERMISSIBLE DEDUCTIONS:

**Deductions required by local, state, or federal law.** Examples include, but are not limited to, deductions for taxes, social security, FICA requirements, Medicare, garnishments, or any other court-ordered deductions.

**Deductions by written agreement between the employer and employee.** The agreement may be for loans, pay advances, goods or services, and equipment or property. The agreement must be in writing, enforceable, and not in violation of law.

**Deductions necessary to cover the replacement cost of a shortage due to theft by an employee.** Colorado law provides the following criteria for deductions related to theft:

- A report must be filed with the proper law enforcement agency.
- If criminal charges are not filed against the accused employee within 90 days after the filing of the report, or the accused employee is found not guilty in a court action, or the charges are dismissed, the accused employee shall be entitled to recover any amount wrongfully withheld plus interest.
- If an employer acts without good faith in making such charges, in addition to the amount wrongfully withheld, the employer could be held liable for three times the amount wrongfully withheld plus attorney's fees, court costs, and other costs the court finds reasonable.

**Deductions that are authorized by the employee and that can be revoked.** Examples include, but are not limited to, deductions for insurance benefits, savings plans, stock purchases, voluntary pension plans, charities, and deposits to financial institutions.

**Deductions for union dues.** Must be in writing between the employer and employee.

**Deduction for the amount of money or the value of property** that the employee failed to properly pay or return to the employer in the case where a terminated employee was entrusted during his or her employment with the collection, disbursement, or handling of such money or property. In this instance the employer shall have 10 calendar days after the termination of employment to audit and adjust the accounts and property value of any items entrusted to the employee before the employee's wages or compensation shall be paid in accordance with C.R.S. 8-4-109.

## EXAMPLES OF IMPERMISSIBLE DEDUCTIONS:

### PROPERTY DAMAGE

In general, absent a written agreement to the contrary, employers may not deduct from an employee's wages or compensation for the cost of damage or depreciation to the employer's property. For example, an employer may not typically deduct the cost of damage to a company car from an employee's wages, unless an enforceable written agreement existed between the employer and employee that is not in violation of the law.

### FINES FOR EMPLOYEE BEHAVIOR OR ACTIONS

In general, employers may not apply fines to an employee's earned wages or compensation based upon employee behavior or performance. For example, an employer may not typically deduct from the wages of a restaurant waitperson for the cost of a meal in the event that the customer does not pay the bill.

### REFERENCES

Colorado Revised Statutes 8-4-105 (Payroll Deductions Permitted)
Colorado Revised Statutes 8-3-108(1)(i) (Union Dues Deductions)

### WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

# VACATION PAY, 5(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## VACATION NOT REQUIRED

Colorado wage law does not require that vacation time be given. Colorado wage law does not require paid vacation and does not require that an employer establish a vacation policy.

## VACATION POLICY

An employer may establish a vacation policy in writing or by custom and practice. Employees must be made aware of the employer's policy. Employers and employees must follow established policy unless and until that policy is changed. The Division recommends that employers develop their vacation policy in consultation with legal counsel.

## VACATION AS WAGES OR COMPENSATION

Colorado wage law provides that vacation pay, earned in accordance with the terms of any agreement, is classified as wages or compensation. If an employer provides paid vacation for an employee, the employer shall pay upon separation from employment all vacation pay earned and determinable in accordance with the terms of any agreement between the employer and the employee.

## GRANTING OF VACATION LEAVE

In general, the granting of vacation leave by an employer for a current employee is made pursuant to the employer's policy. The Division of Labor does not intervene in disputes involving the scheduling of vacation leave or the denial of use of vacation leave for current employees.

## REFERENCES

Colorado Revised Statutes 8-4-101(8)(a)(III) (Vacation Pay)

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

1/28/08

# INDEPENDENT CONTRACTORS, 6(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

Colorado wage law defines an employee as any person, including a migratory laborer, performing labor or services for the benefit of an employer in which the employer may command when, where, and how much labor or services shall be performed. An individual primarily free from control and direction in the performance of contracted labor or services, and who is customarily engaged in an independent trade, occupation, profession, or business related to the service performed is not an employee.

Independent contractors are not employees as defined in Colorado wage law.

To determine whether a worker is an independent contractor or employee, the relationship between the worker and the business must be examined. The courts, the U.S. Department of Labor, the Internal Revenue Service, the Colorado Division of Employment and Training Unemployment Insurance, and the Colorado Division of Labor may consider many different facts in making this determination, and such facts typically fall into three main categories: behavioral control, financial control, and type of relationship.

As different agencies use different criteria in their determinations, persons inquiring must contact the appropriate agency for their situation, and determinations made by one agency for one specific purpose may not necessarily apply to other agencies and purposes. For example, a determination of employee or independent contractor status for the purpose of unemployment benefits in Colorado is subject to Colorado Revised Statutes 8-70-115, and such a determination is made by the Colorado Division of Employment and Training. Determination of employment status for the purpose of workers' compensation is described in Colorado Revised Statutes 8-40-202.

The Colorado Division of Labor will evaluate employment status on a case-by-case basis, and the determination will examine facts which may include:

## BEHAVIORAL CONTROL

Facts that show whether the business has a right to direct and control how the work is performed, through instructions, training, or other means.

*Employees are generally told:*
- when, where, and how to work
- what tools or equipment to use
- what workers to hire or assist with their work
- where to purchase supplies and services
- what work must be performed by a specific individual
- what order or sequence to follow in performing tasks

## FINANCIAL CONTROL

Facts that show whether the business has a right to control the business aspects of the worker's job.

*Financial aspects that may be examined include:*
- the extent to which the worker has un-reimbursed expenses
- the extent of the worker's investment
- the extent to which the worker makes services available to the relevant market
- how the business pays the worker
- the extent to which the worker can realize a profit or loss

## TYPE OF RELATIONSHIP

Facts that show the nature of the relationship between the two parties.

*Relevant information on the nature of the relationship includes:*
- written contracts describing the relationship the parties intended
- whether the worker is provided with employee-type benefits
- the permanency of the relationship
- how integral the services are to the principal activity

## SUMMARY

In general, to classify someone as an independent contractor, the employer typically has control over the result of the work performed, whereas the independent contractor exerts control over the means and methods of accomplishing the result.

### REFERENCES

Colorado Revised Statutes 8-4-101(4) (Employee Definition)
Colorado Revised Statutes 8-40-202(2)(a) (Workers' Compensation Employee Definition)
Colorado Revised Statutes 8-70-115(1)(b) (Employment Security / UI Definitions)
Colorado Wage Order Number 28

### WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.dol.gov/whd/regs/compliance/whdfs13.pdf (Fact Sheet #13: Employment Relationship under the Fair Labor Standards Act

1/11/11

**IRS LINKS**

www.irs.gov/pub/irs-pdf/p1779.pdf
www.irs.gov/taxtopics/tc762.html
www.irs.gov/businesses/small/article/0,,id=99921,00.html
www.irs.gov/pub/irs-pdf/p15a.pdf
www.irs.gov/pub/irs-pdf/fss8.pdf
www.irs.gov/pub/irs-utl/emporind.pdf

# HOLIDAY PAY, SEVERANCE PAY, SICK PAY, SICK LEAVE, AND COMPENSATORY TIME, 7(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## HOLIDAY PAY

Colorado wage law does not require nor prohibit any paid holidays, and does not require nor prohibit any extra pay for working on holidays. When an employee is paid for a non-work holiday, the holiday hours do not count towards overtime unless actual work was performed on the holiday.

## SEVERANCE PAY

Colorado wage law does not require nor prohibit severance pay. Severance pay is a benefit offered by employers at their own discretion. Severance pay is not wages or compensation for the purposes of the Colorado Wage Act.

## SICK PAY AND SICK LEAVE

Colorado wage law does not require nor prohibit sick pay or sick leave, or bereavement pay or bereavement leave. Colorado wage law does not require employers to provide time off due to illness or injury. Persons inquiring about family, medical, or sick leave should contact the U.S. Department of Labor as federal law may apply, or contact Colorado Workers' Compensation or an attorney for additional guidance.

## COMPENSATORY TIME

The use of compensatory time for non-exempt employees is not allowed for employers covered under Colorado Minimum Wage Order Number 28. Compensatory time is defined as paid time off the job which has been earned and accrued by an employee in lieu of the appropriate wage payments for a specified pay period.

Non-exempt employees covered under Colorado Wage Order Number 28 must be paid time and one-half of the regular rate of pay for any work in excess of forty hours per workweek, twelve hours per workday, or twelve consecutive hours without regard to the starting and ending time of the workday (excluding duty free meal periods). See Advisory Bulletin # 2 (I) for information on pay periods and paydays.

**REFERENCES**

Colorado Minimum Wage Order Number 28 (Section 4, Overtime Hours)
Colorado Revised Statutes 8-4-101(8)(b) (Severance Pay)
29 Code of Federal Regulations 553.22 (FLSA Compensatory Time)
29 Code of Federal Regulations 553.23 (FLSA Compensatory Time)

**WEBSITE LINKS**

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

3/31/12

# TIME CLOCKS, TIMEKEEPING, AND PAY STATEMENTS, 8(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## TIME CLOCKS

Many different timekeeping methods are acceptable for tracking employee work. Employers have discretion in choosing their own method of timekeeping as long as it is complete and accurate. The use of time clocks in the workplace is not required under Colorado wage law. Employees must be compensated for all time worked, regardless of whether time clocks are used in the workplace.

## ROUNDING OF HOURS WORKED

Rounding of hours worked is acceptable, provided that any such arrangement averages out so that the employee is fully compensated for all hours worked. For example, rounding an employee's starting and ending time to the nearest 5 minutes or the nearest one-tenth of an hour is allowed if the end result is compensation for all hours worked. The rounding must be done in a manner so that the employee does not lose hours worked over a period of time, and the employee benefits from the rounding as often as not. For example, when the employee is 5 minutes early it would be rounded forward to the start time, and when the employee is 5 minutes late it would be rounded back to the start time.

## PAY STATEMENTS

Colorado wage law requires employers to furnish to the employee an itemized pay statement. The pay statement must be made available to the employee once a month or at the time of payment of wages or compensation. The pay statement must contain the following:

- Gross wages earned (It is the policy of the Division of Labor that gross wages refers to the gross wages for the specific pay statement, not gross wages for the year-to-date)
- All withholdings and deductions
- Net wages earned
- The inclusive dates of the pay period
- The name of the employee or the employee's social security number
- The name and address of the employer

1/28/08

## REFERENCES

Colorado Revised Statutes 8-4-103(4) (Itemized Pay Statement)
29 Code of Federal Regulations 785.48 (Use of Time Clocks)

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

# EXEMPT EMPLOYEES UNDER COLORADO MINIMUM WAGE ORDER NUMBER 28, 9(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

The Division of Labor refers to the Colorado Minimum Wage Order Number 28 (hereafter referred to as the Wage Order) to answer questions about exempt and non-exempt employees. The Administrative, Executive or Supervisor, Professional, and Outside Salesperson exemption definitions in Section 5 of the Wage Order pertain only to the industries covered by the Wage Order. Employees and employers not covered by the Wage Order as well as those covered by the Wage Order should be aware that they may also be covered by the Fair Labor Standards Act and should contact the United States Department of Labor for additional information.

Exemptions described in this Bulletin are:
- Exemptions from the Wage Order, and
- Exemptions from overtime.

## EXEMPTIONS FROM THE WAGE ORDER

Section 5 of the Wage Order sets forth, by name, categories of employment by profession or occupation. The following employees or occupations are exempt from all provisions of the Wage Order: administrative, executive/supervisor, professional, outside sales employees, and elected officials and members of their staff. Other exemptions are: companions, casual babysitters, and domestic employees employed by households or family members to perform duties in private residences, property managers, interstate drivers, driver helpers, loaders or mechanics of motor carriers, taxi cab drivers, and bona fide volunteers. Also exempt are: students employed by sororities, fraternities, college clubs, or dormitories, and students employed in a work experience study program and employees working in laundries of charitable institutions which pay no wages to workers and inmates, or patient workers who work in institutional laundries.

Exemption Definitions:

## ADMINISTRATIVE EMPLOYEE:

A salaried individual who directly serves the executive, regularly performs duties important to the decision-making process of the executive, and is earning in excess of the equivalent of the minimum wage for all hours worked in a workweek. Said employee regularly exercises independent judgment and discretion in matters of significance and their primary duty is non-manual in nature and directly related to management policies or general business operations.

## EXECUTIVE OR SUPERVISOR:

A <u>salaried</u> employee earning in excess of the equivalent of the minimum wage for all hours worked in a workweek. Said employee must supervise the work of at least two full-time employees and have the authority to hire and fire, or to effectively recommend such action. The executive or supervisor must spend a minimum of 50% of the workweek in duties directly related to supervision.

## PROFESSIONAL:

A <u>salaried</u> individual, earning in excess of the minimum wage for all hours worked in a workweek, employed in a field of endeavor who has knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study. The professional employee must be employed in the field in which they are trained to be considered a professional employee.

The usual rule is that an employee must be salaried to be exempt. However, doctors, lawyers, teachers, and employees in highly technical computer occupations earning at least $27.63/hour do not have to be paid on a salary basis in order to qualify for exemption as a professional under the Wage Order.

## OUTSIDE SALESPERSON:

Any person employed primarily away from the employer's place of business or enterprise for the purpose of making sales or obtaining orders or contracts for any commodities, articles, goods, real estate, wares, merchandise or services. Such outside sales employee must spend a minimum of 80% of the workweek in activities directly related to their own outside sales.

<u>Note:</u>

Not all salaried employees are exempt. To be exempt under the Wage Order, the employee must meet the criteria for the relevant exemption. If the employee doesn't meet the criteria, the employee is non-exempt and must be paid for overtime.

## EXEMPTIONS FROM OVERTIME

Exemptions from all or part of the overtime requirement may be allowed under the Wage Order for commission sales, the ski industry, and medical transportation. These along with salespersons, parts-persons, and mechanics, who are employed by an automobile dealer are exempt as explained in Section 6 of the Wage Order.

<u>The Following Employees Are Exempt From The Overtime Provisions of The Wage Order:</u>

- **Salespersons, parts-persons, and mechanics employed by automobile, truck, or farm implement (retail) dealers:** salespersons employed by trailer, aircraft and boat (retail) dealers.
- **Commission Sales Exemption:** sales employees of retail or service industries paid on a commission basis, provided that 50% of their total earnings in a pay period are derived from commission sales, and their regular rate of pay is at least one and one-half times the minimum wage. This exemption is only applicable for employees of retail or service

employers who receive in excess of 75% of their annual dollar volume from retail or service sales.

- **Ski Industry Exemption:** employees of the ski industry performing duties directly related to ski area operations for downhill skiing or snow boarding, and those employees engaged in providing food and beverage services at on-mountain locations, are exempt from the forty (40) hour overtime requirement of the Wage Order. The daily overtime requirement of one and one-half the regular rate of pay for all hours worked in excess of twelve (12) in a workday shall apply. This partial overtime exemption does not apply to ski area employees performing duties related to lodging.

- **Medical Transportation Exemption:** employees of the medical transportation industry who are scheduled to work twenty-four (24) hour shifts, are exempt from the twelve (12) hour overtime requirement provided they receive overtime wages for hours worked in excess of forty (40) hours per workweek.

See Advisory Bulletin # 30 (I) for more information on exemptions.

**REFERENCES**

Colorado Minimum Wage Order Number 28 (Sections 5 and 6)

**WEBSITE LINKS**

www.colorado.gov/cdle (Colorado Department of Labor and Employment)

www.coloradolaborlaw.gov (Colorado Division of Labor)

www.dol.gov (U.S. Department of Labor)

www.dol.gov/whd/ (U.S. Department of Labor Wage and Hour Division)

# OVERTIME PAY, 10(I)

Employees who are covered by Colorado Minimum Wage Order Number 28 may, in certain circumstances, qualify for overtime pay. Advisory Bulletin # 9 (I) describes employees that are exempt from overtime. The information contained in this Bulletin only applies to non-exempt employees covered by the Wage Order.

The minimum wage for all hours worked must be paid in accordance with the Wage Order, the Colorado Constitution, and also federal law. Currently, the federal minimum wage is $7.25 per hour, while the state minimum wage in Colorado is higher at $7.64 per hour.

If an employee is covered by both federal and Colorado minimum wage laws, then the employer must pay the higher $7.64 state minimum wage.

## OVERTIME HOURS

Employees shall be paid time and one-half of the regular rate of pay for any work in excess of: (1) forty hours per workweek; (2) twelve hours per workday, or (3) twelve consecutive hours without regard to the starting and ending time of the workday (excluding duty free meal periods), whichever calculation results in the greater payment of wages.

## WORKWEEK DEFINITION AND OVERTIME

A workweek is defined as any consecutive seven-day period starting with the same calendar day and hour each week. A workweek is a fixed and recurring period of 168 hours, seven consecutive twenty-four hour periods, and is typically established by the employer. Hours worked in two or more workweeks shall not be averaged for computation of overtime.

## REGULAR RATE OF PAY

The regular rate of pay for an employee is used to calculate overtime pay. The regular rate of pay is expressed as a rate per hour, and it is determined by dividing the total remuneration provided to an employee in any workweek by the total numbers of hours actually worked in that workweek.

The regular rate of pay includes all compensation paid to employees including the set hourly rate, shift differential, non-discretionary bonuses, production bonuses, and commissions.

The following are excludable from the regular rate of pay: business expenses, bona fide gifts, discretionary bonuses, employer investment contributions, vacation pay, holiday pay, sick leave, or jury duty.

Important note: The following calculation examples are intended to serve as a general guideline for commonly encountered overtime pay situations. The calculation of regular rate and overtime

pay should be conducted very carefully, and other methods of calculation not described in this Bulletin may be appropriate depending upon the particular circumstances.

## SALARIED EMPLOYEE OVERTIME CALCULATION EXAMPLES

### Salary Paid Weekly for a Fluctuating Workweek Example

A non-exempt employee receives a $500.00 weekly salary. The employee works 50 hours in one specific week (the hours worked may vary weekly). The overtime computation is:

- Determine the regular rate of pay by dividing the salary ($500.00) by all hours worked in the workweek (50). $500.00 divided by 50 = $10.00/hour. $10.00/hour is the regular rate for that workweek.
- Regular rate wages (straight time) are: 50 hours x $10.00 = $500.00.
- The premium overtime rate equals one-half the regular rate times the number of hours over 40 in a workweek: $10.00 x .5 x 10 hours = $50.00
- Total wages owed = $500.00 + $50.00 = $550.00

### Salary Paid Weekly For a Fixed Workweek Example

A non-exempt employee receives a $500.00 weekly salary for an agreed, fixed workweek of 40 hours. The employee works 43 hours in one week. The overtime calculation is:

- Determine the regular rate of pay by dividing the weekly salary ($500.00) by 40 (the agreed, fixed hours) = $12.50/hour. $12.50/hour is the regular rate.
- Regular rate wages (straight time) for the week are the agreed amount of $500.00 PLUS the three additional hours at $12.50/hour = $537.50.
- The premium overtime rate equals one-half the regular rate times the number of hours over 40 in a workweek: $12.50 x 3 x .5 = $18.75.
- Total wages owed = $537.50 + $18.75 = $556.25

### Salary Paid Monthly Example

A non-exempt employee receives a salary of $4335.00 per month. The employee works 50 hours in one week. The overtime computation is:

- Determine the weekly amount earned. Multiply the monthly salary of $4335.00 by 12 (months in a year). $4335.00 x 12 = $52,020.00/year. Divide this result by 52 (weeks in a year) to determine the weekly amount. $52,020.00/52 = $1000.38/week.
- Divide the weekly amount by hours worked to determine the regular rate. $1000.38/50 = $20.00/hour. This is the regular rate (carry out your math to two decimal places).
- Regular rate wages (straight time) are $1000.38.
- The premium overtime rate equals one-half the regular rate times the number of hours over 40 in a workweek: $20.00 x 10 hours x .5 = $100.00
- Total wages owed for the week are $1000.38 + $100.00 = $1100.38.

## PIECE RATE OVERTIME CALCULATION EXAMPLE

When an employee is paid on a piece rate basis (for example, a certain amount is paid for every piece, dozen pieces, or for each service completed), the regular rate of pay is computed by first adding together the total earnings for the workweek from all piece rate work plus any other amount from that week for hours worked, waiting time, etc. This sum is then divided by the total

number of hours worked in that week. For example, an employee works 50 hours in a week, earns a total of $500.00 for all piece work completed, and also receives a $100.00 nondiscretionary bonus that week.

- The regular rate of pay for the workweek is all of the earnings divided by the hours worked. $500.00 + $100.00 = $600.00. $600.00/50 = $12.00
- The regular rate wages (straight time) for the workweek are $600.00
- The premium overtime rate equals one-half the regular rate times the number of hours over 40 in a workweek: $12.00 x 10 hours x .5 = $60.00
- Total wages owed for the week are $600.00 + $60.00 = $660.00.

*See Advisory Bulletin 18 (I) for further details on piece rate workers.*

## TIPPED EMPLOYEE OVERTIME CALCULATION EXAMPLES

(Three Equivalent Methods)

### Calculation Assumptions

1. The applicable minimum wage is $7.64 and the tipped minimum wage is $7.64 - $3.02 = $4.62

2. The employee's tips make up the difference between the tipped minimum wage of $4.62 and the full minimum wage of $7.64.

3. No other payments occurred during the pay period that would have to be included in the regular rate (e.g., non-discretionary bonuses, commissions, etc.). Note that tips are <u>not</u> included in the regular rate for overtime calculation purposes.

4. The employee works 50-hours in the workweek, with 10 hours of overtime owed under the 40-hour overtime criterion; no work in excess of the 12-hour overtime criteria occurred.

5. The rate for <u>overtime hours</u> is based upon the full minimum wage of $7.64, <u>not</u> $4.62.

### Example 1: Straight time earnings for all hours worked: half-time OT

- $7.64 x 50 = $382.00 (straight-time earnings for <u>all</u> hours)

- $7.64 x .5 x 10 (OT half-time premium multiplied by number of OT hours) = $38.20$382.00 + $38.20 = $420.20 (total owed before applying any tip credit)

- $3.02 x 50 = $151.00 (tip credit which the employer may apply)

- Total owed by the employer to the employee = $420.20 - $151.00 = $269.20

### Example 2: Straight time earning for regular hours worked, 1 ½ OT

- $7.64 x 40 = $305.60 (straight-time earnings for <u>regular</u> hours)

- $7.64 x 1.5 x 10 (one and one-half OT premium multiplied by number of OT hours) = $114.60

- $305.60 + 114.60 = $420.20(total owed before applying any tip credit)

- $3.02 x 50 = $151.00 (tip credit which the employer may apply)

- Total owed by the employer to the employee = $420.20- $151.00 = $269.20

## Example 3: Tip credit applied before calculations

- $4.62 x 40 = $184.80 (tip credit subtracted first, multiplied by regular hours)

- $7.64 x 1.5 = $11.46 (one and one-half OT premium based upon full minimum wage)

- $11.46 - $3.02 = $8.44 (OT premium rate after applying the tip credit)

- $8.44 x 10 = $84.40 (OT premium rate after applying the tip credit multiplied by OT hours)

Total owed by the employer to the employee = $184.80 + $84.40 =  $269.20
*See Advisory Bulletin # 14 (I) for more information on tipped employees.*

## NON-EXEMPT EMPLOYEE WORKING TWO JOBS

An employee working two non-exempt jobs at different hourly pay rates for the same employer within a specific workweek may be paid overtime using either of the following methods, provided that the employee is notified in advance which method will be used:

- Overtime is paid at time and one-half the regular rate of pay for the job during which the actual overtime occurs.

OR

- Overtime is paid at time and one-half the regular rate, which is computed as a weighted average based upon the rates for each position. In other words, the employee's regular rate for the workweek is determined by adding together all the wages and compensation for the workweek from both jobs, and then dividing this amount by the total amount of hours worked from both jobs.

For example, in one workweek, a non-exempt employee works 40 hours per week at $15 per hour, and then performs 10 hours of different duties at different times during the workweek at a rate of $10 per hour. The weighted average regular rate of pay for this employee would equal [(40 X $15) + (10 X $10)] / 50 = $14 per hour regular rate. Thus, using this calculation method, the employee would be owed overtime at a rate of $14 X 1.5 = $21 per hour for overtime work.

### REFERENCES

Colorado Minimum Wage Order Number 28 (Section 4)
29 Code of Federal Regulations 548
29 Code of Federal Regulations 778.111 (Pieceworker)
29 Code of Federal Regulations 778.113 (Salaried Employees General Information)
29 Code of Federal Regulations 778.114 (Salary for Fluctuating Hours)
29 Code of Federal Regulations 778.418 (Pieceworkers)

**WEBSITE LINKS**

www.colorado.gov/cdle (Colorado Department of Labor and Employment)

www.coloradolaborlaw.gov (Colorado Division of Labor)

www.dol.gov/ (U.S. Department of Labor)

www.dol.gov/whd/regs/compliance/whdfs23.pdf (FLSA Overtime Fact Sheet)

www.gpoaccess.gov/cfr/index.html (Code of Federal Regulations Online Access)

http://www.dol.gov/dol/cfr/Title_29/Chapter_V.htm (Wage and Hour CFR)

www.dol.gov/elaws/otcalculator.htm (FLSA Overtime Calculator)

2/24/10

# ON CALL AND WAITING TIME, 11(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## COLORADO MINIMUM WAGE ORDER NUMBER 28 DEFINITION OF TIME WORKED:

The time during which an employee is subject to the control of the employer, including all the time the employee is suffered or permitted to work whether or not required to do so. Requiring or permitting employees to remain at the place of employment awaiting a decision on a job assignment or when to begin work or to perform clean up or other duties 'off the clock' shall be considered time worked and said time must be compensated.

## "ENGAGED TO WAIT" OR "WAITING TO BE ENGAGED"

In Skidmore v. Swift & Co. (1944), the United States Supreme Court classified an employee as either "engaged to wait" or "waiting to be engaged". An employee who is required to stay very close to the workplace in time and distance, and has very little freedom to use the time as their own is "engaged to wait" and the time is classified as work time for compensation purposes. If the employee has only minimal restrictions on the use of their time while on call, and has a fair amount of time to respond to the call, they are "waiting to be engaged" and the on call time is not hours worked for compensation purposes.

There is no one universally accepted test for determining whether on call time should be considered as hours worked. The following factors may be considered in making the determination whether on call time is compensable. **All of these factors should be considered in conjunction with other relevant information in making the decision.**

- THE GEOGRAPHIC OR RESPONSE TIME LIMITATIONS PLACED ON THE EMPLOYEE. A narrow geographic restriction, or strict time limitations, may be indicative of an employee engaged to wait. For example, requiring an employee to remain close to the workplace, or requiring the employee to respond in 5 minutes, are indications that the employee may have been engaged to wait.

- THE FREQUENCY WITH WHICH THE EMPLOYEE MUST RESPOND TO CALLS WHILE ON CALL. If an employee is required to respond to a call every time he or she is on duty, then the on call duty is more disruptive to nonworking time and is more indicative of an employee engaged to wait.

- THE USE OF A PAGER OR CELL PHONE. The widespread availability of cell phones and pagers has made it less likely that on call time will be considered working time, as the employee is not required to wait near a home phone or other specific location. Merely requiring an employee to carry a cell phone or wear a pager does not, in itself, make the time compensable.

- THE CONSEQUENCES OF FAILING TO RESPOND. Greater flexibility in response to a call increases the likelihood that the on call time is not compensable. For example, if an employee does not have to respond to a call, or only has to respond to a certain percentage of calls, then the time spent on call is less likely to be compensable.

**REFERENCES**

Colorado Minimum Wage Order Number 28 (Section 2)
29 Code of Federal Regulations 785.14
29 Code of Federal Regulations 785.15
29 Code of Federal Regulations 785.16
29 Code of Federal Regulations 785.17
Skidmore v. Swift & Co., 323 U.S. 134 (1944)

**WEBSITE LINKS**

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

3/31/12

# TRAVEL TIME, 12(I)

---

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

**For employees and employers covered under Colorado Minimum Wage Order Number 28 the following applies:**

All travel time spent at the control or direction of an employer, excluding normal home to work travel, shall be considered as time worked.

**Note: compensability of travel time may also be governed by federal laws and regulations; contact the U.S. Department of Labor (720-264-3250 or www.dol.gov) for more information.**

**REFERENCES**
Colorado Minimum Wage Order Number 28 (Section 2)

**WEBSITE LINKS**
www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.dol.gov/whd/regs/compliance/whdfs22.pdf (Fact Sheet #22: Hours worked under the Fair Labor Standards Act)

# UNIFORMS, 13(I)

---

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

**For employees and employers covered under Colorado Minimum Wage Order Number 28 the following applies:**

- Where the wearing of a particular uniform or special apparel is a condition of employment, the employer shall pay the cost of purchases, maintenance, and cleaning of the uniforms or special apparel.

- If the uniform furnished by the employer is plain and washable and does not need or require special care such as ironing, dry cleaning, pressing, etc., the employer need not maintain or pay for cleaning.

- An employer may require a reasonable deposit (up to one-half of actual cost) as security for the return of each uniform furnished to employees upon issuance of a receipt to the employee for such deposit. The entire deposit shall be returned to the employee when the uniform is returned. The cost of ordinary wear and tear of a uniform or special apparel shall not be deducted from the employee's wages or deposit.

- Clothing accepted as ordinary street wear and the ordinary white or any light colored plain and washable uniform need not be furnished by the employer. If a special color, make, pattern, logo or material is required, the employer must furnish the uniform.

