UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| CHIQUITA JOYNER, HELEN DIXON, and TAJAHNE HOBLEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FRONTIER AIRLINES, INC., a Colorado corporation; SIMPLICITY GROUND SERVICES LLC, D/B/A MENZIES AVIATION, a Delaware limited liability company; and AIRCRAFT SERVICE INTERNATIONAL, INC., D/B/A MENZIES AVIATION, a Delaware corporation,<br><br>Defendants. | Case No.: 1:24-cv-1672-KAS |

**THE MENZIES DEFENDANTS'
MOTION TO STAY PROCEEDINGS**

Defendants Simplicity Ground Services LLC, d/b/a Menzies Aviation ("SGS") and Aircraft Service International, Inc., d/b/a Menzies Aviation ("ASI") (collectively, the "Menzies Defendants") file this Motion to Stay Proceedings (the "Motion") pursuant to the Federal Arbitration Act, 9 U.S.C. § 3 (the "FAA").

The Menzies Defendants request that the Court stay discovery and any other proceedings in the matter while the Court considers the Menzies Defendants' Motion to Compel Arbitration (Dkt. No. 27), and, if the Court grants the Motion to Compel Arbitration, until Plaintiffs Chiquita Joyner ("Joyner"), Tajahne Hobley ("Hobley"),

and Helen Dixon ("Dixon") (collectively, the "Plaintiffs") have complied with their obligations to arbitrate their claims in individual arbitrations. 9 U.S.C. § 3; *Smith v. Spizzirri*, 601 U.S. 472, 478, 144 S. Ct. 1173, 1178 (2024) ("[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding"). *Bernal v. Burnett*, No. 10-CV-01917-PAB-KMT, 2010 WL 4792628, at *2 (D. Colo. Nov. 18, 2010) (staying putative class action pending decision on motion to compel arbitration in the interest of judicial economy); *Max Software, Inc. v. Computer Assocs. Int'l, Inc.*, 364 F. Supp. 2d 1233, 1234 (D. Colo. 2005) (staying discovery pending decision on motion to compel arbitration).

**A. This Proceeding Should be Stayed Pending The Court's Ruling On The Motion To Compel Arbitration And, Upon Granting It, Until Arbitration Has Occurred**

For the reasons set forth in the Menzies Defendants' Motion to Compel Arbitration (Dkt. No. 27), Plaintiffs' claims are arbitrable pursuant to the Arbitration Agreements ("Arbitration Agreements") (Dkt. No. 27-1 at p. 6-11) each of the Plaintiffs signed with the Menzies Defendants. Accordingly, the Menzies Defendants ask the Court to compel arbitration and stay this proceeding as required by the FAA.

When ruling on a motion to stay, courts weigh the following factors: (1) the plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public

2

interest (collectively, the "String Cheese factors"). *Richan v. Ageiss, Inc.*, No. 22-CV-01060-NYW, 2022 WL 2643565, at *2 (D. Colo. July 7, 2022) (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)). A stay of discovery is often appropriate pending the resolution of a motion to compel arbitration. See, e.g., *Richan*, 2022 WL 2643565, at *4; *Bernal*, 2010 WL 4792628, at *3; *Max Software, Inc.*, 364 F. Supp. 2d at 1238; *Robertson v. REP Processing, LLC*, No. 19-CV-02910-PAB-NYW, 2020 WL 12630544, at *4 (D. Colo. Mar. 5, 2020) (stay warranted in class action case during pendency of motion to compel arbitration).

### i. The FAA Requires A Stay After Arbitration Is Granted, And The Same Logic Compels A Stay While Considering A Motion To Compel Arbitration.

The Supreme Court has recently instructed that the FAA requires courts to stay arbitrable proceedings. 9 U.S.C. § 3 ("If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which the suit is pending ... ***shall*** on application of one of the parties stay the trial of the action ...") (emphasis added); *Spizzirri*, 601 U.S. at 478, 144 S. Ct. at 1178 ("the statute's use of the word 'shall' creates an obligation impervious to judicial discretion").  Notably, Plaintiffs agree that if this Court orders arbitration, a stay of this Action is warranted and would agree to a stay under those circumstances.

The FAA's rationale for staying litigation after arbitration is ordered weighs

3

similarly in favor of staying this Action while the Court considers the Menzies Defendants' Motion to Compel Arbitration, because if the FAA mandates a stay upon finding arbitration is required, it would be contrary to that same policy for the parties to have to engage in discovery and litigation while the Court considers the question of arbitrability. *See Bernal*, 2010 WL 4792628, at *2 (staying putative class action while motion to compel arbitration pending in the interest of judicial economy); *Max Software, Inc*, 364 F. Supp. 2d at 1234 (staying discovery on similar grounds).

### ii. The String Cheese Factors Overwhelmingly Support A Stay of Proceedings.

The String Cheese Factors also overwhelmingly counsel in favor of a stay pending a decision on the Motion to Compel Arbitration.

