IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:24-cv-01672-SKC-KAS

CHIQUITA JOYNER, HELEN DIXON, and
TAJAHNE HOBLEY, *on behalf of themselves
and all others similarly situated,*

        Plaintiffs,

v.

FRONTIER AIRLINES, INC., *a Colorado corporation,*
SIMPLICITY GROUND SERVICES LLC,
D/B/A MENZIES AVIATION, *a Delaware limited liability company,* and
AIRCRAFT SERVICE INTERNATIONAL, INC.,
D/B/A MENZIES AVIATION, *a Delaware corporation,*

        Defendants.

---

**DEFENDANT FRONTIER AIRLINES INC.'S MOTION TO VACATE
SCHEDULING/PLANNING CONFERENCE AND ALL PENDING DEADLINES
AND STAY THIS ACTION AND REQUEST FOR EXPEDITED BRIEFING**

---

Pursuant to Federal Rules of Civil Procedure 1, 16(b), and 26(c)(1), Defendant

Frontier Airlines, Inc. ("Frontier"), by and through its undersigned counsel,

respectfully requests the Court enter an order vacating the Order Setting

Scheduling/Planning Conference currently set for September 18, 2024 [ECF #19],

vacating the Order setting Frontier's deadline to respond to the First Amended

Individual and Class Action Complaint and Jury Demand [ECF #21] ("FAC") as

September 13, 2024 [ECF #32], and staying this action in its entirety pending

resolution of the motions to compel arbitration filed by Frontier [ECF #33] and

Defendants Simplicity Ground Services LLC, d/b/a Menzies Aviation and Aircraft Service International, Inc., d/b/a Menzies Aviation ("Menzies") [ECF #27]. Because of the short timeframe until the Scheduling Conference, Frontier also requests an expedited briefing schedule. In support of this Motion, Frontier states:

**REQUEST FOR EXPEDITED BRIEFING**

Frontier respectfully requests the Court order expedited briefing associated with this Motion, which would serve efficiency and judicial economy, especially given the upcoming September 13, 2024 deadline for Frontier to file a responsive pleading and the September 18, 2024 Scheduling/Planning Conference. Frontier requests the Court provide Plaintiffs with four business days to respond and Frontier with two business days to reply to this Motion.

**CERTIFICATE OF CONFERRAL**

Undersigned counsel conferred with Plaintiffs' counsel who confirmed Plaintiffs oppose this Motion and the relief sought herein.

**I.    PRELIMINARY STATEMENT**

Frontier and Menzies (collectively, "Defendants") contend there are enforceable arbitration agreements requiring the claims alleged in the FAC filed by Plaintiffs Chiquita Joyner, Helen Dixon, and Tajahne Hobley ("Plaintiffs") to proceed in arbitration on an individual basis. Plaintiffs oppose both motions, and the parties intend to complete briefing on the issue.

2

This Court has the inherent power to stay this action to conserve judicial resources, avoid duplicative litigation, ensure consistency and efficiency, and prevent prejudice to the parties. While stays of the normal proceedings of a court matter are the exception rather than the rule, courts in this District exercise their power to stay an action where the factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 1:05-cv-01934-LTB-PA, 2006 WL 894955 (D. Colo. Mar. 30, 2006), warrant.

Here, the String Cheese factors, which focus on prudential concerns of judicial economy and prejudice to the parties, weigh heavily in favor of staying this action pending resolution of the threshold issue of whether Plaintiffs' claims must be arbitrated.

Accordingly, Frontier respectfully requests that this Court enter an order vacating the Order Setting Scheduling/Planning Conference currently set for September 18, 2024 [ECF #19], vacating the Order setting Frontier's deadline to respond to the FAC as September 13, 2024, and staying this action in its entirety pending resolution of the pending motions to compel arbitration [ECF #27, ECF #32].

