**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-1672-SKC-KAS

CHIQUITA JOYNER,
HELEN DIXON, and
TAJAHNE HOBLEY, on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

FRONTIER AIRLINES, INC., a Colorado corporation;
SIMPLICITY GROUND SERVICES LLC, d/b/a MENZIES AVIATION, a Delaware limited liability company; and
AIRCRAFT SERVICE INTERNATIONAL, INC., d/b/a MENZIES AVIATION, a Delaware corporation,

      Defendants.

---

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO STAY PENDING RULING ON DEFENDANTS' MOTIONS TO COMPEL ARBITRATION**

---

Plaintiffs, Chiquita Joyner, Helen Dixon, and Tajahne Hobley, on behalf of themselves and all others similarly situated ("Plaintiffs"), hereby file their Response to the Menzies Defendants' Motion to Stay Proceedings, filed August 20, 2024, ECF No. 28 (the "Menzies Motion") and Defendant Frontier Airlines Inc.'s Motion to Vacate Scheduling/Planning Conference and All Pending Deadlines and Stay This Action and Request for Expedited Briefing, filed September 3, 2024, ECF No. 34 (the "Frontier Motion") (collectively, Defendants' "Motions").

## I.    **INTRODUCTION**

In the Menzies Motion, Defendants Simplicity Ground Services LLC, d/b/a Menzies Aviation and Aircraft Service International, Inc., d/b/a Menzies Aviation (the "Menzies Defendants") move for a stay of proceedings pending the Court's review of its Motion to Compel

Arbitration, and, if the Court grants the Menzies Defendants' Motion to Compel Arbitration, a further stay until arbitration proceedings are complete. Defendant Frontier Airlines, Inc. ("Frontier") seeks a stay until its Motion to Compel Arbitration can be ruled upon by the Court. Recognizing that the Court has not yet made a ruling on Defendants' Motions to Compel Arbitration and Defendants' Motions to Compel are unlikely to prevail, the fact that they remain pending should not delay the discovery process. *See Clark v. Green Tree Servicing LLC*, No. 13-cv-02646-PAB-MEH, 2014 WL 324566, at *3 (D. Colo. Jan. 29, 2013 ("Generally, it is the policy in this District not to stay discovery pending a ruling on motions …").

The "strong presumption against stays" in this District and the *String Cheese* factors to be applied in deciding whether to stay discovery all weigh against the stays requested in Defendants' Motions. *See Collins v. W. Dia Operator, LLC*, No. 20-CV-01088-WJM-KLM, 2020 WL 9257257, at *2–3 (D. Colo. Aug. 11, 2020) (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) in denying stay). Plaintiffs have a manifest interest in proceeding expeditiously with discovery. *See id.* at *2. Defendants have not established they will experience any undue burden that would outweigh that interest. *See McKnight v. Brown*, No. 20-CV-03678-PAB-SKC, 2021 WL 3510809, at *2 (D. Colo. Aug. 10, 2021) ("any burden on Defendants does not outweigh Plaintiff's interest in proceeding expeditiously"). Furthermore, the Court would be inconvenienced by a stay, because the resulting delay will "make[] the Court's docket less predictable and, hence, less manageable." *See Stone v. Vail Resorts Dev. Co.*, No. 09-CV-02081-WYD-KLM, 2010 WL 148278, at *3 (D. Colo. Jan. 7, 2010); *accord McKnight*, 2021 WL 3510809, at *2. Moreover, granting a stay would be contrary to the putative class members' interest in the efficient resolution of their claims and the public's interest in "the fair and speedy administration of justice." *See Boden v. Hmshost Corp.*, No. 15-cv-

00606-CMA-KMT, 2015 WL 3826725, at \*2 (D. Colo. June 19, 2015); *Hudson v. Wagner's, LLC.*, No. 21-CV-01884-KMT, 2021 WL 4748660, at \*3 (D. Colo. Oct. 12, 2021). Accordingly, Defendants' Motions should be denied.

