UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CHIQUITA JOYNER, HELEN DIXON,      )
and TAJAHNE HOBLEY, on behalf of    )
themselves and all others similarly     )
situated,                                             )
                                                          )
                    Plaintiff,                       )
                                                          )
          vs.                                           )
                                                          )
FRONTIER AIRLINES, INC., a Colorado)          Case No.: 1:24-cv-1672-SKC-KAS
corporation; SIMPLICITY GROUND    )
SERVICES LLC, D/B/A MENZIES       )
AVIATION, a Delaware limited liability )
company; and AIRCRAFT SERVICE     )
INTERNATIONAL, INC., D/B/A           )
MENZIES AVIATION, a Delaware       )
corporation,                                       )
                                                          )
                    Defendants.                   )

**THE MENZIES DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO STAY PROCEEDINGS**

Defendants Simplicity Ground Services LLC, d/b/a Menzies Aviation ("SGS")
and Aircraft Service International, Inc., d/b/a Menzies Aviation ("ASI") (collectively,
the "Menzies Defendants") file this Reply in Support of their Motion to Stay
Proceedings (ECF No. 28) and in Response to Plaintiffs Chiquita Joyner, Tajahne
Hobley, and Helen Dixon's (collectively, the "Plaintiffs") Response in Opposition (ECF
No. 40).

**A. Plaintiffs' Response Ignores the Undue Burden That Would Be Caused by Class Discovery and Certification Briefing in the Absence of a Stay.**

Plaintiffs' Response to the Motion to Stay can be effectively summarized as follows: Plaintiffs believe they are going to win on the Motion to Compel Arbitration, so a stay should not be ordered and Plaintiffs should be allowed to engage in class-wide discovery. ECF No. 40 at p. 2 ("Defendants' Motion to Compel are unlikely to prevail, the fact that they remain pending should not delay the discovery process"). Plaintiffs rely on *Clark v. Green Tree Servicing* LLC to support this sweeping proposition, including that even class-wide discovery should be permissible and not subject to a stay. *See Clark v. Green Tree Servicing LLC*, No. 13-CV-02646-PAB-MEH, 2014 WL 324566, at *2 (D. Colo. Jan. 29, 2014). Plaintiffs are mistaken.

*Clark* does not involve: (a) a dispositive motion to compel arbitration; or (b) an arbitration clause that compels individualized, non-class arbitrations. *Id.* Conversely, the Arbitration Agreements herein require individualized arbitrations and prohibit the Plaintiffs from pursuing their claims as a class. *See* ECF No. 27-1 at p. 6 ("I also understand that this ADR Policy prohibits me from joining or participating in a class action or representative action"). Accordingly, wholly unlike the defendants in *Clark*, it is a clear, significant, and undue burden, as well as a waste of the parties' resources, to require the Menzies Defendants to engage in class-wide discovery or conditional certification briefing during the pendency of its Motion to Compel Arbitration.

Other courts in this District have recently held these exact considerations merit a stay. *Robertson v. REP Processing, LLC*, No. 19-CV-02910-PAB-NYW, 2020

2

WL 12630544, at *4 (D. Colo. Mar. 5, 2020) ("If Chief Judge Brimmer grants the pending Motion to Compel Arbitration, thereby enforcing the Arbitration Agreement that prohibits class action lawsuits, any discovery propounded on Plaintiff's class action claims and briefing on conditional certification in the interim would be rendered useless—thus wasting both Parties' time and resources."); *Stone v. Vail Resorts Dev. Co.*, No. 09-CV-02081-WYD-KLM, 2010 WL 148278, at *3 (D. Colo. Jan. 7, 2010) ("because the arbitration agreement apparently prohibits class actions, substantial portions of such discovery may ultimately be useless and a waste of the parties' time and resources."). Thus, the very premise of Plaintiffs' response fails to meet the facts of this case on all fours and demonstrates precisely why a stay is proper.

