# MENZIES DEFENDANTS'

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00633-RMR-KAS

ASIA HOWELL and DEMARKIS MCCOLLISTER,
Individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

GATE GOURMET, INC.

      Defendant.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Motion to Stay Briefing on Defendant's Motion to Dismiss Pending Court's Decision on Motion to Remand** [#16] (the "Motion"). Defendant filed a Response [#19] in opposition to the Motion [#16], and Plaintiff filed a Reply [#21].

**A.    Background**

In this case, Plaintiffs allege that Defendant has violated various Colorado wage and hour laws by failing to provide them (and others similarly situated) with compensated rest periods or compensation for work they performed during 10-minute periods that should have been compensated rest periods. *See Compl.* [#6], ¶ 1. They did not raise any federal causes of action, and they originally filed this action in Colorado state court. *See generally Compl.* [#6]; *Motion* [#16], ¶¶ 2-3.

Defendant removed the case and invoked the Court's federal question jurisdiction, arguing that Plaintiffs' claims are preempted by the Railway Labor Act, 45 U.S.C. § 153. *See Notice of Removal* [#1] at 3. Defendant asserts that the collective bargaining agreement ("CBA") between Gate Gourmet and the IBT/HERE Employee Representatives' Council governs Plaintiffs' employment. *Id.* It further asserts that this is a "minor dispute" involving interpretation under the CBA, which is subject to binding arbitration before the National Railroad Adjustment Board or another arbitration board. *Id.* at 3-4.

On March 18, 2024, Defendant filed a Motion to Dismiss Plaintiffs' Individual and Class Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *See Motion to Dismiss*

[#11] at 1. In that Motion, Defendant argues that the RLA preempts Plaintiffs' claims, which deprives the Court of subject matter jurisdiction. *Motion to Dismiss* [#11] at 5-7. Defendant also argues that Plaintiffs lack standing for periods of their Colorado Wage Act claim and the entirety of their Colorado Minimum Wage Act claim. *Id.* at 7-9. Finally, it argues that Plaintiffs have failed to state a claim. *Id.* at 9-13.

On April 8, 2024, in lieu of responding to the Motion to Dismiss [#11], Plaintiffs filed a Motion to Remand to State Court [#15] and the instant Motion to Stay Briefing [#16]. In the Motion to Remand [#15], Plaintiffs argue that their state law causes of action are not preempted because they involve rights and obligations that exist independent of the CBA. *Motion to Remand* [#15] at 5. They also argue that removal was improper because their claims do not arise under federal law, and that they did not assert either a federal claim or present a federal question. *Id.* at 7-8. Finally, they argue that their claims are not contract claims under the CBA but wage-and-hour claims under Colorado state law. *Id.* at 10-12.

Plaintiffs seek a stay of briefing on the Motion to Dismiss [#11] pending a ruling on their Motion for Remand [#15]. *See Motion to Stay Briefing* [#16], ¶ 8. They argue that the Court does not have subject matter jurisdiction over their claims, so briefing on the Motion to Dismiss [#11] should be stayed. *Id.* They cite to the five-part test set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006), but acknowledge that this test applies to stays of *discovery* rather than stays of briefing. *Id.*, ¶¶ 10, 13. Nonetheless, they argue that these factors favor a stay of briefing. *Id.*, ¶ 13.

In Response [#19], Defendant agrees that the threshold RLA preemption issue must be resolved before any court can reach the merits: "the question is not one of whether this court has jurisdiction, but whether **any court** has jurisdiction under the RLA." *Response* [#19] at 1 (emphasis in original). Defendant argues that the *String Cheese Incident* factors have never been applied to grant a stay of briefing "because it is not a reasonable way in which to proceed in this case, or any case." *Id.* at 4 n.1. Nevertheless, they argue that the same factors weigh against a stay of briefing because a stay would interfere with resolution of these threshold jurisdictional issues.

