IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:24-cv-01672-SKC-KAS

CHIQUITA JOYNER, *et al.*, *on behalf of themselves
and all others similarly situated*,

       Plaintiffs,

v.

FRONTIER AIRLINES, INC., et al,

       Defendants.

---

**DEFENDANT FRONTIER AIRLINES INC.'S REPLY IN SUPPORT OF ITS MOTION TO VACATE SCHEDULING/PLANNING CONFERENCE AND ALL PENDING DEADLINES AND STAY THIS ACTION [ECF #34]**

---

Courts in this District routinely grant motions to stay putative class actions pending ruling on motions to compel individual arbitration, recognizing that neither the Court nor the Parties should incur the burden of managing class action litigation when the Court may not have jurisdiction over the matter and each Plaintiff must proceed individually. This Court should do the same and grant Defendant Frontier Airlines, Inc.'s ("Frontier") Motion to Vacate Scheduling Conference/Planning Conference and All Pending Deadlines And Stay This Action [ECF #34].

### I.  INTRODUCTION

This Court should follow the overwhelming weight of authority in this District granting motions to stay putative class actions pending rulings on motions to compel

individual arbitration. Further, discovery is unnecessary for the Court to resolve the pending motions to compel arbitration. Finally, Plaintiffs' Response [ECF #40] fails to establish that the *String Cheese* factors weigh against staying this action pending resolution of the threshold issue of whether Plaintiffs' class action claims must be compelled to individual arbitrations.

## II.   LEGAL ARGUMENT

### A.   A Stay Is Not Premature.

Staying this action is not premature. This is not an ordinary single-plaintiff action where similar discovery may be conducted in arbitration as in this Court. Rather, if Defendants' motions are granted, Plaintiffs' claims will proceed on an individual basis and no class-wide discovery will occur. The cases cited in Plaintiffs' Response denying motions to stay pending rulings on Rule 12(b)(6) motions to dismiss are readily distinguishable from this case, where Defendants argue the Court lacks jurisdiction to proceed due to the Plaintiffs' binding arbitration agreements.

In fact, Court in this District routinely stay class actions pending a ruling on a motion to compel arbitration. *See Valverde v. Xclusive Staffing, Inc.,* No. 16-CV-00671-RM-MJW, 2016 WL 8737774, at *2 (D. Colo. Nov. 4, 2016) (granting motion to stay class action pending ruling on motion to compel arbitration reasoning, "Although the Court has not yet addressed the merits of the motions to dismiss and compel arbitration, it is clear that should the pending motions be granted, the Court will have expended resources managing a complex class action suit unnecessarily in the

2

absence of a stay."); *Grosvenor v. Qwest Commc'ns Int'l, Inc.,* No. 09-CV-02848-WDM-KMT, 2010 WL 1413108, at *1 (D. Colo. Apr. 1, 2010) (staying class action pending ruling on motion to compel arbitration reasoning, "Altogether, it is in both parties' interests to save expenses while the initial determination of whether this case is subject to arbitration is considered by the district court"); *Stone v. Vail Resorts Dev. Co.,* No. 09-CV-02081-WYD-KLM, 2010 WL 148278, at *4 (D. Colo. Jan. 7, 2010) (staying class action pending resolution of motion to compel arbitration); *Robertson v. REP Processing, LLC,* No. 19-CV-02910-PAB-NYW, 2020 WL 12630544, at *4 (D. Colo. Mar. 5, 2020) (same).

**B.  Discovery Is Unnecessary For The Court To Rule On The Pending Motions To Compel Arbitration.**

Plaintiffs argue that they should be allowed discovery for purposes of "factual development regarding Plaintiffs' exemption from the FAA." ECF #40 at p. 3-4. As an initial matter, this argument was never raised during the conferrals between Plaintiffs' counsel and Frontier's counsel regarding Frontier's Motion to Stay or Frontier's Motion to Compel Arbitration nor during the Rule 26(f) conference. *See* ECF #39.

