UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| CHIQUITA JOYNER, HELEN DIXON, and TAJAHNE HOBLEY, on behalf of themselves and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>FRONTIER AIRLINES, INC., a Colorado corporation; SIMPLICITY GROUND SERVICES LLC, D/B/A MENZIES AVIATION, a Delaware limited liability company; and AIRCRAFT SERVICE INTERNATIONAL, INC., D/B/A MENZIES AVIATION, a Delaware corporation,<br><br>    Defendants. | Case No.: 1:24-cv-1672-KAS |

**THE MENZIES DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION**

Defendants Simplicity Ground Services LLC, d/b/a Menzies Aviation ("SGS") and Aircraft Service International, Inc., d/b/a Menzies Aviation ("ASI") (collectively, the "Menzies Defendants") file this Reply in Support of their Motion to Compel Arbitration (the "Motion") (ECF No. 27) and in Response to Plaintiffs Chiquita Joyner, Tajahne Hobley, and Helen Dixon's (collectively, the "Plaintiffs") Response to the Motion (the "Response") (ECF No. 39).

1

### A. Plaintiffs Improperly Attempt to Shift Their Legal Burden to Defendants

In the Response, Plaintiffs incorrectly attempt to shift their legal burden to Defendants to prove a negative, an effort this Court should reject. ECF No. 39 at p. 2 ("Defendants must prove that Plaintiffs are not exempt from the FAA").

Correctly understood under applicable law, Defendants' burden is to demonstrate that Plaintiffs executed valid agreements to arbitrate under state law contract principles, which the Menzies Defendants did. *See* ECF No. 27 at pp. 8-10; ECF No. 27-1 at pp 6-11. However, once Defendants have made this showing in connection with invoking the right to arbitrate claims pursuant to the Federal Arbitration Act (FAA) (and Plaintiffs <u>do not dispute that Defendants made this showing</u>), Plaintiffs – as the parties resisting arbitration – bear the burden to demonstrate that they fall within an exception to the FAA or that the FAA does not apply to their claims. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86 (2000); *Brock v. Flowers Food, Inc.*, 673 F.Supp.3d 1180, 1183-84 (D. Colo. 2023). Plaintiffs go to great efforts to push this burden to Defendants – including arguing that Defendants rely on a case (*Shearson*) that is nowhere cited in the Motion. ECF No. 39 at p. 2 (citing *Shearson/AM. Exp., Inc. v. McMahon*, 482 U.S. 220, 227 (1987), which the Menzies Defendants do not cite in the Motion). Plaintiffs should be held to their legal burden, which they clearly cannot meet.

### B. Plaintiffs' Evidence Does Not Demonstrate that they Frequently Perform Transportation Work To Qualify as Transportation Workers

2

Defendants provided objective evidence in the form of videos showing the Court how passenger baggage is routed onto Frontier aircraft, and they vigorously dispute Plaintiffs' self-serving contentions that Customer Service Agents handled passenger baggage in anything as part of their regular duties. But even in the space of this dispute, Plaintiffs have the burden to demonstrate that they *frequently* perform the physical, hands-on loading and unloading of cargo in interstate commerce as required by Supreme Court precedent. They did not and cannot meet this burden, and Plaintiffs thus have not shown they are exempt from the FAA.

The transportation worker exception in Section 1 of the FAA is a narrow exclusion for a limited class of "transportation workers" to which the Plaintiffs do not belong. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111, 118 (2001) ("the § 1 exclusion provision [is] afforded a **narrow** construction") (emphasis added). In *Saxon*, the Supreme Court clarified that the physical, hands-on involvement in the transportation of goods in interstate commerce must be frequent, and further held that ramp agents in that case met this standard based on "Saxon's '**uncontroverted** declaration' that ramp supervisors at Midway 'frequently load and unload cargo." *Sw. Airlines Co. v. Saxon*, 596 U.S. 450, 455, 142 S. Ct. 1783, 1788, 213 L. Ed. 2d 27 (2022) (emphasis added).

Conversely, in cases where the frequency of the activity is controverted, the plaintiff's conclusory affidavit and even live testimony in an evidentiary hearing has been held insufficient to meet the evidentiary burden to demonstrate they

3

"frequently" acted as transportation workers. *Fraga v. Premium Retail Servs., Inc.*, 704 F. Supp. 3d 289, 297 (D. Mass. 2023) (despite Fraga's submission of affidavits and live testimony during an evidentiary hearing, the court therein held that Fraga "has not proved that she and other Merchandisers were sorting, loading, and transporting the POP materials to retailers anywhere near the frequency of the plaintiffs in [*Saxon*]."). It stands out that Plaintiffs have completely ignored the *Fraga* I and II decisions, rather than offer any attempt to distinguish them, despite the Menzies Defendants' explicit reliance on those cases and their analogous facts and comprehensive legal analysis. ECF No. 27 at pp. 13-14.

