IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01672-SKC-KAS

CHIQUITA JOYNER,
HELEN DIXON, and
TAJAHNE HOBLEY,
    on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

FRONTIER AIRLINES, INC., a Colorado corporation,
SIMPLICITY GROUND SERVICES, LLC, a Delaware limited liability company doing business as Menzies Aviation, and
AIRCRAFT SERVICE INTERNATIONAL, INC., a Delaware corporation doing business as Menzies Aviation,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on the **Motion to Stay Proceedings** [#28] ("Menzies Motion"), filed by Defendants Simplicity Ground Services, LLC and Aircraft Service International, Inc. (collectively, the "Menzies Defendants"), and Defendant Frontier Airlines Inc.'s **Motion to Vacate Scheduling/Planning Conference and All Pending Deadlines and Stay this Action and Request for Expedited Briefing** [#34] ("Frontier Motion"). Plaintiffs filed a Response [#40] in opposition to the Motions [#28, #34], and Defendants filed Replies [#44, #45]. Defendants jointly ask the Court to stay discovery in this case until after the District Judge has ruled on Defendants' pending Motions to Compel Arbitration [#27, #33].

When exercising its discretion regarding whether to enter a stay, the Court considers the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with discovery and the potential prejudice to the plaintiffs of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

The first factor concerns the interest of Plaintiffs in proceeding expeditiously and the potential prejudice to Plaintiffs of a delay. *String Cheese Incident, LLC*, 2006 WL 894955, at *2. The Menzies Defendants do not address this factor and therefore appear to concede it. *Menzies Motion* [#28] at 4. Defendant Frontier states that Plaintiffs would incur no specific prejudice "from a relatively brief stay at the very outset of this case[.]" *Frontier Motion* [#34] at 7 (citing *Hammond v. Intervention, ICCS*, No. 14-cv-00242-MEH, 2014 WL 4638399, at *2 (D. Colo. Sept. 16, 2014) (granting stay to allow for the court's expeditious ruling on a pending motion to dismiss)). Plaintiffs respond that there is no way to tell how long the stay will be, as there is no way to know how much time will pass before the Motions to Compel Arbitration are resolved, and that one class representative and over one hundred putative class members continue to "experience ongoing harm as a result of Defendants' alleged unlawful wage practices." *Response* [#40] at 5-7. The Court notes that this alleged harm would likely be mitigated by any result in Plaintiff's favor at this lawsuit's resolution. Regardless, on balance, the Court finds that this factor weighs in favor of allowing discovery to proceed. *See, e.g.*, *Rivera v. Maldonado*, No. 21-cv-01119-

CMA-NYW, 2021 WL 5050425, at *2 (D. Colo. Nov. 1, 2021) (noting a plaintiff's inherent interest in expeditious litigation).

The second factor concerns the burden on Defendants of proceeding with discovery. *String Cheese Incident, LLC*, 2006 WL 894955, at *2. The Menzies Defendants argue that, "where the Plaintiffs assert collective action allegations but have signed Arbitration Agreements requiring individualized arbitrations, any acts of engaging in class discovery or seeking conditional certification would be prejudicial and unduly burdensome where such mechanisms would otherwise be irrelevant to individualized arbitrations." *Menzies Motion* [#28] at 4 (citing *Robertson v. REP Processing, LLC*, No. 19-cv-02910-PAB-NYW, 2020 WL 12630544, at *4 (D. Colo. Mar. 5, 2020) (noting that any discovery on class action claims would become useless if the court compels arbitration of individual claims)).

Defendant Frontier essentially argues the same, that allowing the case to proceed and forcing Defendants to respond "to complex class action discovery" will be a significant burden and a waste given that much of the effort would simply be duplicated in arbitration. *Frontier Motion* [#34] at 7. Plaintiffs respond that the ordinary burdens of litigation are not deemed to be an undue burden on litigants, and that discovery would have to be conducted either here or in arbitration. *Response* [#40] at 7-9 (citing *Howell v. Gate Gourmet, Inc.*, No. 24-cv-00633-RMR-KAS, 3 (D. Colo. June 19, 2024); *Waisanen v. Terracon Consultants, Inc.*, No. 09-cv-01104-MSK-KMT, 2009 WL 5184699, *2 (D. Colo. Dec. 22, 2009) (reasoning that the parties will need to investigate the facts even if arbitration is compelled)). On balance of these arguments, the Court finds that this factor weighs in favor of a stay. "[R]equiring the parties to submit to full discovery . . . may

3

unnecessarily subject them to 'the very complexities, inconveniences, and expenses of litigation that they determined to avoid'" through an arbitration agreement. *Khoja v. DPD Sub, Inc.*, No. 15-cv-00258-WYD-KMT, 2015 WL 3862536, at *2 (D. Colo. June 22, 2015) (quoting *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004)).

