IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-1672-SKC-TPO

CHIQUITA JOYNER,
HELEN DIXON, and
TAJAHNE HOBLEY, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

FRONTIER AIRLINES, INC., a Colorado corporation;
SIMPLICITY GROUND SERVICES LLC, d/b/a MENZIES AVIATION, a Delaware limited liability company; and
AIRCRAFT SERVICE INTERNATIONAL, INC., d/b/a MENZIES AVIATION, a Delaware corporation,

    Defendants.

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR RESPONSES OPPOSING DEFENDANTS' MOTIONS TO COMPEL ARBITRATION

    Plaintiffs, Chiquita Joyner, Helen Dixon, and Tajahne Hobley, on behalf of themselves and all others similarly situated ("Plaintiffs"), through undersigned counsel, HKM Employment Attorneys LLP, respectfully submit this Notice of Supplemental Authority in Support of their Responses Opposing Defendants' Motions to Compel Arbitration, and state as follows:

### I.    PROCEDURAL HISTORY

    1.    On May 14, 2024, Plaintiffs filed their Complaint and Jury Demand against Defendants, alleging Defendants violated their rights and the rights of others who are similarly situated under the Colorado Wage Act, C.R.S. § 8-4-101 *et seq*. ("CWA"), the Colorado Minimum Wages of Workers Act, C.R.S. § 8-6-101 *et seq*. ("CMWA"), the applicable Colorado Minimum Wage Orders, 7 C.C.R. 1103-1 (2018-20), and the applicable Colorado Overtime and Minimum

Pay Standards ("COMPS") Orders, 7 C.C.R. 1103-1 (2020-24) (collectively "Colorado Wage and Hour Law").

2. On August 16, 2024, Defendants Simplicity Ground Services LLC d/b/a Menzies Aviation and Aircraft Service International, Inc. d/b/a Menzies Aviation (collectively, the "Menzies Defendants") filed The Menzies Defendants' Motion to Compel Arbitration, ECF No. 27 (the "Menzies Motion"). On September 3, 2024, Defendant Frontier Airlines, Inc. ("Frontier") filed Defendant Frontier Airlines Inc.'s Motion to Compel Arbitration and Dismiss, Administratively Close, or Stay this Action, ECF No. 33 (the "Frontier Motion") (collectively, Defendants' "Motions").

3. Plaintiffs filed their Response to the Menzies Motion on September 6, 2024, ECF No. 39, and their Response to the Frontier Motion on September 24, 2024, ECF No. 51 (collectively, Plaintiffs' "Responses"). In both Responses, Plaintiffs argued that the Federal Arbitration Act ("FAA") does not apply, because Plaintiffs and the workers they seek to represent fit within the exemption under § 1 of the FAA for "transportation workers" who frequently play a direct and necessary role in the movement of cargo across interstate channels.

4. On September 20, 2024, the Menzies Defendants filed their Reply in Support of Motion to Compel Arbitration, ECF No. 49. Frontier filed its Reply in Support of its Motion to Compel Arbitration on October 15, 2024, ECF No. 56. As such, the Motions have each been fully briefed.

II. **SUPPLEMENTAL AUTHORITY**

5. On November 12, 2024, the Tenth Circuit issued a published opinion in *Brock v. Flowers Foods, Inc.*, Case No. 1:22-cv-02413-CNS-MEH, which is relevant to the pending Motions. *See* Tenth Circuit Opinion, **Exhibit 1**.

2

6. In the opinion, a three-judge panel upheld the trial court's ruling that Angelo Brock, a driver providing delivery services for defendant Flowers Foods, Inc., was engaged in interstate commerce and fell within the transportation workers exemption under § 1 of the FAA, despite the fact that Mr. Brock did not cross state lines in making his deliveries and did so through a separate company, Brock, Inc. In reaching its opinion, the court found that the existence of a "buyer-seller relationship" between Flowers and the customers to whom Brock ultimately delivered Flowers' baked goods was "key to whether the interstate leg of the goods' journey and Brock's intrastate delivery of the goods form one continuous interstate journey." *See id.* at 19. The Tenth Circuit found that such a relationship existed, stating, "[t]hough Brock, Inc. and Flowers are different companies, they form an integrated distribution chain… because Flowers's real interest lies in delivering the baked goods to its true customer—the various retail stores on Brock's route, not Brock, Inc." *Id.* at 22-23 (citing *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904, 916 (9th Cir. 2020)). In other words, the Flowers baked goods do not "come to rest" when they are delivered to Brock, but, rather, "the goods' delivery concludes at the various stores' locations, not [Brock's] warehouse." Ex. 1 at 27 (citing *Rittmann*, 971 F.3d at 916 ("The interstate transactions between Amazon and the customer do not conclude until the packages reach their intended destinations, and thus [Amazon's last-mile] drivers are engaged in the movement of interstate commerce.")).

7. Furthermore, on November 13, 2024, another court in this District issued a decision in *Rietheimer v. United Parcel Service, Inc.*, Case No. 23-cv-00477-GPG-NRN, which addresses the same exemption to the FAA with regards to the defendant's motion to compel arbitration. *See* Order Denying Motion to Compel and Granting Motion to Dismiss, **Exhibit 2**.

8. In the decision, the Honorable Judge Gordon P. Gallager held that the plaintiff fell within the transportation worker exemption to the FAA and declined to compel arbitration, despite

3

the fact that the plaintiff engaged only in intrastate deliveries, did not load and unload his own delivery truck, and was "5 to 17 employees removed from the UPS employee who transports packages across state lines." *See id.* at 3-4. The court rejected UPS's argument that the role of intrastate delivery drivers' role was therefore too attenuated from the movement of goods across interstate lines, explaining that, because "a significant majority" of the packages the plaintiff handled were traveling in interstate commerce, the plaintiff's "role is necessary to the free flow of goods in intrastate commerce as 'simply part of a process by which a delivery provider transfers the packages to a different vehicle for the last mile of the packages' interstate journeys.'" *Id.* at 10-11 (citing *Rittman*, 971 F.3d at 916). Thus, the court reasoned, "although [the plaintiff] is somewhat removed from the crossing of borders, Plaintiff's class of workers is directly involved in the channels of interstate commerce and moving goods in interstate commerce is a central part of the class's job duties." Ex. 2 at 11.

9. The holdings in *Brock* and *Rietheimer* each also rely upon persuasive authority in analogous cases from the First and Ninth Circuits concerning "last-mile delivery drivers," in which those circuits have found that "drivers who make the last intrastate leg of an interstate delivery route [] are directly engaged in interstate commerce." *See* Ex. 1 at 13 (citing *Waithaka v. Amazon.com, Inc.*, 966 F.3d 10, 24 (1st Cir. 2020); *Rittmann*, 971 F.3d at 919); Ex. 2 at 9-10 (citing *Rittmann*, 971 F.3d at 916). Relying on the last-mile delivery precedent, courts in *Brock* and *Rietheimer* each found that the workers in those cases were likewise simply the final intrastate step in an interstate transaction that did not conclude until the goods reached their final destination, and the last-mile delivery drivers are therefore "engaged in the movement of interstate commerce." Ex. 1 at 15 (citing *Rittmann*, 971 F.3d at 915).

4

### III. APPLICATION TO PLAINTIFFS' RESPONSES

10. Plaintiffs cite this supplemental authority in support of their Responses, because, like the workers in *Brock* and *Rietheimer*, moving goods in interstate commerce is a central part of Plaintiffs' and the putative class members' job duties. Plaintiffs are one leg of a "continuous interstate journey," that often begins when Plaintiffs lift, load, move, and control luggage from customers, loading it onto conveyor belts and carrying it down jet bridges. *See* Plaintiff's Response to Frontier Motion, ECF No. 51, at 4.

11. Like the workers in *Brock*, the key relationship in this case is between Defendants and Defendants' customers, which begins when Defendants take control of customers' cargo—through Plaintiffs' hands—and ends when the cargo is ultimately redelivered to Defendants' customers at their final destination. At no point between Plaintiffs' handling of the cargo and the final destination does the cargo "come to rest," such that the continuity of the interstate journey could be reasonably deemed to be broken. *See* Ex. 1 at 27.

12. Furthermore, Plaintiffs are arguably even more closely involved in the channels of interstate commerce than the workers at issue in *Rietheimer*, as Plaintiffs are not "5 to 17 employees removed" from an employee who transports the cargo across state lines. *See* Ex. 2 at 3-4. Plaintiffs physically transport cargo from the ticketing counter to a conveyor belt, or from a gate to the jet bridge, from which points it is directly loaded onto an aircraft to be transported in interstate commerce. *See* ECF No. 51 at 4-5.

13. Applying the same analysis as courts used in *Brock*, *Rietheimer*, *Rittmann*, and *Waithaka,* Plaintiffs are therefore "first-mile transportation workers," the mirror image of the intrastate last-mile delivery drivers discussed in each of those cases. Like those workers on the

5

final leg of the continuous intrastate journey, Plaintiffs are therefore "engaged in the movement of interstate commerce" and fall within the transportation worker exemption under § 1 of the FAA.

Respectfully submitted, November 15, 2024.

**HKM Employment Attorneys, LLP**

By: */s/ Abby Zinman*
Shelby Woods
Abby Zinman
518 17th Street, Suite 1100
Denver, CO 80202
Tele: (720) 410-8372
swoods@hkm.com
azinman@hkm.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, November 15, 2024, a true and correct copy of the foregoing **PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR RESPONSES OPPOSING DEFENDANTS' MOTIONS TO COMPEL ARBITRATION** was served on the following:

Michael F. Ryan
Foley & Lardner, LLP
1400 16th Street, Suite 200
Denver, Colorado 80202
(720) 437-2000
(720) 437-2200
mryan@foley.com
*Attorneys for Defendants Simplicity Ground Services LLC,
d/b/a Menzies Aviation; and Aircraft Service International,
Inc., d/b/a Menzies Aviation*

Jennifer S. Harpole
Carolyn B. Theis
Littler Mendelson, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Phone: 303.629.6200
Fax: 303.629.0200
jharpole@littler.com
catheis@littler.com
*Attorneys for Defendant Frontier Airlines, Inc.*

/s/ Tammy Harris
Tammy Harris