**REFERENCES**
Colorado Minimum Wage Order Number 28 (Section 11)

**WEBSITE LINKS**
www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

# TIPS, 14(I)

---

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## TIPPED EMPLOYEE DEFINITION (WAGE ORDER 28)

Any employee engaged in an occupation in which he or she customarily and regularly receives more than $30.00 a month in tips. Tips include amounts designated by credit card customers on their charge slips.

## TIP CREDITS AND MINIMUM WAGE (WAGE ORDER 28)

Employers of tipped employees must pay a cash wage of at least $4.62 per hour if they claim a tip credit against their minimum hourly wage obligation.

If an employee's tips combined with the employer's cash wage of at least $4.62 per hour do not equal the minimum hourly wage, the employer must make up the difference in cash wages. It is the policy of the Division of Labor that this rule applies on a weekly basis. The employee's tips combined with the employer's $4.62 cash wage must equal the minimum hourly wage when computed over a seven-day workweek in order for the employer to avoid making up any difference.

## TIP POOLING AMONG EMPLOYEES

According to Colorado wage law, employers may require employees to share or allocate tips and gratuities on a pre-established basis with other employees.

Under Wage Order 28, if the employer requires tipped employees to share their tips with other employees who do not customarily and regularly receive tips (such as management or food preparers), the tip credit towards minimum wage is nullified.

## TIP CREDIT CARD PROCESSING FEES

Under Wage Order 28, employer-required deduction of credit card processing fees from tipped employees nullifies the allowable tip credits towards the minimum wage.

## EMPLOYER OWNERSHIP OF TIPS

Colorado wage law allows for an employer to assert claim to, right of ownership in, or control over tips only if: the employer posts a printed card at least 12 inches by 15 inches in size with letters one-half inch high in a conspicuous location at the place of business. The card must contain a notice to the general public that all tips or gratuities given by the patron are not the property of the employee, but instead belong to the employer.

If the employer does not post a printed card detailing tip ownership as described above, the employer may not exert any control over cash tips designated for an employee.

## CREDIT CARD TIP PAYOUT

It is the policy of the Division of Labor that an employer may not withhold the payment of earned credit card tips or tips designated on a check beyond the regular payday while the employer is waiting for reimbursement from the credit card company or bank.

See Advisory Bulletin # 10 (I) for information on the calculation of overtime pay for tipped employees.

## REFERENCES

Colorado Minimum Wage Order Number 28 (Sections 2 and 3)
Colorado Revised Statutes 8-4-103(6) (Ownership and Sharing of Tips)

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

3/31/12

# MEAL PERIODS AND REST PERIODS, 15(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

For individuals covered under Colorado Minimum Wage Order Number 28, the following rules apply:

## MEAL PERIODS

Employees shall be entitled to an uninterrupted and 'duty free' meal period of at least a thirty-minute duration when the scheduled work shift exceeds five consecutive hours of work. The employee must be completely relieved of all duties and permitted to pursue personal activities to qualify as a non-work, uncompensated period of time. When the nature of the business activity or other circumstances exist that makes an uninterrupted meal period impractical, the employee shall be permitted to consume an "on-duty" meal while performing duties. Employees shall be permitted to fully consume a meal of choice "on the job" and be fully compensated for the "on-duty" meal period without any loss of time or compensation.

## DEDUCTIONS FOR MEALS

The reasonable cost or fair market value of meals provided to the employee may be used as part of the minimum hourly wage. No profits to the employer may be included in the reasonable cost or fair market value of such meals furnished. The meal must be consumed before deductions are permitted.

## REST PERIODS

Every employer shall authorize and permit rest periods, which, insofar as practicable, shall be in the middle of each four-hour work period. A compensated ten-minute rest period for each four hours or major fractions thereof shall be permitted for all employees. Such rest periods shall not be deducted from the employee's wages. It is not necessary that the employee leave the premises for said rest period.

### REFERENCES

Colorado Minimum Wage Order Number 28 (Sections 7 and 8)

### WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

# TRAINING AND EDUCATION COSTS, 16(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## TIME WORKED

Colorado Minimum Wage Order Number 28 defines time worked as the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work whether or not required to do so.

**Attendance at Training, Lectures, Meetings, Seminars, and Educational Programs**
All such employee activities are generally treated as compensable unless all of the following four conditions are met:

- Attendance is outside of the employee's regular working hours.
- Attendance is in fact voluntary.
- The course, lecture, meeting, or activity is not directly related to the employee's job.
- The employee does not perform any productive work during such attendance.

## REFERENCES

Colorado Minimum Wage Order Number 28

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
http://ecfr.gpoaccess.gov/cgi/t/text/text-idx?c=ecfr&tpl=/ecfrbrowse/Title29/29tab_02.tpl (29 Code of Federal Regulations; See Sections 785.27-785.32)

3/21/12

# FULL-TIME AND PART-TIME CLASSIFICATION, 17(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## FULL-TIME VS. PART TIME STATUS

Employers are generally given discretion in how many hours an employee is required or allowed to work in a workweek. Colorado wage law does not require employers to designate an employee as full-time or part-time, nor does Colorado wage law require an employer to provide fringe benefits based upon hours worked.

Whether an employee is considered to be full-time or part-time by the employer does not affect the application of Colorado wage law to the employee.

EXCEPTION
In order to qualify for the executive or supervisor exemption from Colorado Minimum Wage Order Number 28, the executive or supervisor must supervise the work of at least two full-time employees. In this instance (and only for this purpose), the Wage Order defines a full-time employee as an employee who performs work for the benefit of an employer for a minimum of 32 hours per workweek. See Advisory Bulletin # 9 (I) for more information on the executive or supervisor exemption.

## REFERENCES

Colorado Minimum Wage Order Number 28 (Sections 2 and 5b)

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

# PIECE RATE OR PIECE WORK PAY, 18(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

Colorado Revised Statutes 8-4-101(8)(a) defines wages or compensation as "all amounts for labor or service performed by employees, whether the amount is fixed or ascertained by the standard of time, task, *piece*, commission basis, or other method…" (Italics added)

Colorado Minimum Wage Order Number 28 provides the following: "All adult employees and emancipated minors, employed in any of the industries covered herein, whether employed on an hourly, *piecework*, commission, time, task, or other basis, shall be paid not less than $7.64 per hour…" (Italics added).

## PIECE RATE DEFINITION

Piece rate work (also referred to as piece work) may be viewed as work paid for according to the number of units or products completed or produced. Piece rate plans may be determined by one individual's work, or can also include a group of employees who share compensation based upon group completion of required tasks or products.

Piece rate pay can apply to many situations, and common examples of piece rate pay include:

- A technician paid by the number of telephone lines installed

- A mechanic paid per tune-up completed

- A factory worker paid for each widget assembled

**For employees covered under Colorado Minimum Wage Order Number 28, piece rate pay methods are allowed if the following conditions are met:**

- The employee's total weekly compensation must meet or exceed the minimum wage for all hours during which the employee was subject to the control of the employer, including all the time the employee was suffered or permitted to work, whether or not required to do so, for the entire workweek.

- Overtime pay may be calculated using one of the following two methods:

    o The regular rate of pay is determined on a weekly basis by the amount of pieces completed. As piece rate production may vary per week, the overtime pay rate will vary accordingly. For overtime, in addition to the total weekly earnings, piece workers are entitled to a sum equivalent to one-half the regular rate of pay multiplied by the number of overtime hours worked. Only this additional halftime pay is required, as the employee has already received straight time compensation at piece rates for all hours worked.

o  Overtime pay is computed at piece rates not less than one and one-half times the piece rates applicable to the same work when performed during non-overtime hours.

See Advisory Bulletin # 10 (I) for more information on piece rate overtime calculations.


**REFERENCES**

Colorado Revised Statutes 8-4-101(8)(a) (Definitions)
Colorado Minimum Wage Order Number 28
29 Code of Federal Regulations 778.111 (Pieceworker)
29 Code of Federal Regulations 778.418 (Pieceworkers)


**WEBSITE LINKS**

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

3/21/12

# LODGING, 19(I)

---

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## LODGING CREDIT TOWARDS MINIMUM WAGE

Colorado Minimum Wage Order Number 28 allows employers to take a lodging credit towards the minimum wage obligation as follows: "The reasonable cost or fair market value for lodging (*not to exceed $25.00 per week*) furnished by the employer and used by the employee may be considered part of the minimum wage when furnished" (italics added).

## LODGING DEDUCTIONS FROM PAYCHECK

Colorado wage law allows paycheck deductions for lodging pursuant to a written agreement between the employer and employee, as long as the agreement is enforceable and not in violation of the law.

## TERMINATION OF OCCUPANCY PURSUANT TO A CONTRACT OF EMPLOYMENT

Employees who live on their employer's premises may not necessarily have the traditional rights of a tenant regarding occupancy status. Once the employment relationship ends, the employee's license to occupy the premises may be terminated. See Colorado Revised Statutes 8-4-123 for more information on this issue.

## REFERENCES

Colorado Minimum Wage Order Number 28
Colorado Revised Statutes 8-4-105 (Payroll Deductions Permitted)
Colorado Revised Statutes 8-4-123 (Termination of Occupancy)

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

# SLEEP TIME, 20(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

For individuals covered under Colorado Minimum Wage Order Number 28, the following sleep time policies apply:

Where an employee's tour of duty is 24 hours or longer, up to 8 hours of sleeping time can be excluded from overtime compensation if the following conditions are met:

- An express agreement excluding sleeping time exists
- Adequate sleeping facilities for an uninterrupted night's sleep are provided
- At least five hours of sleep are possible during the scheduled sleeping periods
- Interruptions to perform duties are considered time worked.

When said employee's tour of duty is less than 24 hours, periods during which the employee is permitted to sleep are compensable work time, as long as the employee is on duty and must work when required.

**REFERENCES**
Colorado Minimum Wage Order Number 28 (Section 2)

**WEBSITE LINKS**
www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

# COMMISSIONS, 21(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## COMMISSIONS AS WAGES

Colorado Revised Statutes 8-4-101 and Colorado Minimum Wage Order Number 28 define wages or compensation as "all amounts for labor or service performed by employees, whether the amount is fixed or ascertained by the standard of time, task, piece, *commission basis*, or other method…No amount is considered to be wages or compensation until such amount is earned, vested, and determinable…" (Italics added).

C.R.S. 8-4-101 additionally defines commissions as wages or compensation when earned for labor or services performed in accordance with the terms of any agreement between an employer and employee.

## PAYMENT OF COMMISSIONS UPON SEPARATION FROM EMPLOYMENT

C.R.S. 8-4-109 (1) and C.R.S. 8-4-109 (2) provide the following guidance on payments upon separation from employment:

When an interruption in the employer-employee relationship by volition of the employer occurs, the wages or compensation for labor or service earned, vested, determinable, and unpaid at the time of such discharge is due and payable immediately…Nothing in the section above requires the payment at the time employment is severed of compensation not yet fully earned under the compensation agreement between the employee and employer, whether written or oral.

## GENERAL GUIDANCE FROM CASE LAW

### (MAY OR MAY NOT APPLY)

Commissions are due at the time they are fully earned. At the time the employment relationship is severed, an employer need not pay, immediately, compensation not yet fully earned under a compensation agreement. But the implication is clear that such wages become immediately due at the time they are fully earned. (Hofer v. Polly Little Realtors, 1975).

If a sale closes after an employee's termination, a prima facie case for entitlement to commissions is made where the employee has established that he would have been entitled to the commissions had he not been terminated (Schaefer v. Horton-Cavey, 1984).

## DRAWS

Employees working on a commission basis are often provided with a "draw". A draw may be defined as a fixed payment that is provided to an employee on a regular basis which is intended to be recoverable from future commissions.

Pursuant to an employment agreement, the employer typically may recover the total amount of the draw or portions thereof from future commissions. In the absence of an employment agreement to the contrary, the employer may not recover excess draws or advances on commissions in the instance where the future commissions do not equal the total amount of the draw. For example, if an employee is provided a monthly draw of $2000, and earns $1500 that month in commissions, the employer may not seek to recover the $500 in excess draw payment for that month until total earned commissions meet or exceed total draw payments.

SUMMARY

Commissions, earned in accordance with the terms of any agreement, are viewed as wages or compensation. Upon separation from employment, commissions must be paid at the time they are earned, vested and determinable.

Commission Sales Exemption from Overtime

Colorado Wage Order Number 28 exempts sales employees of retail or service industries paid on a commission basis from its overtime provisions, provided that 50% of their total earnings in a pay period are derived from commission sales, and their regular rate of pay is at least one and one-half times the minimum wage. This exemption is only applicable for employees of retail or service employers who receive in excess of 75% of their annual dollar volume from retail or service sales.

## REFERENCES

Colorado Minimum Wage Order Number 28
Colorado Revised Statutes 8-4-101
Hofer v. Polly Little Realtors, 543 P.2d 114 (Colo. App. 1975)
Schaefer v. Horton-Cavey, 692 P.2d 1132 (Colo. App. 1984)

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

# INTERSTATE AND INTRASTATE DRIVERS, 22(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## INTERSTATE DRIVERS

Interstate drivers (drivers whose work takes them across state lines) are exempt from all of the provisions of Colorado Minimum Wage Order Number 28. Also exempt from the Wage Order are driver helpers, loaders or mechanics of motor carriers, and taxi cab drivers. Persons inquiring should contact the U.S. Department of Labor, as the Fair Labor Standards Act (FLSA) may apply to employees involved in interstate commerce.

## INTRASTATE DRIVERS

Drivers whose work travel is entirely within the State of Colorado are not specifically exempted from the provisions of Colorado Minimum Wage Order Number 28. Coverage and exemption determinations are made on a case-by-case basis in accordance with the provisions of the Wage Order.

For an intrastate driver to be covered by the Wage Order, the driver's work must be performed for an employer categorized in one the four covered industries as specified by the Wage Order. See Advisory Bulletins # 9 (I) and # 30 (I) for more information on exemptions from the Wage Order.

## DRIVERS AND COLORADO WAGE LAW

Interstate and intrastate drivers may be covered by Colorado wage law; such determinations are to be made in accordance with the provisions of C.R.S. 8-4-101 et seq.

## REFERENCES

Colorado Minimum Wage Order Number 28 (Section 5)
Colorado Revised Statutes 8-4-101

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

3/21/12

# DISABLED MINIMUM WAGE OFFSET, 23(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

Under Colorado wage law and Colorado Minimum Wage Order Number 28 an employee whose physical disability has been certified by the director to significantly impair such disabled employee's ability to perform the duties involved in the employment may be paid 15% below the current minimum wage, less any applicable lawful credits, for all hours worked. The employee must therefore presently earn at least $6.15 per hour, less any applicable lawful credits.

Persons inquiring should consult with the U.S. Department of Labor, as federal law may apply.

**REFERENCES**
Colorado Minimum Wage Order Number 28
Colorado Revised Statutes 8-6-108.5

**WEBSITE LINKS**
www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.dol.gov/whd/FOH/ch64/index.htm (U.S. Department of Labor Guidelines on Employment of Workers with Disabilities at Special Wages)

# HOSPITALS AND HEALTH AND MEDICAL CARE, 24(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

Depending upon the specific circumstances, hospitals and hospital employees in Colorado may or may not be covered by the provisions of Colorado wage law and Colorado Minimum Wage Order Number 28. For a hospital to be covered, the hospital must meet the formal definition of an employer; for a worker to be covered, the worker must meet the formal definition of an employee.

## DEFINITION OF AN EMPLOYER

Colorado wage law defines an employer as every person, firm, partnership, association, corporation, migratory field labor contractor or crew leader, receiver, or other officer of court in Colorado, and any agent or officer thereof, of the above mentioned classes, employing any person in Colorado.

## EXCLUDED FROM THE DEFINITION OF AN EMPLOYER

Colorado wage law excludes the following from its definition of an employer: The state or its agencies or entities, counties, cities and counties, municipal corporations, quasi-municipal corporations, school districts, and irrigation, reservoir, or drainage conservation companies or districts organized and existing under the laws of Colorado.

## DETERMINATION OF HOSPITAL COVERAGE UNDER COLORADO WAGE LAW

Hospitals and hospital employees in Colorado are evaluated on a case-by-case basis to determine if they are covered by Colorado wage law. In general, private for-profit hospitals are covered by Colorado wage law and Colorado Minimum Wage Order Number 28, whereas state and government-operated hospitals are not covered by Colorado wage law and the Wage Order.

## HEALTH AND MEDICAL INDUSTRY: COVERAGE UNDER MINIMUM WAGE ORDER NUMBER 28

Colorado Minimum Wage Order Number 28 includes the health and medical industry as one of the four industries covered by its provisions. The health and medical industry is defined as: Any business or enterprise engaged in providing medical, dental, surgical, or other health services including but not limited to medical and dental offices, hospitals, home health care, hospice care, nursing homes, and mental health centers, and includes any employee who is engaged in the performance of work connected with or incidental to such business or enterprise, including office personnel.

**REFERENCES**

Colorado Minimum Wage Order Number 28 (Section 2)
Colorado Revised Statutes 8-4-101 (Employer Definition)


**WEBSITE LINKS**

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

# EMPLOYEE WORKING TWO JOBS FOR THE SAME EMPLOYER, 26(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## EXEMPT EMPLOYEES WORKING MULTIPLE JOBS

If an employee is exempt from overtime under Colorado Minimum Wage Order Number 28, then the employer typically has discretion in the amount and type of work they assign the employee.

For example, a salaried executive or supervisor may be required by their employer to occasionally perform duties and tasks that are completely unrelated to their primary role as an executive or supervisor. In such circumstances it is understood that all of the employee's work hours are covered by their salary, as long as the salary is in excess of minimum wage for all of the hours worked in a workweek.

However, if an exempt employee is regularly assigned work that is completely different in nature from their primary duties, or the work is performed in a different location than the primary salaried work, and such work is categorized as a distinct and different job, it may be incumbent upon the employer to pay the employee an hourly wage for the second job which is unrelated to their salary for the primary job. Such a determination for the purposes of wages, compensation, and overtime will be made on a case-by-case basis by the Division of Labor in accordance with all relevant facts and applicable state laws and regulations.

## NON-EXEMPT EMPLOYEES WORKING MULTIPLE JOBS

An employee working two non-exempt jobs at different hourly pay rates for the same employer within a specific workweek may be paid overtime using either of the following methods, provided that the employee is notified in advance which method will be used:

- Overtime is paid at time and one-half the regular rate of pay for the job during which the actual overtime occurs.

OR

- Overtime is paid at time and one-half the regular rate, which is computed as a weighted average based upon the rates for each position. In other words, the employee's regular rate for the workweek is determined by adding together all the wages and compensation for the workweek from both jobs, and then dividing this amount by the total amount of hours worked from both jobs.

For example, in one workweek, a non-exempt employee works 40 hours per week at $15 per hour, and then performs 10 hours of different duties at different times during the workweek at a rate of $10 per hour. The weighted average regular rate of pay for this employee would equal [(40 X $15) + (10 X $10)] / 50 = $14 per hour regular rate. Thus, using this calculation method, the employee would be owed overtime at a rate of $14 X 1.5 = $21 per hour for overtime work.

See Advisory Bulletin # 10 (I) for more information on overtime pay.
See Advisory Bulletin # 9 (I) for more information on exempt employee status.

**REFERENCES**

29 Code of Federal Regulations 778.115 (Employees Working at Two or More Rates)

**WEBSITE LINKS**

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.dol.gov/elaws/otcalculator.htm (FLSA Overtime Calculator)

1/28/08

# EMPLOYER RETALIATION, 26(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## COLORADO WAGE LAW PROTECTIONS

Colorado Revised Statutes 8-4-120 provides the following: No employer shall intimidate, threaten, restrain, coerce, blacklist, discharge, or in any manner discriminate against any employee who has filed any complaint or instituted or caused to be instituted any proceeding under this article or related law or who has testified or may testify in any proceeding on behalf of himself, herself, or another regarding afforded protections under this article. Any employer who violates the provisions of this section is guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not more than five hundred dollars, or by imprisonment in the county jail for not more than sixty days, or by both such fine and imprisonment.

## COLORADO MINIMUM WAGE ORDER NUMBER 28

Employers shall not threaten, coerce, or discharge any employee because of participation in any investigation or hearing related to the minimum wage act. Violators may be subject to a fine of not less than two hundred dollars, up to one thousand dollars, for each violation, pursuant to Colorado Revised Statutes.

See Advisory Bulletin # 27 (I) for more information on Division of Labor enforcement authority and penalties.

## REFERENCES

Colorado Minimum Wage Order Number 28 (Section 19)
Colorado Revised Statutes 8-4-120 (Discrimination Prohibited – Employee Protections)

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

# DIVISION OF LABOR ENFORCEMENT AUTHORITY AND ASSESSMENT OF PENALTIES, 27(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## COLORADO INDUSTRIAL RELATIONS ACT

(C.R.S. 8-1-101 et seq.)

### JURISDICTION

The director is vested with the power and jurisdiction to have such supervision of every employment and place of employment in this state…C.R.S. 8-1-111

### EMPLOYERS AND EMPLOYEES TO FURNISH INFORMATION

Any employer or employee who fails or refuses to furnish such information as may be required by the division under authority of this article is guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of two hundred dollars if an employer and twenty-five dollars if an employee. C.R.S. 8-1-114 (2)

### ACCESS TO PREMISES

Any person who hinders or obstructs the director or any such person authorized by the director in the exercise of any power conferred by this article, or any employer who in bad faith refuses reasonable access to his premises, or any person who gives advance notice of any inspection to be conducted under this article without authority from the director or his designee is guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not more than one thousand dollars, or by imprisonment in the county jail for not more than six months, or by both such fine and imprisonment. C.R.S. 8-1-116 (2)

### ACCESS TO BOOKS AND PAYROLL RECORDS

Any employer who refuses to exhibit and furnish said director or any agents of the division an inspection of any books, records, and payrolls of such employer, showing or reflecting in any way upon the amount of wage expenditure of such employers, and other data, facts, and statistics appertaining to the purposes of this article or who refuses to admit such director or any agent of the division to any place of employment shall pay a penalty of not less than fifty dollars for each day that such failure, neglect, or refusal continues. C.R.S. 8-1-117 (2)

1/28/08

## VIOLATIONS OF INDUSTRIAL RELATIONS ACT

If an employer, employee, or any other person violates any provision of this article, or does any act prohibited thereby, or fails or refuses to perform any duty lawfully enjoined for which no penalty has been specifically provided, such employer, employee, or any other person is guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not less than one hundred dollars, or by imprisonment in the county jail for not longer than sixty days, or by both such fine and imprisonment for each such offense. C.R.S. 8-1-140 (1)

## REFUSAL TO PERFORM DUTY LAWFULLY ENJOINED

If any employer, employee, or any other person fails, refuses, or neglects to perform any duty lawfully enjoined within the time prescribed by the director or fails, neglects, or refuses to obey any lawful order made by the director or any judgment or decree made by any court as provided in this article, for each such violation, such employer, employee, or any other person shall pay a penalty of not less than one hundred dollars for each day such violation, failure, neglect, or refusal continues. C.R.S. 8-1-140 (2)

## FALSE STATEMENTS

If, for the purpose of obtaining any order, benefit, or award under the provisions of this article, either for himself or herself or for any other person, anyone willfully makes a false statement or representation, he or she commits a class 5 felony. C.R.S. 8-1-144

# WAGE CLAIM ACT
(C.R.S. 8-4-101 et seq.)

## ENFORCEMENT BY THE DIRECTOR

It is the duty of the director to inquire diligently for any violation of this article, and to institute the actions for penalties provided for in this article in such cases as he or she may deem proper, and to enforce generally the provisions of this article. C.R.S. 8-4-111 (1)

## FAILURE TO PAY WAGES

C.R.S. 8-4-113 provides the following: If a case against an employer is enforced pursuant to section 8-4-111, any employer who without good faith legal justification fails to pay the wages of each of his or her employees shall forfeit to the people of the state of Colorado an amount determined by the director but no more than the sum of fifty dollars per day for each such failure to pay each employee, commencing from the date that such wages first became due and payable, to be recovered by order of the director in a hearing pursuant to section 24-4-105 C.R.S.

## PENALTIES REGARDING OWNERSHIP OR CONTROL OVER TIPS

Any employer who violates the provisions of section 8-4-103 (6) is guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not more than three hundred dollars, or by imprisonment in the county jail for not more than thirty days, or by both such fine and imprisonment. C.R.S. 8-1-114 (1) See Advisory Bulletin # 14 (I) for more information on tips.

## PENALTIES FOR VIOLATING THE WAGE CLAIM ACT

In addition to any other penalty imposed by this article, any employer or agent of an employer who, being able to pay wages or compensation and being under a duty to pay, willfully refuses to pay as provided in this article, or falsely denies the amount of a wage claim, or the validity thereof, or that the same is due, with intent to secure for himself, herself, or another person any discount upon such indebtedness or any underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, delay, or defraud the person to whom such indebtedness is due, is guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not more than three hundred dollars, or by imprisonment in the county jail for not more than thirty days, or by both such fine and imprisonment. C.R.S. 8-4-114 (2)

## PENALTIES FOR RETALIATION AND DISCRIMINATION

No employer shall intimidate, threaten, restrain, coerce, blacklist, discharge, or in any manner discriminate against any employee who has filed any complaint or instituted or caused to be instituted any proceeding under this article or related law or who has testified or may testify in any proceeding on behalf of himself, herself, or another regarding afforded protections under this article. Any employer who violates the provisions of this section is guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not more than five hundred dollars, or by imprisonment in the county jail for not more than sixty days, or by both such fine and imprisonment. C.R.S. 8-4-120 See Advisory Bulletin # 26 (I) for more information on employer retaliation.

## MINIMUM WAGE ACT
(C.R.S. 8-6-101 et seq.)

## PENALTIES FOR VIOLATING THE MINIMUM WAGE

The minimum wages fixed by the director, as provided in this article, shall be the minimum wages paid to the employees, and the payment to such employees of a wage less than the minimum so fixed is unlawful, and every employer or other person who, individually or as an officer, agent, or employee of a corporation or other person, pays or causes to be paid to any such employee a wage less than the minimum is guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, or by imprisonment in the county jail for not less than thirty days nor more than one year, or by both such fine and imprisonment. C.R.S. 8-6-116

## PENALTIES FOR RETALIATION AND DISCRIMINATION

Any employer who discharges or threatens to discharge, or in any other way discriminates against an employee because such employee serves upon a wage board, or is active in its formation, or has testified is about to testify, or because the employer believes that the employee may testify in any investigation or proceeding relative to enforcement of this article is guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not less than two hundred dollars nor more than one thousand dollars for each violation. C.R.S. 8-6-115

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

1/28/08

# EMPLOYEE DEATH, 28(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

Colorado wage law provides the following: "If, at the time of the death of any employee, an employer is indebted to the employee for wages or compensation, and no personal representative of the employee's estate has been appointed, such employer shall pay the amount earned, vested, and determinable to the deceased employee's surviving spouse. If there is no surviving spouse, the employer shall pay the amount due to the deceased employee's next legal heir upon the request of such heir…"

**REFERENCES**

Colorado Revised Statutes 8-4-109(4) (Payments to Surviving Spouse or Heir)

**WEBSITE LINKS**

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov Colorado Division of Labor)

# FEDERAL LAW VS. COLORADO LAW, 29(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

Employers and employees in Colorado may be covered by either federal wage law, state wage law, both state and federal law, or neither, depending upon the particular circumstances. Whenever employers are subject to both federal and Colorado law, the law providing greater protection for the employee or setting the higher standard shall apply.

## FEDERAL WAGE LAW COVERAGE

The Fair Labor Standards Act of 1938 (FLSA) establishes minimum wage, overtime pay, recordkeeping, and child labor standards affecting full-time and part-time workers in the private sector and in Federal, State, and local governments.

The FLSA applies to employees of covered enterprises as defined by the law, as well as employees individually engaged in interstate commerce or in the production of goods for interstate commerce. Coverage may apply in other circumstances as well.

All questions regarding federal law and the FLSA should be directed to the U.S. Department of Labor at (866) 487-9243.

## COLORADO WAGE LAW COVERAGE

In order for individuals in Colorado to be covered by Colorado wage law, the following two conditions must be met:

- The worker must be formally classified as an "employee." An "employee" means any person, including a migratory laborer, performing labor or services for the benefit of an employer in which the employer may command when, where, and how much labor or services shall be performed. An individual primarily free from control and direction in the performance of contracted labor or services, and who is customarily engaged in an independent trade, occupation, profession, or business related to the service performed is not an employee.

- The employer must meet the formal definition of an "employer" according to statute. "Employer" means every person, firm, partnership, association, corporation, migratory field labor contractor or crew leader, receiver, or other officer of court in Colorado, and any agent or officer thereof, of the above mentioned classes, employing any person in Colorado. The following are not classified as employers under Colorado wage law: the state, its agencies or entities, counties, cities and counties, municipal corporations, quasi-municipal corporations, school districts, and irrigation, reservoir, or drainage conservation companies or districts organized and existing under the laws of Colorado.

-

**REFERENCES**

Colorado Minimum Wage Order Number 28 (Section 22)
Colorado Revised Statutes 8-4-101 (Employee and Employer Definitions)


**WEBSITE LINKS**

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.dol.gov/whd/ (U.S. Department of Labor Wage and Hour Division)
www.dol.gov/whd/regs/compliance/whdfs14.pdf (Fact Sheet #14: Coverage under the Fair Labor Standards Act)

# EXEMPTIONS AND JURISDICTIONAL ISSUES, 30(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## AGRICULTURAL INDUSTRY

Wage Order 28 does not apply to the agricultural industry.

## AIRLINE INDUSTRY

The Division of Labor does not have any authority over wage claims involving air carriers. Wage disputes involving airlines are typically resolved by either the U.S. Department of Labor or the National Mediation Board. See Advisory Bulletin # 32 (I) for more information.

## BAKERIES

A bakery that operates on a retail or wholesale basis and prepares and offers food for sale or consumption on or off its premises is covered by the Wage Order. See Wage Order 28, Section 2, Food and Beverage.

## CASUAL BABYSITTERS

Casual babysitters are exempt from all provisions of Wage Order 28 pursuant to Section 5. Babysitting on a casual basis is generally defined as work performed on an irregular or intermittent basis and not performed by an individual whose full time work is babysitting. Individuals who perform day-care on a full time basis must be paid proper minimum wage and overtime premiums.

## COMMISSION SALES

Sales employees of retail or service industries paid on a commission basis, provided that 50% of their total earnings in a pay period are derived from commission sales, and their regular rate of pay is at least one and one-half times the minimum wage. This exemption is only applicable for employees of retail or service employers who receive in excess of 75% of their annual dollar volume from retail or service sales. See Colorado Minimum Wage Order Number 28, Section 6b.

## COMPANION SERVICES

Companions are exempt from all provisions of Wage Order 28 pursuant to Section 5. Companionship services may be generally defined in the following manner: services which provide fellowship, care and protection for a person, who due to advanced age or physical or mental conditions cannot care for his or her own needs. Such services may include meal preparation, bed changing, washing of clothes, and other similar services. The companion performs the service for the aged or infirm person and not generally to other persons.

## CONSTRUCTION INDUSTRY

Wage Order 28 does not apply to the construction industry.

## DEVELOPMENTAL DISABILITY COMMUNITY CENTERED BOARDS AND SERVICE AGENCIES

Community Centered Boards and service agencies that are planned, designed, organized, operated, and maintained to provide services to and for individuals with developmental disabilities as defined in C.R.S. 27-10.5-202 are exempt from all provisions of the Wage Order.

## INMATES IN CORRECTIONAL INSTITUTIONS

Inmates in correctional institutions are exempt from all provisions of Wage Order 28. See Advisory Bulletin # 34 (I) for more information.

## INSURANCE INDUSTRY

Wage Order 28 does not apply to the insurance industry.

## MANUFACTURING INDUSTRY

Wage Order 28 does not apply to the manufacturing industry.

## MEDICAL TRANSPORTATION INDUSTRY

Employees of the medical transportation industry who are scheduled to work 24 hour shifts are exempt from the 12-hour overtime requirement provided they receive overtime wages for hours worked in excess of 40 hours per week. See Colorado Minimum Wage Order Number 28, Section 6d.

## NON-PROFIT ORGANIZATIONS

Non-profit organizations are not specifically exempted from Wage Order 28; exemption status is determined in accordance with the provisions of the Wage Order and Colorado wage law.

## RELIGIOUS AND CHARITABLE ORGANIZATIONS

Religious and charitable organizations are not specifically exempted from Wage Order 28; exemption status is determined in accordance with the provisions of the Wage Order and Colorado wage law.

## RESIDENTIAL CAMPS

Adult seasonal staff (not year-round employees) of residential camps in Colorado licensed by the Colorado Department of Human Services pursuant to C.R.S. 26-6-101.4 et seq. are exempt from the overtime provisions of Wage Order 28. This overtime exemption only applies to a 16-week season beginning no earlier than May 15th and ending no later than September 15th each year. This exemption is granted subject to the following conditions:

- All allowable credits or other deductions from wages must be identified to the adult seasonal employee in writing.

- Year round employees, full time kitchen staff, or other employees not directly engaged in the supervision of the camp attendees are not exempted from the provisions of Wage Order 28.

- The camps are permitted a credit for the reasonable cost or fair market value for lodging not to exceed $15.00 per day.

Camps in Colorado that do not meet all of the criteria specified in the exemption as described above are evaluated on a case-by-case basis in accordance with all relevant facts and applicable Colorado Laws and Regulations.

## RESPITE CARE WORKERS

Respite care workers who provide companion-type services to individuals (not to the general public or not to a facility open to the general public) are exempt from the Wage Order. See also the companions exemption under Wage Order 28.

## SKI INDUSTRY

Employees of the ski industry performing duties directly related to ski area operations for downhill skiing or snowboarding, and those employees engaged in providing food and beverage services at on-mountain locations are exempt from the 40-hour overtime requirement under Wage Order 28. The 12-hour overtime requirement remains in effect for such workers. The partial ski industry exemption described above does not apply to ski area employees performing duties related to lodging. See Colorado Minimum Wage Order Number 28, Section 6c.

## VETERINARY MEDICINE

Veterinary medicine is not included under the health and medical industry. Veterinary medicine is not classified within the health and medical industry for the purposes of Wage Order 28. The intent of the Wage Order is to cover the health and medical industry as it applies to humans.

Veterinary workers are exempt from Wage Order 28 when classified as agricultural workers. Veterinarians who spend the majority of their time employed on a farm or other agricultural facility are considered agricultural workers and not covered by Wage Order 28. Veterinary workers are covered by Wage Order 28 when classified under the retail and service category. Veterinarians who provide care for domestic animals or household pets in a clinic or hospital are classified as service workers, and are covered by Wage Order 28.

## WESTERN STOCK SHOW ASSOCIATION

The Western Stock Show, presented and operated by the Western Stock Show Association, is exempt from the overtime requirements of Wage Order 28. This conclusion is based upon the fact that the stock show is predominantly a livestock exhibition conducted for educational purposes. The exemption is limited to the several hundred temporary employees of the Western Stock Show Association hired for the annual livestock exhibition, and does not apply to vendors, concessionaires, or contractors who conduct their operations at the Stock Show.

## THE FOLLOWING ARE EXEMPT FROM ALL PROVISIONS OF WAGE ORDER 28:

Administrative Employees
Executives or Supervisors
Professionals
Outside Salespersons
Elected Officials and Members of Their Staff
Domestic Employees
Property Managers
Interstate Drivers
Driver Helpers, Loaders, or Mechanics of Motor Carriers
Taxi Cab Drivers
Bona Fide Volunteers
Students Employed by Sororities or Fraternities
Students Employed by College Clubs or Dormitories
Students Employed in a Work Experience Study Program
Employees Working in Laundries of Charitable Institutions
Patient Workers in Institutional Laundries

See Advisory Bulletin # 9 (I) for more information on exemptions under Colorado Minimum Wage Order Number 28.

## REFERENCES

Colorado Minimum Wage Order Number 28

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

# FLEXTIME SCHEDULING AND TELECOMUTING, 31(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## FLEXTIME SCHEDULING

Flextime scheduling may be defined as non-traditional work scheduling that may contain irregular hours of work. Flextime scheduling is permissible under Colorado labor law provided that employees are always compensated appropriately for their regular and overtime hours as required.

One type of unique flextime scheduling involves schedules where an employee has an extra day off every other week. In this instance it is crucial to determine when the workweek actually begins and ends. For example, an extra-day-off schedule may have the employee work nine hours per day Monday through Thursday and four hours Friday Morning. If the employee starts work on Friday morning at 8:00, then at 12:00 noon on Friday the first workweek ends. The second workweek then begins at noon on Friday, with the employee working four more hours on Friday and then nine hours per day on the following Monday through Thursday. This schedule ensures that the employee works only forty hours per week and gets the second Friday off.

See Advisory Bulletin # 10 (I) for more information on overtime pay.

## TELECOMMUTING

Telecommuting, or telework, is a work arrangement by which an employee performs job duties from an alternate location that is outside the traditional workplace. Telecommuters are still subject to the control and direction of their employer, and are classified as employees; the fact that a telecommuter does not report to an office is not sufficient to allow the employer to categorize the telecommuter as an independent contractor.

As with more traditional employees, telecommuters must be paid for all of the work they perform. Allowing non-exempt employees to telecommute may raise special issues for the employer. The employer should devise, install, or utilize some method to track employee work in an accurate and timely fashion. If the employer does not use a formal tracking system for time worked (for example, login time on a computer), then the employer may be obligated to pay for all time worked as recorded and submitted by the employee.

See Advisory Bulletin # 6 (I) for more information on independent contractors.
See Advisory Bulletin # 8 (I) for more information on timekeeping.

## WEBSITE LINKS
www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

# AIRLINE AND RAILROAD INDUSTRIES, 32(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

Colorado wage law and Colorado Minimum Wage Order Number 28 do not apply to the airline and railroad industries. The Fair Labor Standards Act or the Railway Labor Act typically govern wage disputes involving airline and railroad employees.

Persons inquiring about airline and railroad wage and labor disputes are referred to either the U.S. Department of Labor (866-487-9243) or the National Mediation Board (NMB), an independent agency assigned with the role of facilitating harmonious labor-management relations within the airline and railroad industries. The National Mediation Board may be reached at (800) 488-0019 or (202) 692-5050.

### REFERENCES
Railway Labor Act, 45 Unites States Code 151 et seq.

### WEBSITE LINKS
www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.nmb.gov/ (National Mediation Board)
www.nmb.gov/documents/rla.html (Railway Labor Act)

# STATUTE OF LIMITATIONS, 33(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## COLORADO WAGE LAW

Colorado Revised Statutes 8-4-122 provides the following: All actions brought pursuant to this article shall be commenced within two years after the cause of action accrues and not after that time: except that all actions brought for a willful violation of this article shall be commenced within three years after the cause of action accrues and not after that time.

## COLORADO MINIMUM WAGE ORDER NUMBER 28

The Colorado Minimum Wage Order Number 28 provides the following: Any person may register with the division a written complaint that alleges a violation of the Minimum Wage Order within two years of said violation(s).

Persons inquiring about the statute of limitations for the purpose of legal action should consult with an attorney for advice.

### REFERENCES

Colorado Revised Statutes 8-4-122 (Limitation of Actions)
Colorado Minimum Wage Order Number 28 (Section 15)

### WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

# INMATES, PAROLEES, PRISONERS, AND PROBATIONERS, 34(I)

---

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

Inmates and prisoners are exempt from all provisions of Colorado Minimum Wage Order Number 28. Inmates confined to a city or county jail or any department of corrections facility as an inmate and who, as a part of such confinement, is working, performing services, or participating in a training or work release program are not employees according to Colorado law.

The employment status of parolees and probationers is determined on a case-by-case basis in accordance with all relevant facts and Colorado laws and regulations.

**REFERENCES**
Colorado Revised Statutes 8-40-301 (Scope of the Term Employee)
Colorado Minimum Wage Order Number 28 (Section 5)

**WEBSITE LINKS**
www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

# CORPORATE OFFICER LIABILITY, 35(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

In Leonard v. McMorris (Colo. 2003) the Colorado Supreme Court clarified that Colorado wage law does not impose civil liability on officers and agents of a corporation to pay wages and compensation that the corporation owes under its employment contract with an employee but has failed to pay. The Colorado Supreme Court concluded that the Colorado legislature did not intend to impose personal liability on officers and agents that is equal to the corporation's liability.

Persons inquiring about personal and corporate liability for wages or compensation should consult with an attorney for advice.

### REFERENCES

Leonard v. McMorris, 63 P.3d 323 (Colo. 2003)

### WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

1/28/08

# SHOW-UP TIME, 36(I)

---

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

Colorado wage law does not require that an employer pay an employee for what is commonly referred to as "show-up time" or "reporting time pay". Employers are only required to pay employees for actual time worked, services rendered, or the time during which the employee was suffered or permitted to work, whether or not required to do so.

For example, if an hourly employee arrives at work as directed by the employer, and the employer then immediately sends the employee home without the employee performing any work or waiting to perform work, the employer does not have to provide any compensation to the employee. Moreover, employers are not required by Colorado wage law to provide a certain amount of hours of work. For example, if an hourly employee shows up as scheduled for an 8-hour shift, only works for one hour and is then immediately sent home as directed by the employer, the employee is only owed for the one hour of actual work.

However, informal, contractual, or other agreements between the employer and employee may require show-up payment to the employee; persons inquiring should consult with an attorney if such an agreement is believed to exist.

See Advisory Bulletin # 11 (I) for more information regarding on call and waiting time.

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.dol.gov/elaws/esa/flsa/hoursworked/screenEE31.asp (FLSA elaws Advisor on Show-Up Time)

# AMUSEMENT, SEASONAL, RECREATIONAL, AND CAMP ESTABLISHMENTS AND WORKERS, 37(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## AMUSEMENT ESTABLISHMENTS AND AMUSEMENT WORKERS

As a general category, amusement establishments and workers are not specifically exempted from Colorado wage law or the Colorado Minimum Wage Order Number 28. Determinations are made on a case-by-case basis in accordance with all relevant facts and applicable Colorado laws and regulations.

## CAMPS

Adult seasonal staff (not year-round employees) of residential camps in Colorado licensed by the Colorado Department of Human Services pursuant to 26-6-101.4 et seq. are exempt from the overtime provisions of Wage Order 28. This overtime exemption only applies to a 16-week season beginning no earlier than May 15th and ending no later than September 15th each year. This exemption is granted subject to the following conditions:

- All allowable credits or other deductions from wages must be identified to the adult seasonal employee in writing.

- Year round employees, full time kitchen staff, or other employees not directly engaged in the supervision of the camp attendees are not exempted from the provisions of Wage Order 28.

- The camps are permitted a credit for the reasonable cost or fair market value for lodging not to exceed $15.00 per day.

Camps in Colorado that do not meet all of the criteria specified in the exemption as described above are evaluated on a case-by-case basis in accordance with all relevant facts and applicable Colorado Laws and Regulations.

## RECREATIONAL ESTABLISHMENTS AND RECREATIONAL WORKERS

As a general category, recreational establishments and workers are not specifically exempted from Colorado wage law or the Colorado Minimum Wage Order Number 28. Determinations are made on a case-by-case basis in accordance with all relevant facts and applicable Colorado Laws and Regulations.

## Seasonal Establishments and Seasonal Workers

As a general category, seasonal establishments and workers are not specifically exempted from Colorado wage law or the Colorado Minimum Wage Order Number 28. Determinations are made on a case-by-case basis in accordance with all relevant facts and applicable Colorado Laws and Regulations.

However, an exemption exists for the ski industry:

Ski Industry Exemption: employees of the ski industry performing duties directly related to ski area operations for downhill skiing or snow boarding, and those employees engaged in providing food and beverage services at on-mountain locations, are exempt from the forty (40) hour overtime requirement of the Wage Order. The daily overtime requirement of one and one-half the regular rate of pay for all hours worked in excess of twelve (12) in a workday shall apply. This partial overtime exemption does not apply to ski area employees performing duties related to lodging.

### References

Colorado Revised Statutes 26-6-101.4 (Human Services Child Care Licensing)
Colorado Minimum Wage Order Number 28 (Section 6c)

### Website Links

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

3/31/12

# VOLUNTEER FIREFIGHTERS, 38(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

Colorado Law provides certain employment protections regarding volunteer firefighters:

## TERMINATION OF EMPLOYMENT - EMPLOYEE FAILS TO REPORT TO WORK

An employer shall not terminate an employee who is a volunteer firefighter and who fails to report to work because the employee has responded to an emergency summons if the employee provides the employer with a written statement from the chief of the fire department that the employee's absence was due to the response.

## TERMINATION OF EMPLOYMENT - EMPLOYEE LEAVES WORK

An employer shall not terminate an employee who is a volunteer firefighter and who leaves work to respond to an emergency summons, if:

- The employer does not deem the employee to be essential to the operation of the employer's daily enterprise;

- The employer has previously received written documentation from the fire chief of the employee's fire department notifying the employer of the employee's status as a volunteer firefighter;

- The emergency is within the response area of the employee's fire department and is of such magnitude that the emergency summons issued by the fire chief requires all firefighters to respond; and

- The chief of the employee's fire department provides the employer with a written statement verifying the time, date, and duration of the employee's response;

## DEDUCTIONS FROM WAGES

An employer may deduct time lost from employment caused by a response to an emergency summons from the wages of an employee who is a volunteer firefighter.

Persons inquiring should consult with an attorney for guidance.

## REFERENCES

Colorado Revised Statutes 31-30-1131 (Volunteer Firefighter)

9/19/08

**WEBSITE LINKS**

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

# FLUCTUATING WORKWEEK METHOD OF SALARY PAYMENT, 39(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## BACKGROUND

The Division of Labor permits the use of the fluctuating workweek method of salary payment as generally described in the federal Fair Labor Standards Act regulations. Although the Colorado Wage Act and Colorado Minimum Wage Order Number 28 do not explicitly address the use of the fluctuating workweek method, it is the enforcement position of the Division that employees in Colorado may be compensated in such a manner under state law, provided that all relevant requirements described below are met.

## FLUCTUATING WORKWEEK OVERVIEW

Non-exempt salaried employees in Colorado who are covered by Colorado Minimum Wage Order Number 28 may be paid a fixed salary for a fluctuating workweek provided that their overtime hours are additionally compensated at a rate which is at least half of their regular rate of pay. This method applies to situations where the employee works hours that fluctuate from week to week, and is paid a fixed salary that is intended to cover all hours worked during the workweek. The employee's regular rate of pay may vary each workweek, and is calculated by dividing the salary (plus any other applicable remuneration) by the actual amount of hours worked during the week. As the salary covers all "straight-time" pay, overtime hours must be paid at only one-half the regular rate.

## FLUCTUATING WORKWEEK METHOD REQUIREMENTS (MUST MEET ALL 5)

1. The employee and employer must have a clear mutual understanding that the salary is intended to cover all hours worked (apart from overtime).
2. The employee must receive the entire salary as straight-time pay, regardless of how many hours are worked during the workweek, whether few or many.
3. The amount of the salary must meet or exceed minimum wage for all hours worked.
4. Compensation for all overtime hours worked must be at a rate not less than one-half the employee's regular rate of pay. Employers may, of course, pay more than the one-half overtime premium requirement for the overtime hours.
5. In accordance with Section 4 of Minimum Wage Order 28, the half-time overtime premium must be paid for any work in excess of (1) forty hours per workweek, (2) twelve hours per workday, or (3) twelve consecutive hours without regard to the starting and ending time of the workday, **whichever calculation results in the greater payment of wages**.

## FLUCTUATING WORKWEEK CALCULATION EXAMPLES

Note: These examples are intended to highlight common issues with the fluctuating workweek method in Colorado; calculations will vary depending upon case-specific factors and other circumstances. All examples assume that the requirements in Section III above are met.

**Over 40 hours worked in the workweek**
- The employee is promised a weekly salary of $500 for all hours worked.
- The employee works 42 hours in the workweek.
- To determine the employee's regular rate, divide the salary by the hours worked ($500 / 42 = $11.90). The employee's regular rate is $11.90 per hour.
- The half-time overtime pay rate is equal to one-half of the regular rate of $11.90 ($11.90 / 2 = $5.95).
- The employee is entitled to the half-time pay multiplied by overtime hours worked ($5.95 X 2 overtime hours worked over 40 = $11.90).
- The employee is owed the salary of $500 plus the overtime premium for the 2 overtime hours ($500 + $11.90 = $511.90).

**Over 12 hours worked in a workday**
- The employee is promised a weekly salary of $500 for all hours worked.
- The employee works 15 hours on Monday, 10 hours on Tuesday, and 10 hours on Wednesday, for a total of 35 hours during the workweek.
- To determine the employee's regular rate, divide the salary by the hours worked ($500 / 35 = $14.29). The employee's regular rate is $14.29 per hour.
- The half-time overtime pay rate is equal to one-half of the regular rate of $14.29 ($14.29 / 2 = $7.15).
- The employee is entitled to the half-time pay multiplied by overtime hours worked ($7.15 X 3 hours of overtime for the 3 hours worked over 12 on Monday = $21.45).
- The employee is owed the salary of $500 plus the overtime premium for the 3 overtime hours ($500 + $21.45 = $521.45).

**Over 40 hours in the workweek and over 12 hours on workdays**
- The employee is promised a weekly salary of $500 for all hours worked.
- The employee works 15 hours on Monday, 10 hours on Tuesday, and 18 hours on Wednesday, for a total of 43 hours during the workweek.
- To determine the employee's regular rate, divide the salary by the hours worked ($500 / 43 = $11.63). The employee's regular rate is $11.63 per hour.
- The half-time overtime pay rate is equal to one-half of the regular rate of $11.63 ($11.63 / 2 = $5.82).
- The employee is entitled to the half-time pay multiplied by overtime hours worked ($5.82 X 9 hours of overtime = $52.38). The 9 hours of overtime is determined by adding the 3 hours over 12 on Monday plus the 6 hours over 12 on Wednesday. Since the employee will receive more overtime using the 12-hour requirement (9 hours) as compared to the 40-hour requirement (only worked 3 hours over 40), the employer must pay for 9 hours total of overtime.

- The employee is owed the salary of $500 plus the overtime premium for the 9 overtime hours ($500 + $52.38 = $552.38).

*The following section reproduces the text of federal regulations on the fluctuating workweek method. For official text of federal law, and guidance in the application of federal law, you must contact the United States Department of Labor (720-264-3250 or www.dol.gov).*

## FLSA REGULATION 29 C.F.R. §778.114: FIXED SALARY FOR FLUCTUATING HOURS

(a) An employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many. Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay. Since the salary in such a situation is intended to compensate the employee at straight time rates for whatever hours are worked in the workweek, the regular rate of the employee will vary from week to week and is determined by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week. Payment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement.

(b) The application of the principles above stated may be illustrated by the case of an employee whose hours of work do not customarily follow a regular schedule but vary from week to week, whose overtime work is never in excess of 50 hours in a workweek, and whose salary of $250 a week is paid with the understanding that it constitutes his compensation, except for overtime premiums, for whatever hours are worked in the workweek. If during the course of 4 weeks this employee works 40, 44, 50, and 48 hours, his regular hourly rate of pay in each of these weeks is approximately $6.25, $5.68, $5, and $5.21, respectively. Since the employee has already received straight-time compensation on a salary basis for all hours worked, only additional half-time pay is due. For the first week the employee is entitled to be paid $250; for the second week $261.36 ($250 plus 4 hours at $2.84, or 40 hours at $5.68 plus 4 hours at $8.52); for the third week $275 ($250 plus 10 hours at $2.50, or 40 hours at $5 plus 10 hours at $7.50); for the fourth week approximately $270.88 ($250 plus 8 hours at $2.61 or 40 hours at $5.21 plus 8 hours at $7.82).

(c) The "fluctuating workweek" method of overtime payment may not be used unless the salary is sufficiently large to assure that no workweek will be worked in which the employee's average hourly earnings from the salary fall below the minimum hourly wage rate applicable under the

Act, and unless the employee clearly understands that the salary covers whatever hours the job may demand in a particular workweek and the employer pays the salary even though the workweek is one in which a full schedule of hours is not worked. Typically, such salaries are paid to employees who do not customarily work a regular schedule of hours and are in amounts agreed on by the parties as adequate straight-time compensation for long workweeks as well as short ones, under the circumstances of the employment as a whole. Where all the legal prerequisites for use of the "fluctuating workweek" method of overtime payment are present, the Act, in requiring that "not less than" the prescribed premium of 50 percent for overtime hours worked be paid, does not prohibit paying more. On the other hand, where all the facts indicate that an employee is being paid for his overtime hours at a rate no greater than that which he receives for non-overtime hours, compliance with the Act cannot be rested on any application of the fluctuating workweek overtime formula.

### REFERENCES

Colorado Minimum Wage Order Number 28 (Section 4)
29 Code of Federal Regulations 778.114 (Fixed Salary for Fluctuating Hours)

### WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.dol.gov/ (U.S. Department of Labor)

# DUTIES DIRECTLY RELATED TO SUPERVISION, 40(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## BACKGROUND

Section 5 of Colorado Minimum Wage Order Number 28 ("Wage Order 28") defines several exemptions, including the Executive or Supervisor Exemption. Among other tests set forth in section 5(b) of Wage Order 28 is the requirement that the "executive or supervisor must spend a minimum of 50% of the workweek in duties directly related to supervision." The Division of Labor, which is charged with interpreting and enforcing Wage Order 28, has received several inquiries concerning the meaning of the phrase "duties directly related to supervision." Accordingly, the Division issues the following advisory bulletin setting forth the Division of Labor's interpretation of that phrase.

## DEFINITION OF "DUTIES DIRECTLY RELATED TO SUPERVISION"

### MANAGEMENT TIME

An employee is engaged in duties directly related to supervision any time the employee is performing a management function or otherwise engaged in the primary duty of managing the employee's store, facility, restaurant or office. Examples of management functions include, but are not limited to, interviewing, selecting, and training employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; leading by example; maintaining production or sales records; appraising employees' productivity or efficiency (whether formally or informally); handling employee complaints and grievances; disciplining employees; planning work; determining the techniques to be used; apportioning work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

### PRIMARY DUTY

Any time for which the employee's primary duty is the management of their store, facility, restaurant or office is counted as time performing duties directly related to supervision. This includes but is not limited to time spent as manager on duty.

### CONCURRENT DUTIES

Time spent performing concurrent duties (some of which are typically considered exempt time and some of which are typically considered non-exempt time) usually counts as time spent engaged in duties directly related to supervision if the decision regarding when to perform the otherwise non-exempt tasks rests with the employee. Generally, exempt executives make the decision regarding when to perform non-exempt duties and remain responsible for the success or failure of business operations under their management while performing the non-exempt work.

3/31/12

In contrast, the non-exempt employee generally is directed by a supervisor to perform the exempt work or performs the exempt work for defined time periods.

For example, an assistant manager in a retail establishment may perform work such as serving customers, cooking food, stocking shelves and cleaning the establishment, but performance of such non-exempt work is considered time spent performing duties directly related to supervision if the assistant manager's primary duty is management. An assistant manager can supervise employees and serve customers at the same time without losing the exemption. An exempt employee can also simultaneously direct the work of other employees and stock shelves.

### TACKING OF EXEMPTIONS

Employees who perform a combination of exempt duties for executive, administrative, professional, and outside sales may qualify for exemption. Time spent in any exempt duty may be considered time spent engaged in duties directly related to supervision. For example, time spent performing administrative functions such as collecting or analyzing information, exercising discretion, performing audits, and formulating or implementing policies may count as time spent engaged in duties directly related to supervision.

## CASE BY CASE ANALYSIS

The determination of whether an employee spends 50% or more of the employee's workweek engaged in duties directly related to supervision is an individualized inquiry that must be analyzed on a case by case basis. The key inquiry is how each individual employee spends his or her actual work time, and whether 50% or more of their time is or is not spent engaged in duties directly related to supervision. Job descriptions and company policies will rarely materially aid this inquiry, because job descriptions and policies are often imperfect predictors of how employees spend their actual work time.

### REFERENCES

Colorado Minimum Wage Order Number 28 (Section 5(b))

### WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

# COLORADO STATE AND FEDERAL MINIMUM WAGE, 41(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## STATE MINIMUM WAGE

Background

Article XVIII, Section 15, of the Colorado Constitution requires the Colorado state minimum wage to be adjusted annually for inflation. This bulletin describes the minimum wage and inflation adjustment process for the new state minimum wage effective January 1, 2012.

2012 Colorado State Minimum Wage

In November of 2011, the Colorado Division of Labor initiated the rulemaking process to implement the new state minimum wage. A public hearing was held at the Division on November 4, 2011, to receive comments regarding the new state minimum wage.

Colorado Minimum Wage Order Number 28 was adopted by the Division on November 8, 2011, and an opinion issued by the Office of the Colorado Attorney General on November 23, 2011, indicated that there was no apparent constitutional or legal deficiency in the form or substance of the rules.

The new inflation adjusted state minimum wage, effective January 1, 2012, is $7.64 per hour and $4.62 per hour for tipped employees. Colorado Minimum Wage Order Number 28 may be found at: www.coloradolaborlaw.gov.

Colorado State Minimum Wage History

- **January 1, 2012, increased to $7.64 per hour**
- January 1, 2011, increased to $7.36 per hour.
- January 1, 2010, decreased to $7.24 per hour.
- January 1, 2009, increased to $7.28 per hour.
- January 1, 2008, increased to $7.02 per hour.
- January 1, 2007, increased to $6.85 per hour.

Tipped Employees Minimum Wage (employees who regularly receive tips)

- **January 1, 2012, increased to $4.62 per hour ($7.64-$3.02).**
- January 1, 2011, increased to $4.34 per hour ($7.36-$3.02).
- January 1, 2010, decreased to $4.22 per hour ($7.24-$3.02).
- January 1, 2009, increased to $4.26 per hour ($7.28-$3.02).
- January 1, 2008, increased to $4.00 per hour ($7.02-$3.02).

- January 1, 2007, increased to $3.83 per hour ($6.85-$3.02).

No more than $3.02 per hour in tip income may be used to offset the Colorado minimum wage of tipped employees.

Inflation Adjustment Process

In accordance with the Colorado Constitution, the Colorado minimum wage is adjusted annually for inflation as measured by the Consumer Price Index used for Colorado. The inflation adjustment is based on the Consumer Price Index for All Urban Consumers (CPI-U), All Items, for the Denver-Boulder-Greeley combined metropolitan statistical area as published by the United States Bureau of Labor Statistics (BLS).

The CPI-U increased 3.8 percent from the first half of 2010 to the first half of 2011, which results in the new Colorado minimum wage of $7.64 per hour effective January 1, 2012. The August 18, 2011, BLS press release provides additional details on the Consumer Price Index data used in the minimum wage adjustment.

Subsequent annual Colorado minimum wage calculations will be identical and will compare changes in the CPI-U from the first half of the preceding year with the first half of the current year to calculate a new state minimum wage for the next year.

For example, changes observed in the CPI-U from the first half of 2011 to the first half of 2012 will be used to calculate the new state minimum wage effective January 1, 2013. It is anticipated that data for future state minimum wage adjustments, as provided by the BLS, will be available to the public in mid-August preceding each January adjustment.

Who Must Receive Minimum Wage

The state minimum wage shall be paid to employees who receive the state or federal minimum wage. Article XVIII, Section 15, of the Colorado Constitution has not altered the coverage of employers, or the exemption of certain employees, from state or federal wage and hour laws.

Text of Colorado Constitution, Article XVIII, Section 15

Effective January 1, 2007, Colorado's minimum wage shall be increased to $6.85 per hour and shall be adjusted annually for inflation, as measured by the Consumer Price Index used for Colorado. This minimum wage shall be paid to employees who receive the state or federal minimum wage. No more than $3.02 per hour in tip income may be used to offset the minimum wage of employees who regularly receive tips.

## STATE MINIMUM WAGE VERSUS FEDERAL MINIMUM WAGE

If an employee is covered by federal and Colorado state minimum wage laws, then the employer must pay the higher minimum wage. As of January 1, 2012, federal minimum wage remains $7.25 per hour, which is lower than the Colorado State minimum wage of $7.64. Therefore,

covered employers in Colorado will have to pay their employees the higher value of $7.64 per hour under Colorado law..

## COLORADO STATE TIPPED MINIMUM WAGE VERSUS FEDERAL TIPPED MINIMUM WAGE

If an employee is covered by federal and Colorado state minimum wage laws, then the employer must pay the higher minimum wage for tipped employees. As of  January 1, 2012, federal tipped minimum wage remains $2.13 per hour, which is lower than the Colorado tipped minimum wage of $4.62. Therefore, covered employers in Colorado have to pay their employees the higher value of $4.62 per hour under Colorado law. If an employee's tips combined with the employer's cash wage of at least $4.62 per hour do not equal the minimum hourly wage, the employer must make up the difference in cash wages.

## FEDERAL MINIMUM WAGE

The federal minimum wage is $7.25 per hour effective July 24, 2009. In cases where an employee is subject to both state and federal minimum wage laws, the employee is entitled to the higher minimum wage.

Federal Minimum Wage History

- $7.25 per hour effective July 24, 2009
- $6.55 per hour effective July 24, 2008
- $5.85 per hour effective July 24, 2007

Contact the U.S. Department of Labor for information on federal workplace laws. Visit www.dol.gov or call 720-264-3250 for more information.

## REFERENCES

Colorado Minimum Wage Order Number 28
www.dol.gov/whd/flsa (Fair Labor Standards Act)
United States Bureau of Labor Statistics (BLS)
BLS Press Release of August 18, 2011

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
http://www.colorado.gov/cs/Satellite?c=Document_C&childpagename=CDLE-
http://www.colorado.gov/cs/Satellite?c=Document_C&childpagename=CDLE-
LaborLaws%2FDocument_C%2FCDLEAddLink&cid=1251615563597&pagename=CDLEWra
pper (Minimum Wage Fact Sheet)
www.dol.gov/whd/regs/compliance/posters/flsa.htm
www.dol.gov/whd/flsa
www.wagehour.dol.gov

# WAGE TRANSPARENCY ACT, 42(I)

---

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## WAGE TRANSPARENCY ACT

Effective August 5, 2008, it shall be a discriminatory or unfair employment practice if any of the following occurs:

- An employer discharges, disciplines, discriminates against, coerces, intimidates, threatens, or interferes with any employee or other person because the employee inquired about, disclosed, compared, or otherwise discussed the employee's wages.

- An employer requires as a condition of employment nondisclosure by an employee of his or her wages.

- An employer requires an employee to sign a waiver or other document that purports to deny an employee the right to disclose his or her wage information.

The Colorado Division of Labor does not have authority over Wage Transparency Act matters. Contact the Colorado Civil Rights Division at 303-894-2997.

## POTENTIAL EXCEPTIONS TO THE WAGE TRANSPARENCY ACT

The Wage Transparency Act shall not apply to employers who are exempt from the provisions of the National Labor Relations Act,

The National Labor Relations Act specifically excludes from its coverage individuals who are employed:

- as agricultural laborers
- in the domestic service of any person or family in a home
- by a parent or spouse
- as an independent contractor
- as a supervisor (supervisors who have been discriminated against for refusing to violate the NLRA may be covered)
- by an employer subject to the Railway Labor Act, such as railroads and airlines
- by Federal, state, or local government
- by any other person who is not an employer as defined in the NLRA

For more information about exemptions, contact the National Labor Relations Board, Denver Office, at 303-844-3551 for assistance.

**REFERENCES**

Colorado Revised Statutes 24-34-402(1)(i)
National Labor Relations Act 29 U.S.C. Sec. 151 et. Seq.

**WEBSITE LINKS**

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.dora.state.co.us/civil-rights (Colorado Civil Rights Division)
www.nlrb.gov (National Labor Relations Board)
http://www.nlrb.gov/what-we-do  (Overview of the National Labor Relations Board)

8/27/09

# SECTION II: MISCELLANEOUS EMPLOYMENT TOPICS

# DIVISION OF LABOR RESPONSIBILITIES AND TOPICS NOT COVERED, 1(II)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## DIVISION OF LABOR RESPONSIBILITIES

The Division of Labor administers Colorado Labor Laws pertaining to wages paid, hours worked, minimum wage, labor standards, child labor, employment-related immigration laws, and certain working conditions. The Division of Labor also conducts all-union agreement elections, elections to certify or decertify collective bargaining agreements, certifications of all-union provisions in the building and construction trade industries, and investigates and mediates allegations of unfair labor practices.

One of the primary responsibilities of the Division of Labor is to assist in the recovery of earned and unpaid wages and compensation. Individuals who seek such assistance with the Division of Labor must complete a request for mediation form. Individuals who are not covered by Colorado wage law or individuals with disputes regarding unrelated employment issues should not complete a request for mediation form; such individuals must contact the appropriate agency, file a claim in small claims court, or confer with an attorney as necessary.

## TOPICS COVERED BY THE DIVISION OF LABOR:

- Delayed or missing paydays
- Employment-related immigration laws
- Minimum wage disputes
- Non-payment of wages for work performed
- Overtime disputes
- Paycheck deduction disputes
- Timekeeping disputes
- Tip disputes
- Uniform disputes
- Vacation pay disputes
- Youth employment

8/27/09

## Topics Beyond the Authority and Scope of the Division of Labor:

- **Discrimination**

Persons inquiring about discrimination should contact the Colorado Civil Rights Division (303-894-2997) or the U.S. Equal Employment Opportunity Commission (800-669-4000) for information and guidance. See Advisory Bulletin # 14 (II) for more information.

- **Employer bankruptcy**

If an employer has filed for bankruptcy, employees need to contact the appropriate bankruptcy court to enter a claim. The bankruptcy court for Colorado may be contacted at:

U.S. Bankruptcy Court for the District of Colorado
U.S. Custom House, 721 19th Street
Denver, CO 80202-2508
720-904-7300
See Advisory Bulletin # 3 (II) for more information.

- **Governmental or school district employees**

Colorado wage law does not cover the following: the state, its agencies or entities, counties, cities and counties, municipal corporations, quasi-municipal corporations, school districts, and irrigation, reservoir, or drainage conservation companies or districts organized and existing under the laws of Colorado.

- **Harassment or abusive treatment**

The Colorado Division of Labor does not assist individuals solely alleging workplace harassment or abusive treatment. Such individuals may wish to contact the Colorado Civil Rights Division (303-894-2997) or consult with an attorney. See Advisory Bulletin # 14 (II) for more information.

- **Holiday, severance, or sick pay**

Colorado wage law does not require nor prohibit holiday, severance, or sick pay. See Advisory Bulletin # 7 (I) for more information.

- **Independent contractors**

Colorado wage law does not cover independent contractors; independent contractors are not formally classified as employees in Colorado. See Advisory Bulletin # 6 (I) for more information.

- **Selection, termination, layoff, promotion, or disciplinary action disputes**

Persons inquiring should consult with an attorney for guidance, or contact the Colorado Civil Rights Division (303-894-2997) if discrimination is alleged to have occurred.

- **Tax disputes**

Persons inquiring about tax disputes should contact either, the Internal Revenue Service (800-829-1040), the Colorado Department of Revenue (303-866-3711), or Colorado Unemployment Insurance Tax information (303-318-9100).

- **Work entirely performed outside the State of Colorado**

Persons inquiring about work performed in another State should contact the Department of Labor in the State where the work was performed, (State DOL contact information may be obtained at http://www.ilsa.net/), call the U.S. Department of Labor (866-487-9243), or consult with an attorney for guidance.

- **Federal Law**

Questions regarding federal issues should be directed to the U.S. Department of Labor (866-487-9243). The U.S. Department of Labor enforces a variety of federal labor laws, including:

Davis-Bacon and Related Acts
Fair Labor Standards Act (FLSA)
Family and Medical Leave Act (FMLA)
The Service Contract Act
Walsh-Healey Public Contracts Act

- **Occupational Safety and Health**

Persons inquiring about workplace safety and health issues should contact the Occupational Safety and Health Administration (OSHA) at (800) 321-6742. OSHA is a federal agency created to ensure safe and healthful workplace environments.

See Advisory Bulletin # 19 (II) for more information.

**WEBSITE LINKS**

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

8/27/09

# COST OF MEDICAL EXAMINATIONS AND BACKGROUND CHECKS, 2(II)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

Employers cannot typically require job applicants or employees to pay for medical examinations (e.g., drug tests) or the cost of furnishing any records (e.g., cost of background checks or fingerprinting) required by the employer as a condition of employment.

Exception: the cost of furnishing those records necessary to support the applicant's statements in the application for employment.

**REFERENCES**

Colorado Revised Statutes 8-2-118 (Cost of Medical Examination)

**WEBSITE LINKS**

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

8/27/09

# EMPLOYER BANKRUPTCY, 3(II)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

When an employer files for bankruptcy, its assets are typically frozen, and money may not be paid out to creditors, including employees. Employees typically have a higher priority in bankruptcy than many other creditors.

If your employer has filed for bankruptcy you will need to contact the appropriate bankruptcy court to enter a claim. The bankruptcy court for Colorado may be contacted at:

U.S. Bankruptcy Court for the District of Colorado
U.S. Custom House, 721 19th Street
Denver, CO 80202-2508
(720) 904-7300

See Advisory Bulletin # 11 (II) for information on preferred claims and employer insolvency.

### WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
http://www.cob.uscourts.gov  (U.S. Bankruptcy Court District of Colorado Homepage)
www.cob.uscourts.gov/faqs.asp (U.S. Bankruptcy Court District of Colorado FAQs)

8/27/09

# NOTICE OF TERMINATION AND EMPLOYMENT-AT-WILL, 4(II)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## DEFINITION OF EMPLOYMENT-AT-WILL

Colorado follows the legal doctrine of "employment-at-will" which provides that in the absence of a contract to the contrary, neither an employer nor an employee is required to give notice or advance notice of termination or resignation. Additionally, neither an employer nor an employee is required to give a reason for the separation from employment. In Continental Airlines Inc. v. Keenan (1987), the Colorado Supreme Court recognized at-will employment in Colorado, and noted that there may be certain exceptions to the presumption of at-will employment.

## BASIS OF EMPLOYMENT-AT-WILL

The general principle behind the concept of employment-at-will is that the doctrine promotes efficiency and flexibility in the employment context. Employment-at-will allows employees to seek out the position best suited for their talents and allows employers to seek out the best employees for their needs.

## POTENTIAL EXCEPTIONS TO EMPLOYMENT-AT-WILL

There are many exceptions to employment-at-will, including various exceptions created by the legislature and the courts. While not all-inclusive, listed below are common exceptions to employment-at-will. Persons inquiring should consult with an attorney for guidance.

### DISCRIMINATION

An employer may not discriminate in terminating an employee. It is discriminatory to discharge an employee based upon disability, race, creed, color, sex, age, religion, sexual orientation, national origin, and ancestry. Inquiries regarding discrimination should be made to the Colorado Civil Rights Commission (303-894-2997) or the Equal Employment Opportunity Commission (303-866-1300).

### VIOLATION OF PUBLIC POLICY

An employee cannot be terminated for reasons violating public policy. Examples include discharging an employee for: filing a worker's compensation claim; bringing or threatening a lawsuit; serving on a jury; engaging in lawful off-duty activities; refusing to commit perjury; whistleblower situations, etc.

8/27/09

## Contract Law

If an employer has an established policy for termination, in a manner that constitutes a contract, whether expressed or implied, the policy must be followed in the same way for each employee covered. Since a company policy can be viewed as creating a contract, an employee seeking to enforce the policy should consult an attorney for advice.

Union contracts typically contain provisions that govern the termination process. Employees covered by such a contract should consult their union representative.

Independent contractors are governed by the terms of their contract. If they are terminated prior to the contract end date, it may be considered a breach of contract and they should consult an attorney.

## References

Colorado Revised Statutes 24-34-402 (Discriminatory or Unfair Employment Practices)
Colorado Revised Statutes 24-34-402.5 (Off Duty Legal Activities)
Colorado Revised Statutes 24-50.5-103 (Retaliation Prohibited)
Colorado Revised Statutes 13-71-134 (Jury Service)
Continental Airlines Inc., v. Keenan, 731 P.2d 708, 711 (Colo. 1987)

## Website Links

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.dora.state.co.us/civil-rights/ (Colorado Civil Rights Division)
www.eeoc.gov/ (U.S. Equal Employment Opportunity Commission)

8/27/09

# RIGHT TO WORK, 5(II)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

The phrase "right to work" is often confused with the doctrine of "employment-at-will". See Advisory Bulletin # 4 (II) for information on employment-at-will.

## DEFINITION OF RIGHT TO WORK

The phrase "right to work" is applied to certain state laws which prohibit collective bargaining contracts containing an all-union agreement. Such agreements may also be known as union shop, agency shop, or union security clauses. In most states, collective bargaining agreements may contain a term or clause requiring all members of the bargaining unit to join, or pay agency fees to, the union which represents the bargaining unit. Failure to do so may result in termination. Such a term or clause in a collective bargaining agreement creates the all-union agreement.

In states with a right to work law, such all-union agreements are illegal. Members of the bargaining unit still have the right to join a labor union; however those employees who choose not to join may not be terminated for exercising that choice.

## COLORADO HAS A MODIFIED RIGHT TO WORK LAW

Colorado law is unique and provides a specific procedure for the conduct of elections when an all-union agreement is sought. If employees seek to be represented by a union under the National Labor Relations Act, and they wish to bargain for an all-union agreement, at least 75% of employees voting in election must agree to an all-union agreement, or a majority of all the employees eligible to vote must agree to an all-union agreement, whichever is greater. If the vote in favor of the all-union agreement is less than 75%, there can be no all-union agreement in the collective bargaining agreement, just as there would be none in a right to work state. Even if the vote supports the right to bargain for an all-union agreement, Colorado is what is considered an "agency shop" state. Employees operating under an "all-union" agreement must pay union fees, but are not required to be members of the union in order to work for the employer.

The Colorado Department of Labor and Employment conducts the elections required by the statute.

## REFERENCES

Colorado Revised Statutes 8-3-101 (Labor Peace Act)
Colorado Revised Statutes 8-3-104 (Definitions)
Colorado Revised Statutes 8-3-108 (Unfair Labor Practices)
Colorado Attorney General Opinion on Right to Work Status, 12/16/88

8/27/09

**WEBSITE LINKS**

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

8/27/09

# JURY DUTY, 6(II)

---

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## COMPENSATION AND JURY DUTY

All regularly employed trial or grand jurors shall be paid regular wages, but not to exceed fifty dollars per day unless by mutual agreement between the employee and employer, by their employers for the first three days of juror service or any part thereof. Regular employment shall include part-time, temporary, and casual employment if the employment hours may be determined by a schedule, custom, or practice established during the three-month period preceding the juror's term of service.

## JOB PROTECTION AND JURY DUTY

State law protects a juror's job; an employer shall not threaten, coerce, or discharge an employee for reporting for juror service as summoned. An employer shall make no demands upon any employed juror which will substantially interfere with the effective performance of jury service.

## EMPLOYEE PARTICIPATION IN OTHER LEGAL ACTIONS

Employees are not entitled to compensation by their employers for their participation in other unrelated areas of the legal system. For example, an employer does not have to compensate an employee for time spent: serving as a witness in a case, responding to a subpoena, or acting as a plaintiff or defendant in the courts.

Persons inquiring about jury service may contact the jury commissioner for their county, or contact:

Office of the State Court Administrator
101 W. Colfax, Suite 500Denver, CO 80202
(303) 861-1111
(800) 888-0001

## REFERENCES

Colorado Revised Statutes 13-71-126 (Juror Compensation)
Colorado Revised Statutes 13-71-134 (Penalties for Juror Harassment)

1/1/11

**WEBSITE LINKS**

www.colorado.gov/cdle (Colorado Department of Labor and Employment)

www.coloradolaborlaw.gov (Colorado Division of Labor)

www.courts.state.co.us (Colorado Judicial Branch)

www.courts.state.co.us/Jury (Colorado Juror Information)

www.courts.state.co.us/Jury/Employer.cfm (Colorado Jury Information for Employers)

www.courts.state.co.us/Jury/FAQs.cfm (Colorado Jury FAQs)

http://www.courts.state.co.us/Jury/JurorCert.cfm (Employers Seeking Employee Jury Information)

# VOTING, 7(II)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

Eligible electors that are employees in Colorado are permitted to exercise their voting rights under Colorado law in the following manner:

## EMPLOYEE ENTITLEMENT TO VOTE DURING WORK HOURS

Eligible electors entitled to vote at an election shall be entitled to absent themselves for the purpose of voting from any service or employment in which they are engaged or employed on the day of the election for a period of two hours during the time the polls are open (see the exception listed below). Any such absence shall not be sufficient reason for the discharge of any person from service or employment.

Eligible electors, who so absent themselves shall not be liable for any penalty, nor shall any deduction be made from their usual salary or wages, on account of their absence. Eligible electors who are employed and paid by the hour shall receive their regular hourly wage for the period of their absence, not to exceed two hours. Application shall be made for the leave of absence prior to the day of the election. The employer may specify the hours during which the employee may be absent, but the hours shall be at the beginning or end of the work shift, if the employee so requests.

## EXCEPTION TO EMPLOYEE ENTITLEMENT TO VOTE DURING WORK HOURS

The above sections do not apply to any person whose hours of employment on the day of the election are such that there are three or more hours between the time of opening and the time of closing of the polls during which the elector is not required to be on the job.

### REFERENCES
Colorado Revised Statutes 1-7-102 (Employees Entitled to Vote)

### WEBSITE LINKS
www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

8/27/09

# NON-COMPETE AND NONSOLICITATION AGREEMENTS, 8(II)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## NON-COMPETE AGREEMENTS

Colorado recognizes a strong public policy protecting the right of its citizens to earn a living. Colorado law forbids the use of non-compete covenants that restrict the right of any person to receive compensation for performance of skilled or unskilled labor for any employer.

It is very important to seek legal counsel on this topic, but generally speaking, there are four specific exceptions where the use of non-compete agreements may be permitted. Non-compete agreements in the following four categories may be enforceable if the agreements are reasonable in purpose, duration, and geographic scope:

- A contract for the purchase or sale of a business.

- A contract to protect trade secrets.

- A contract allowing an employer to recover the expense of educating and training an employee who has served for a period of less than two years.

- A contract that applies to executive and management personnel and officers and employees who constitute professional staff to executive and management personnel.

In Phoenix Capital, Inc. v. Dowell (2007) the Colorado Court of Appeals found that the phrase "professional staff to executive and management personnel" is limited to those persons who, while qualifying as "professionals" and reporting to managers or executives, primarily serve as key members of the manager's or executive staff in the implementation of management or executive functions. Contact an attorney for more information on this topic.

## NON-SOLICITATION AGREEMENTS

Non-solicitation agreements are often used to limit the ability of current and former employees to contact clients for the purpose of soliciting business, or to contact coworkers for the purpose of enticing them to leave their jobs.

All persons inquiring should refer to legal counsel for advice, but generally speaking, non-solicitation agreements may be easier to enforce than non-compete agreements because they do not substantially limit the employee's ability to earn a living. However, overly broad non-solicitation agreements may risk violating Colorado's non-compete statute.

**REFERENCES**

Colorado Revised Statutes 8-2-113 (Non-Compete Statute)
Phoenix Capital, Inc. v. Dowell, 2007 WL 2128330 (Colo. App. July 26, 2007)

**WEBSITE LINKS**

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

# GARNISHMENTS AND INCOME ASSIGNMENTS, 9(II)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

Employers are required by law to process many different types of wage withholding orders. Two common wage withholding orders are garnishments and income assignments.

## GARNISHMENTS

A garnishment is one method for creditors to collect monies owed from a judgment. More specifically, garnishment is a process that allows for the withholding of the earnings of an employee for payment of a judgment regarding an overdue debt (for example, past due child support).

Federal law, Title III of the Consumer Credit Protection Act, may limit the amount of wages that may be garnished. For more information about the amount garnished or termination related to the garnishment, contact the U.S. Department of Labor at 720-264-3250. Persons inquiring about all other topics related to garnishments should contact the court or agency handling the order.

## INCOME ASSIGNMENTS

Income assignments are current and ongoing support obligations for dependents. Deductions from income are used to pay current child support, medical support, past due child support, or spousal maintenance.

It is illegal to refuse to hire, discipline, or discharge an employee because of an income assignment for child support or insurance premiums. Persons inquiring about termination as a result of a garnishment may contact the U.S. Department of Labor at 720-264-3250.

## DEDUCTIONS FOR THE COST OF WITHHOLDING EARNINGS

Colorado law allows an employer to extract a processing fee of up to $5.00 per month from the remainder of the employee's earnings after child support has been already withheld. There is no processing fee permitted for health insurance premium (HIP) withholding.

Persons inquiring about garnishments and income assignments should contact the court or agency that is handling the order.

### REFERENCES

Colorado Revised Statutes 14-14-111.5 (Income Assignments for Child Support)
Colorado Rules of Civil Procedure Chapter 13, Rule 103 (Garnishment)

**WEBSITE LINKS**

www.colorado.gov/cdle (Colorado Department of Labor and Employment)

www.coloradolaborlaw.gov (Colorado Division of Labor)

www.childsupport.state.co.us/ (Colorado Employer's Guide to Child Support)

www.acf.hhs.gov/programs/cse/pubs/2005/handbook_on_cse.pdf  (Federal Guide to Child Support Enforcement)

http://www.courts.state.co.us/Forms/Forms_List.cfm?Form_Type_ID=29 (Colorado Judicial Branch Garnishment Information)

http://www.dol.gov/whd/regs/compliance/whdfs30.pdf  (The Federal Wage Garnishment Law, Consumer Credit Protection Act's Title 3 (CCPA) Fact Sheet)

http://www.dol.gov/compliance/guide/garnish.htm  (U.S. Department of Labor, Wages and Hours Worked: Wage Garnishment)

1/1/11

# ACCESS TO PERSONNEL FILES, DIVISION OF LABOR RECORDS, AND CLAIM INFORMATION, 10(II)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## PERSONNEL FILES

Colorado law does not require access to employee personnel files in the private sector. Personnel records are the property of the employer, and employee access to their own personnel records is typically at the employer's discretion.

Governmental employees may have rights in certain circumstances to access their personnel files in accordance with federal law. Persons inquiring should consult with the U.S. Department of Labor (866-487-9243) or an attorney for guidance.

## ACCESS TO DIVISION OF LABOR RECORDS

The investigative reports, labor claims, and case records of the Colorado Division of Labor are not available for public review. Absent a directive from the Director, the Division of Labor will not provide information to the public on specific employers, employees, or employment-related disputes.

The Division of Labor may gather and distribute general statistical information and data for use by other state departments and the public.

## RETENTION OF DIVISION OF LABOR RECORDS

The Division of State Archives and the Department of Labor and Employment have prepared the following general retention and disposition schedules for the Division of Labor that provide the legal authorization to retain and dispose of common records.

Labor Standards Investigative Files
Original investigative files must be retained for 3 years plus current. No active files may be destroyed. Duplicate copies shall be retained until no longer active.

Labor Standards Labor Claims
Original labor claims must be retained for 3 years plus current. Duplicate copies shall be retained until no longer needed.

8/27/09

## ACCESS TO CLAIM INFORMATION

Access to specific claim information is granted solely to the claimant, employer, and designated representatives (e.g., attorneys) involved in the dispute. Other interested parties (e.g., spouse, relatives, or friends) must obtain written consent from the claimant or employer in order to obtain access to claim information.

It is the policy of the Division of Labor that Compliance Officer notes (for example, notes in the Division's *eCOMP* database system) are protected work product information. Absent an order from the courts or a directive from the Director, the Division will not provide such notes to employers, employees, the public, or other interested parties.

### REFERENCES
Colorado Revised Statutes 8-1-115 (Division of Labor Information Not Public)

### WEBSITE LINKS
www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

8/27/09

# PREFERRED CLAIMS AND EMPLOYER INSOLVENCY, 11(II)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## WAGES AS A PREFERRED CLAIM

When the business of any person, corporation, company, or firm is suspended by the action of creditors or put into the hands of a receiver or trustee, the debts owing to laborers, servants, or employees, which have occurred by reason of their labor or employment shall be considered and treated as preferred claims. Such laborers or employees shall be preferred creditors and shall first be paid in full. If there are not sufficient funds to pay them in full, they shall be paid from the proceeds of the sale of the property seized.

## STATEMENT OF PREFERRED CLAIM

Any laborer, servant, or employee desiring to enforce his claim for wages under this article shall present a statement under oath showing the amount due, the kind of work for which the wages are due, and when performed to the officer, person, or court charged with the property within twenty days after the seizure thereof on any execution or writ of attachment or within sixty days after same has been placed in the hands of any receiver or trustee, and thereupon it is the duty of the person or court having or receiving such statement to pay the amount of the claim to the person entitled thereto.

See Advisory Bulletin # 3 (II) for information on employer bankruptcy.

## REFERENCES

Colorado Revised Statutes 8-10-101 (Wages a Preferred Claim)
Colorado Revised Statutes 8-10-102 (Statement of Claim)

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

# BOUNCED CHECKS AND NOTICE OF DISHONORED INSTRUMENT, 12(II)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

The Colorado Division of Labor will investigate disputes where an employee has not been fully compensated in a timely manner for all work performed.

The Colorado Division of Labor does not have the authority to recover expenses (for example, bounced check fees) that are incurred as a result of checks, drafts, or orders that are not paid upon presentment to a bank or other financial institution.

Employees may complete a formal notice of dishonored instrument, which serves to notify the employer that the individual is demanding full payment of the amount of the invalid paycheck. Once the formal notice of dishonored instrument has been delivered, the employer may be liable for three times the amount of the check plus court costs, attorney fees, and actual damages caused by the nonpayment of the paycheck including associated late fees if the employee has not been fully compensated within 15 days of the notice.

See Advisory Bulletins # 1 (I) (methods of payment) and # 2 (I) (pay periods) for additional information.

## REFERENCES

Colorado Revised Statutes 8-4-103 (Payment of Wages)
Colorado Revised Statutes 13-21-109 (Recovery of Damages for Checks Not Paid)

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
http://www.colorado.gov/cs/Satellite?c=Document_C&childpagename=CDLE-LaborLaws%2FDocument_C%2FCDLEAddLink&cid=1251566971876&pagename=CDLEWrapper (Notice of Dishonored Instrument Form)

8/27/09

# MEDICAL LEAVE, PREGNANCY LEAVE, AND DISABILITY, 13(II)

---

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## MEDICAL LEAVE AND PREGNANCY LEAVE

Colorado has not enacted a medical leave or pregnancy leave law that applies to employees in the private sector. Persons inquiring about medical or pregnancy leave should contact the U.S. Department of Labor (866-487-9243), as the Family and Medical Leave Act of 1993 (FMLA) or other federal laws may apply. Questions regarding workers' compensation should be directed to the Colorado Division of Workers' Compensation (303-318-8700).

## DISABILITY

Colorado does not require paid leave for workers with disabilities. Individuals with questions regarding disability and employment discrimination issues may contact the Colorado Civil Rights Division (303-894-2997), the U.S. Equal Employment Opportunity Commission (800-669-4000), or an attorney for information and guidance. See Advisory Bulletin # 14 (II) for more information on employment discrimination.

## DOMESTIC ABUSE LEAVE LAW

Colorado Revised Statutes 24-34-402.7 permits an employee to request or take up to three working days of leave from work in any twelve-month period, with or without pay, if the employee is the victim of domestic abuse, stalking, sexual assault, or any other crime related to domestic abuse. See Advisory Bulletin # 20 (II) for more information on domestic abuse leave.

### REFERENCES

Colorado Revised Statutes 24-34-402.7 (Domestic Abuse Leave)

### WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
http://www.colorado.gov/cs/Satellite/CDLE-WorkComp/CDLE/1240336932511 (Colorado Division of Workers' Compensation)
www.dora.state.co.us/civil-rights/ (Colorado Civil Rights Division)
www.dol.gov/whd/fmla/ (U.S. Department of Labor FMLA Guidance)
www.eeoc.gov/ (U.S. Equal Employment Opportunity Commission)

# EMPLOYEE MISTREATMENT AND DISCRIMINATION, 14(II)

---

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

In general, employers in Colorado have significant latitude in how they treat their employees, as long as such treatment is not specifically prohibited by law or a contractual agreement. If an employee believes their employer's actions may have been illegal or discriminatory, the employee should contact the appropriate agency or seek legal counsel.

Employers are not allowed to discriminate in employment based upon any of the following factors:

- Race
- Color
- National Origin
- Ancestry
- Creed
- Religion
- Sex
- Age
- Physical Disability
- Mental Disability
- Marriage to a Co-Worker (subject to specific circumstances)
- Sexual Orientation

Persons inquiring about discrimination should contact the Colorado Civil Rights Division (303-894-2997) or the U.S. Equal Employment Opportunity Commission (800-669-4000) for information and guidance.

**REFERENCES**

Colorado Revised Statutes 24-34-402 (Discriminatory or Unfair Employment Practices)

**WEBSITE LINKS**
www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.dora.state.co.us/civil-rights/ (Colorado Division of Civil Rights)
www.eeoc.gov/ (U.S. Equal Employment Opportunity Commission)

# SMALL CLAIMS COURT, 15(II)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

Small claims courts in Colorado are a division of the county court system designed to provide a quick and inexpensive resolution to minor claims. Small claims courts are courts of limited jurisdiction; the court cannot award more than $7500 in monetary awards. Persons inquiring who wish to use small claims court must file the claim in the county where the defendant lives or maintains business operations. For claims up to $500, the court filing fee is $31. For claims over $500, the court filing fee is $55.

Questions about the use and operation of small claims court should be directed to the clerk of the county court of the county in which the case is filed, or to the Office of the State Court Administrator in Denver at (303) 861-1111.

County Court Telephone Contact Information
(Call 303-837-3624 for Counties not listed):

| | |
|---|---|
| Adams County: | (303) 659-1161 |
| Arapahoe County: | (303) 798-4591 |
| Boulder County: | (303) 441-3750 |
| Broomfield County: | (720) 887-2100 |
| Denver County: | (720) 865-8301 |
| Douglas County: | (720) 437-6200 |
| Jefferson County: | (303) 271-6145 |

## REFERENCES

Colorado Rules of Civil Procedure 501-521 (Colorado Rules of Procedure for Small Claims Courts)

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.courts.state.co.us/ (Colorado Judicial Branch)

www.courts.state.co.us/userfiles/File/Media/Brochures/smallclaimsweb.pdf (Colorado Small Claims Handbook)

http://www.courts.state.co.us/Forms/Forms_List.cfm?Form_Type_ID=176(Colorado Court Fees)

www.courts.state.co.us/Courts/County/Choose.cfm (Colorado Courts by County)

http://www.courts.state.co.us/Forms/Forms_List.cfm/Form_Type_ID=9 (Colorado Small Claims Self Help / Forms)

# MECHANICS' LIENS, 16(II)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

The mechanics' lien law is intended to benefit and protect those who supply labor, materials, or services which enhance the value or condition of another's property.

Mechanics' liens are used to obtain unpaid wages from land and property owners who have failed to properly pay for work performed.

Individuals who have performed labor for the construction, alteration, improvement, addition to, or repair of a structure may file a mechanics' lien. Individuals who have added value to a structure by furnishing laborers, machinery, tools, or equipment may also file a mechanics' lien.

The Division of Labor does not provide assistance in mechanics' lien disputes. All persons inquiring should consult with an attorney for guidance.

**REFERENCES**

Colorado Revised Statutes 38-22-101 to 38-22-133 (Mechanics' Liens)

**WEBSITE LINKS**

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

# UNCLAIMED PROPERTY AND UNCASHED CHECKS, 17(II)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

Property (for example, un-cashed payroll checks) held for the owner by the Colorado Division of Labor which remains unclaimed by the owner for more than one year after becoming payable or distributable is presumed abandoned.

Such property that is presumed to be abandoned after one year shall be disposed of pursuant to Colorado Revised Statutes 38-13-101 et seq. In accordance with C.R.S. 38-13-110, a report must be filed with the State Treasurer which details the following:

The apparent owner of the unclaimed property.
The last known address of the owner of the property.
The nature of the property and an appropriate description of the property.
The date the property became payable, demandable, or returnable, and the date of the last transaction with the apparent owner with respect to the property.
Any other relevant information on the apparent owner and the property.

Persons inquiring about unclaimed property or un-cashed checks should contact the Colorado State Treasurer at (303) 866-2441 for further assistance.

### REFERENCES

Colorado Revised Statutes 38-13-108.2 (Property Held by Courts and Public Agencies)
Colorado Revised Statutes 38-13-110 (Report and Payment or Delivery of Abandoned Property)

### WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.colorado.gov/treasury/ (Colorado State Treasurer)
www.colorado.gov/apps/treasury/ucp/claims/ (Colorado Unclaimed Property)

1/28/08

# DISCIPLINARY POLICIES, 18(II)

---

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

Employers in Colorado are not generally required to establish specific disciplinary policies, nor are they typically required to provide employees with "write-ups" or advance notice prior to termination. Persons inquiring about the legality of employer disciplinary policies and actions should consult with an attorney for advice. See Advisory Bulletin # 4 (II) for more information on notice of termination and employment-at-will.

Individuals who believe they have been subjected to discriminatory or unfair treatment may contact the Colorado Civil Rights Division at (303) 894-2997. See Advisory Bulletin # 14 (II) for more information on employee mistreatment and discrimination.

Employers may not deduct from an employee's earned wages or compensation as a form of discipline. See Advisory Bulletin # 4 (I) for more information on permissible paycheck deductions.

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

1/28/08

# OCCUPATIONAL SAFETY AND HEALTH, 19(II)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

Persons inquiring about workplace safety and health issues should contact the Occupational Safety and Health Administration (OSHA), a federal agency created to ensure safe and healthful workplace environments. To report accidents, unsafe working conditions, or safety and health violations, individuals may call OSHA at (800) 321-6742.

Questions may also be sent to OSHA at:

U.S. Department of Labor
Occupational Safety & Health Administration
200 Constitution Avenue
Washington, D.C. 20210

**WEBSITE LINKS**
www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.osha.gov/ (Occupational Safety & Health Administration)
www.cdphe.state.co.us/ (Colorado Department of Public Health and Environment)

1/28/08

# EMPLOYEE DOMESTIC ABUSE LEAVE LAW, 20(II)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

Colorado Revised Statutes 24-34-402.7 permits an employee to request or take up to three working days of leave from work in any twelve-month period, with or without pay, if the employee is the victim of domestic abuse, stalking, sexual assault, or other crimes related to domestic abuse. The leave law applies only to employers who employ 50 or more employees and to employees who have been employed with the employer for 12 months or more.

The leave is permitted under the law if the employee is using the leave to protect himself or herself by:

Seeking a civil protection order.
Obtaining medical care or mental health counseling.
Making the home secure from the perpetrator.
Seeking legal assistance to address related issues.

Persons inquiring about domestic abuse leave should seek legal counsel for advice.

**REFERENCES**
Colorado Revised Statutes 24-34-402.7 (Domestic Abuse Leave Law)

**WEBSITE LINKS**
www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolabor.gov (Colorado Division of Labor)

1/28/08

# OFF DUTY LEGAL ACTIVITIES, 21(II)

---

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

Colorado Revised Statutes 24-34-402.5, commonly referred to as the "smokers' rights" statute, makes it a discriminatory or unfair employment practice for an employer to terminate the employment of any employee due to that employee's engaging in any lawful activity off the premises of the employer during nonworking hours, unless such a restriction:

Relates to a bona fide occupational requirement or is reasonably and rationally related to the employment activities and responsibilities of a particular employee or a particular group of employees, rather than to all employees of the employer.

Or:

Is necessary to avoid a conflict of interest with any responsibilities to the employer or the appearance of such a conflict of interest.

Individuals claiming to be aggrieved by a discriminatory or unfair employment practice as defined by this statute may bring a civil suit for damages in any district court of competent jurisdiction.

Persons inquiring should consult with legal counsel for advice.

**REFERENCES**
Colorado Revised Statutes 24-34-402.5 (Off Duty Legal Activities)

**WEBSITE LINKS**
www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

# EMPLOYMENT REFERENCES, 22(II)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## COLORADO REFERENCE IMMUNITY LAW

Colorado law states that any employer who provides information about a current or former employee's job history or job performance to a prospective employer of the current or former employee upon request of the prospective employer or the current or former employee is immune from civil liability and is not liable in civil damages for the disclosure or any consequences of the disclosure.

This immunity shall not apply when such employee shows by a preponderance of the evidence both of the following:

The information disclosed by the current or former employer was false.

AND

The employer providing the information knew or reasonably should have known that the information was false.

## COLORADO STATE AGENCY EMPLOYMENT REFERENCE CHECKS

Interested parties may verify the employment history and income of Colorado State Government employees by calling "The Work Number" at (900) 555-9675. State employees may call (800) 367-2884 to access their employment and income verification account. Related questions about The Work Number service may be directed to (800) 996-7566.

Persons inquiring about employment references should consult with an attorney for guidance.

### REFERENCES

Colorado Revised Statutes 8-2-114 (Reference Immunity Statute)

### WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

1/28/08

# POLYGRAPH AND LIE DETECTOR TESTS, 23(II)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

Colorado does not have a specific law regarding the use of lie detector tests and polygraphs in the employment context. A federal law known as the Employee Polygraph Protection Act (EPPA) generally prohibits employers and businesses from using lie detector tests for pre-employment screening or during any other stage of employment.

There are certain exceptions to this prohibition on the use of polygraph tests. The primary exceptions may include:

- Federal, state, and local governmental employees.
- Various private sector security and drug companies.
- Private businesses that are investigating an economic loss.

Persons inquiring about polygraph tests and lie detector tests should consult with the U.S. Department of Labor at (866) 487-9243 or an attorney for guidance.

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.dol.gov/ (U.S. Department of Labor)
www.dol.gov/whd/regs/compliance/whdfs36.pdf (U.S. DOL EPPA Fact Sheet)

1/28/08

# EMPLOYEE IDENTIFICATION AND SOCIAL SECURITY NUMBERS, 24(II)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

Employees who do not furnish their employer with a social security number or who do not properly complete relevant tax forms must be paid their earned wages and compensation in accordance with all applicable provisions of Colorado wage law and Colorado Minimum Wage Order Number 28. It is not permissible for an employer to delay or withhold payment of earned wages and compensation solely because an employee is unwilling or unable to supply a social security number or a properly completed tax form.

However, for tax and recordkeeping purposes, an employer may be able to treat an employee who has failed to properly complete a W-4 form as a single person claiming no withholding allowances.

Persons inquiring about employee identification and social security numbers for tax purposes must contact the Internal Revenue Service (800-829-1040) or the Colorado Department of Revenue (303-238-7378).

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.colorado.gov/cs/Satellite/CDLE-LaborLaws/CDLE/1248095356387 (Employment Verification Requirements Website)
www.revenue.state.co.us/main/home.asp (Colorado Department of Revenue)
www.irs.gov/ (Internal Revenue Service)
www.irs.gov/pub/irs-pdf/p505.pdf (IRS Tax Withholding and Estimated Tax Publication 505)

1/1/11

# COLORADO COLLECTION LAWS AND PRACTICES, 25(II)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

The Colorado Fair Debt Collection Practices Act (CFDCPA) protects consumers from unfair and abusive debt collection practices. It applies to debt collectors, collection agencies, and companies that buy and collect debts in default. The CFDCPA does not apply to creditors who collect their own debts.

Complaints about debt collectors and collection agencies may be directed to the Colorado Collection Agency Board at:

Colorado Attorney General
Attn: Colorado Collection Agency Board
1525 Sherman Street, 7th Floor
Denver, CO 80203
(303) 866-5304

## REFERENCES

Colorado Revised Statutes 12-14-101 to 12-14-137 (Colorado Fair Debt Collection Practices Act and Related Laws)

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.coloradoattorneygeneral.gov/departments/consumer_protection/uccc_cab/cab (Colorado Department of Law / Collection Agency Board)
www.coloradoattorneygeneral.gov/departments/consumer_protection/uccc_cab/cab/consumer_rights_information_english (Consumer Rights Information)

# IDENTITY THEFT, 26(II)

---

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

Identity theft is an increasingly common occurrence, and such theft may be generally defined as someone using your identity without your permission. Persons inquiring about identity theft may wish to take some or all of the following steps as necessary:

Victims of identity theft may wish to file a police report detailing what has been taken, stolen, or used without permission.

Victims of identity theft may wish to contact the three major credit bureaus in order to inspect and make adjustments to their credit reports. The three major national credit bureaus may be contacted as follows:

- Equifax Credit Information Services
  Consumer Fraud Division
  (800) 525-6285 (Fraud) 1-877-322-8228 (Free Copy of Credit Report)

- Experian
  National Consumer Assistance
  (888) 397-3742 (Fraud and Free Copy of Credit Report)

- TransUnion
  Fraud Victim Assistance Department
  (800) 680-7289 (Fraud) (800) 888-4213 (Free Copy of Credit Report)

The Federal Trade Commission provides additional information on identity theft and maintains a centralized database for identity theft complaints. For more information contact the Federal Trade Commission Identity Theft Clearinghouse at 877-IDTHEFT, or www.ftc.gov/idtheft.

Victims of identity theft who are having a dispute with collection agencies regarding illegal charges and debt may contact the Colorado Collection Agency Board at (303) 866-5304.

Persons inquiring may wish to consult with an attorney for guidance.

See Advisory Bulletin # 25 (II) for more information on collection laws and practices.

3/31/12

**WEBSITE LINKS**

www.colorado.gov/cdle (Colorado Department of Labor and Employment)

www.coloradolaborlaw.gov (Colorado Division of Labor)

www.coloradoattorneygeneral.gov/initiatives/identity_theft (Identity Theft Resources)

www.coloradoattorneygeneral.gov/sites/default/files/uploads/identity_theft/idtrk.pdf (Identity Theft Repair Kit)

www.coloradoattorneygeneral.gov/departments/consumer_protection (Colorado Attorney General Consumer Protection)

www.ftc.gov/bcp/edu/microsites/idtheft/  (Federal Trade Commission ID Theft)

# DAVIS-BACON WAGES, 27(II)

---

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

The Davis-Bacon Act as amended, requires that each contract over $2000 to which the United States or the District of Columbia is a party for the construction, alteration, or repair of public buildings or public works shall contain a clause setting forth the minimum wages to be paid to various classes of laborers and mechanics employed under the contract.

Under the provisions of the Act, contractors or their subcontractors are to pay workers employed directly upon the site of the work no less than the locally prevailing wages and fringe benefits paid on projects of a similar character. The Davis-Bacon Act directs the Secretary of Labor to determine local prevailing wage rates.

Davis-Bacon wage determinations issued by the U.S. Department of Labor may be viewed at: http://www.wdol.gov/. Questions regarding Davis-Bacon and Related Acts may be e-mailed to: dbra-faqs@fenix2.dol-esa.gov.

Persons inquiring about Davis-Bacon Wages should contact the U.S. Department of Labor at (866) 487-9243 for more information.

### WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
http://www.wdol.gov/ (Davis-Bacon Wage Determinations)
www.dol.gov/whd/programs/dbra/index.htm (U.S. Department of Labor Davis-Bacon Information)
www.dol.gov/whd/programs/dbra/faqs.htm (Davis-Bacon Frequently Asked Questions)
http://lmigateway.coworkforce.com/lmigateway/ (Colorado Labor Market Information, Occupational Statistics for the State)

# MILITARY AND UNIFORMED SERVICES EMPLOYMENT RIGHTS (USERRA), 28(II)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

A federal law, the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), protects civilian job rights and benefits based upon past, present, or future membership in a uniformed service, and prohibits discrimination in employment or reemployment based upon uniformed service.

USERRA applies to virtually all employers, including the federal government. Individuals potentially covered by provisions of USERRA include persons who have performed voluntary or involuntary service in such uniformed services as: Army, Navy, Marine Corps, Air Force, Coast Guard, Army Reserve, Navy Reserve, Marine Corps Reserve, Air Force Reserve, Coast Guard Reserve, Commissioned Corps of the Public Health Service, and any other category of persons designated by the President in time of war or emergency.

Persons inquiring about USERRA rights and employer obligations should contact the Colorado Office of the United States Department of Labor Veterans Employment and Training:

Director
Brian Gault Brian.Gault@dol.gov
633 17th Street, Suite 700
Denver, Colorado 80202
(303) 844-2151

**WEBSITE LINKS**
www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.dol.gov/elaws/vets/userra/userra.asp (U.S. DOL USERRA Advisor)
http://www.dol.gov/compliance/guide/userra.htm (USERRA Resource Guide)
www.dol.gov/vets/ (Veterans' Employment and Training Service)
http://www.colorado.gov/cs/Satellite/CDLE-EmployTrain/CDLE/1248095317855 (Colorado Veterans Reemployment Rights)

3/31/12

# CONSOLIDATED OMNIBUS BUDGET RECONCILIATION ACT (COBRA) AND COLORADO HEALTH INSURANCE, 29(II)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## COBRA

A federal law, the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) provides workers and their families who lose their health benefits the right to temporary continuation of health coverage at group rates. This coverage is only available when coverage is lost due to certain specific events and only in particular circumstances.

Persons inquiring about COBRA should contact the Employee Benefits Security Administration (EBSA) at (866) 444-3272 for more information.

## COLORADO HEALTH INSURANCE

In the event of termination of employment, Colorado law allows former employees and dependents to continue health care insurance with their former employer for up to 18 months in certain circumstances. However, if the employer is subject to the provisions of COBRA, the state continuation coverage requirements may be superseded.

Persons inquiring about health care coverage under Colorado law should contact the Colorado Division of Insurance at (303) 894-7490 or (800) 930-3745 for more information.

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.dol.gov/dol/topic/health-plans/cobra.htm (U.S. DOL COBRA Information)
http://www.dol.gov/ebsa/faqshttp://www.dol.gov/ebsa/faqs/main.html/main.html (U.S. DOL COBRA FAQs)
www.colorado.gov/hcpf (Colorado Department of Health Care Policy and Financing)

# AMERICAN HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT "HIPAA", 30(II)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## AMERICAN HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT

The following information is reproduced from the United States Department of Health and Human Services, Office for Civil Right's website located at: www.hhs.gov/ocr/privacy/

> The privacy provisions of the federal law, the Health Insurance Portability and Accountability Act of 1996 (HIPAA), apply to health information created or maintained by health care providers who engage in certain electronic transactions, health plans, and health care clearinghouses. The Department of Health and Human Services (HHS) has issued the regulation, "Standards for Privacy of Individually Identifiable Health Information," applicable to entities covered by HIPAA. The Office for Civil Rights (OCR) is the Departmental component responsible for implementing and enforcing the privacy regulation.

Persons inquiring about HIPPA should contact the U. S. Department of Health and Human Services, Office for Civil rights at 1-866-627-7748 for more information.

## REFERENCES

www.hhs.gov/ocr/privacy/

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.hhs.gov/ocr/hipaa/
www.hhs.gov/ocr/privacy/hipaa/understanding/summary/ (Summary of HIPAA Privacy Rule)
www.hhs.gov/ocr/privacy/hipaa/understanding/ (Understanding HIPAA)
www.hhs.gov/ocr/privacy/hipaa/enforcement (HIPAA Privacy Rule Enforcement)

# PUBLIC COMPANY ACCOUNTING REFORM AND CORPORATE RESPONSIBILITY ACT OF 2002 [SARBANES-OXLEY ACT OF 2002 (SOX)], 31(II)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

The following information is reproduced from the U.S Securities and Exchange Commission's Website located at: www.sec.gov/about/laws.shtml#sox2002:

> On July 30, 2002, President Bush signed into law the Sarbanes-Oxley Act of 2002, The Act mandates a number of reforms to enhance corporate responsibility, enhance financial disclosures and combat corporate and accounting fraud, and created the "Public Company Accounting Oversight Board," also known as the PCAOB, to oversee the activities of the auditing profession. The full text of the Act is available at: http://www.sec.gov/about/laws/soa2002.pdf.  You can find links to all Commission rulemaking and reports issued under the Sarbanes-Oxley Act at: http://www.sec.gov/spotlight/sarbanes-oxley.htm.

Persons inquiring about the act should contact the Securities and Exchange Commission at 1-800-SEC-0330 for more information.

## REFERENCES

www.sec.gov/about/laws.shtml#sox2002

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.sec.gov/ (Securities and Exchange Commission)
www.sec.gov/about/laws.shtml
www.sec.gov/about/laws/soa2002.pdf (Full Text of the Act)
www.sec.gov/spotlight/sarbanes-oxley.htm (SEC Rulemaking and Reports)
www.sec.gov/cgi-bin/txt-srch-sec?section=Entire+Website&text=PCAOB&sort=rank#section0
(Public Accounting Oversight Board Regulatory Actions)

# WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT (WARN), 32(II)

---

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT (WARN)

The following information is reproduced from the United States Department of Labor's website, www.dol.gov/compliance/laws/comp-warn.htm:

> The Worker Adjustment and Retraining Notification Act (WARN) is a (federal) law that protects workers, their families, and communities by requiring most employers with 100 or more employees to provide notification 60 calendar days in advance of plant closings and mass layoffs.
>
> Employees entitled to notice under WARN include managers and supervisors, as well as hourly and salaried workers. WARN requires that notice also be given to employees' representatives, the local chief elected official, and the state dislocated worker unit.
>
> Advance notice gives workers and their families some transition time to adjust to the prospective loss of employment, to seek and obtain other jobs, and, if necessary, to enter skill training or retraining that will allow these workers to compete successfully in the job market.
>
> DOL (United States Department of Labor) has no enforcement role in seeking damages for workers who did not receive adequate notice of a layoff or received no notice at all. However, they can assist workers in finding a new job or learning about training opportunities that are available.

Persons inquiring about WARN should contact the U.S. Department of Labor at 1-877-872-5627. For inquiries concerning the enforcement of WARN, consult with an attorney.

For information concerning layoff transition services, contact Barbara McBride with the Colorado Department of Labor at 303-318-8840 or barbara.mcbride@state.co.us.

## REFERENCES

20 C.F.R. § 639 (Worker Adjustment and Retraining Notification)

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.colorado.gov/cs/Satellite/CDLE-UnempBenefits/CDLE/1240336898069 (Colorado Division of Unemployment Insurance Benefits)

www.colorado.gov/cs/Satellite/CDLE-EmployTrain/CDLE/1249305740652?rendermode=live
(Colorado Division of Unemployment Insurance Benefits Layoff Assistance)
www.dol.gov/ (US Department of Labor)
www.dol.gov/compliance/laws/comp-warn.htm (US Department of Labor WARN)
www.doleta.gov/layoff/pdf/WorkerWARN2003.pdf (US Department of Labor Worker's Guide
to Advance Notice of Closings and Layoffs)
www.doleta.gov/layoff/pdf/EmployerWARN09_2003.pdf (US Department of Labor Employer's
Guide to Advance Notice of Closings and Layoffs)

# WORKPLACE ACCOMMODATIONS FOR NURSING MOTHERS ACT, 33(II)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

If an employee is covered under both Colorado and federal laws, then the employer must follow the law which provides the greater protection to employees.

## WORKPLACE ACCOMMODATIONS FOR NURSING MOTHERS

Colorado State Law

Effective August 5, 2008, public and private employers who have one or more employees shall provide reasonable unpaid break time or permit an employee to use paid break time, meal time, or both, each day to allow the employee to express breast milk for her nursing child for up to two years after the child's birth.

Federal Law

The Patient Protection and Affordable Care Act ("PPACA") requires that employers provide "reasonable break time for an employee to express breast milk for her nursing child for 1 year after the child's birth each time such employee has need to express the milk," effective March 23, 2010.

For information about coverage under federal law, contact the U.S. Department of Labor at 720-264-3250.

## ACCOMMODATIONS

Colorado State Law

An employer shall make reasonable efforts to provide a room or other location in close proximity to the work area, other than a toilet stall, where an employee can express breast milk in privacy.

Reasonable efforts means any effort that would not impose an undue hardship on the operation of the employer's business.

Undue hardship means any action that requires significant difficulty or expense when considered in relation to factors such as the size of the business, the financial resources of the business, or the nature and structure of its operation, including consideration of the special circumstances of public safety.

Federal Law

The location provided must be "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk.

## COVERAGE AND ENFORCEMENT

Colorado State Law

§ 8-13.5-101, C.R.S., applies to all public and private employers employing one or more employees in the state.

Before an employee may seek litigation for a violation of this section, there shall be nonbinding mediation between the employer and the employee. Persons inquiring may need to contact an attorney for legal advice.

Federal Law

Only employees who are not exempt from the overtime pay requirements of the Fair Labor Standards Act ("FLSA") are entitled to breaks to express milk.

An employer that employs less than 50 employees may not be subject to the FLSA break time requirements, if such requirements would impose an undue hardship by causing the employer significant difficulty or expense when considered in relation to the size, financial resources, nature, or structure of the employer's business.

Persons inquiring about federal break time requirements should contact the U.S. Department of at 720-264-3250.

## REFERENCES

Colorado Revised Statutes 8-13.5-101
Patient Protection and Affordable Care Act, Section 4207
29 U.S.C. 207(r)(1)

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.colorado.gov/cs/Satellite/CDLE-LaborLaws/CDLE/1248095305263 (Colorado Department of Labor and Employment)

# GENETIC INFORMATION NONDISCRIMINATION ACT OF 2008 (GINA), 34(II)

---

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE. PERSONS INQUIRING SHOULD BE ADVISED TO SEEK LEGAL COUNSEL.*

The following information is courtesy of the National Human Genome Research Institute website, located at: http://www.genome.gov/:

May 21 2008 — The President has signed into law the Genetic Information Nondiscrimination Act (GINA) that will protect Americans against discrimination based on their genetic information when it comes to health insurance and employment.

Regulations interpreting the law are currently being drafted and will be available within 12 months (by May 2009).

The heath insurance provisions of GINA take effect in May 2009, while the employment provisions take effect six months later in November 2009.

In the employment context, GINA:

Prohibits employers from using a person's genetic information in making employment decisions such as hiring, firing, job assignments, or any other terms of employment.

Prohibits employers from requesting, requiring, or purchasing genetic information about a person or his or her family members.

## References

www.genome.gov/24519851 (National Human Genome Research Institute: Genetic Information Nondiscrimination Act of 2007-2008)
www.genome.gov/10002328 (National Human Genome Research Institute Genetic Discrimination Fact Sheet)
http://thomas.loc.gov/cgi-bin/bdquery/z?d110:HR00493: (The Library of Congress: H.R. 493)

## Website Links

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

# EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA), 35(II)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE. PERSONS INQUIRING SHOULD BE ADVISED TO SEEK LEGAL COUNSEL.*

The following information is reproduced from the Unites States Department of Labor's website located at: http://www.dol.gov/ebsa/compliance_assistance.html:

> The Employee Retirement Income Security Act of 1974 (ERISA) is a federal law that sets minimum standards for retirement and health benefit plans in private industry. ERISA does not require any employer to establish a plan. It only requires that those who establish plans must meet certain minimum standards.
>
> ERISA covers retirement, health and other welfare benefit plans (e.g., life, disability and apprenticeship plans). Among other things, ERISA provides that those individuals who manage plans (and other fiduciaries) must meet certain standards of conduct. The law also contains detailed provisions for reporting to the government and disclosure to participants. There also are provisions aimed at assuring that plan funds are protected and that participants who qualify receive their benefits.
>
> ERISA has also been expanded to include new health laws. The Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) amended ERISA to provide for the continuation of health care coverage for employees and their beneficiaries (for a limited period of time) if certain events would otherwise result in a reduction in benefits. The Health Insurance Portability and Accountability Act of 1996 (HIPAA) amended ERISA to make health care coverage more portable and secure for employees.

Persons inquiring about the act should contact the U.S. DOL at 1-866-487-9243 for more information.

## REFERENCES

www.dol.gov/ (U.S. Department of Labor)
www.dol.gov/ebsa/compliance_assistance.html (U.S. Department of Labor Compliance Assistance)
www.dol.gov/dol/topic/retirement/erisa.htm (U.S. Department of Labor – Retirement Plans, Benefits & Savings)
www.dol.gov/dol/topic/health-plans/erisa.htm (U.S. Department of Labor – Health Plans & Benefits)

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

9/19/08

# PARENTAL INVOLVEMENT IN K-12 EDUCATION ACT, 36(II)

---

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

## PARENTAL INVOLVEMENT IN K-12 EDUCATION ACT OVERVIEW

Effective August 5, 2009, public and private Colorado employers who have at least 50 employees shall provide unpaid leave to non-supervisory and non-executive employees for the purpose of attending parent-teacher conferences or other academic activities. An employer may limit the ability of an employee to take leave in certain situations. The employer and employee may also agree to allow the employee to take paid leave and then make up the work time in the same week. The leave is limited to 6 hours per month and 18 hours per academic year.

## EMPLOYER COVERAGE

The law applies to employers who are defined as such in the federal Family and Medical Leave Act of 1993 ("FMLA"), as amended. Therefore, in general, the law applies to employers who employed 50 or more employees in 20 or more workweeks in the current or preceding calendar year.

## EMPLOYEE COVERAGE

Employees covered by the law are defined as any person working for another for hire in the state of Colorado in a non-executive or non-supervisory capacity who is the parent or legal guardian of a child enrolled in a public or private school or in a nonpublic home-based educational program pursuant to section 22-33-104.5, C.R.S., in Colorado in any grade from kindergarten through twelfth grade.

Independent contractors, domestic servants employed in and about private homes, seasonal workers, and farm and ranch labor are not covered by the law.

## PERMISSIBLE ACADEMIC LEAVE

Academic activities which qualify for leave under the law include the following meetings or conferences regarding the employee's child or any child for whom the employee has primary legal responsibility: parent-teacher conferences, or meetings related to special education services (as defined in § 22-20-103, C.R.S.), responses to intervention (as defined in § 22-2-133(4)(b), C.R.S.), dropout prevention, attendance, truancy, or disciplinary issues.

## LEAVE TIME

Employees are entitled to take up to 6 hours of leave in any 1-month period, with a maximum of 18 hours in any academic year, for the purpose of attending an academic activity for or with the employee's child. In the alternative, an employer and employee may agree to an arrangement

allowing the employee to take paid leave to attend an academic activity and to work the amount of hours of paid leave taken within the same work week.

An employer may require that the leave be taken in no longer than three-hour increments. Employees who work part-time are entitled to a prorated amount of leave based upon the percent of a full-time schedule which the employee works.

## REQUESTING LEAVE

An employer may require that the employee provide written verification from the school or school district of the academic activity. In order to take leave under the law, an employee shall provide the employer with notice of the need for leave at least one calendar week in advance of the academic activity, and the notice shall include the written verification if required by the employer.

In the case of an emergency where the employee is not aware of the need for the leave one calendar week in advance, the employee shall provide the employer with notice of the leave as soon as possible once he or she becomes aware of the need for the leave and shall provide the employer with written verification upon return to work.

## LIMITATIONS ON LEAVE

An employer may limit the ability of an employee to take leave pursuant to the law in cases of emergency or other situations that may endanger a person's health or safety or in a situation where the absence of the employee would result in a halt of service or production. An employer may require that the leave be taken in no longer than three-hour increments and that the employee provide written verification from the school or school district of the academic activity.

## DISPUTES ON THE LAW

The law does not provide for State governmental assistance or intervention regarding disputes involving the law. Contact a private attorney for assistance.

## REPEAL OF THE LAW

The law is set to expire on September 1, 2015.

## REFERENCES

Colorado Revised Statutes 8-13.3-101 to 104

## WEBSITE LINKS

www.coloradolaborlaw.gov (Colorado Division of Labor)
www.dol.gov/whd/fmla/ (U.S. Department of Labor FMLA Guidance)
http://www.dol.gov/whd/regs/compliance/whdfs28.pdf (U.S. Department of Labor FMLA Fact Sheet)

8/27/09

# SECTION III: COLORADO YOUTH EMPLOYMENT

# YOUTH EMPLOYMENT
# DEFINITION OF A MINOR AND COLORADO YOUTH EMPLOYMENT OPPORTUNITY ACT EXEMPTIONS, 1(III)

---

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

**New federal regulations regarding youth employment took effect on July 19, 2010. Please go to the U.S. Department of Labor website: www.dol.gov or contact the District Office at 720-264-3250 for clarification.**

Note that the Fair Labor Standards Act (FLSA) and its regulations do not permit the employment of minors in a variety of circumstances. In addition to reviewing the restrictions under the Colorado Youth Employment Opportunity Act (CYEOA), the restrictions under the FLSA should be reviewed. When both federal and state laws apply, the more stringent standard must be observed. Persons inquiring about federal law and the FLSA should contact the U.S. Department of Labor at (866) 487-9243.

## DEFINITION OF A MINOR UNDER THE COLORADO YOUTH EMPLOYMENT OPPORTUNITY ACT (CYEOA):

A minor is any person under the age of eighteen, except a person who has received a high school diploma or a passing score on the general educational development examination.

## EXEMPTIONS FROM THE CYEOA (These exemptions do not pertain to hazardous occupations; see Advisory Bulletin # 4 III). The Provisions of the CYEOA do not apply to the following:

- Schoolwork and supervised educational activities.
- Home chores.
- Work done for a parent or guardian, except where the parent or guardian receives any payment therefore.
- Newsboys and newspaper carriers.
- Actors, models, and performers are exempt from the age-related restrictions for minors under age fourteen.

See Advisory Bulletins # 2 (III), # 3 (III), and # 4 (III) for more information.

## REFERENCES
Colorado Youth Employment Opportunity Act of 1971

**WEBSITE LINKS**

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.dol.gov/dol/topic/youthlabor/index.htm (U.S. Department of Labor Youth and Labor Information)

3/31/12

# YOUTH EMPLOYMENT
# PERMISSIBLE OCCUPATIONS, 2(III)

---

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

**New federal regulations regarding youth employment took effect on July 19, 2010. Please go to the U.S. Department of Labor website: www.dol.gov or contact the District Office at 720-264-3250 for clarification.**
The following occupations are permissible for minors under the Colorado Youth Employment Opportunity Act (CYEOA). See the related Youth Employment Advisory Bulletins in this section for additional information.

Note that the Fair Labor Standards Act (FLSA) and its regulations do not permit the employment of minors in a variety of circumstances. In addition to reviewing the restrictions under the CYEOA, the restrictions under the FLSA should be reviewed. When both federal and state laws apply, the more stringent standard must be observed. Persons inquiring about federal law and the FLSA should contact the U.S. Department of Labor at (866) 487-9243.

## PERMISSIBLE EMPLOYMENT BY AGE:

## NO MINOR UNDER THE AGE OF NINE YEARS MAY BE EMPLOYED.

## PERMISSIBLE OCCUPATIONS AT AGE NINE OR OLDER:

- Delivery of handbills, advertising, and advertising samples.
- Shoeshining.
- Gardening and care of lawns involving no power-driven lawn equipment.
- Cleaning of walks involving no power-driven snow-removal equipment.
- Casual work usual to the home of the employer and not specifically prohibited.
- Caddying on golf courses.
- Any occupation similar to those enumerated above and not specifically prohibited.

## PERMISSIBLE OCCUPATIONS AT AGE TWELVE OR OLDER:

- Occupations listed above.
- Sale and delivery of periodicals.
- Door-to-door selling and delivery of merchandise.
- Baby-sitting.
- Gardening and care of lawns, including the operation of power-driven lawn equipment if such type of equipment is approved by the division or if the minor has received training conducted or approved by the division in the operation of the equipment.
- Cleaning of walks, including the operation of power-driven snow-removal equipment.
- Agricultural work, except for any such work considered hazardous under federal laws such as the Fair Labor Standards Act.

- Any occupation similar to those enumerated above and not specifically prohibited.

## PERMISSIBLE OCCUPATIONS AT AGE FOURTEEN OR OLDER:

- Occupations listed above.
- Non-hazardous occupations in manufacturing. See Advisory Bulletin # 4 (III) for hazardous occupations for minors.
- Public messenger service and errands by foot, bicycle, and public transportation.
- Operation of automatic enclosed freight and passenger elevators.
- Janitorial and custodial service, including the operation of vacuum cleaners and floor waxers.
- Office work and clerical work, including the operation of office equipment.
- Warehousing and storage, including unloading and loading of vehicles.
- Non-hazardous construction and non-hazardous repair work. See Advisory Bulletin # 4 (III) for hazardous occupations for minors.
- Occupations in retail food service.
- Occupations in gasoline service establishments including (but not limited to):
- Dispensing gasoline, oil, and other consumer items.
- Courtesy service.
- Car cleaning, washing, and polishing.
- The use of hoists (where supervised).
- Changing tires. Note: No minor may inflate or change any tire mounted on a rim equipped with a removable retaining ring.
- Occupations in retail stores including:
- Cashiering.
- Selling.
- Modeling.
- Art work.
- Work in advertising departments.
- Window trimming.
- Price marking by hand or machine.
- Assembling orders.
- Packing and shelving.
- Bagging and carrying out customers' orders.
- Occupations in restaurants, hotels, motels, or other public accommodations.   Note: minors may not operate power food slicers and grinders.
- Occupations related to parks or recreation including, but not limited to, recreation aides and conservation projects.
- Any other occupation which is similar to those enumerated above.

**PERMISSIBLE OCCUPATIONS AT AGE SIXTEEN OR OLDER:**

- The occupations listed above and the operation of a motor vehicle if the minor is licensed to operate the motor vehicle pursuant to Colorado Revised Statutes Article 2, Title 42.

**YOUTH EXEMPTIONS**

The Director may grant exemptions from some provisions of the CYEOA. Any employer, minor, minor's parents or guardian, school official, or youth employment specialist may request an exemption. Exemptions are evaluated on a case-by-case basis, and are granted or denied in accordance with the best interests of the minor. Exemption determinations involve the scrutiny of such factors as the minor's previous training and safety concerns. Note that exemptions provided by the Director of the Colorado Division of Labor do not apply to federal youth laws.

**REFERENCES**

Colorado Youth Employment Opportunity Act of 1971
Colorado Revised Statutes Article 2, Title 42

**WEBSITE LINKS**

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.dol.gov/dol/topic/youthlabor/index.htm (U.S. Department of Labor Youth and Labor Information)

# YOUTH EMPLOYMENT
# AGE CERTIFICATES AND SCHOOL RELEASE PERMITS, 3(III)

---

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

**New federal regulations regarding youth employment took effect on July 19, 2010. Please go to the U.S. Department of Labor website: www.dol.gov or contact the District Office at 720-264-3250 for clarification.**

The following information is contained in the Colorado Youth Employment Opportunity Act (CYEOA). See the related Youth Employment Advisory Bulletins in this section for additional information.

Note that the Fair Labor Standards Act (FLSA) and its regulations do not permit the employment of minors in a variety of circumstances. In addition to reviewing the restrictions under the CYEOA, the restrictions under the FLSA should be reviewed. When both federal and state laws apply, the more stringent standard must be observed. Persons inquiring about federal law and the FLSA should contact the U.S. Department of Labor at (866) 487-9243.

## AGE CERTIFICATES

Any employer desiring proof of the age of any minor employee or prospective employee may require the minor to submit an age certificate. Upon request of a minor, an age certificate shall be issued by or under the authority of the school superintendent of the district or county in which the applicant resides. The Division of Labor does not provide age certificates.

## SCHOOL RELEASE PERMITS

Any minor fourteen or fifteen years of age who wishes to work on school days during school hours shall first secure a school release permit. The permit shall be issued only by the school district superintendent, his agent, or some other person designated by the board of education. See the CYEOA for information on school release permits. The Division of Labor does not provide school release permits.

## YOUTH EXEMPTIONS

The Director may grant exemptions from some provisions of the CYEOA. Any employer, minor, minor's parents or guardian, school official, or youth employment specialist may request an exemption. Exemptions are evaluated on a case-by-case basis, and are granted or denied in accordance with the best interests of the minor. Exemption determinations involve the scrutiny of such factors as the minor's previous training and safety concerns.

**REFERENCES**

Colorado Youth Employment Opportunity Act of 1971

**WEBSITE LINKS**

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
 www.dol.gov/dol/topic/youthlabor/index.htm (U.S. Department of Labor Youth and Labor Information)

3/31/12

# YOUTH EMPLOYMENT
# HAZARDOUS OCCUPATIONS FOR MINORS, 4(III)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

**New federal regulations regarding youth employment took effect on July 19, 2010. Please go to the U.S. Department of Labor website: www.dol.gov or contact the District Office at 720-264-3250 for clarification.**

The hazardous occupations listed below are prohibited for minors under the Colorado Youth Employment Opportunity Act of 1971. Note that the Fair Labor Standards Act (FLSA) and its regulations do not permit the employment of minors in a variety of circumstances. In addition to reviewing the restrictions under the CYEOA, the restrictions under the FLSA should be reviewed. When both federal and state laws apply, the more stringent standard must be observed. Persons inquiring about federal law and the FLSA should contact the U.S. Department of Labor at (866) 487-9243.

Colorado law also provides for certain exceptions to this list when the minor is fourteen years of age or older and is working pursuant to an approved educational, training, or apprenticeship program. See Colorado Revised Statutes 8-12-110 for more information.

See the related Youth Employment Advisory Bulletins in this section for additional information.

## HAZARDOUS OCCUPATIONS PROHIBITED FOR MINORS

**(NOTE THAT THIS LIST IS NOT ALL-INCLUSIVE; CONTACT THE DIVISION FOR MORE INFORMATION):**

- Operation of any high pressure steam boiler or high temperature water boiler.

- Work which primarily involves the risk of falling from any elevated place located ten feet or more above the ground except that work defined as agricultural involving elevations of twenty feet or less above ground.

- Manufacturing, transporting, or storing of explosives.

- Mining, logging, oil drilling, or quarrying.

- Any occupation involving exposure to radioactive substances or ionizing radiation.

- Operation of the following power-driven machinery:

    o Woodworking machines
    o Metal-forming machines

- o   Punching or shearing machines
- o   Bakery machines
- o   Paper products machines
- o   Shears
- o   Automatic pin-setting machines
- o   Power food slicers and grinders
- o   Any other power-driven machinery deemed hazardous by the Director

- Slaughter of livestock and rendering and packaging of meat.

- Occupations directly involved in the manufacture of:
  - o   Brick or other clay construction products
  - o   Silica refractory products

- Wrecking or demolition, but not including manual auto wrecking.

- Roofing.

- Occupations in excavation operations.


**REFERENCES**

Colorado Youth Employment Opportunity Act of 1971
Colorado Revised Statutes 8-12-110 (Hazardous Occupations for Minors)


**WEBSITE LINKS**

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.dol.gov/dol/topic/youthlabor/index.htm (U.S. Department of Labor Youth and Labor Information)
www.dol.gov/dol/topic/youthlabor/hazardousjobs.htm (U.S. Department of Labor Hazardous Jobs for Minors)

# YOUTH EMPLOYMENT
# COMPARISON OF COLORADO AND FEDERAL LAWS, 5(III)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

**New federal regulations regarding youth employment took effect on July 19, 2010. Please go to the U.S. Department of Labor website: www.dol.gov or contact the District Office at 720-264-3250 for clarification.**

When both federal and state laws apply, the more stringent standard must be observed. Persons inquiring about federal law and the FLSA should contact the U.S. Department of Labor at (866) 487-9243. This comparison chart is a brief summary of relevant laws and is not intended to provide a comprehensive description of state and federal youth employment laws.

## COVERAGE OF THE LAW

| Colorado Law | Federal Law |
|---|---|
| The Colorado Youth Employment Opportunity Act applies to all employment of minors in Colorado, where employment means any occupation engaged in compensation in money or other valuable consideration, whether paid to the minor or some other person, including, but not limited to, occupation as a servant, agent, or independent contractor.<br><br>Definition of a Minor<br><br>A minor means any person under the age of eighteen, except an individual who has received a high school diploma or a passing score on the general educational development examination. | The Fair Labor Standards Act applies to employees of covered enterprises as defined by the law, as well as employees individually engaged in interstate commerce or in the production of goods for interstate commerce.<br><br>Definition of a Minor<br><br>Federal child labor rules only apply to individuals under the age of eighteen. |

3/31/12

## EXEMPTIONS

| Colorado Law | Federal Law |
| --- | --- |
| Certain exemptions from the law exist for:<br><br>Newspaper carriers<br>Actors, models, and performers<br>School work and supervised educational activities<br>Home chores<br>Work done for a parent or guardian<br>(unless the parent or guardian receives payment for the work) | Certain exemptions from the law exist for:<br><br>Newspaper carriers<br>Actors and performers<br>Youths engaged in making wreaths<br>Youths younger than 16 working in a business solely owned or operated by their parents<br>Agricultural employment<br>Apprentices and student-learners |

## MINIMUM AGE REQUIREMENTS & PERMISSIBLE OCCUPATIONS

| Colorado Law | Federal Law |
| --- | --- |
| 9 year-olds are permitted employment involving:<br><br>Delivery of handbills, advertising, and advertising samples.<br>Shoeshining.<br>Gardening and care of lawns involving no power-driven lawn equipment.<br>Cleaning of walks involving no power-driven snow-removal equipment.<br>Casual work usual to the home of the employer and not specifically prohibited.<br>Caddying on golf courses.<br>Any other occupation similar to those listed above and not specifically prohibited. | 14 is the minimum age for working, unless one of the FLSA exemptions applies. |

| Colorado Law | Federal Law |
|---|---|
| 12 year-olds are permitted employment involving:<br><br>Occupations listed above.<br>Sale and delivery of periodicals.<br>Door-to-door selling and delivery of merchandise.<br>Baby-sitting.<br>Gardening and care of lawns, including the operation of power-driven lawn equipment if such type of equipment is approved by the division or if the minor has received training conducted or approved by the division in the operation of the equipment.<br>Cleaning of walks, including the operation of power-driven snow-removal equipment.<br>Agricultural work, except for any such work considered hazardous under federal laws such as the Fair Labor Standards Act.<br>Any occupation similar to those enumerated above and not specifically prohibited. | 14 is the minimum age for working, unless one of the FLSA exemptions applies. |

3/31/12

| Colorado Law | Federal Law |
|---|---|
| 14 year-olds are permitted employment involving:<br><br>Occupations listed above.<br>Non-hazardous occupations in manufacturing.<br>Public messenger service and errands by foot, bicycle, and public transportation.<br>Operation of automatic enclosed freight and passenger elevators.<br>Janitorial and custodial service, including the operation of vacuum cleaners and floor waxers.<br>Office work and clerical work, including the operation of office equipment.<br>Warehousing and storage, including unloading and loading of vehicles.<br>Non-hazardous construction and non-hazardous repair work. See Advisory Bulletin # 4 (III) for hazardous occupations for minors.<br>Occupations in retail food service.<br>Occupations in gasoline service establishments including (but not limited to):<br>Dispensing gasoline, oil, and other consumer items.<br>Courtesy service.<br>Car cleaning, washing, and polishing.<br>The use of hoists (where supervised).<br>Changing tires. Note: No minor may inflate or change any tire mounted on a rim equipped with a removable retaining ring.<br>Occupations in retail stores including:<br>Cashiering.<br>Selling.<br>Modeling.<br>Art work.<br>Work in advertising departments.<br>Window trimming.<br>Price marking by hand or machine.<br>Assembling orders.<br>Packing and shelving.<br>Bagging and carrying out customers' orders.<br>Occupations in restaurants, hotels, motels, or other public accommodations. Note: minors may not operate power food slicers and grinders.<br>Occupations related to parks or recreation | 14 and 15 year-olds may work in:<br>Retail stores.<br>Food service establishments.<br>Gasoline service stations.<br>Other areas that include state and local governments, banks, advertising agencies and in occupations of an intellectual or artistic nature such as computer programming, drawing and teaching.<br><br>REVISED FEDERAL REGULATIONS STATE THAT 14 AND 15 YEAR-OLDS MAY DO ONLY WHAT THE SECRETARY OF LABOR HAS DECLARED THEY MAY DO.  "IF A TASK IS NOT SPECIFICALLY PERMITTED, IT IS PROHIBITED."<br><br>Occupations that are permitted include:<br><br>Office and clerical work including the operation of office machines.<br>Work of an intellectual or artistically creative nature.<br>Cooking with electric or gas grills which does not involve cooking over an open flame.<br>Cashiering, selling, modeling and art work.<br>Price marking and tagging by hand or machine, assembling orders, packing and shelving.<br>Bagging and carrying out customers' orders.<br>Errand and delivery work by foot, bicycle and public transportation.<br>Clean-up work including the use of vacuum cleaners and floor waxers, and the maintenance of grounds, but not including the use of power-driven mowers, cutters, trimmers, edgers or similar equipment.<br>Cleaning fruits and vegetables.<br>Lifeguard (15 year-olds ONLY) at traditional swimming pools and water parks. |

| Colorado Law | Federal Law |
|---|---|
| including, but not limited to, recreation aides and conservation projects.<br>Any other occupation which is similar to those enumerated above. | |

| Colorado Law | Federal Law |
|---|---|
| 16 year-olds and older are permitted employment involving:<br><br>Any occupation listed above<br>Any occupation which involves the use of a motor vehicle if the minor is licensed to operate the motor vehicle pursuant to Colorado Revised Statutes. | 16 year-olds and older are permitted employment in any non-hazardous occupation. |
| 18 year-olds are not minors and are not subject to Colorado youth laws. | 18 year-olds are not subject to Federal child labor laws. |

## WORK HOURS

| Colorado Law | Federal Law |
|---|---|
| On school days, during school hours, no minor under the age of 16 is permitted employment except as granted by a school release permit.<br><br>On school days, after school hours, no minor under the age of 16 is permitted to work in excess of 6 hours unless the next day is not a school day.<br><br>Except for babysitters, no minor under the age of 16 is permitted employment between the hours of 9:30 p.m. and 5:00 a.m. unless the next day is not a school day.<br><br>Minors may not work more than 40 hours per week or 8 hours in any 24-hour period unless there is a business emergency. | 14 and 15 year-olds can only work:<br>Before and after school hours.<br>After 7:00 a.m. or before 7:00 p.m., except from June 1 through Labor Day when they can work until 9:00 p.m.<br>14 and 15 year-olds cannot work:<br>More than 3 hours a day on school days including Fridays.<br>More than 18 hours per week in school weeks.<br>More than 8 hours a day on non-school days.<br>More than 40 hours per week when school is not in session.<br>16 year-olds and older may work for any number of hours at any time of the day.<br><br>The prohibition on working during "school hours" refers to the hours in session of the local public school where the minor resides while employed.<br><br>Employers must use the same "week" (168-hour period) for determining compliance with child-labor provisions that they establish for determining if employees are due overtime. |

3/31/12

|  | 16 year-olds and older may work for any number of hours at any time of the day. |
|---|---|

## PROOF OF AGE

| Colorado Law | Federal Law |
|---|---|
| Colorado law does not require the use of work permits.<br><br>Any employer desiring proof of the age of any minor employee or prospective employee may require the minor to submit an age certificate. Upon request of a minor, an age certificate shall be issued by or under the authority of the school superintendent of the district or county in which the applicant resides. | Federal child labor laws do not require work permits. |

3/31/12

# YOUTH EMPLOYMENT
# SALE AND SERVING OF ALCOHOLIC BEVERAGES, 6(III)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

See the related Youth Employment Advisory Bulletins in this section for additional information on youth employment.

Age requirements for the sale and serving of alcoholic beverages in the State of Colorado are as follows:

## 3.2% BEER LICENSES

A person who is 18 years of age, and is employed by a 3.2% beer licensed establishment, is allowed to handle, stock, sell, serve, or dispense 3.2% beer in that establishment. A person under 18 years of age is permitted to "handle" or "stock" 3.2% beer if employed by a 3.2% beer licensee and under the on-premises supervision of a person who is at least 18 years of age. A person must be 21 years of age to possess, purchase or consume 3.2% beer.

## ON-PREMISES LIQUOR LICENSES

Malt, vinous and spirituous liquor may be handled, dispensed, or sold (this includes wait staff and bartenders) by anyone who is at least 18 years of age and under the on-premises supervision of a person who is at least 21 years of age. EXCEPTIONS: in Retail Liquor Stores and Taverns which do not regularly serve meals, malt, vinous and spirituous liquor may only be sold by persons who are at least 21 years of age. A person of any age (in compliance with the CYEOA) may bus tables or handle empty alcohol beverage containers. A person must be 21 years of age to possess, purchase or consume beer, wine or spirits.

## OFF-PREMISES LIQUOR LICENSES

Employees of retail liquor stores and liquor licensed drug stores must be at least 21 years of age to sell or distribute beer, wine or spirits.

Persons inquiring about age requirements for the sale and serving of alcoholic beverages should contact the Colorado Department of Revenue, Liquor/Tobacco Enforcement Division at 303.205.2306 for more information.

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.colorado.gov/revenue/liquor (Colorado Liquor/Tobacco Enforcement Division)
www.colorado.gov/cs/Satellite?c=Document_C&cid=1210928993209&pagename=Rev-Liquor%2FDocument_C%2FLIQAddLink  (Colorado Liquor Enforcement Age Requirements)
www.colorado.gov/cs/Satellite/Rev-Liquor/LIQ/1210151340825 (Colorado Liquor/Tobacco Enforcement Division Laws and Rules)

# YOUTH EMPLOYMENT
# WORK HOURS, 7(III)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

**New federal regulations regarding youth employment took effect on July 19, 2010. Please go to the U.S. Department of Labor website: www.dol.gov or contact the District Office at 720-264-3250 for clarification.**

The following information is contained in the Colorado Youth Employment Opportunity Act (CYEOA). See the related Youth Employment Advisory Bulletins in this section for additional information.

Note that the Fair Labor Standards Act (FLSA) and its regulations do not permit the employment of minors in a variety of circumstances. In addition to reviewing the restrictions under the CYEOA, the restrictions under the FLSA should be reviewed. When both federal and state laws apply, the more stringent standard must be observed. Persons inquiring about federal law and the FLSA should contact the U.S. Department of Labor at (866) 487-9243.

## SCHOOL DAY WORK HOURS

On school days, during school hours, no minor under the age of sixteen shall be permitted employment except as provided by a school release permit pursuant to 8-12-113.
After school hours no minor under the age of sixteen shall be permitted to work in excess of six hours unless the next day is not a school day.

## NIGHTTIME WORK HOUR RESTRICTIONS

Except for babysitters, no minor under the age of sixteen shall be permitted to work between the hours of nine-thirty p.m. and five a.m., unless the next day is not a school day. An exception to this rule is a minor employed as an actor, model, or performer as authorized by section 8-12-104 (2).

No employer shall be permitted to work a minor more than forty hours in a week or more than eight hours in any twenty-four-hour period. In case of emergencies which may arise in the conduct of an industry or occupation (not subject to a wage order promulgated under article 6 of this title) the director may authorize an employer to allow a minor to work more than eight hours in a twenty-four hour period. In such emergencies an employee shall be paid at a rate of one and one-half times his time rate as determined in accordance with the provisions of section 8-6-106 for each hour worked in excess of forty hours in a week.

## SEASONAL EMPLOYMENT EXCEPTION

In seasonal employment for the culture, harvest, or care of perishable products where wages are paid on a piece basis, as determined in accordance with the provisions of 8-6-106, a minor fourteen years of age or older may be permitted to work hours in excess of the nighttime limitations described above; but in no case is he permitted to work more than twelve hours in any twenty-four hour period nor more than thirty hours in any seventy-two-hour period; except that a minor fourteen or fifteen years of age may work more than eight hours per day on only ten days in any thirty-day period. Overtime wage provision of the above nighttime section shall not apply to this exception.

### REFERENCES

Colorado Youth Employment Opportunity Act of 1971
Colorado Revised Statutes 8-12-105 (Hours of Work)

### WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)
www.dol.gov/dol/topic/youthlabor/index.htm (U.S. Department of Labor Youth and Labor Information)

3/31/12

# YOUTH EMPLOYMENT
# MOTOR VEHICLE OPERATION, 8(III)

---

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

**New federal regulations regarding youth employment took effect on July 19, 2010. Please go to the U.S. Department of Labor website: www.dol.gov or contact the District Office at 720-264-3250 for clarification.**

See the related Youth Employment Advisory Bulletins in this section for additional information.

Note that the Fair Labor Standards Act (FLSA) and its regulations do not permit the employment of minors in a variety of circumstances. In addition to reviewing the restrictions under the CYEOA, the restrictions under the FLSA should be reviewed. When both federal and state laws apply, the more stringent standard must be observed. Persons inquiring about federal law and the FLSA should contact the U.S. Department of Labor at (866) 487-9243.

## Motor Vehicle Operation

The Colorado Youth Employment Opportunity Act provides that any minor sixteen years of age or older shall be permitted employment in any occupation which involves the use of a motor vehicle if the minor is licensed to operate the motor vehicle for such purpose pursuant to Colorado Revised Statutes, Title 42, Article 2. However, such motor vehicle use is subject to the work hour and hazardous occupation limitations as described in the CYEOA and Advisory Bulletins 7 (III) and 4 (III). In addition, Colorado law provides the following restrictions on minor drivers (See Colorado Revised Statutes 42-2-101 et seq.):

No person under the age of eighteen years shall drive any motor vehicle used to transport explosives or inflammable material or any motor vehicle used as a school bus for the transportation of pupils to or from school. No person under the age of eighteen years shall drive a motor vehicle used as a commercial, private, or common carrier of persons or property unless such person has experience in operating motor vehicles and has been examined on such person's qualifications in operating such vehicles. The examination shall include safety regulations of commodity hauling, and the driver shall be licensed as a driver or a minor driver who is eighteen years of age or older.

No person under seventeen years of age shall drive any motor vehicle between the hours of 12 midnight and 5 a.m. unless accompanied by a parent, guardian, or other responsible adult as referenced in 42-2-108 or unless driving to the person's place of employment or from the person's place of employment to his or her residence. A person who is under seventeen years of age and who is driving to the person's place of employment or from the person's place of employment to his or her residence between the hours of 12 midnight and 5 a.m. shall have in his or her possession, in addition to a valid minor driver's license, a statement signed by his or her employer or parent, guardian, or other responsible adult stating the time that such person arrives at and leaves his or her place of employment. This curfew is not applicable in a city, county, or city and county that has enacted its own curfew.

3/31/12

All persons inquiring about motor vehicle operation and minors must contact the U.S. Department of Labor at (866) 487-9243 for information on federal law and additional restrictions that may apply.

**REFERENCES**

Colorado Youth Employment Opportunity Act of 1971
Colorado Revised Statutes 8-12-109 (Permissible Occupations at Age Sixteen)
Colorado Revised Statutes 42-2-105 (Special Restrictions on Certain Drivers)
Colorado Revised Statutes 42-2-105.5 (Restrictions on Minor Drivers under 17)

**WEBSITE LINKS**

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

3/31/12

# SECTION IV: STATE OF COLORADO AGENCY AND DEPARTMENT REFERRAL INFORMATION

# COLORADO ATTORNEY GENERAL

### Fact Sheet

The Colorado Attorney General is one of four independently elected statewide offices in Colorado and was established by the state constitution upon statehood in 1876.

The Attorney General and the Department of Law, which Attorney General John W. Suthers oversees (collectively referred to as the Colorado Attorney General's Office), represents and defends the legal interests of the people of the State of Colorado and its sovereignty. The Attorney General exercises the responsibilities given to his office by the Colorado Constitution, statutes enacted by the Colorado General Assembly and the people of the state of Colorado, and the common law.

The Attorney General has primary authority for enforcement of consumer protection and antitrust laws, prosecution of criminal appeals and some complex white-collar crimes, the Statewide Grand Jury, training and certification of peace officers, and certain natural resource and environmental matters.

The Attorney General's Office also works concurrently with Colorado's 22 district attorneys and other local, state, and federal law enforcement authorities to carry out the criminal justice responsibilities and activities of the office.

The Attorney General is also the chief legal counsel and advisor to the executive branch of state government including the governor, except as otherwise provided by statute, all of the departments of state government, and to the many state agencies, boards, and commissions.

The following is a summary description of the office and responsibilities of the Colorado Attorney General.

### Office Of The Attorney General – Manages the department, sets policy, oversees civil and criminal appellate work, and directs major litigation. The office includes the Attorney General, Chief Deputy Attorney General, the Solicitor General, the Assistant Solicitor General/Criminal Appeals, the Deputy Attorney General for Legal Policy and Governmental Affairs and the Communications Director.

### Consumer Protection Section – Protects consumers and legitimate businesses against fraud and maintains a competitive business environment by (1) enforcing state and federal consumer protection and antitrust laws, including Colorado's telemarketing no-call, and charitable solicitation laws; (2) enforcing Colorado's laws on consumer lending, debt collection, rent-to-own, and credit repair; (3) educating consumers and businesses through outreach and educational programs; (4) advocating on behalf of the Office of Consumer Counsel for residential, small business and agricultural public utility ratepayers; and (5) implementing and enforcing Colorado's rights and obligations under the national tobacco settlement agreements and related tobacco laws and tobacco education efforts.

3/31/12

**NATURAL RESOURCES AND ENVIRONMENT SECTION** – Protects and defends the interests of the State and its citizens in matters concerning water rights, federal and interstate water issues, oil and gas, mining and minerals, wildlife, state parks and state trust lands, radiation control, storage and disposal of solid and hazardous wastes, and cleanup, improvement and protection of our land, water, and air resources. The Section represents and advises the Department of Natural Resources and the Department of Public Health and Environment and their boards and commissions on issues regarding the regulation, use, conservation, and enhancement of Colorado's natural resources and environment.

**APPELLATE SECTION** – Protects the citizens of Colorado through prosecution of criminal appeals in Colorado and federal courts.

**CRIMINAL JUSTICE SECTION** – Assists local prosecutors and law enforcement agencies throughout the state on matters that occur in more than one local jurisdiction, including presenting cases to the statewide grand jury, and serving as special district attorneys as requested. Provides special assistance to district attorneys in death penalty and gang activity cases. Administers the Peace Officers Standards and Training Board, which oversees the training and certification of peace officers throughout the state, and provides services to the victims of criminal cases on appeal and of crimes being prosecuted by the Attorney General's office. Coordinates the prosecution of foreign fugitives. Represents the Department of Public Safety including the State Patrol, Colorado Bureau of Investigation, and the Division of Criminal Justice. Prosecutes specific criminal white collar crimes and multi-jurisdictional matters, including Medicaid, workers' compensation, insurance, tax, election, securities fraud, and environmental crimes.

**CIVIL LITIGATION & EMPLOYMENT LAW SECTION** – Defends the State of Colorado and its taxpayers against claims in personal injury, property damage, and civil rights cases filed against State agencies or State employees. Represents the State in procurement and construction litigation and provides legal advice on construction disputes. Represents and advises the Departments of Transportation and Corrections, including condemnation and eminent domain proceedings and inmate litigation, the Colorado Transportation Commission, and the Colorado State Board of Parole. The Employment Law division helps state government manage its workforce of over 30,000 employees through legal counsel and employee training to state agencies and employees on personnel and employment law matters, including issues involving workplace violence, Title VII, Americans with Disabilities Act, Age Discrimination in Employment Act, Fair Labor Standards Act, Family Medical Leave Act, alcohol and drug testing, retaliation, whistleblowing and breach of employment contracts. Defends the state and its agencies in lawsuits involving personnel and employment issues brought before state and federal courts and the State Personnel Board. Represents and advises the Colorado Civil Rights Division in the investigation of civil rights claims and prosecutes claims on behalf of the Civil Rights Commission.

**STATE SERVICES SECTION** – Represents and advises the governor and other elected state officials, the administrative parts of the Judicial Branch, the State Board of Education, over 20 Colorado-supported universities, colleges and community colleges. Represents the Departments of Education, Higher Education, Human Services, Health Care Policy and Financing, Labor and Employment, Personnel and Administration (e.g., state procurement and contracting, civil service), the health and administrative divisions of Public Health & Environment, the Board of Assessment Appeals, and the Public Utilities Commission.

**BUSINESS AND LICENSING SECTION** – Protects Colorado citizens by providing legal counsel in the regulation of professions, including doctors, dentists, nurses, realtors, and hearing aid dealers. The Section represents and advises the 28 state professional licensing and occupational regulatory boards on rulemaking, licensing, adjudicating and disciplinary action and prosecutes licensing violations and disciplinary actions as directed by the boards. The Section also enforces regulations regarding pesticide applicators, pet animal care facilities, agricultural market orders, livestock fraud and health laws. Represents and advises the Department of Regulatory Agencies and its Divisions of Insurance, Banking and Financial Services, and the Securities Commission, the Department of Agriculture, the State Fair, the Department of Revenue, the Civil Rights Commission, the State Personnel Board, and the staff of the Public Utilities Commission regarding electricity, gas, telecommunications, water and public transportation utilities.

# COLORADO ATTORNEY GENERAL CONTACT INFORMATION

Colorado Attorney General
1525 Sherman St.
7th floor
Denver, CO 80203
(303) 866-4500
FAX: (303) 866-5691

- Consumer Complaint Line - in Denver and Out of State (303) 866-5189
- Consumer Complaint Line - Outside of Denver but in Colorado (800) 222-4444

- Collection Agency Consumer Complaints & Information (303) 866-5304
- Collection Agency Licensing (303) 866-5706

- Supervised Lending Consumer Complaints & General Information (303) 866-4494
- Supervised Lender Licensing (303) 866-4527

<u>Website</u>
www.ago.state.co.us/index.cfm

<u>E-mail Addresses</u>
Attorney General - attorney.general@state.co.us
Uniform Consumer Credit Code - uccc@state.co.us
Collection Agency Board - cab@state.co.us
Consumer Protection - stop.fraud@state.co.us
Medicaid Fraud - mfcu.investigations@state.co.us
Peace Officers Standards and Training - post@state.co.us

3/31/12

# COLORADO CIVIL RIGHTS DIVISION

## FACT SHEET

The Colorado Civil Rights Division, together with the Colorado Civil Rights Commission, is the state agency established in 1957 to administer and enforce Colorado's antidiscrimination laws in employment, housing and public accommodations. The agency's mission is:

*To assure that all Coloradoans are afforded the equal protection of the law.*

The Commission and Division each play their respective roles, conducting enforcement activities and engaging in prevention efforts to raise awareness of discriminatory practices and Colorado's antidiscrimination statutes.

The Division staff serves Colorado citizens, public and private employers of all sizes, housing providers, and communities across the state by:

- Investigating complaints of discrimination;
- Performing intake and conducting appropriate dispute resolution, including mediation and settlement negotiations;
- Issuing determinations as to whether there is probable cause to believe that illegal discrimination has occurred;
- Conducting outreach and education on laws and issues regarding civil rights to ensure compliance.

The Division works in close cooperation with federal and local agencies and community-based groups whose missions parallel its own. The Division maintains formal work-sharing agreements with the U.S. Equal Employment Opportunity Commission (EEOC) and the U.S. Department of Housing and Urban Development (HUD) to avoid duplication of efforts on those cases wherein joint jurisdiction (state and federal) exists.

Colorado law prohibits discrimination in employment, housing, public accommodations, and advertising based on:

Race                                                Sexual Orientation (Employment Only)
Color
National Origin
Ancestry
Sex
Creed
Religion
Disability (Mental and Physical)
Familial Status (Housing Only)
Marital Status (Housing and Public
Accommodations Only)
Marriage to a co-worker (Employment
Only)
Age (Employment Only)

3/31/12

# COLORADO CIVIL RIGHTS DIVISION CONTACT INFORMATION

1560 Broadway, Suite 1050
Denver, CO 80202
(303) 894-2997 - Phone
(303) 894-7830 - Fax
(800) 262-4845 - Toll-Free English/Spanish


<u>Website</u>
www.dora.state.co.us/civil-rights/


<u>E-mail Address</u>
ccrd@dora.state.co.us

3/31/12

# COLORADO LABOR MARKET INFORMATION

**FACT SHEET**

Labor market information and statistics are available through the Colorado Department of Labor and Employment. Such information may be of particular interest to job seekers, persons changing careers, employers, journalists, economists, and researchers. Labor market information (LMI) customer service specialists can provide information on the following topics (also available on the LMI website):

**Wages in Colorado**
- By industry
- By occupation

**Cost of Living**
- Denver Metro region
- United States

**Unemployment**
- Colorado by county
- Historical
- Monthly press releases

**Data Archives**
- Labor force employment and unemployment 1998-2001
- Wage and salary data, 2000-2001

**Employment & Payroll Jobs**
- Job vacancy surveys
- Employed persons by county
- Industries by county
- Industries Statewide and Metro regions
- Occupational projections in Colorado
- Occupational projections in Denver Metro
- Occupational projections in Colorado Springs

**Statistics for Affirmative Action**

# COLORADO LABOR MARKET INFORMATION CONTACT INFORMATION

Address, Phone, & Fax
Labor Market Information
633 17th Street, Suite 600
Denver, CO 80202

| | |
|---|---|
| Administration | (303) 318-8850 |
| Area labor information | (303) 318-8850 |
| CES survey | (303) 318-8854 |
| ES-202 | (303) 318-8852 |
| Toll-free (ES-202/CES) | (800) 447-1276 |
| Occupational planning information | (303) 318-8890 |
| Price index (consumer) | (303) 318-8850 |
| WRA (Toll-free) | (877) 224-6081 |

Website
http://lmigateway.coworkforce.com/lmigateway/

E-mail Address
lmi@state.co.us

3/31/12

# COLORADO DIVISION OF OIL AND PUBLIC SAFETY

### FACT SHEET

The Division of Oil and Public Safety consists of the Field Inspection Section, the Remediation Section, the State Fund Section, and Boiler Inspection and Public Safety (Explosives, Carnivals, and Public School Construction). These programs ensure the implementation of statutory mandates, requirements, codes, and standards needed to maintain a safe work, educational, and living environment.

- The Field Inspection Section enforces standards governing the registration, installation, operations and closure of underground and aboveground storage tanks containing petroleum and other regulated materials.

- The Remediation Section designs and enforces cleanup standards governing the remediation of petroleum contamination.

- The State Fund Section administers the Petroleum Storage Tank Fund.

- The Boiler Inspection Section enforces standards governing the installation, operation, and closure of boilers and pressure vessels.

- The Public Safety Section enforces standards for the manufacture, storage, sale, and transportation of explosives; public school building construction; and the operation of carnivals and amusement parks.

3/31/12

# COLORADO DIVISION OF OIL AND PUBLIC SAFETY CONTACT INFORMATION

<u>Address, Phone, & Fax</u>
Division of Oil and Public Safety
Colorado Department of Labor and Employment
633 17th Street, Suite 500
Denver, CO 80202

Main number: (303) 318-8500

**Reporting a suspected or confirmed release - Petroleum Storage Tanks**

| | |
|---|---|
| Weekday business hours: | (303) 318-8547 |
| After hours leak report: | (877) 518-5608 |

| | |
|---|---|
| General technical questions (technical assistance line): | (303) 318-8547 |
| General reimbursement fund questions: | (303) 318-8510 |
| Schedule public file review: | (303) 318-8525 |
| Questions about petroleum storage tank registration | (303) 318-8506 |
| Questions on liquidfied propane gas/propane | (303) 378-1103 |
| Requests for petroleum storage tank inspections | (303) 318-8506 |
| Complaints about Service Stations | (303) 866-4946 |
| Permit applications for Installation or upgrades of Tank Systems | (303) 378-5090 |

**Reporting an emergency situation: (fire, explosion or accident)**

| | |
|---|---|
| Petroleum Storage Tanks (weekday business hours) | (303) 318-8547 |
| (evenings & weekends) | (877) 518-5608 |
| Boiler or Pressure Vessels (including LPG tanks) | (303) 318-8484 |
| OR | (303) 318-8481 |

<u>Website</u>
http://www.colorado.gov/cs/Satellite/CDLE-OilPublicSafety/CDLE/1240336920113

<u>E-mail Addresses</u>
oil.publicsafety@state.co.us

3/31/12

# COLORADO DIVISION OF WORKERS' COMPENSATION

## FACT SHEET

## MISSION STATEMENT

The Division of Workers' Compensation provides state of the art information to enable injured workers, employers, insurance carriers and self-insured employers to comply with the statutory requirements of the Workers' Compensation Act and to encourage safety on the job and containment of costs, and when injuries occur, understandable, fair, useful and efficient processes of resolution at a reasonable cost.

## OVERVIEW

The Division of Workers' Compensation is a Colorado state agency that administers the mandatory workers' compensation insurance program.  The Division provides information to the public to help them understand the workers' compensation system, provides dispute resolution services, and enforces compliance with the laws and rules of workers' compensation. Customer Service is always available for general questions about the workers' compensation system such as:

- How to file a claim.
- Injured workers' rights and obligations and follow-up of their claim.
- Employers' obligations under the law regarding insurance, where to purchase insurance, filing claims for injured employees and responsibilities as employers.
- Procedure for insurance companies on handling claims.
- Responsibilities of medical professionals, medical fee schedules and billing requirements.
- Information for employers seeking to self insure or implement safety and loss control programs that lead to a certification for reduced premiums.

The Division provides a variety of services including Dispute Resolution, Claims Management, Premium Cost Containment Certification, Research and Statistics, Self-Insurance, Medical Cost Containment, Medical Services Delivery and Coverage Enforcement.

# COLORADO DIVISION OF WORKERS' COMPENSATION CONTACT INFORMATION

<u>Address, Phone, & Fax</u>
Division of Workers' Compensation
633 17th Street, Suite 400
Denver, CO 80202

(303) 318-8700 (Customer Service)
(888) 390-7936 (Toll-Free In-State)
(800) 685-0891 (Spanish)
(303) 318-8710 (Fax)

<u>Website</u>
http://www.colorado.gov/cs/Satellite/CDLE-WorkComp/CDLE/1240336932511

3/31/12

# COLORADO UNEMPLOYMENT INSURANCE

### Fact Sheet

The Colorado Unemployment Insurance (UI) Program provides temporary and partial wage replacement to workers who have become unemployed through no fault of their own. The program is funded by employer paid taxes and provides benefits to those who meet the eligibility requirements of the Colorado Employment Security Act. The intent of the program is to aid in maintaining the economic stability within a community by safeguarding the income and purchasing power of the unemployed worker. The program is administered by the Division of Employment and Training of the Department of Labor and Employment.

Unemployment insurance benefits questions and claims may be processed over the phone or online.

3/31/12

# COLORADO UNEMPLOYMENT INSURANCE CONTACT INFORMATION

<u>Address, Phone, & Fax</u>
251 E. 12th Ave.
Denver, CO 80203

| | |
|---|---|
| U.I. Benefits | (303) 318-9000 |
| Toll-free | (800) 388-5515 |
| | |
| U.I. Appeals | (303) 318-9299 |
| Toll-free | (800) 405-2338 |
| | |
| CUBline | (303) 813-2800 |
| Toll-free | (888) 550-2800 |
| | |
| TDD (for the hearing impaired) | (303) 318-9016 |
| Toll-free | (800) 894-7730 |
| | |
| U.I. Tax | (303) 318-9100 |
| Toll-free | (800) 480-8299 |

<u>Website</u>
http://www.colorado.gov/cs/Satellite/CDLE-UnempBenefits/CDLE/1240336898069

3/31/12

# COLORADO DEPARTMENT OF REVENUE

### FACT SHEET

The Department of Revenue processes state sales, fuel, motor vehicle, gaming, liquor and income taxes. It also runs the State Lottery and oversees licensing and enforcement of horse and greyhound racing, sales of liquor and tobacco, and limited gaming. The Department consists of five business groups:

- The *Office of the Executive Director* provides program analysis, financial and personnel services, and internal auditing for the Department.

- The *Information Technology Division* provides computer support for the Department, in addition to providing support for and coordinating the management of, a statewide vehicle title and registration computer system for approximately 115 county offices.

- The *Taxation Business Group* provides a variety of services including, but not limited to, the administration of sales taxes, withholding taxes, income taxes, property tax/rent and heat/fuel grant programs, and the severance tax program.

- The *Motor Vehicle Business Group* provides a variety of services including driver's licensing, emissions compliance, vehicle title and registration, and fuel tax collections.

- The *Enforcement Business Group* provides a variety of services including the administration of the State Lottery; racing licensing, enforcement, and regulatory oversight; liquor and tobacco licensing and enforcement; and limited gaming licensing and enforcement.

3/31/12

# COLORADO DEPARTMENT OF REVENUE CONTACT INFORMATION

<u>Colorado Taxes</u>

**Telephone Numbers:**
Customer Service Representatives are available Monday through Friday, 8 a.m. to 4:30 p.m. Mountain Time unless otherwise noted, except state holidays.

| | |
|---|---|
| Call Center for Colorado Taxes: | (303) 238-SERV (7378) |
| TeleFile (Individual Income Tax): | (303) 238-FAST (3278) |
| Income Tax Forms (current year): | (303) 238-FAST (3278) |
| Income Tax Account and Refund Information: | (303) 238-FAST (3278) |
| Sales Tax/Exemption Certificate Verification: | (303) 238-FAST (3278) |
| Sales Tax Rates by Account Number: | (303) 238-FAST (3278) |
| Sales Tax Rates by City or County: | (303) 238-FAST (3278) |
| EFT/Electronic Payment Helpline: | (303) 205-8333 |
| Fuel Tax/IFTA Helpline: | (303) 205-8205 |

**Tax Auditing and Compliance** (for enforcement activities, business seizures and tax delinquencies)
Monday through Friday, 8 a.m. to 5 p.m.          (303) 866-3711

**Office Collections** (for collections)
Monday through Friday, 8 a.m. to 5 p.m.          (303) 866-4440

**Fair Share**
Monday through Friday, 7:30 a.m. to 4:45 p.m.     (303) 866-5535

**Service Centers**
Taxpayer Service Division (for general information, business tax account registration and tax assistance)
Tax Auditing and Compliance Division (for enforcement activities, business seizures and tax delinquencies)

---

<u>Colorado Division of Gaming</u>

**Website:** www.colorado.gov/revenue/gaming

3/31/12

**Golden**
**17301 W Colfax Ave, Suite 135**
**Golden, CO 80401**
(303) 205-1355
(303) 205-1342 (fax)

**Central City/Blackhawk**
142 Lawrence St.
P.O. Box 721
Central City, CO 80427
(303) 582-0529
(303) 582-0535 (fax)

**Cripple Creek**
433 E. Carr Ave.
P.O. Box 1209
Cripple Creek, CO 80813
(719) 689-3362
(719) 689-3366 (fax)

---

Liquor/Tobacco Enforcement

**Lakewood**
1881 Pierce Street, Suite 108A
Lakewood, CO 80214
Phone: (303) 205-2300
Fax: (303) 205-2341

**Colorado Springs**
2447 N Union Blvd
Colorado Springs, CO 80909
Phone: (719) 594-8702
Fax: (719) 594-8713

**Greeley**
2320 Resevoir Rd, Ste A
Greeley, CO 80634
Phone: (970) 356-3992
Fax: (970) 378-8896

**Grand Junction**
222 S 6th Street, Suite 425
Grand Junction, CO 81501
Phone: (970) 248-7133
Fax: (970) 248-7139

---

Auto Industry (Dealers)

| | |
|---|---|
| Dealer Board | (303) 205-5696 |
| Dealer / Salesperson Licensing | (303) 205-5604 |
| Dealer Compliance | (303) 205-5746 |
| Dealer Investigation | (303) 205-5746 |
| Fax | (303) 205-5977 |
| Colorado Springs Dealer Compliance | (719) 594-8704 |
| Colorado Springs Dealer Investigation | (719) 594-8711 |
| Ft Collins Dealer Investigation | (970) 482-3852 |
| Grand Junction Dealer Investigation | (970) 248-7175 |

**E-Mail:** Dealers@spike.dor.state.co.us

3/31/12

Auto Industry Division Public Relations
**Mailing Address:**
Auto Industry Division
Public Information Officer
1881 Pierce St #142
Lakewood, CO 80214
Phone**:** (303) 205-5784
Fax**:** (303) 205-5977

---

Executive Director's Office

---

**E-mail:** edo@spike.dor.state.co.us
**Telephone:**                                    (303) 866-3091
**Mailing Address:**
Colorado Department of Revenue
Executive Director's Office
1375 Sherman St., Room 409
Denver, CO 80261

---

Racing Events

---

**Telephone:**                                    (303) 205-2990
racing@spike.dor.state.co.us

---

Colorado Lottery

**Pueblo Claims Center & Headquarters**
212 W 3rd St, Ste 210
Pueblo, CO 81003
Telephone:                                        (719) 546-2400
Fax:                                              (719) 546-5208
Hours of Operation for ticket sales and claims:    8:00 a.m. to 5:00 p.m.

**Fort Collins Office**
3030 S College Ave, Ste 100
Fort Collins, CO 80525
**Telephone:**                                    (970) 416-5993
Hours of Operation for ticket sales and claims:    8:00 a.m. to 12:00 p.m. and
                                                   1:00 p.m. to 4:00 p.m.

**Denver Office**
720 S. Colorado Blvd., Suite 110A
Denver, CO 80246
**Telephone:**                                    (303) 759-3552
**Fax:**                                          (303) 759-6847
Hours of Operation for claims:                    8:00 a.m. to 5:00 p.m.

**Grand Junction Office**
State Office Building
222 S. 6th St., Room 112
Grand Junction, CO 81501
**Telephone:**                                    (970) 248-7053
Hours of Operation:                               9:00 a.m. to 1:00 p.m.

---

### Motor Carrier Services

| SUBJECT | AGENCY | TELEPHONE |
| --- | --- | --- |
| Accidents Reporting | Colorado State Patrol | (303) 273-1875 |
| Operating Authority | Public Utilities Commission | (303) 894-2000 |
| | MCS One Stop Shopping | (303) 205-5691 |
| Carrier Safety Ratings | Colorado State Patrol | (303) 273-1875 |
| Clean Air Act | MV Emissions Section | (303) 205-5603 |
| Commercial Drivers License | MV CDL Section | (303) 205-5983 |
| | MCS One Stop Shopping | (303) 205-5691 |
| Driver Qualifications | Colorado State Patrol | (303) 273-1875 |
| | MCS Port of Entry Section | (303) 205-5691 |
| Drug Testing | Colorado State Patrol | (303) 239-4500 |
| Hazardous Materials Transp. | Colorado State Patrol | (303) 239-4500 |
| | MCS Port of Entry Section | (303) 205-5691 |
| Hazardous Waste Transp. | Colorado State Patrol | (303) 273-1875 |
| Hours of Service | Colorado State Patrol | (303) 273-1875 |
| | MCS Port of Entry Section | (303) 205-5691 |
| Intelligent Transp. Systems | CDOT | (303) 757-9801 |
| Intermodal Surface Transp. | | |
| Efficiency Act (*ISTEA) | CDOT | (303) 757-9801 |
| Interstate Registration | MCS IRP Section | (303) 205-5602 |
| | MCS One Stop Shopping | (303) 205-5691 |
| Intrastate Registration | MV Registration Section | (303) 205-5607 |
| | County Registration Offices | Various |
| Longer Combination Vehicles | CDOT Extra Legal Permitting | (303) 757-9539 |
| | MCS One Stop Shopping | (303) 205-5691 |
| | MCS Port of Entry Section | (303) 205-5691 |
| Motor Carrier Safety Assistance Program | Colorado State Patrol | (303) 273-1875 |
| | MCS Port of Entry Section | (303) 205-5691 |

| | | |
|---|---|---|
| Nuclear Materials Transp. | Colorado State Patrol | (303) 273-1875 |
| Safety Compliance Reviews | Colorado State Patrol | (303) 273-1875 |
| Safety Regulations | Colorado State Patrol | (303) 273-1875 |
| | MCS Port of Entry Section | (303) 205-5691 |
| Single State Registration Program | Public Utilities Commission | (303) 894-2000 |
| Size and Weight Requirements | MCS Port of Entry Section | (303) 205-5691 |
| | MCS One Stop Shopping | (303) 205-5691 |
| Special Fuel Requirements | MCS Fuel Section | (303) 205-5968 |
| Speed Limits | Colorado State Patrol | (303) 273-1875 |

---

<u>Motor Vehicle Business Group</u>

The main office location of the **Colorado Motor Vehicle Business Group** is
1881 Pierce St.
Lakewood, CO 80214
**Telephone:**                                   (303) 205-5600
**Hours of Operation:**                          M-F, 8:00 a.m. - 5:00 p.m.

---

<u>Titles and Registrations</u>

1881 Pierce Street
Lakewood, Colorado
**Telephone:**                                   (303) 205-5607
**Fax:**                                         (303) 205-5978
**Hours of Operation:**                          8:00 a.m. to 5:00 p.m.
Mail Correspondence to:
Motor Vehicle Business Group
Department of Revenue
Registration Section
Denver, Colorado 80261-0016

## COLORADO SECRETARY OF STATE FACT SHEET

The mission of the Department of State is to serve the public by performing constitutional and statutory duties of collecting, securing, and communicating information, ensuring the integrity of elections, and enhancing commerce. Information and services at the Secretary of State may be categorized into 4 areas: the elections center, business center, information center, and licensing center.

# COLORADO SECRETARY OF STATE CONTACT INFORMATION

**Administration Division:** Provides management and central support services for the Department of State such as budgeting, accounting, and human resources; monitors the use of the State Seal; certifies the interest rate on appealed money judgments; files Acts passed by the Legislature; and conveys information within our office to the public; plans and monitors legislation that affects the Department of State; and responds to inquires from the press and public.

**Address:**
Colorado Department of State
1700 Broadway, Suite 250
Denver CO 80290
**Telephone:**                           (303) 894-2200
**Fax:**                                  (303) 869-4860
**TDD:**                                  (303) 869-4867
**Email:**                                administration@sos.state.co.us
**Hours of Operation:**                   Monday - Friday, 7:30 a.m. - 5:00 p.m.
**Website:**                              www.sos.state.co.us

**Business Division:** Files documents relating to various business organizations and business names; files trade names for certain business entities; registers trade marks; files financing statements, notices of security interests in agricultural products; federal tax liens; and other miscellaneous statutory liens; performs searches of those records; provides copies of filed documents; issues related certificates; and provides pertinent educational services.

**Address:**
Colorado Department of State
1700 Broadway, Suite 200
Denver CO 80290
**Telephone:**                           (303) 894-2200 & press 2
**Fax:**                                  (303) 869-4864
**Email:**                                business@sos.state.co.us
**Hours of Operation:**                   Monday - Friday, 7:30 a.m. - 5:00 p.m.

**Elections Division:** Supervises elections, maintains statewide voter registration file, verifies initiative petition signatures, and administers the Campaign Finance Laws; serves as the filing office for unincorporated municipalities and for conflict of interest disclosure statements; and registers lobbyists.

**Address:**
Colorado Department of State
1700 Broadway, Suite 270
Denver CO 80290

| | |
|---|---|
| **Telephone:** | (303) 894-2200 |
| **Fax:** | (303) 869-4861 |
| **Email:** | elections@sos.state.co.us |
| **Hours of Operation:** | Monday - Friday, 7:30 a.m. - 5:00 p.m. |

**Licensing Division:** Issues Bingo/Raffles licenses and inspects facilities and operations of these games to ensure compliance with Bingo/Raffle laws, commissions notaries public and administers the Notary law, collects and disseminates information filed by charitable organizations that solicit contributions in Colorado and their professional fundraisers, manages the Colorado Administrative Rules Code, and provides rulemaking and guidance for state agencies under the Uniform Electronic Transactions Act (UETA) Program.

**Address:**
Colorado Department of State
1700 Broadway, Suite 300
Denver CO 80290

| | |
|---|---|
| **Telephone:** | (303) 894-2200 |
| **Fax:** | (303) 869-4871 |
| **Emails:** | licensing@sos.state.co.us |
| | charitable@sos.state.co.us |
| | rules@sos.state.co.us |
| **Hours of Operation:** | Monday - Friday, 7:30 a.m. - 5:00 p.m. |

**Information Technology Division:** Supports the information systems needs of the entire Secretary of State's office. Maintains the Departmental infrastructure consisting of multiple servers, personal computers, networking equipment, firewall, telephony, peripherals, and other information technology equipment to support the data and imaging needs of the Department. Also supports the web presence of the Secretary of State.

**Address:**
Colorado Department of State
1700 Broadway, Suite 350
Denver CO 80290

| | |
|---|---|
| **Telephone:** | (303) 894-2200 |
| **Fax:** | (303) 869-4878 |
| **Email:** | operations@sos.state.co.us |
| **Hours of Operation:** | Monday - Friday, 7:30 a.m. - 5:00 p.m. |

# SECTION V: PHONE AND WEBSITE CONTACT LISTS

## COLORADO STATE AGENCIES, DIVISIONS, AND RESOURCES

(www.colorado.gov)

| Colorado Agency | Phone Number | Website |
|---|---|---|
| Attorney General | (303) 866-4500 | www.ago.state.co.us |
| Business Resource Guide | (303) 892-3840 | www.colorado.gov/cs/Satellite/OEDIT/OEDIT/11547 21645662 |
| Civil Rights Division | (303) 894-2997 (800) 262-4845 | www.dora.state.co.us/civil-rights/ |
| Colorado Revised Statutes (All Colorado Law) | N/A | www.michie.com/colorado/ |
| Office of Environmental Health & Sustainabiliyt (Consumer Protection) | (303) 692-3645 | www.cdphe.state.co.us/cp/index.html |
| Directory Assistance (Colorado Government) | (303) 866-5000 | www.colorado.gov |
| Division of Insurance | (303) 894-7499 | www.dora.state.co.us/insurance/ |
| Division of Labor (Labor Standards Office) | (303) 318-8441 (888) 390-7936 | www.coloradolaborlaw.gov |
| Employment Services (General) | (303) 318-8800 | www.colorado.gov/cs/Satellite/CDLE-EmployTrain/CDLE/1240336887925 |
| Foreign Labor Certification | (303) 318-8961 | http://www.colorado.gov/cs/Satellite?c=Page&childpa gename=CDLE-EmployTrain%2FCDLELayout&cid=1248095317931 &pagename=CDLEWrapper |
| Judicial Branch | (303) 861-1111 | www.courts.state.co.us/ |
| Labor Market Information | (303) 318-8850 | http://lmigateway.coworkforce.com/lmigateway / |
| Small Business Information | (303) 892-3840 | www.colorado.gov/cs/Satellite/OEDIT/OEDIT/11679 28099897 |
| Small Claims Court (State Court Administrator)  Small Claims Forms and Information | (303) 861-1111 | www.courts.state.co.us/  http://www.courts.state.co.us/Forms/Forms_List.cfm? Form_Type_ID=9 |
| State Employee Phone Directory | N/A | www.colorado.gov/apps/oit/directory/start.jsf |
| State Patrol | (303) 239-4500 | www.csp.state.co.us/ |
| Unemployment Insurance Claim Filing  Cubline  Employer Inquiries Appeals  UI Tax | (303) 318-9000 (800) 388-5515 (303) 813-2800 (888) 550-2800 (303) 318-9055 (303) 318-9299 (800) 405-2338 (303) 318-9100 | www.colorado.gov/cs/Satellite/CDLE-UnempBenefits/CDLE/1240336898069 |
| Workers' Compensation | (303) 318-8700 | www.colorado.gov/cs/Satellite/CDLE- |

1/1/10

| | | WorkComp/CDLE/1240336932511 |
|---|---|---|
| Workforce Center Locations | (303) 318-8800 | www.colorado.gov/cs/Satellite/CDLE-EmployTrain/CDLE/1248095319018 |

| COLORADO STATE GOVERNMENT DEPARTMENTAL LISTINGS | | |
| --- | --- | --- |
| **Colorado Department** | **Phone Number** | **Website** |
| Agriculture | (303) 239-4100 | www.colorado.gov/ag |
| Corrections | (719) 579-9580 | www.doc.state.co.us/ |
| Education | (303) 866-6600 | www.cde.state.co.us/index_home.htm |
| Health Care Policy and Financing | (303) 866-2993 | www.colorado.gov/hcpf |
| Higher Education | (303) 866-2723 | http://highered.colorado.gov/ |
| Human Services | (303) 866-5700 | http://www.colorado.gov/cs/Satellite/CDHS-Main/CBON/1251575083520 |
| Labor & Employment | (303) 318-8000 | www.colorado.gov/cdle |
| Law (Attorney General) | (303) 866-4500 | www.ago.state.co.us |
| Local Affairs | (303) 866-2771 | www.dola.state.co.us |
| Military and Veterans Services | See website | www.dmva.state.co.us/ |
| Natural Resources | (303) 866-3311 | http://dnr.state.co.us/ |
| Personnel and Administration | (303) 866-3000 | www.colorado.gov/dpa |
| Public Health & Environment | (303) 692-2000 | www.cdphe.state.co.us |
| Public Safety | (303) 239-4400 | http://cdpsweb.state.co.us |
| Regulatory Agencies | (303) 894-7855 | www.dora.state.co.us |
| Revenue Tax Audit & Compliance Report Tax Evasion or Fraud Liquor Enforcement | (303) 238-7378 (303) 866-3711 (303) 205-8262 (303) 205-2300 | www.colorado.gov/revenue |
| Secretary of State | (303) 894-2200 | www.sos.state.co.us |
| Transportation | See website | www.dot.state.co.us/ |
| Treasury | (303) 866-2441 | www.colorado.gov/treasury |

## LABOR AND EMPLOYMENT CONTACTS

(Not affiliated with, or specifically endorsed by, the Colorado Division Labor)

| Agency / Organization | Phone Number | Website |
|---|---|---|
| American Bar Association | 800-285-2221 | www.abanet.org |
| American Bar Association Labor and Employment Law Section | 800-285-2221 | www.abanet.org/labor/ |
| AFL-CIO (Colorado) | 303-433-1260 | www.aflcio.org/ |
| Better Business Bureau (National) | (703) 276-0100 | www.bbb.org/ |
| Better Business Bureau (Denver & Boulder) | (303) 758-2100 | www.denver.bbb.org/ |
| Colorado Bar Association | (303) 860-1115 | www.cobar.org/ |
| Colorado Council of Mediators | (303) 322-9275 | www.coloradomediation.org/ |
| Colorado Legal Services | See Website or 303-837-1313 | www.coloradolegalservices.org/ |
| Colorado Plaintiff Employment Lawyers Association | See website | www.colopela.org/ |
| Colorado Revised Statutes (All Colorado Law) | N/A | www.michie.com/colorado |
| City and County of Denver | See website | www.denvergov.org/ |
| Denver Bar Association | See website | www.denbar.org/ |
| Denver Chamber of Commerce | (303) 534-8500 | www.denverchamber.org/ |
| Denver District Attorney | (720) 913-9000 | www.denverda.org/ |
| FindLaw Legal Resources | See website | www.findlaw.com/ |
| Metropolitan Lawyer Referral Service | (303) 831-8000 | www.mlrsonline.org/ |
| Metro Volunteer Lawyers | See Website | www.metrovolunteerlawyers.org/ |
| Mountain States Employers Council | (303) 839-5177 | www.msec.org/ |
| North American Industry Classification System (NAICS) | See website | www.census.gov/epcd/www/naics.html |
| National Association of Government Labor Officials (NAGLO) | (404) 679-1795 | www.naglo.org/ |
| National Center for State Courts | (800) 616-6164 | www.ncsc.org/ |
| Occupational Information Network (O*NET) | See website | http://online.onetcenter.org/ |
| Society for Human Resource Management (SHRM) | (800) 283-7476 | www.shrm.org/ |

2/27/2012

## U.S. Government Listings and Federal Topics

| U.S. Government Agency | Phone Number | Website |
|---|---|---|
| Bankruptcy Court for the District of Colorado | (720) 904-7300 | www.cob.uscourts.gov/bindex.htm |
| Census Bureau | See website | www.census.gov/ |
| US Citizenship and Immigration Services | (800) 375-5283 | www.uscis.gov<br>Denver:<br>https://egov.uscis.gov/crisgwi/go?action=offices.detail&office=DEN&OfficeLocator.office_type=LO&OfficeLocator.statecode=CO |
| COBRA (Contact EBSA) | (866) 444-3272 | www.dol.gov/ebsa/ |
| Code of Federal Regulations (CFR) | See website | www.gpoaccess.gov/cfr |
| Court of Appeals for the Tenth Circuit | (303) 844-3157 | www.ca10.uscourts.gov |
| Davis-Bacon Wages | (866) 487-9243<br>(720) 264-3250 | www.dol.gov/whd |
| Department of Homeland Security | (202) 282-8000 | www.dhs.gov |
| Department of Justice | (202) 514-2000 | www.usdoj.gov/ |
| Department of Labor | (866) 487-9243<br>(720) 264-3250 | www.dol.gov |
| Bureau of Labor Statistics (BLS) | (202) 691-5200 | www.bls.gov |
| Employee Benefits Security Administration (EBSA) | (866) 444-3272 | www.dol.gov/ebsa |
| Employment and Training Administration (ETA) | 877-872-5627<br>(720) 264-3250 | www.doleta.gov |
| Fairpay Rules (New FLSA Regulations) | 866-487-9243<br>(720) 264-3250 | www.dol.gov/whd/regs/compliance/fairpay/main.htm |
| International Labor Affairs (ILAB) | (202) 693-4770 | www.dol.gov/ilab |
| Mine Safety and Health Administration (MSHA) | (202) 693-9400 | www.msha.gov |
| Occupational Safety and Health Administration (OSHA) | (303) 844-5285<br>800-321-6742 | www.osha.gov |
| Office of Disability Employment Policy (ODEP) | (866) 633-7365 | www.dol.gov/odep |
| Federal Contract Compliance (OFCCP) | 800-397-6251<br>(720) 264-3200 | www.dol.gov/ofccp |

### U.S. GOVERNMENT LISTINGS AND FEDERAL TOPICS (CONTINUED)

| U.S. Government Agency | Phone Number | Website |
|---|---|---|
| Veterans' Employment and Training Service (VETS) | (866) 487-2365 (720) 264-3250 | www.dol.gov/vets |
| Wage and Hour Division (WHD) | (866) 487-9243 (720) 264-3250 | www.dol.gov/whd |
| Women's Bureau (WB) | (800) 397-6251 (720) 264-3250 | www.dol.gov/wb |
| District Court for the District of Colorado | (303) 844-3433 | www.cod.uscourts.gov/ |
| Equal Employment Opportunity Commission (EEOC) | (800) 669-4000 | www.eeoc.gov Denver: www.eeoc.gov/field/denver/index.cfm |
| ERISA (Contact EBSA) | (866) 444-3272 | www.dol.gov/ebsa |
| Federal Judiciary | See Website | www.uscourts.gov |
| Federal Register | See website | www.archives.gov/federal-register |
| FirstGov (U.S. Government web portal to many services) | 800-FED-INFO (333-4636) | www.usa.gov |
| US House of Representatives | (202) 224-3121 | www.house.gov |
|  |  |  |
| IRS | (800) TAX-1040 | www.irs.gov |
| Library of Congress | (202) 707-5000 | http://lcweb.loc.gov/ |
| National Labor Relations Board (NLRB) | (303) 844-3551 (866) 667-NLRB | www.nlrb.gov |
| National Mediation Board (Airlines & Railroads) | (800) 488-0019 | www.nmb.gov |
| Postal Service | (800) ASK-USPS | www.usps.com |
| Social Security Administration | (800) 772-1213 | www.ssa.gov |
| Supreme Court | See website | www.supremecourtus.gov |

# SECTION VI: LAWS AND REGULATIONS

# COLORADO MINIMUM WAGE ORDER NUMBER 28

## DEPARTMENT OF LABOR AND EMPLOYMENT

## Division of Labor

### 7 CCR 1103-1

**COLORADO MINIMUM WAGE ORDER NUMBER 28**

**Authority:**

> This Colorado Minimum Wage Order Number 28 is promulgated under the authority vested by Title 8, Articles 1, 4, 6, and 12, C.R.S. (2011). This Wage Order shall supersede all previous Wage Orders.

**Important Information on Minimum Wage**:

Colorado Minimum Wage Order Number 28 establishes a Colorado state minimum wage pursuant to the requirements of Article XVIII, Section 15, of the Colorado Constitution.

In addition to state minimum wage requirements, there are also federal minimum wage requirements. If an employee is covered by both state and federal minimum wage laws, the law which provides a higher minimum wage or sets a higher standard shall apply. For information on federal minimum wage law, contact the U.S. Department of Labor.

**2012 Colorado State Minimum Wage:**

Pursuant to the inflation adjustment requirement of Article XVIII, Section 15, of the Colorado Constitution, if either of the following two situations applies to an employee, then the employee is entitled to the $7.64 state minimum wage or the $4.62 state tipped employee minimum wage, effective January 1, 2012:

1. The employee is covered by the minimum wage provisions of Colorado Minimum Wage Order Number 28.

2. The employee is covered by the minimum wage provisions of the Fair Labor Standards Act.

Some restrictions and exemptions may apply; contact the Colorado Division of Labor for additional information. The Colorado Division of Labor accepts complaints for minimum wage violations involving employees who receive the state or federal minimum wage.

**Table of Contents:**

**Section**

1. Coverage

2. Definitions

3. Minimum Wage and Allowable Credits

4. Overtime Hours

5. Exemptions from the Wage Order

6. Exemptions from Overtime

7. Meal Periods

8. Rest Periods

9. Legal Deductions

10. Presents, Tips, or Gratuities

11. Wearing of Uniforms

12. Record Keeping

13. Administration and Interpretation

14. Separability Clause

15. Filing of Complaints

16. Investigations

17. Enforcement

18. Recovery of Wages

19. Reprisals

20. Violations

21. Posting Requirements

22. Dual Jurisdiction

**1.  Coverage:**

This Colorado Minimum Wage Order Number 28 regulates wages, hours, working conditions and procedures for certain employers and employees for work performed within the boundaries of the state of Colorado in the following industries:

(A)  Retail and Service    (C)  Food and Beverage

(B)  Commercial Support Service    (D)  Health and Medical

**2.  Definitions:**

(A)  **Retail and Service:** any business or enterprise that sells or offers for sale, any service, commodity, article, good, real estate, wares, or merchandise to the consuming public, and that generates 50% or more of its annual dollar volume of business from such sales. The retail and service industry offers goods or services that will not be made available for resale. It also includes amusement and recreation, public accommodations, banks, credit unions, savings and loans, and includes any employee who is engaged in the performance of work connected with or incidental to such business or enterprise, including office personnel.

(B)  **Commercial Support Service:** any business or enterprise engaged directly or indirectly in providing services to other commercial firms through the use of service employees who perform duties such as: clerical, keypunching, janitorial, laundry or dry cleaning, security, building or plant maintenance, parking attendants, equipment operations, landscaping and grounds maintenance. Commercial support service also includes temporary help firms which provide employees to any

3/31/12

business or enterprise covered by this wage order. Any employee, including office personnel, engaged in the performance of work connected with or incidental to such business or enterprise, is covered by the provisions of this wage order.

(C)  **Food and Beverage:** any business or enterprise that prepares and offers for sale, food or beverages for consumption either on or off the premises. Such business or enterprise includes but is not limited to: restaurants, snack bars, drinking establishments, catering services, fast-food businesses, country clubs and any other business or establishment required to have a food or liquor license or permit, and includes any employee who is engaged in the performance of work connected with or incidental to such business or enterprise, including office personnel.

(D)  **Health and Medical:** any business or enterprise engaged in providing medical, dental, surgical or other health services including but not limited to medical and dental offices, hospitals, home health care, hospice care, nursing homes, and mental health centers, and includes any employee who is engaged in the performance of work connected with or incidental to such business or enterprise, including office personnel.

**Director:** the director of the division of labor.

**Division:** the division of labor in the Colorado Department of Labor and Employment.

**Emancipated Minor:** any individual less than eighteen years of age who:

a)  has the sole or primary responsibility for his or her own support.

b)  is married and living away from parents or guardian.

c)  is able to show that his or her well-being is substantially dependent upon being gainfully employed.

**Emergency:** an unpredictable or unavoidable occurrence at unscheduled intervals requiring immediate action with regard to the employment of minors in overtime situations.

**Employee:** any person performing labor or services for the benefit of an employer in which the employer may command when, where, and how much labor or services shall be performed. For the purpose of this order, an individual primarily free from control and direction in the performance of contracted labor or services, and who is customarily engaged in an independent trade, occupation, profession, or business related to the service performed is not an employee.

**Employer:** every person, firm, partnership, association, corporation, receiver, or other officer of court in Colorado, and any agent or officer thereof, of the above-mentioned classes, employing any person in Colorado, except that the provisions of this order shall not apply to state, federal and municipal governments or political sub-divisions thereof, including; cities, counties, municipal corporations, quasi-municipal corporations, school districts, and irrigation, reservoir, or drainage conservation companies or special districts organized and existing under the laws of Colorado.

**Full Time Employee:** for the purpose of the exemption described in section 5(b) of this wage order, a full time employee is one who performs work for the benefit of an employer for a minimum of 32 hours per work week.

**Regular Rate of Pay:** the regular rate of pay actually paid to employees for a standard, non-overtime workweek. The regular rate of pay shall include all compensation paid to employees including the set hourly rate, shift differential, minimum wage tip credit, non-discretionary bonuses, production bonuses, and commissions used for the purpose of calculating the overtime hourly rate for non-exempt employees. Business expenses, bonafide gifts, discretionary bonuses, employer investment contributions, vacation pay, holiday pay, sick leave, jury duty, or other pay for non-work hours may be excluded from the regular rate of pay.

**Time Worked:** the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work whether or not required to do so. Requiring or permitting employees to remain at the place of employment awaiting a decision on job assignment or when to begin work or to perform clean up or other duties "off the clock" shall be considered time worked and said time must be compensated.

    a) **Travel Time:** all travel time spent at the control or direction of an employer, excluding normal home to work travel, shall be considered as time worked.

    b) **Sleep Time:** where an employee's tour of duty is 24 hours or longer, up to 8 hours of sleeping time can be excluded from overtime compensation, if: (1) an express agreement excluding sleeping time exists; and (2) adequate sleeping facilities for an uninterrupted night's sleep are provided; and (3) at least five hours of sleep are possible during the scheduled sleeping periods; and (4) interruptions to perform duties are considered time worked. When said employee's tour of duty is less than 24 hours, periods during which the employee is permitted to sleep are compensable work time, as long as the employee is on duty and must work when required. Only actual sleep time may be excluded up to a maximum of eight (8) hours per work day. When work related interruptions prevent five (5) hours of sleep, the employee shall be compensated for the entire work day.

**Tipped Employee:** any employee engaged in an occupation in which he or she customarily and regularly receives more than $30.00 a month in tips. Tips include amounts designated as a "tip" by credit card customers on their charge slips. Nothing herein contained shall prevent an employer covered hereby from requiring employees to share or allocate such tips or gratuities on a pre-established basis among other employees of said business who customarily and regularly receive tips. Employer-required sharing of tips with employees who do not customarily and regularly receive tips, such as management or food preparers, or deduction of credit card processing fees from tipped employees, shall nullify allowable tip credits towards the minimum wage authorized in section 3(c).

**Wages or Compensation:** all amounts due employees for labor or service; whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculating the same, or whether the labor or service is performed under contract, subcontract, partnership, subpartnership, station plan, or other agreement, provided that the labor or service is performed personally by the person demanding payment.

**Workday:** any consecutive twenty-four (24) hour period starting with the same hour each day and the same hour as the beginning of the workweek. The workday is set by the employer and may accommodate flexible work shift scheduling.

**Work Shift:** the hours an employee is normally scheduled to work within a work day.

**Workweek:** any consecutive seven (7) day period starting with the same calendar day and hour each week. A workweek is a fixed and recurring period of 168 hours, seven (7) consecutive twenty-four (24) hour periods.

### 3. Minimum Wage and Allowable Credits:

**Minimum Wage:** all adult employees and emancipated minors, employed in any of the industries covered herein, whether employed on an hourly, piecework, commission, time, task, or other basis, shall be paid not less than $7.64 effective January 1, 2012, less any applicable lawful credits for all hours worked.

**Allowable Credits:** the only allowable credits that may be taken by an employer toward the minimum wage are as follows:

    a) **Lodging:** the reasonable cost or fair market value for lodging (not to exceed $25.00 per week) furnished by the employer and used by the employee may be considered part of the minimum wage when furnished.

b) **Meals:** the reasonable cost or fair market value of meals provided to the employee may be used as part of the minimum hourly wage. No profits to the employer may be included in the reasonable cost or fair market value of such meals furnished. The meal must be consumed before deductions are permitted.

c) **Tips:** employers of "tipped employees" must pay a cash wage of at least $4.62 per hour if they claim a tip credit against their minimum hourly wage obligation. If an employee's tips combined with the employer's cash wage of at least $4.62 per hour do not equal the minimum hourly wage, the employer must make up the difference in cash wages.

**Exception:** employees whose physical disability has been certified by the director to significantly impair such disabled employee's ability to perform the duties involved in the employment, and un-emancipated minors under 18 years of age, may be paid 15% below the current minimum wage less any applicable lawful credits, for all hours worked.

### 4. Overtime Hours:

**Overtime Rate:** employees shall be paid time and one-half of the regular rate of pay for any work in excess of: (1) forty (40) hours per workweek; (2) twelve (12) hours per workday, or (3) twelve (12) consecutive hours without regard to the starting and ending time of the workday (excluding duty free meal periods), whichever calculation results in the greater payment of wages. Hours worked in two or more workweeks shall not be averaged for computation of overtime. Performance of work in two or more positions at different pay rates for the same employer shall be computed at the overtime rate based on the regular rate of pay for the position in which the overtime occurs, or at a weighted average of the rates for each position, as provided in the Fair Labor Standards Act.

Note: the requirement to pay overtime for work in excess of twelve (12) consecutive hours will not alter the employee's established workday or workweek, as previously defined.

**Exception:** in the event of a bonafide emergency situation, an employer may require minors, subject to the Colorado youth employment opportunity act, to work in excess of eight (8) hours in a twenty-four (24) hour period or in excess of forty (40) hours per week. Said minors shall be compensated at time and one-half the regular rate of pay for all hours worked in excess of eight (8) hours in any twenty-four (24) hour period, or for all work in excess of forty (40) hours per week, whichever calculation results in the greater payment of wages. The employer shall keep specific records to substantiate the existence of a bonafide emergency.

**Note:** a person under eighteen (18) years of age who has received a high school diploma or a passing grade on a General Education Development (GED) examination, is not considered a minor.

### 5. Exemptions from the Wage Order:

The following employees or occupations, as defined below, are exempt from all provisions of Minimum Wage Order No. 28: administrative, executive/supervisor, professional, outside sales employees, and elected officials and members of their staff. Other exemptions are: companions, casual babysitters, and domestic employees employed by households or family members to perform duties in private residences, property managers, interstate drivers, driver helpers, loaders or mechanics of motor carriers, taxi cab drivers, and bona fide volunteers. Also exempt are: students employed by sororities, fraternities, college clubs, or dormitories, and students employed in a work experience study program and employees working in laundries of charitable institutions which pay no wages to workers and inmates, or patient workers who work in institutional laundries.

**Exemption Definitions:**

a) **Administrative Employee:** a salaried individual who directly serves the executive, and regularly performs duties important to the decision-making process of the executive. Said employee regularly exercises independent judgment and discretion in matters of significance and their

primary duty is non-manual in nature and directly related to management policies or general business operations.

b) **Executive or Supervisor:** a salaried employee earning in excess of the equivalent of the minimum wage for all hours worked in a workweek. Said employee must supervise the work of at least two full-time employees and have the authority to hire and fire, or to effectively recommend such action. The executive or supervisor must spend a minimum of 50% percent of the workweek in duties directly related to supervision.

c) **Professional:** a salaried individual employed in a field of endeavor who has knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study. The professional employee must be employed in the field in which they are trained to be considered a professional employee.

Note: the requirement that a professional employee must be paid on a salary basis does not apply to doctors, lawyers, teachers, and employees in highly technical computer occupations earning at least $27.63 per hour.

d) **Outside Salesperson:** any person employed primarily away from the employer's place of business or enterprise for the purpose of making sales or obtaining orders or contracts for any commodities, articles, goods, real estate, wares, merchandise or services. Such outside sales employee must spend a minimum of 80% of the workweek in activities directly related to their own outside sales.

## 6. Exemptions from Overtime:

The following employees are exempt from the overtime provisions of Minimum Wage Order No. 28:

a) Salespersons, parts-persons, and mechanics employed by automobile, truck, or farm implement (retail) dealers; salespersons employed by trailer, aircraft and boat (retail) dealers.

b) **Commission Sales Exemption:** sales employees of retail or service industries paid on a commission basis, provided that 50% of their total earnings in a pay period are derived from commission sales, and their regular rate of pay is at least one and one-half times the minimum wage. This exemption is only applicable for employees of retail or service employers who receive in excess of 75% of their annual dollar volume from retail or service sales.

c) **Ski Industry Exemption:** employees of the ski industry performing duties directly related to ski area operations for downhill skiing or snow boarding, and those employees engaged in providing food and beverage services at on-mountain locations, are exempt from the forty (40) hour overtime requirement of this wage order. The daily overtime requirement of one and one-half the regular rate of pay for all hours worked in excess of twelve (12) in a workday shall apply. This partial overtime exemption does not apply to ski area employees performing duties related to lodging.

d) **Medical Transportation Exemption:** employees of the medical transportation industry who are scheduled to work twenty-four (24) hour shifts, are exempt from the twelve (12) hour overtime requirement **provided** they receive overtime wages for hours worked in excess of forty (40) hours per work week.

Note: a hospital or nursing home may seek an agreement with individual employees to pay overtime pursuant to the provisions of the Federal Fair Labor Standards Act **"8 and 80 rule",** whereby employees are paid time and one-half their regular rate of pay for any work performed in excess of eighty (80) hours in a fourteen (14) consecutive day period and for any work in excess of eight (8) hours per day.

## 7. Meal Periods:

Employees shall be entitled to an uninterrupted and "duty free" meal period of at least a thirty minute duration when the scheduled work shift exceeds five consecutive hours of work. The employees must be completely relieved of all duties and permitted to pursue personal activities to qualify as a non-work, uncompensated period of time. When the nature of the business activity or other circumstances exist that makes an uninterrupted meal period impractical, the employee shall be permitted to consume an "on-duty" meal while performing duties. Employees shall be permitted to fully consume a meal of choice "on the job" and be fully compensated for the "on-duty" meal period without any loss of time or compensation.

**8. Rest Periods:**

Every employer shall authorize and permit rest periods, which, insofar as practicable, shall be in the middle of each four (4) hour work period. A compensated ten (10) minute rest period for each four (4) hours or major fractions thereof shall be permitted for all employees. Such rest periods shall not be deducted from the employee's wages. It is not necessary that the employee leave the premises for said rest period.

**9. Legal Deductions:**

No employer shall make a deduction from the wages or compensation of an employee in violation of the Colorado Wage Act, § 8-4-105, C.R.S. (2011).

**10. Presents, Tips, or Gratuities:**

It shall be unlawful to deny presents, tips, or gratuities intended for employees in violation of the Colorado Wage Act, § 8-4-103(6), C.R.S. (2011).

**11. Wearing of Uniforms:**

Where the wearing of a particular uniform or special apparel is a condition of employment, the employer shall pay the cost of purchases, maintenance, and cleaning of the uniforms or special apparel. If the uniform furnished by the employer is plain and washable and does not need or require special care such as ironing, dry cleaning, pressing, etc., the employer need not maintain or pay for cleaning. An employer may require a reasonable deposit (up to one-half of actual cost) as security for the return of each uniform furnished to employees upon issuance of a receipt to the employee for such deposit. The entire deposit shall be returned to the employee when the uniform is returned. The cost of ordinary wear and tear of a uniform or special apparel shall not be deducted from the employee's wages or deposit.

**Exception:** clothing accepted as ordinary street wear and the ordinary white or any light colored plain and washable uniform need not be furnished by the employer unless a special color, make, pattern, logo or material is required.

**12. Record Keeping:**

Every employer shall keep at the place of employment or at the employer's principal place of business in Colorado, a true and accurate record for each employee which contains the following information:

a) name, address, social security number, occupation and date of hire of said employee.

b) date of birth, if the employee is under eighteen (18) years of age.

c) daily record of all hours worked.

d) record of allowable credits and declared tips.

e) regular rates of pay, gross wages earned, withholdings made and net amounts paid each pay period. An itemized earnings statement of this information shall be provided to each

3/31/12

employee each pay period. Such records shall be kept on file at least two years from date of entry.

## 13. Administration and Interpretation:

The division of labor shall have jurisdiction over all questions of fact arising with respect to the administration and interpretation of this order.

## 14. Separability Clause:

If any section, sentence, clause or phrase of this order is for any reason held to be invalid, such decision shall not affect the validity of the remaining portion of the order.

## 15. Filing of Complaints:

Any person may register with the division, a written complaint that alleges a violation of the Minimum Wage Order within two (2) years of said violation(s).

## 16. Investigations:

The director or designated agent shall investigate and take all proceedings necessary to enforce the payment of the minimum wage rate and other alleged violations of this wage order, pursuant to this article and the Colorado Wage Act § 8-4-101 C.R.S. et seq.

## 17. Enforcement:

The director has the power, in person or through any authorized representative, to inspect, examine and make excerpts from any book, reports, contracts, payrolls, documents, papers, and other records of any employer that in any way pertain to the question of wages, and to require from any such employer full and true statement of the wages paid.

## 18. Recovery of Wages:

An employee paid less than the legal minimum wage is entitled to recover in a civil action the unpaid balance of the full amount of such minimum wage, together with costs of the suit, pursuant to § 8-6-118 C.R.S.

## 19. Reprisals:

Employers shall not threaten, coerce, or discharge any employee because of participation in any investigation or hearing relating to the minimum wage act. Violators may be subject to a fine of not less than two hundred dollars ($200.00), up to one thousand dollars ($1,000.00) for each violation, pursuant to § 8-6-115 C.R.S.

## 20. Violations:

Any employer or other person who individually or as an officer, agent or employee of a corporation or other person, pays or causes to be paid an employee covered by this wage order less than the minimum wage, is guilty of a misdemeanor. Conviction thereof will subject the offender to a fine of not less than one hundred dollars ($100.00), nor more than five hundred dollars ($500.00), or by imprisonment in the county jail for not less than thirty (30) days, nor more than one (1) year, or both such fine and imprisonment, pursuant to § 8-6-116 C.R.S.

## 21. Posting Requirements:

Every employer subject to this wage order must display a wage order poster in an area frequented by employees where it may be easily read during the work day. If the work site or other conditions make this

unpractical, the employer shall keep a copy of this wage order and make it available to employees upon request.

**22.  Dual Jurisdiction:**

Whenever employers are subjected to both federal and Colorado law, the law providing greater protection or setting the higher standard shall apply. For information on the federal law contact the nearest office of the U.S. Department of Labor, Wage and Hour Division.