String Cheese Factor No. 2 is the burden on the Menzies Defendants. Here, where the Plaintiffs assert collective action allegations but have signed Arbitration Agreements requiring individualized arbitrations, any acts of engaging in class discovery or seeking conditional certification would be prejudicial and unduly burdensome where such mechanisms would otherwise be irrelevant to individualized arbitrations. *Robertson*, 2020 WL 12630544, at *4 ("If Chief Judge Brimmer grants the pending Motion to Compel Arbitration, thereby enforcing the Arbitration Agreement that prohibits class action lawsuits, any discovery propounded on Plaintiff's class action claims and briefing on conditional certification in the interim would be rendered useless—thus wasting both Parties' time and resources.") Thus, this factor favors a stay pending a ruling on the Motion to Compel Arbitration.

String Cheese Factors No. 3 concerns judicial economy, which counsels in favor of a stay here. Specifically, as noted above, judicial economy is best served deciding the Motion to Compel Arbitration and not presiding over a potentially unnecessary motion for conditional certification or engagement in discovery. *Id.* ("if discovery were to continue in the interim but the Motion to Compel Arbitration is ultimately granted, the Court will have expended resources managing a complex class action suit unnecessarily in the absence of a stay."); *see also Richan*, 2022 WL 2643565, at *4; *Bernal*, 2010 WL 4792628, at *3; *Max Software, Inc.*, 364 F. Supp. 2d at 1238.

String Cheese Factor Nos. 4-5 concern the interests of third parties and the public. Public policy favors arbitration as a method of dispute resolution, and therefore engaging in discovery that would ultimately be barred if the Motion to Compel Arbitration is granted is against the public interests. *Robertson*, 2020 WL 12630544, at *4.

Ultimately, only String Cheese Factor No. 1, potential prejudice to Plaintiffs of a delay, could arguably weigh against a stay. Plaintiffs will undoubtedly argue that they will face some form of prejudice in waiting to engage in discovery or to seek a motion for condition certification while the Motion to Compel Arbitration is pending. But, as described above, the benefits of judicial economy and avoidance of prejudice to Defendants by not engaging in potentially irrelevant class discovery and motions practice on a motion for conditional certification eclipses any potential timing-based prejudice that Plaintiffs could articulate. Thus, in the aggregate, the String Cheese

5

Factors strongly favor a stay pending a ruling on the Motion to Compel Arbitration.

**B. Conclusion**

In sum, because all of Plaintiffs' claims are subject to binding individual arbitration pursuant to the Arbitration Agreements, and the FAA and String Cheese Factors favor implementing a stay pending a ruling on the Motion to Compel Arbitration, the Menzies Defendants ask the Court to stay this action, including discovery, until resolution of the Motion to Compel Arbitration (Dkt. No. 27), and thereafter stay the action upon granting of the Motion. Any other outcome would be a waste of the parties' and the Court's resources, and prior precedent in this district demonstrate that a stay of this matter, including discovery, is appropriate under the specific circumstances herein.

Dated: August 20, 2024                              Respectfully submitted,

/s/ *Christopher Ward*
Christopher Ward
**Foley & Lardner LLP**
321 N. Clark Street, Suite 3000
Chicago, IL 60654
Tel: (312) 832-4500
Fax: (312) 832-4700
cward@foley.com

Michael F. Ryan
**Foley & Lardner LLP**
1400 16th Street, Suite 200
Denver, CO 80202
Tel: (720) 437-2000
Fax: (720) 437-2200
mryan@foley.com

*Attorneys for Simplicity Ground Services LLC, d/b/a Menzies Aviation and Aircraft Service International, Inc., d/b/a Menzies Aviation*

7

## CERTIFICATE OF CONFERRAL

I HEREBY CERTIFY that I conferred with counsel for Plaintiffs via phone call and e-mail on Thursday, August 15, 2024, Friday, August 16, 2024, and Monday, August 19, 2024. Plaintiffs are opposed to a stay of the litigation pending a decision on the Motion to Compel Arbitration given the *String Cheese* factors, which Plaintiffs believe weighs against a stay. Conversely, Plaintiffs are agreed that staying the litigation during the pendency of any arbitration ordered by this Court is proper and would agree to such stay if arbitration is ordered.

/s/ *Michael F. Ryan*
Michael F. Ryan

## CERTIFICATION RE: NON-USE OF ARTIFICIAL INTELLIGENCE

I HEREBY CERTIFY that no portion of this filing was drafted by Artificial Intelligence.

/s/ *Michael F. Ryan*
Michael F. Ryan

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this August 20, 2024, a true and correct copy of the foregoing **The Menzies Defendants' Motion to Stay Proceedings** was filed and served via CM/ECF on all parties of record.

/s/ *Christopher Ward*
Christopher Ward