## II. FACTUAL BACKGROUND

1. Plaintiffs filed their FAC on July 19, 2024, alleging a class and/or collective action and contending Defendants jointly employed them and violated Colorado wage and hour law by failing to provide certain meal breaks, failing to properly pay at the regular rate and overtime rates, failing to provide certain rest

3

periods, making certain improper deductions for breaks, and failing to pay all earned commissions. *See* ECF #21.

2.      Plaintiffs each signed arbitration agreements (the "Arbitration Agreements") requiring them to arbitrate all disputes relating to their employment with Menzies. *See* ECF #27-1 at Exs. B-D at p. 4, 6, 8; ECF #33 at p. 4.

3.      The Arbitration Agreements contain a valid and enforceable class action waiver, which states that the claims subject to the Arbitration Agreement must be arbitrated on an individual basis. *See* ECF #27-1 at Exs. B-D at p. 5, 7, 9; ECF #33 at p. 4.

4.      Menzies filed its Motion to Compel Arbitration [ECF #27] ("Menzies' MTC Arbitration") on August 16, 2024 and its Motion to Stay Proceedings on August 20, 2024 [ECF #28].

5.      Frontier filed its Motion to Compel Arbitration ("Frontier's MTC Arbitration") on September 3, 2024. *See* ECF #33.

6.      Without the relief requested in this Motion, Frontier's deadline to respond to the FAC is September 13, 2024. *See* ECF #32.

7.      Without the relief requested in this Motion, a Scheduling/Planning Conference is currently set to take place on September 18, 2024. *See* ECF #19.

8.      No scheduling order has been entered and no trial date has been set.

III.    **ARGUMENT**

Frontier seeks a stay of this lawsuit pending resolution of its MTC Arbitration

4

and/or resolution of Menzies' MTC Arbitration. This and every Court has "the power

inherent . . . to control the disposition of the causes on its docket with economy of time

and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248,

254 (1936); *Deutsche Bank Tr. Co. Americas v. Fushimi*, No. 11-CV-02472-REB-KMT,

2011 WL 5864987, at \*3 (D. Colo. Nov. 22, 2011) ("The power to stay proceedings is

incidental to the court's inherent power to control the disposition of the cases on its

docket with economy of time and effort for itself, for counsel and for litigants.")

(internal quotations and citation omitted).

The mechanism by which a litigant may seek a stay is by moving for a

protective order under Rule 26(c)(1). *See Ajjarapu v. AE Biofuels, Inc.*, No. No. 09-CV-

01013-CMA-KMT, 2010 WL 1529596, at \*1 (D. Colo. Apr. 15, 2010); *Aspen Corps. v.*

*Gorman*, No. 1:18-cv-01325-CMA-SKC, 2019 WL 266313, at \*1 (D. Colo. Jan. 18,

2019) ("The decision to issue a protective order and thereby stay discovery is within

the sound discretion of the trial court."). While stays should be the exception rather

than the rule, a court may nonetheless "decide that in a particular case it would be

wise to stay discovery on the merits until [certain issues] have been resolved."

*Chimney Rock Pub. Power Dist. v. Tri-State Generation & Transmission Ass'n Inc.*,

No. 10-CV-02349-WJM-KMT, 2011 WL 834201, at \*4 (D. Colo. Mar. 4, 2011) (citing

8 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE §

2040, at 521–22 (2d ed. 1994)); *Richan v. Ageiss, Inc.*, No. 22-CV-01060-NYW, 2022

WL 2643565, at \*3 (D. Colo. July 7, 2022) (granting motion to stay pending resolution

of motion to compel arbitration reasoning, "if the Motion to Compel is granted, requiring the [Parties] to conduct discovery … may unnecessarily subject them to the very complexities, inconveniences and expenses of litigation that they determined to avoid.") (internal citations and quotations omitted). In addition, a stay may be appropriate if "resolution of [a preliminary motion] may dispose of the entire action." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004).

When exercising its discretion to stay an action, the Court must consider the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *See String Cheese Incident, LLC*, 2006 WL 894955, at *2.

Here, each *String Cheese* factor is either neutral or weighs in favor of a stay. Thus, good cause exists to grant the relief requested here. Arbitrability is a critical threshold issue, and it is in the parties' and the Court's interest to conserve resources until the Court can determine the right forum. *See Henry Schein, Inc. v. Archer and White Sales, Inc.*, 586 U.S. 63, 65 (2019) (referring to whether arbitration "applies to the particular dispute" as a "threshold" question).

A.    **Plaintiffs Face No Prejudice By A Stay**

The first factor favors a stay, because Plaintiffs will not be prejudiced if this Court stays this action pending resolution of Frontier's MTC Arbitration. No specific prejudice would befall Plaintiffs from a relatively brief stay at the very outset of this case for the limited purpose of resolving the threshold issue of whether Plaintiffs' claims must be arbitrated. While Plaintiffs may have a general interest in proceeding expeditiously, briefing on Menzies' MTC Arbitration will be completed by September 20, 2024, and briefing on Frontier's MTC Arbitration will be completed by October 8, 2024. *See* D.C.COLO.LCivR 7.1(d). As such, "a ruling on the motion may be quickly forthcoming," and a relatively short stay at the very outset of this case would not unnecessarily delay its ultimate resolution. *See Hammond v. Intervention, ICCS*, No. 1:14-cv-00242-MEH, 2014 WL 4638399, at *2 (D. Colo. Sept. 16, 2014).

### B.    Frontier Faces Heavy Burdens If The Case Is Not Stayed

The second factor also favors a stay. If Frontier is required to proceed with this case, including preparing a responsive pleading to the FAC, which spans 33 pages and is comprised of 131 separately numbered paragraphs, preparing a Scheduling Order, appearing at the Scheduling/Planning Conference, and responding to complex class action discovery, only to have the case ordered to arbitration, they will be significantly burdened, having unnecessarily wasted time and money and experienced business disruption only to duplicate the same time, expense, and disruption in arbitration, causing "annoyance . . . [and] undue burden or expense," and outweighing Plaintiffs' general interest in proceeding expeditiously. Fed. R. Civ.

P. 26(c)(1); *E.I. Du Pont De Nemours & Co. v. Teflon Blood Inc.*, No. 09-CV-02717-WDM-KMT, 2010 WL 1957306, at \*2 (D. Colo. May 13, 2010) (staying discovery and vacating scheduling conference); *see also Abdulmutallab v. Sessions*, No. 17-CV-02493-RM-KMT, 2018 WL 11225175, at \*2 (D. Colo. Feb. 8, 2018) (granting stay where "proceeding with discovery may be wasteful, and thus may be a burden to Defendants"); *Robertson v. REP Processing, LLC,* No. 19-CV-02910-PAB-NYW, 2020 WL 12630544, at \*4 (D. Colo. Mar. 5, 2020) ("If Chief Judge Brimmer grants the pending Motion to Compel Arbitration, thereby enforcing the Arbitration Agreement that prohibits class action lawsuits, any discovery propounded on Plaintiff's class action claims and briefing on conditional certification in the interim would be rendered useless—thus wasting both Parties' time and resources" and noting "discovery permitted in an arbitration can differ not only in scope but in nature, given the inapplicability of the Federal Rules of Civil Procedure."). Thus, the second factor weighs heavily in favor of a stay.

### C.    Judicial Economy Weighs In Favor Of A Stay

The third factor also favors a stay, because staying discovery would be of convenience to the Court and "will promote judicial economy and efficiency." *Council v. Target Corp.*, No. 13-CV-03479-CMA-KMT, 2014 WL 859326, at \*2 (D. Colo. Mar. 5, 2014). Ample authority supports a court's power to stay an action for reasons of judicial economy pending the resolution of a motion to compel arbitration. *E.g.*, *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 357 F. Supp. 2d at 1280 (citing interest

8

of judicial economy as reason to grant stay discovery pending decision on motion to compel arbitration); *i4 Grp. Consulting, LLC v. Scaled Agile, Inc.*, No. 20-CV-01855-DDD-NRN, 2020 WL 6565229 at \*4 (D. Colo. Nov. 9, 2020) (finding that despite plaintiff's interest in expediency, staying discovery pending resolution of motion to compel arbitration due to unfair burden on defendant and judicial economy); *Bernal v. Burnett,* No. 10-CV-01917-PAB-KMT, 2010 WL 4792628, at \*2 (D. Colo. Nov. 18, 2010) (staying case pending resolution of defendants' motion to compel arbitration, reasoning "Should the Motion to Compel Arbitration be granted, this Court will have expended resources managing a complex class-action suit unnecessarily, significantly wasting judicial resources.").

Should Menzies' and/or Frontier's MTC Arbitration be granted, this Court will have expended resources managing a complex class-action suit unnecessarily, significantly wasting judicial resources. Vacating the orders requiring the parties to submit a Proposed Scheduling Order and appear for the Scheduling/Planning Conference on September 18, 2024, would also promote judicial efficiency and economy for the same reasons.

### D.    The Remaining *String Cheese* Factors Favor A Stay

The remaining *String Cheese* factors likewise are neutral or favor a stay. The fourth factor—the interests of nonparties in either staying or proceeding with discovery, *see String Cheese Incident, LLC*, 2006 WL 894955, at \*2—is neutral. While

9

Plaintiffs have asserted class and/or collective claims, the interests of any similarly-situated individuals do not diverge from those of Plaintiffs.

The fifth factor also favors a stay. Where "the public's only interest in this case is a general interest in its efficient and just resolution," such as here, "[a]voiding wasteful efforts by the Court clearly serves this interest, weighing in favor of a stay." *Profitstreams LLC v. Ameranth, Inc.*, No. 11-CV-01710-RBJ-KLM, 2011 WL 5024912, at *3 (D. Colo. Oct. 21, 2011); *see also F.D.I.C. v. Countrywide Fin. Corp.*, No. 11-CV-02268-WJM-KLM, 2011 WL 4372915, at *3 (D. Colo. Sept. 19, 2011) (same).

Accordingly, the *String Cheese* factors overwhelming favor a stay of this action pending the threshold issue of whether Plaintiffs' claims must be arbitrated.

## IV.    CONCLUSION

For the foregoing reasons, Frontier respectfully request that this Court enter an order vacating the Order Setting Scheduling/Planning Conference currently set for September 18, 2024 [ECF #19], vacating the Order setting Frontier's deadline to respond to the FAC as September 13, 2024, and stay this action in its entirety pending resolution of Defendants' motions to compel arbitration [ECF #27, ECF #33].

Respectfully submitted this 3rd day of September, 2024.

> *s/ Jennifer S. Harpole*
> Jennifer S. Harpole
> Carolyn B. Theis
> Littler Mendelson, P.C.
> 1900 Sixteenth Street, Suite 800
> Denver, CO 80202
> Telephone: 303.629.6200
> Facsimile: 303.629.0200

10

Email: jharpole@littler.com
catheis@littler.com

*Attorneys for Defendant Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September, 2024, I filed the foregoing

**DEFENDANT FRONTIER AIRLINES INC.'S MOTION TO VACATE SCHEDULING/PLANNING CONFERENCE AND ALL PENDING DEADLINES AND STAY THIS ACTION AND REQUEST FOR EXPEDITED BRIEFING** using the Court's CM/ECF filing system which will serve the following parties:

Shelby Woods, #48606
Abby Zinman, #57792
HKM Employment Attorneys LLP
518 17th Street, Suite 1100
Denver, CO 80202
Phone No.: 720.235.0105
Email: swoods@hkm.com
        azinman@hkm.com

*Attorneys for Plaintiffs*

Michael F. Ryan
Foley & Lardner LLP
1000 Louisiana Street, Suite 2000
Houston, TX 77002
Phone: (713) 276-5500
Facsimile: (713) 276-5555
Email: mryan@foley.com

*Attorney for Defendants SGS and ASI*

*s/ Elisabeth L. Egan*
Elisabeth L. Egan

4869-1876-4254.6 / 057446-1095

11