II.    **LEGAL ARGUMENT**

**A. The Court Has Not Found that the Issues in this Matter Are Referable to Arbitration, and A Stay is Therefore Premature at this Juncture.**

The Federal Arbitration Act (FAA) requires courts to stay an action only upon "being satisfied that the issue involved in such suit or proceeding is referable to arbitration." 9 U.S.C. § 3. As noted in the Menzies Motion, Plaintiffs have already agreed to a stay if the Court ultimately orders arbitration. However, the Menzies Defendants argue that the FAA should reach further than its textual limits to require a stay even *before* the Court has determined whether issues in this matter are arbitrable, which is not what the FAA requires. *See* Menzies Mtn., at p. 4; *see also* 9 U.S.C. § 3. Though courts sometimes impose a stay when compelling issues relating to jurisdiction or immunity have been raised, "a stay is required only *after* a determination has been made that the parties have a valid arbitration agreement." *Lester v. Gene Exp., Inc.*, No. 09–cv–02648–REB–KLM, 2010 WL 743555, \*1 (D. Colo. Mar. 2, 2010). No such determination has been made in this matter.

Although the merits of Defendants' Motions to Compel Arbitration are not the focus of this Response, Plaintiffs are exempted from FAA coverage as "transportation workers,"  and the Colorado Wage Act ("CWA") thus voids arbitration agreements that purport to waive Plaintiffs' rights to bring CWA claims in court. *See generally* Pls' Resp. to the Menzies Defs' Mtn. to Compel Arb., ECF No. 39. Even if the Court is initially inclined to grant Defendants' Motions to Compel Arbitration, Plaintiffs should be allowed limited discovery to allow further factual development

regarding Plaintiffs' exemption from the FAA as transportation workers sufficiently involved in interstate transportation of cargo. *See id.* at 14.

Plaintiffs would seek discovery targeted to the importance of Plaintiffs' roles in interstate travel at Defendants' businesses at Denver International Airport, including Defendants' marketing, policies, practices, and training regarding the frequency, nature, and extent to which cargo in transit is both physically handled and controlled by Plaintiffs and other ticketing and gate Customer Service Agents ("CSAs") to make it through interstate channels. Plaintiffs would also test the statements made by Defendants' declarants, such as the basis for the Menzies Defendants' statement that CSA have physical contact with "less than 1% of all checked baggage of Frontier customers…". *See* ECF No. 27-1, p. 15. Such data can often be subject to strategic interpretation by the party using it to support their case, when untested through the adversary process.

Relatedly, Plaintiffs would seek to test Defendants' implied assertion that all three Plaintiffs are sufficiently alike for the FFA exemption to apply in the same manner to each of them. *See generally* ECF No. 27; ECF No. 33; *but see* ECF No. 39-1, pp. 2-8, 12-16, 17-21 (describing ticketing and gate CSAs each physically moving and controlling cargo more than 50% of the time during each shift worked). These are but a few examples to illustrate the omission of information potentially relevant to Plaintiffs' Response to Defendants' Motion to Compel. Therefore, though Plaintiffs request the Court deny Defendants' Motions in their entirety; Plaintiffs at least request an opportunity to develop a factual record relevant to the legal framework established in *Southwest Airlines Co. v. Saxon*, 596 U.S. 450, 455-56 (2022).

**B. The *String Cheese* Factors Weight Against Defendants' Motions to Stay**

A stay of proceedings "is generally disfavored" in this District. *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07–cv–00267–EWN–MEH, 2007 WL 1655362 (D. Colo. 2007); *see*

*also Sebastian v. Greenlink International Inc.*, No. 20-cv-01788-RM-NRN, 2021 WL 5867121 (D. Colo., Dec. 10, 2021) ("Any lawyer practicing regularly in this district should know of the disinclination to stay discovery pending a dispositive motion."). In evaluating a motion to stay, courts consider the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). These factors strongly counsel against a stay in this case.

### 1. *Plaintiffs' Interests Weigh Strongly Against the Requested Stay.*

The Courts in this District have consistently recognized that a plaintiff has "a presumptive right to proceed expeditiously with her claims." *Burba v. United States*, No. 1:19-CV-00155-CMA-SKC, 2020 WL 4207518, at *2 (D. Colo. July 22, 2020). "[T]he right to proceed in court should not be denied except under the most *extreme* circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (emphasis added).

Though Defendant Frontier rightly points out that briefing on both Motions to Compel Arbitration will be completed by October 8, 2024, Frontier provides no basis for its conclusion that a ruling may be quickly forthcoming thereafter. *See* Frontier Mtn., at p. 7. On the contrary, "[t]he major reason that stays of discovery are disfavored is that dispositive motions (especially ones initially referred to a magistrate judge for a recommendation), usually take many months, and potentially up a year to ultimately decide." *See Sebastian*, 2021 WL 5867121 at *2 (estimating the average length of time to trial in this District as three years or more if every case involving a dispositive motion were stayed pending disposition).

Courts have taken into account the length of time between the date of the issue leading to the lawsuit and the date the stay is requested as supporting a plaintiff's interest in proceeding expeditiously. *See Sanchez v. City and County of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607 (D. Colo. Feb. 26, 2020) (finding prejudice to the plaintiff if a stay was granted, given "[t]he incident at issue occurred on July 31, 2018, and even with the current schedule, will not likely reach resolution through dispositive motions and/or trial until 2021.") "[W]ith the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed." *Wells v. Dish Network, LLC*, No. 11–cv–00269–CMA–KLM, 2011 WL 2516390, at *1 (D. Colo. June 22, 2011).

The classes proposed in this matter concern individuals employed by Defendants as early as May 14, 2018. *See* First Amended Individual and Class Action Complaint and Jury Demand ("Complaint"), ECF No. 21, ¶ 81. Similar to the circumstances in *Sanchez*, trial is not likely to be scheduled until at least midway through 2026 or after. As such, a stay may substantially impact Plaintiffs' and putative class members' ability to proceed due to fading memories, relocation of witnesses, and inadvertent destruction of evidence over the course of nine years or more.

Furthermore, the allegations in this case concern Defendants' unlawful wage practices, meaning Plaintiffs and putative class members have been denied wages to which they are lawfully entitled, some already for longer than six years. *See* Complaint, ¶ 81. One class representative, Ms. Dixon, as well as more than one hundred putative class members, continue to be employed by Defendants and to experience ongoing harm as a result of Defendants' alleged unlawful wage practices. *See id.* at ¶¶ 1, 35, 59, 68, 81. A stay allows the harm to Plaintiffs to continue to compound, delaying their potential payment of earned wages and causing them further financial harm.

As such, Frontier's conclusory argument that "no specific prejudice would befall Plaintiffs from a relatively brief stay" has no merit, both because Plaintiffs would experience prejudice and because there is no indication the stay would be for only a brief period. *See* Frontier Mtn., at p. 7. Notably, the Menzies Defendants concede the first *String Cheese* factor, finding no grounds to argue that Plaintiffs are not prejudiced by a stay. *See* Menzies Mtn., at p. 5. For these reasons, the first factor weighs heavily against Defendants' Motions.

### 2. *Defendants Face No Undue Burden if A Stay is Not Imposed.*

Defendants need not only demonstrate a burden if the stay is not imposed, but rather Defendants must establish an "*undue* burden." *See Howell v. Gate Gourmet, Inc.*, No. 24-cv-00633-RMR-KAS, 3 (D. Colo. June 19, 2024) ("[B]riefing will not impose any *undue* burden on any party…") (emphasis added). The "ordinary burdens" associated with litigating a case, such as investing time responding to motions, do not constitute an undue burden to Defendants. *See id.* (citing *Bank of Colo. v. Wibaux*, No. 17–cv–02871–CMA–KMT, 2018 WL 2562662, *4 (D. Colo. June 4, 2018)). Where proceeding without a stay presents little risk of "wasted efforts and inconsistent judgments," the defendant does not experience an undue burden. *Wibaux*, 2018 WL 2562662 at *4.

Furthermore, even if, *arguendo*, the Court grants Defendants' Motions to Compel Arbitration, the need to conduct discovery will not be entirely obviated, because "a merits analysis would need to be undertaken in one forum or another," including "a need for the parties to flesh out the facts of the case and to conduct depositions to clarify the knowledge and memory of key witnesses…[and] to engage the services of experts." *Waisanen v. Terracon Consultants, Inc.*, No. 09–cv–01104–MSK–KMT, 2009 WL 5184699, *2 (denying motion to stay proceedings pending motion to compel arbitration); *see also Wells*, 2011 WL 2516390, at *2 ("While Defendant is

correct that a favorable decision on the Motion to Arbitrate will obviate the need for further discovery conducted in this Court, given that the arbitration rules also provide for discovery… it is not clear that the circumstances of this case present a compelling reason [to impose a stay].") Defendants are always burdened to some extent when they face suit; however, simply being required to engage in discovery, even class action discovery, does not constitute an undue burden. *See Clark*, 2014 WL 324566 at * 2 (denying the defendants' motion to stay discovery even "while the Court recognizes that class actions can be more expensive to litigate.").

As such, Defendants have not demonstrated they face any undue burden beyond the ordinary burdens of litigation in requesting a stay in this matter. Frontier cites to its obligation to "prepare a responsive pleading to the [First Amended Complaint ("FAC")]… prepare a Scheduling Order, [and] appear at the Scheduling/Planning Conference" as efforts it seeks to avoid with the imposition of a stay. *See* Frontier Mtn., at p. 7. Setting aside the fact that Frontier's response to Plaintiffs' FAC is due September 13, 2024, before briefing on the issue of a stay is even complete, these are each ordinary burdens of litigation that do not constitute an undue burden on Defendants and do not come close to outweighing the significant prejudice to Plaintiffs if a stay is imposed.

Likewise, Defendants have not demonstrated that efforts to expound and respond to discovery are likely to be wasted efforts, nor that being required to engage in discovery will result in any burden beyond what the discovery process normally imposes. *See Clark*, 2014 WL 324566 at * 2. On the contrary, Frontier acknowledges that "the same time, expense, and disruption" will be required through the arbitration discovery process as if discovery proceeds in this Court, undermining Defendants' arguments that the mere possibility of compelled arbitration justifies staying discovery at this juncture. *See* Frontier Mtn., at p. 7. Defendants have not laid out any facts demonstrating burdens beyond the ordinary "annoyance" and "expense" any defendant routinely

experiences in being required to engage in discovery. *See id*. Furthermore, Defendants' stated interest in staying discovery based on the mere possibility their Motions to Compel Arbitration are granted cut equally the other way: if the Court *denies* Defendants' Motions to Compel Arbitration, Plaintiffs' interest in their right to proceed expeditiously outweighs Defendants' interest in a stay pending a decision on arbitration. Defendants' speculative arguments based on the as-yet-unknown outcome of their pending Motions to Compel Arbitration therefore do not weigh in Defendants' favor any more than Plaintiffs'.

As such, Defendants have not demonstrated any undue burden if the case proceeds as planned, and the second *String Cheese* factor weighs against Defendants.

### 3. The Court Will Be Inconvenienced by a Stay.

Issuing a stay will not inure to the convenience of the Court, because a stay undercuts the stability of the Court's docket. *See McGinn v. El Paso County, Colo.*, 640 F.Supp.3d 1070, 1076 (D. Colo. 2022) (noting inconvenience of an "ill-advised stay because the delay in prosecuting the case . . . makes the Court's docket less predictable and, hence, less manageable."). "This is particularly true when the stay is tied to a pending motion on which ultimate success is not guaranteed." *Lester*, 2010 WL 743555, at *1.

Although Defendants characterize a stay as conserving judicial resources in this matter, Plaintiffs disagree with this characterization. The Court has already rescheduled the Scheduling/Planning Conference for October 2, 2024, preserving judicial efficiency and ensuring resources are not wasted while briefing on these issues is ongoing. Imposing a lengthier stay based on Defendants' requests will significantly disrupt the scheduling of this case and delay its resolution based on a pending motion that is unlikely to be granted. If, *arguendo*, Defendants' Motions to Compel Arbitration are ultimately granted at a later date, a stay can be imposed at that

time with little disruption to the Court's schedule. However, if Defendants' Motions to Compel Arbitration are denied, a stay of proceedings prematurely implemented at this early stage in the case will generate myriad scheduling disruptions that will inconvenience the Court and delay a resolution of this matter. There is little risk to the Court's schedule and docket management in keeping the case moving forward at this point, which will allow for greater predictability for both the Court and the parties, especially given the nature of the claims in this case. Thus, the third factor weighs against Defendants' Motions as well.

### 4.  *The Interests of Non-Parties and the Public Favor a Stay.*

The fourth and fifth *String Cheese* factors concern the interests of non-parties and the public. Defendants do not identify any non-parties with a particularized interest in this case, and therefore conclude this factor does not weigh in favor of either party. *See* Frontier Mtn., at p. 9; *see also* Menzies Mtn., at p. 5.  However, Defendants neglect to address the fact that more than one hundred putative class members are, at least at this point, non-parties to this litigation, who, as Frontier notes, have interests which "do not diverge from those of Plaintiffs." Frontier's Mtn., at p. 10. Putative class members have a clear interest in allowing the case to move forward on issues of class certification and discovery to expeditiously gain ground in seeking a resolution of their claims.

Finally, courts have consistently recognized the public's "interest in the speedy and efficient resolution of disputes." *See Waisanen*, 2009 WL 5184699 at *2; *see also Howell*, No. 24-cv-00633-RMR-KAS at 3; *Collins,* 2020 WL 9257257, at *3 ("the public interest at stake here is the same interest underlying all lawsuits: that they be resolved as fairly and quickly as possible"). That public interest is served by continuing the discovery process, regardless of whether arbitration is ultimately compelled or not. *See Waisanen,* 2009 WL 5184699 at *2 (denying the defendants'

motion to stay discovery pending the outcome of dispositive motions, including a motion to compel arbitration.).

Thus, both the fourth and fifth factors also weigh against Defendants' Motions.

## III.    CONCLUSION

As the Court has not yet determined that Plaintiffs' claim are referable to arbitration and all five *String Cheese* factors weigh against granting a stay of discovery, Plaintiffs respectfully request the Court deny Defendants' Motions.

Dated: September 10, 2024.

**HKM Employment Attorneys, LLP**

By: *{/s/ Abby Zinman}*
Shelby Woods
Abby Zinman
518 17th Street, Suite 1100
Denver, CO 80202
Tele: (720) 410-8372
swoods@hkm.com
azinman@hkm.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, September 10, 2024, a true and correct copy of the foregoing **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO STAY PENDING RULING ON DEFENDANTS' MOTIONS TO COMPEL ARBITRATION** was served on the following:

Michael F. Ryan
Foley & Lardner, LLP
1400 16th Street, Suite 200
Denver, Colorado 80202
(720) 437-2000
(720) 437-2200
mryan@foley.com
*Attorneys for Defendants Simplicity Ground Services LLC,*
*d/b/a Menzies Aviation; and Aircraft Service International,*
*Inc., d/b/a Menzies Aviation*

Jennifer S. Harpole
Carolyn B. Theis
Littler Mendelson, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Phone: 303.629.6200
Fax: 303.629.0200
jharpole@littler.com
catheis@littler.com
*Attorneys for Defendant Frontier Airlines, Inc.*

*/s/ Tammy Harris*
Tammy Harris