**B. *String Cheese* Factor No. 2 Overwhelmingly Favor a Stay, and Plaintiffs' Argument To The Contrary Is Founded on Distinguishable Cases.**

Plaintiffs further devote the largest portion of their response to incorrectly arguing that the Menzies Defendants have identified no *undue* burden (String Cheese Factor No. 2) that would occur in the absence of a stay. ECF No. 40 at pp. 7-9. As discussed above, burdensome and voluminous class-wide discovery and certification briefing is precisely the type of undue burden that courts in this District find merit a stay. Plaintiffs cite numerous cases ostensibly to the contrary, but are each distinguishable.

Plaintiffs cite to *Howell v. Gate Gourmet, Inc.*, for the proposition that briefing

will not impose an undue burden on a party. *See* 24-cv-00633-RMR-KAS at ECF No. 23 (D. Colo. June 19, 2024).[1] As this Court well knows, however, its *Howell* decision did not involve claims that the plaintiffs therein were bound to individually arbitrate their claims, and therefore did not consider or address the undue burden of briefing on conditional certification in the absence of a stay. Here, forcing the Menzies Defendants to potentially conduct expensive and time-consuming discovery and then brief the issue of conditional certification when a ruling on the Motion to Compel Arbitration could preclude class claims altogether is precisely the type of undue burden a stay would properly address. Other courts in this District have granted a stay under similar circumstances. *Robertson*, 2020 WL 12630544, at *4; *Stone*, 2010 WL 148278, at *3.

Plaintiffs next cite to *Bank of Colo. v. Wibaux 1, LLC*, which is distinguishable because that case involved a non-case dispositive motion for partial summary judgment, and the court therein determined that responding to the pending motion is an ordinary burden of litigation. *See* No. 17–cv–02871–CMA–KMT, 2018 WL 2562662, *4 (D. Colo. June 4, 2018). Plaintiffs ignore the clear undue burden of conditional certification briefing that may be wholly wasted upon a finding that the Plaintiffs cannot proceed on their class claims, as well as play down their request that they be permitted to engage in burdensome class-wide discovery, factors simply not

---

[1] The referenced order is a minute order in the referenced case, which is not available on Westlaw. Accordingly, it is referenced by its ECF No. in the citation, and a copy of the minute order is attached to this reply as Menzies Defendants' Exhibit A.

present or applicable in the *Wibaux* case.

Plaintiffs also cite *Waisanen v. Terracon Consultants, Inc.*, which is inapposite because that case did not involve class action claims and the court therein therefore perceived no burden to the defendant in engaging in discovery that would not also be present in any eventual arbitration. *See* No. 09–cv–01104–MSK–KMT, 2009 WL 5184699, *2. Conversely, forcing Menzies to engage in certification briefing and class action discovery herein is precisely the detriment that Menzies argues constitutes <u>*undue*</u> burden and which would not occur in an eventual arbitration because Plaintiffs would have to pursue their claims individually in arbitration. ECF No. 28 at p. 4.

In short, Plaintiffs' argument on *String Cheese* Factor No. 2, the burden to defendants, fails to address the facts of this *class action* case on all fours. Plaintiffs do not acknowledge the clear undue burden that class-wide discovery or conditional certification briefing would create, or cite any case involving a motion to compel class claims subject to individualized arbitration. The Menzies Defendants do cite to such cases, and in those cases the courts ordered stays. *Robertson*, 2020 WL 12630544, at *4; *Stone*, 2010 WL 148278, at *3.

## C. The Other Cases cited by Plaintiffs on the Other *String Cheese* Factors are Equally Inapposite.

Plaintiffs further cite numerous other cases ostensibly in support of their arguments on the other *String Cheese* factors and in opposition to a stay, but several of those cases actually order a stay or contradict the alleged premise for which they

were cited.

For example, Plaintiffs mistakenly cite to the *Stone* decision already detailed above and which supports ordering a stay on analogous facts. ECF No. 40 at p. 2 (citing *Stone*, 2010 WL 148278, at *3). Plaintiffs cite this case regarding *String Cheese* Factor No. 3, for the proposition that a stay could cause delay that makes the Court's docket less predictable or manageable. *Id*. While this general proposition is contained in the *Stone* opinion, Plaintiffs fail to note the very next sentence in that opinion, in which Magistrate Judge Mix correctly recognized that "[w]here a pending motion may dispose of an action, however, a stay of proceedings may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed." *Stone*, 2010 WL 148278 at * 3. Judge Mix also relevantly noted that the plaintiff's opposition to the stay in that case, which was premised on a desire to engage in discovery during the pendency of the motion to compel the class action to arbitration was unavailing "because the arbitration agreement apparently prohibits class actions, substantial portions of such discovery may ultimately be useless and a waste of the parties' time and resources." *Id*. at 2. If anything, Plaintiffs' citation to *Stone*, a case strikingly similar to the facts herein, reinforces the Menzies Defendants' position, contradicts the very premise for which Plaintiffs cited it, and overwhelmingly supports issuing a stay.

Plaintiffs additionally cite *McGinn v. El Paso County, Colorado*, a case that did not involve class action claims but instead turned on the ability to stay discovery

pursuant to a qualified immunity defense, which is neither asserted herein nor relevant to the *String Cheese* analysis for Plaintiffs' class action claims. ECF No. 40 at p. 9; *McGinn v. El Paso Cnty., Colorado*, 640 F. Supp. 3d 1070, 1075 (D. Colo. 2022) (noting that "every motion to stay comes with different considerations"). Here, the class action claims asserted in the Complaint and Plaintiffs' express desire to engage in class-wide discovery are precisely the "different considerations" hypothesized in *McGinn*, and the analysis for this case should track cases like *Stone*, involving class claims, a motion to compel arbitration, and arbitration agreements that compel individualized, non-class arbitrations. On those facts, courts in this District order stays pending motions to compel arbitration. *Robertson*, 2020 WL 12630544, at *4; *Stone*, 2010 WL 148278, at *3.

Finally, Plaintiffs cite *Waisanen and Howell* again, this time ostensibly in support of public policy considerations against a stay. *See* ECF No. 40 at p. 10. But, *Waisanen* and *Howell* did not involve a motion to compel arbitration or arbitration agreements, and *Waisanen* further did not involve class claims. *Waisanen,* 2009 WL 5184699 at *2; *Howell*, 24-cv-00633-RMR-KAS at ECF No. 23. Moreover, Plaintiffs wholly ignore that public policy favors arbitration as a method of dispute resolution. *Robertson*, 2020 WL 12630544, at *4. For these reasons, Plaintiffs' cited cases are inapposite, and the public policy favoring arbitration supports a stay in this matter.

### D. Conclusion

In sum, Plaintiffs' Response (ECF No. 40) to the Menzies Defendants' Motion

to Stay (ECF No. 28) does not cite on-point authority or overcome the clear and persuasive authority cited by the Menzies Defendants in plainly analogous cases. Accordingly, the Menzies Defendants ask the Court to stay this action, including discovery, until resolution of the Motion to Compel Arbitration (Dkt. No. 27), and thereafter stay the action upon granting of the Motion to Compel Arbitration. Any other outcome would be a waste of the parties' and the Court's resources, and prior precedent in this District demonstrates that a stay of this matter, including discovery, is appropriate under the specific circumstances herein.

Dated: September 17, 2024

Respectfully submitted,


/s/ Christopher Ward
Christopher Ward
**Foley & Lardner LLP**
321 N. Clark Street, Suite 3000
Chicago, IL 60654
Tel: (312) 832-4500
Fax: (312) 832-4700
cward@foley.com

Michael F. Ryan
**Foley & Lardner LLP**
1400 16th Street, Suite 200
Denver, CO 80202
Tel: (720) 437-2000
Fax: (720) 437-2200
mryan@foley.com

*Attorneys for Simplicity Ground
Services LLC, d/b/a Menzies Aviation
and Aircraft Service International, Inc.,
d/b/a Menzies Aviation*

## <u>CERTIFICATION RE: NON-USE OF ARTIFICIAL INTELLIGENCE</u>

I HEREBY CERTIFY that no portion of this filing was drafted by Artificial Intelligence.

<u>/s/ *Michael F. Ryan*</u>
Michael F. Ryan

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this September 17, 2024, a true and correct

copy of the foregoing **The Menzies Defendants' Motion to Stay Proceedings**

was filed and served via CM/ECF on all parties of record.

<u>/s/ *Christopher Ward*</u>
 Christopher Ward