## B.    Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). In exercising its discretion, a court "must weigh competing interests and maintain an even balance." *Id.*

Although the stay of proceedings is generally disfavored, the Court "has broad discretion in managing its docket, which includes decisions regarding issuing stays for all or part of a proceeding." *White Knuckle, IP, LLC v. Elec. Arts Inc.*, No. 1:15-cv-00036-DN-BCW, 2015 WL 5022579, at *1 (D. Utah Aug. 24, 2015). When exercising its

discretion to stay proceedings, courts consider the following factors: (1) the plaintiff's interest; (2) the burden on the defendant in proceeding; (3) convenience to the court; (4) nonparties' interest; and (5) the public's interest in general. *Bank of Colo. v. Wibaux 1, LLC*, No. 17-cv-02871-CMA-KMT, 2018 WL 2562662, at *3-*4 (D. Colo. June 4, 2018) (denying motion to stay briefing on partial summary judgment motion after applying *String Cheese Incident* factors and in light of the summary judgment movant's opposition to a stay); *accord String Cheese Incident v. Stylus Shows, Inc.*, No. 1:05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (applying similar factors in considering whether to stay discovery). The "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 707 (1997).

## C.    Application

The Court finds that the above-listed factors weigh *against* a stay of briefing on the Motion to Dismiss [#11]. First, while a plaintiff generally wishes to proceed expeditiously with litigation, Plaintiffs seek a stay here, which Defendant vehemently opposes in the interest of a ruling on its Motion to Dismiss for Lack of Jurisdiction [#11]. *See Response* [#19] at 5 (arguing that it "has been dragged into court against its will . . . the case should come to conclusion and be pursued in the appropriate venue without unnecessary delays in resolving this threshold issue."). Because both the Motion to Dismiss [#11] and the Motion for Remand [#15] raise threshold jurisdictional issues, the Court finds that this factor weighs against a stay and in favor of full briefing on the Motion to Dismiss [#11].

Second, briefing will not impose any undue burden on any party. Counsel's time "in responding to the motion is not so special as to warrant a stay. Rather, investing time to respond to a motion is an ordinary burden of litigating a case," which Plaintiffs themselves initiated. *Wibaux 1*, 2018 WL 2562662, at *4. This factor also weighs against a stay.

Third, the Court will be inconvenienced by a pause on briefing of the jurisdictional issues raised in Defendant's Motion to Dismiss [#11], particularly given that Plaintiffs' Motion to Remand [#15], which *is* fully briefed, also raises jurisdictional issues. *See McGinn v. El Paso County, Colo.*, 640 F. Supp. 3d 1070, 1076 (D. Colo. 2022) (noting inconvenience of an "ill-advised stay because the delay in prosecuting the case . . . makes the Court's docket less predictable and, hence, less manageable.").

Fourth, there are no identified non-parties with significant particularized interest in this case. Accordingly, this factor weighs neither in favor nor against staying briefing.

Fifth, the public has a general "interest in the speedy resolution of legal disputes," which co-exists with "a strong public policy in 'avoiding unnecessary expenditures of public and private resources on litigation.'" *Ashaheed v. Currington*, No. 17-cv-03002-WJM-SKC, 2019 WL 11690136, at *3 (D. Colo. Nov. 4, 2019) (quoting *Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *4 (D. Colo. July 30, 2015) and citing *Waisanen v. Terracon Consultants, Inc.*, No. 09-cv-01104-MSK-KMT, 2009 WL 5184699, at *2 (D. Colo. Dec. 22, 2009)). In this case, both considerations

favor a full review of the Court's jurisdiction before it proceeds: if removal was proper, then incomplete briefing on the Motion to Dismiss will delay a ruling as to whether this dispute should be litigated or arbitrated. This factor also weighs against a stay of briefing.

Having balanced all five factors, the Court finds that a stay of briefing on Defendant's Motion to Dismiss [#11] is unwarranted. *Accord Wibaux 1*, 2018 WL 2562662, at *4. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#16] is **DENIED**.

IT IS FURTHER **ORDERED** that Plaintiffs shall file any response to the Motion to Dismiss [#11] **within 21 days of entry of this Order**.

Dated: June 19, 2024