Regardless, such discovery is unnecessary. *See New Prime Inc. v. Oliveira*, 139 S. Ct. 532 (2019) (analyzing whether a plaintiff is subject to the FAA's Section 1 exemption without discovery); *Young v. Shipt, Inc.*, 563 F. Supp. 3d 832, 840 (N.D. Ill. 2021) (denying plaintiff's request for limited discovery regarding Section 1 applicability). Plaintiffs claim they need:

3

> discovery targeted to the importance of Plaintiffs' roles in interstate travel at Defendants' businesses at Denver International Airport, including Defendants' marketing, policies, practices, and training regarding the frequency, nature, and extent to which cargo in transit is both physically handled and controlled by Plaintiffs and other ticketing and gate CSAs to make it through interstate channels.

ECF #40 at p. 4. But evidence of "the frequency, nature, and extent to which cargo in transit is both physically handled and controlled by Plaintiffs and other ticketing and gate CSAs" is already in the record. *See* ECF #27-1 at Exhibit A (Decl. of T. Bazerkanian), Exhibit E (Decl. of T. Moreo), Exhibit F (CSA Job Description), Exhibit G (Kiosk Station Video), Exhibit H (Bag Drop Counter Video), Exhibit I (Agent Assist Counter Video); ECF #39-1 at Exhibit B (Decl. of Ms. Joyner), Exhibit B-1 (January 2023 Video 1), Exhibit B-2 (January 2023 Video 2), Exhibit B-3 (January 2023 Video 3), Exhibit C (Decl. of Ms. Dixon), Exhibit D (Decl. of Ms. Hobley). Defendants' marketing as it concerns the movement of goods is publicly available as evidenced by Plaintiffs' reference to it, which is also already in the record. *See* ECF #39-1 at Exhibit A (Menzies' Website Screenshot), Exhibit E (Menzies' Website Describing Ground Services).

Plaintiffs have provided no explanation as to why the above-cited evidence is not sufficient for purposes of this Court deciding whether the Section 1 exemption applies, or how the discovery purportedly needed could impact the Court's analysis. *See Grice v. Uber Techs., Inc.*, No. CV 18-2995-PSG-GJSX, 2020 WL 497487, at *9, n.2 (C.D. Cal. Jan. 7, 2020) ("Plaintiff also requests discovery on, among other things,

4

the issue of whether his class of transportation workers is engaged in interstate commerce or sufficiently related work. However, because it is unclear to this Court what discovery is needed, and Plaintiff has not provided an explanation as to how discovery could change the outcome here or what further discovery is warranted, the Court DENIES Plaintiff's request for additional discovery.") (internal citations and quotations omitted). Further, Plaintiffs previously argued what matters is "what gate and ticketing CSAs actually do," not what they are "*directed* to do or *discouraged* from doing." ECF #39 at p. 10 (emphasis in original). Thus, according to Plaintiffs themselves, policies and trainings regarding Plaintiffs' positions is immaterial.

For these reasons, the Court should decide the issue of whether the Section 1 exemption applies through the parties' briefing and related record, not through unnecessary discovery. *See Osvatics v. Lyft, Inc.,* 535 F. Supp. 3d 1, 22 (D.D.C. 2021) (granting motion to compel individual arbitration and stay proceedings pending arbitration, rejecting the applicability of the Section 1 exemption and rejecting the plaintiffs' assertion that additional discovery was necessary before a conclusion could be reached concerning the applicability of that exemption).

### C. The *String Cheese* Factors Warrant A Stay.

#### 1. Plaintiffs' Response Fails To Establish A Stay Will Prejudice Them.

Plaintiffs contend "[t]he major reason that stays of discovery are disfavored is that dispositive motions (especially ones initially referred to a magistrate judge for a recommendation), usually take many months, and potentially up to a year to

5

ultimately decide." ECF #40 at p. 5, quoting *Sebastian*, 2021 WL 5867121 at *2 (estimating the average length of time to trial in this District as three years or more if every case involving a dispositive motion were stayed pending disposition). The case Plaintiffs rely on—*Sebastian v. Greenlink Int'l Inc.*, No. 20-CV-01788-RM-NRN, 2021 WL 5867121, at *2 (D. Colo. Dec. 10, 2021)—did not concern or address motions to compel arbitration, which are distinguishable from motions on the merits. Again, Plaintiffs' reliance on case law concerning Rule 12(b)(6) motions to dismiss for failure to state a claim is disingenuous, as motions to compel arbitration are readily distinguishable and typically ruled on more quickly.

Further, Plaintiffs' conclusory assertion that a stay "may substantially impact Plaintiffs' and putative class members' ability to proceed due to fading memories, relocation of witnesses, and inadvertent destruction of evidence" does not tip the first *String Cheese* factor (*i.e.*, whether Plaintiffs would be prejudiced by a stay) in Plaintiffs' favor. *See Bigben 1613, LLC v. Belcaro Grp., Inc.*, No. 17-CV-00272-PAB-STV, 2017 WL 9938347, at *2 (D. Colo. Apr. 25, 2017) (rejecting Plaintiff's general argument that ""with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed" concluding because "Plaintiff has failed to provide any "specific examples of how [its] ability to conduct discovery might be adversely affected by a stay, the Court finds that Plaintiff's general interest in

6

proceeding expeditiously does not overcome other factors discussed below that weigh in favor of a stay.").

In addition, this case largely concerns whether Defendants had an auto-deduction policy or practice in place, which deducted pay for CSAs' meal breaks regardless of whether those breaks were provided, and whether CSAs were scheduled and paid in such a manner that they were denied overtime. *See* ECF #21. Thus, the key evidence in this case will likely be schedules, pay statements, and other payroll records centrally preserved by corporate offices, not individual testimony.

## 2. Plaintiffs' Response Fails to Rebut The Undue Burden Frontier Will Experience If This Case Is Not Stayed.

Plaintiffs have failed to establish that Frontier will not experience undue burden if this case is not stayed. None of the cases cited by Plaintiffs with respect to this *String Cheese* factor concern a motion to stay a class action pending arbitration, which would obviate the need for any discovery and briefing regarding putative class members and is the case here. *See* ECF #40 at p. 7-8. *Bank of Colorado v. Wibaux 1, LLC,* No. 17-CV-02871-CMA-KMT, 2018 WL 2562662 (D. Colo. June 4, 2018) does not concern arbitration or a class action, and *Clark v. Green Tree Servicing LLC,* No. 13-CV-02646-PAB-MEH, 2014 WL 324566, at *1 (D. Colo. Jan. 29, 2014) does not concern arbitration. *Waisanen v. Terracon Consultants, Inc.,* No. 09-CV-01104-MSK-KMT, 2009 WL 5184699, at *1 (D. Colo. Dec. 22, 2009) and *Wells v. Dish Network, LLC,* No. 11-CV-00269-CMA, 2011 WL 2516390 (D. Colo. June 22, 2011) concern arbitration but not in the context of a class or collective action. *Howell v. Gate*

*Gourmet, Inc.*, No. 24-cv-00633-RMR-KAS, Minute Order [ECF #23] at 3 (D. Colo. June 19, 2024) concerns a motion to stay *briefing*, not discovery.

In contrast, this Court has recognized the undue burden defendants in class actions would face should pre-certification discovery proceed pending a ruling on a motion to compel arbitration. *See Stone*, 2010 WL 148278, at *3-4 (granting motion to stay pending a ruling on defendants' motion to compel arbitration, reasoning discovery concerning the class action claims involving up to 66 individuals would be "significant," and "because the arbitration agreement apparently prohibits class actions, substantial portions of such discovery may ultimately be useless and a waste of the parties' time and resources"); *Valverde*, 2016 WL 8737774, at *2 (granting motion to stay pending a ruling on defendants' motion to compel stating, "the Court recognizes that Plaintiffs have an interest in proceeding expeditiously while also recognizing that there is certainly a burden on Defendants if a stay is not put in place because they may be forced to conduct discovery which may not otherwise be necessary. **The latter is especially true in class action cases**") (emphasis added), citing *Grosvenor,* 2010 WL 1413108, at *1 (granting motion to stay pending resolution of defendant's motion to compel arbitration stating, "[W]hile the ordinary burdens associated with litigating a case do not constitute an undue burden, **the breadth of class action discovery implicated in this case if a stay were not granted would be a significantly elevated burden on Defendants."**) (emphasis added).

8

### 3. Plaintiffs' Response Fails to Establish Judicial Economy Weighs Against A Stay.

Plaintiffs' Response also fails to establish that judicial economy weighs against a stay. Neither of the cases relied upon by Plaintiffs concerns class actions, which are known to require "the elevated supervisory role of the court" and thus, more judicial resources than a typical case. *See* ECF #40 at p. 9, citing *McGinn v. El Paso County, Colo.*, 640 F. Supp. 3d 1070, 1076 (D. Colo. 2022) and *Lester v. Gene Exp., Inc.,* No. 09-CV0-2648-REB-KLM, 2010 WL 743555, at *1 (D. Colo. Mar. 2, 2010); *Grosvenor*, 2010 WL 1413108, at *2 (staying class action pending a ruling on motion to compel arbitration reasoning, "The court's time is not well-served by being involved in possible discovery motions and other incidents of discovery—**<u>particularly given the elevated supervisory role of a court in class action litigation</u>** …") (emphasis added). Should Menzies' and/or Frontier's motion to compel arbitration be granted, those judicial resources will have been unnecessarily diverted from other cases to manage this complex class action unnecessarily.

### 4. Plaintiffs' Response Fails to Establish Interests Of Non-Parties Weigh Against A Stay.

Putative class members' interest in this action "do not diverge from those of Plaintiffs" in that they too presumably executed arbitration agreements like those executed by Plaintiffs, waiving any right to a class and/or collective action, including this action. *See* ECF #40 at p. 10. As a result, they have no interest in this case. Regardless, their interest would be no greater than Plaintiffs' same general interest

9

in the case's efficient resolution, which is outweighed by the undue burden Defendants will experience if the case is not stayed. *See* Section II.C.2 *supra*. And yet again, neither of the cases Plaintiffs rely upon with respect to this *String Cheese* factor concern class actions. *See* ECF #40 at p. 10, citing *Waisanen*, 2009 WL 5184699 and *Collins v. W. Dia Operator, LLC*, No. 20-CV-01088-WJM-KLM, 2020 WL 9257257, at *2–3 (D. Colo. Aug. 11, 2020).

## III. **CONCLUSION**

For the foregoing reasons and those set forth in Frontier's Motion [ECF #34], Frontier respectfully requests that this Court enter an Order staying this action in its entirety pending resolution of Defendants' motions to compel arbitration [ECF #27, ECF #33].

Respectfully submitted this 17th day of September, 2024.

*s/ Jennifer S. Harpole*
Jennifer S. Harpole
Carolyn B. Theis
Littler Mendelson, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Telephone: 303.629.6200
Facsimile: 303.629.0200
Email: jharpole@littler.com
          catheis@littler.com

*Attorneys for Defendant Frontier Airlines, Inc.*

10

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September, 2024, I filed the foregoing **DEFENDANT FRONTIER AIRLINES INC.'S REPLY IN SUPPORT OF ITS MOTION TO VACATE SCHEDULING/PLANNING CONFERENCE AND ALL PENDING DEADLINES AND STAY THIS ACTION [ECF #34]** using the Court's CM/ECF filing system which will serve the following parties:

Shelby Woods, #48606
Abby Zinman, #57792
HKM Employment Attorneys LLP
518 17th Street, Suite 1100
Denver, CO 80202
Phone No.: 720.235.0105
Email: swoods@hkm.com
azinman@hkm.com

*Attorneys for Plaintiffs*

Michael F. Ryan
Foley & Lardner LLP
1000 Louisiana Street, Suite 2000
Houston, TX 77002
Phone: (713) 276-5500
Facsimile: (713) 276-5555
Email: mryan@foley.com

*Attorney for Defendants SGS and ASI*

*s/ Joanna Fox*
Joanna Fox, Legal Assistant

4857-6142-4612.3 / 057446-1095

11