Instead, Plaintiffs each submitted a declaration conclusorily asserting that they "frequently" handled or lifted customer baggage but without providing any actual evidence to support this legal conclusion, let alone actual detail that would allow this Court to look beyond their self-serving use of an imprecise adjective. ECF No. 39-1 at pp. 3-8 (Joyner), 13-16 (Dixon), and 18-21 (Hobley).

The closest Plaintiffs come to putting forth such evidence is Plaintiff Joyner's attachment of three short video clips ostensibly in support of her claim that she regularly handles customer baggage. *See* ECF No. 39-1 at pp. 10-12. But, the videos notably contain no evidence of Plaintiff Joyner or either of the other Plaintiffs themselves carrying or loading customer baggage at all. *Id*. Rather, the three videos Plaintiff Joyner produced were made on a single date in January 2023 when the machinery that regularly handles customer baggage was apparently non-operational,

4

which according to Plaintiff Joyner she recalled happening on only three occasions over the last two years. ECF 39-1 at p. 6. This is nowhere near as frequent as the handling of cargo by the plaintiffs in *Saxon* and certainly not evidence that would satisfy the type of rigorous evidentiary analysis the *Fraga* decisions suggest are necessary. In short, the videos attached to Plaintiff Joyner's declaration at most reflect a single, highly atypical day in which bags were in the airport, which is wholly insufficient to establish that Plaintiff Joyner or the other Plaintiffs "frequently" engaged in the physical lifting and handling of customer baggage in interstate commerce. This lack of evidence means that Plaintiffs fail to meet their legal burden to demonstrate that the FAA's Section 1 exemption applies to their employment with the Menzies Defendants, and that compelling their claims to arbitration is proper.

### C. Discovery is Unnecessary to Establish that Plaintiffs were CSAs that did not Frequently Engage in Interstate Commerce

Plaintiffs request, in the alternative, to conduct discovery on the class of workers that they belonged to, even though no party disputes that they were Customer Service Agents or CSAs. ECF No. 39 at 14. This is unnecessary given the absence of such dispute. Plaintiffs further suggest discovery could be conducted on their job duties and whether those duties constitute engaging in foreign or interstate commerce. *Id*. Yet, Plaintiffs fail to acknowledge that the Menzies Defendants have already submitted declarations and video evidence on these very topics, and Plaintiffs do not establish what if any further discovery could be performed or how it would aid the Court in making its decision on the Motion. The Court should deny this request

5

for alternative relief, which is unnecessary in this case.

### D. The FAA Preempts the Conflicts with Rights Clause of the Colorado Wage Act

Plaintiffs' final point is that the Colorado Wage Act voids Plaintiffs' arbitration agreements, but as previously briefed by the Menzies Defendants, numerous Colorado courts recognize the FAA's preemption of this aspect of the Colorado Wage Claim Act. ECF No. 27 at 15-16. This argument is unavailing and does not compel a different outcome. The Court should compel Plaintiffs' claims to arbitration.

Dated: September 20, 2024  Respectfully submitted,

/s/ *Christopher Ward*
Christopher Ward
**Foley & Lardner LLP**
321 N. Clark Street, Suite 3000
Chicago, IL 60654
Tel: (312) 832-4500
Fax: (312) 832-4700
cward@foley.com

Michael F. Ryan
Foley & Lardner LLP
1400 16th Street, Suite 200
Denver, CO 80202
Tel: (720) 437-2000
Fax: (720) 437-2200
mryan@foley.com

*Attorneys for Simplicity Ground Services LLC, d/b/a Menzies Aviation and Aircraft Service International, Inc., d/b/a Menzies Aviation*

## CERTIFICATION RE: NON-USE OF ARTIFICIAL INTELLIGENCE

I HEREBY CERTIFY that no portion of this filing was drafted by Artificial Intelligence.

/s/ *Michael F. Ryan*
Michael F. Ryan

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this September 20, 2024, a true and correct copy of the foregoing **Motion to Compel Arbitration** was filed and served via CM/ECF on all parties of record.

/s/ *Christopher Ward*
Christopher Ward

7