The third factor concerns the convenience of the Court. *String Cheese Incident, LLC*, 2006 WL 894955, at *2. The Menzies Defendants argue that "judicial economy is best served deciding the Motion to Compel Arbitration and not presiding over a potentially unnecessary motion for conditional certification or engagement in discovery." *Menzies Motion* [#28] at 5 (citing *Robertson*, 2020 WL 12630544, at *4). Defendant Frontier argues that, in the event the Motion to Compel Arbitration is granted, "this Court will have expended resources managing a complex class-action suit unnecessarily, significantly wasting judicial resources." *Frontier Motion* [#34] at 9. Plaintiffs argue that staying the case now "will generate myriad scheduling disruptions that will inconvenience the Court and delay a resolution of this matter," and that "[t]here is little risk to the Court's schedule and docket management in keeping the case moving forward at this point[.]" *Response* [#40] at 10. On balance, the Court finds that this factor weighs in favor of a stay, as the Motions to Compel Arbitration will determine whether this lawsuit proceeds in this Court at all. *See, e.g.*, *Brenner v. United Healthcare Servs., Inc.*, No. 20-cv-00414-KMT, 2020 WL 1529174, at *2 (D. Colo. Mar. 30, 2020) (noting that "judicial economy and resources would plainly be wasted if the court allowed discovery to proceed" over claims that were subject to arbitration); *Khoja*, 2015 WL 3862536, at *2 (same).

The fourth factor concerns the interests of nonparties. *String Cheese Incident, LLC*, 2006 WL 894955, at *2. Here, Plaintiff points to the "more than one hundred putative class members" who are not yet formally parties to this litigation. *Response* [#40] at 10. The parties generally appear to agree that their interests mirror Plaintiffs'. *Id.*; *Frontier Motion* [#34] at 10. The Court therefore finds that this factor weighs in favor of a stay.

The fifth factor concerns the public interest. *String Cheese Incident, LLC*, 2006 WL 894955, at *2. The Menzies Defendants argue that "[p]ublic policy favors arbitration as a method of dispute resolution, and therefore engaging in discovery that would ultimately be barred if the Motion to Compel Arbitration is granted is against the public interests." *Menzies Motion* [#28] at 5 (citing *Robertson*, 2020 WL 12630544, at *4 (finding that the public's interest would be undermined should arbitration be compelled because of the "strong federal policy favoring arbitration for dispute resolution." (citations omitted))). Defendant Frontier asserts that "the public's only interest in this case is a general interest in its efficient and just resolution," which is best served by "[a]voiding wasteful efforts by the Court[.]" *Frontier's Motion* [#34] (quoting *Profitstreams LLC v. Ameranth, Inc.*, No. 11-CV-01710-RBJ-KLM, 2011 WL 5024912, at *3 (D. Colo. Oct. 21, 2011)). Plaintiff, on the other hand, refers to the public's "interest in the speedy and efficient resolution of disputes," which is best served by proceeding with discovery until such time as the issue of whether to compel arbitration is resolved. *Response* [#40] at 11 (quoting *Waisanen*, 2009 WL 5184699, at *2 (denying motion to stay discovery pending resolution of a motion to compel arbitration and other dispositive motions)).

As Plaintiff points out, a "general public interest in the speedy resolution of legal disputes" co-exists with "a strong public policy in 'avoiding unnecessary expenditures of

5

public and private resources on litigation.'" *Ashaheed v. Currington*, No. 17-cv-03002-WJM-SKC, 2019 WL 11690136, at *3 (D. Colo. Nov. 4, 2019) (quoting *Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *4 (D. Colo. July 30, 2015); citing *Waisanen*, 2009 WL 5184699, at *2). Moreover, a strong federal policy favoring arbitration exists, and allowing extensive discovery to proceed could undermine that policy. *Richan v. Ageiss, Inc.*, No. 22-cv-01060-NYW, 2022 WL 2643565, at *3 (D. Colo. July 7, 2022) (internal citations omitted). Thus, on balance of the competing public interests raised by the parties, the Court finds that the fifth *String Cheese Incident* factor weighs in favor of a stay.

Weighing the relevant factors, the Court finds that two weigh in favor of allowing discovery to proceed and three weigh in favor of staying discovery. Thus, the Court concludes that staying discovery pending resolution of Defendants' Motions to Compel Arbitration [#27, #33] is appropriate.

IT IS HEREBY **ORDERED** that the Motions [#28, #34] are **GRANTED**. All discovery is **STAYED** pending resolution of the Motions to Compel Arbitration [#27, #33].

IT IS FURTHER **ORDERED** that the Scheduling Conference set for October 2, 2024, at 9:30 a.m. is **VACATED**, as is the September 25, 2024 deadline to file a proposed scheduling order.

IT IS FURTHER **ORDERED** that, within five business days of any order denying the Motions to Compel Arbitration in whole or in part, the parties shall file a motion to reset the Scheduling Conference.

Dated: September 23, 2024                                BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge